# AMENDMENT NO. 2 TO CREDIT AGREEMENT

THIS AMENDMENT NO. 2 TO CREDIT AGREEMENT dated as of December 16, 2022 (this "Amendment"), is among UNCLE NEAREST, INC., a Delaware corporation (the "Company"), NEAREST GREEN DISTILLERY, INC., a Delaware corporation ("Distillery"), UNCLE NEAREST REAL ESTATE HOLDINGS, LLC, a Tennessee limited liability company (together with the Company and Distillery, collectively, the "Borrowers" and each, a "Borrower"), FARM CREDIT MID-AMERICA, PCA, in its capacity as administrative agent (in such capacity, the "Administrative Agent"), and each of the Lenders (as defined below) party hereto.

## RECITALS:

A. The Borrowers, the lenders party thereto (collectively, the "Lenders") and the Administrative Agent have entered into that certain Credit Agreement dated as of July 22, 2022 (as amended, supplemented or otherwise modified prior to the date hereof, the "Existing Credit Agreement"). Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Credit Agreement (as defined below).

B. The Borrowers have requested certain amendments to the Existing Credit Agreement to increase the Revolving Credit Commitments as more particularly set forth below.

C. Subject to the terms and conditions set forth below, the Lenders party hereto have agreed to make such amendments.

In furtherance of the foregoing, the parties agree as follows:

**Section 1. AMENDMENT(S).** Subject to the terms and conditions set forth herein and in reliance upon the representations and warranties set forth herein, the Existing Credit Agreement is hereby amended (as so amended, the "Credit Agreement") as follows:

(a) The aggregate Revolving Credit Commitments are increased, as reflected on Annex A attached thereto, from $38,000,000 to $43,000,000, with the entirety of such $5,000,000 increase being held by Farm Credit Mid-America, PCA.

Each of the parties hereto acknowledges and agrees that the amendment(s) to the Existing Credit Agreement are limited to the extent specifically set forth in this Section 1 and no other terms, covenants or provisions of the Loan Documents are intended to be affected hereby.

**Section 2. CONDITION(S) PRECEDENT.** The parties hereto agree that this Amendment and the amendment(s) set forth in Section 1 above shall be effective as of the date first written above upon the receipt by the Administrative Agent of this Amendment, duly executed by each Borrower, the Administrative Agent and the Lenders party hereto.

**Section 3. REPRESENTATIONS AND WARRANTIES.** In order to induce the Administrative Agent and the Lenders party hereto to enter into this Amendment, each Borrower represents and warrants to the Administrative Agent and the Lenders party hereto as follows:

EXHIBIT
4

(a) The representations and warranties of each Borrower contained in Article V of the Credit Agreement and in each other Loan Document are true and correct in all material respects (or, in the case of any such representation and warranty that is subject to materiality or Material Adverse Effect qualifications, in all respects) on and as of the date hereof, except to the extent that such representations and warranties specifically refer to an earlier date, in which case they are true and correct in all material respects (or, in the case of any such representation and warranty that is subject to materiality or Material Adverse Effect qualifications, in all respects) as of such earlier date;

(b) Since December 31, 2021, there has been no event or circumstance, either individually or in the aggregate, that has had or could reasonably be expected to have a Material Adverse Effect;

(c) No Default exists on the date hereof immediately prior to or after giving effect to this Amendment and the amendment(s) contemplated hereby (including the increase in the aggregate Revolving Credit Commitments).

(d) This Amendment has been duly authorized, executed and delivered by it and constitutes its legal, valid and binding obligation.

**Section 4. MISCELLANEOUS.**

(a) **Ratification and Confirmation of Loan Documents**. Each Borrower hereby consents, acknowledges and agrees to the amendment(s) set forth herein and hereby confirms and ratifies in all respects the Loan Documents to which such Borrower is a party (including without limitation, the continuation of its payment and performance obligations thereunder and the continuation and extension of the liens granted under the Collateral Documents to secure the Obligations), in each case upon and after the effectiveness of the amendment(s) contemplated hereby.

(b) **Fees and Expenses**. The Borrowers shall pay all reasonable out-of-pocket expenses incurred by the Administrative Agent and its Affiliates (including the reasonable fees, charges and disbursements of counsel for the Administrative Agent) in connection with the preparation, negotiation, execution and delivery of this Amendment and any other documents prepared in connection herewith.

(c) **Governing Law; Waiver of Jury Trial**. This Amendment shall be governed by, and construed in accordance with, the laws of the State of New York, and shall be further subject to the provisions of Sections 10.11 and 10.12 of the Credit Agreement.

(d) **Counterparts**. This Amendment may be executed in counterparts (and by different parties hereto in different counterparts), each of which shall constitute an original, but all of which when taken together shall constitute a single contract. Delivery of an executed counterpart of a signature page of this Amendment by facsimile or in electronic (i.e., "pdf" or "tif") format shall be effective as delivery of a manually executed counterpart of this Amendment.

(e) **Entire Agreement**. This Amendment, together with all the Loan Documents (collectively, the "Relevant Documents"), sets forth the entire understanding and agreement of the parties hereto in relation to the subject matter hereof and supersedes any prior negotiations and agreements among the parties relating to such subject matter. No promise, condition, representation or warranty, express or implied, not set forth in the Relevant Documents shall bind any party hereto, and no such party has relied on any such promise, condition, representation or warranty. Each of the parties hereto acknowledges that, except as otherwise expressly stated in the Relevant Documents, no representations, warranties or commitments, express or implied, have been made by any party to the other. None of the terms or conditions of this Amendment may be changed, modified, waived or canceled orally or

otherwise except in a writing and in accordance with Section 10.1 of the Credit Agreement. This Amendment is a Loan Document.

(f) **Severability**. If any provision of this Amendment is held to be illegal, invalid or unenforceable, (i) the legality, validity and enforceability of the remaining provisions of this Amendment shall not be affected or impaired thereby and (ii) the parties shall endeavor in good faith negotiations to replace the illegal, invalid or unenforceable provisions with valid provisions the economic effect of which comes as close as possible to that of the illegal, invalid or unenforceable provisions. The invalidity of a provision in a particular jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction.

(g) **Successors and Assigns**. This Amendment shall be binding upon and inure to the benefit of each party hereto and their respective successors and assigns (subject to Section 10.6 of the Credit Agreement).

(h) **Amendment Fee**. In consideration of the amendments contemplated hereby, the Borrowers agree to pay to FCMA, for its own account, an amendment fee in an amount equal to $25,000. Such fee has been fully earned on the date hereof and shall be due and payable in full in cash on or prior to the earlier of (i) the closing of the contemplated Amendment No. 3 to Credit Agreement and (ii) January 31, 2023.

***[Remainder of Page Intentionally Left Blank; Signature Pages Follow]***

IN WITNESS WHEREOF, the parties hereto have caused this Amendment No. 2 to Credit Agreement to be executed by their duly authorized officers, all as of the date and year first written above.

**BORROWERS:**

**UNCLE NEAREST, INC.**

By:____________________________
Name: Fawn Weaver
Title: President and Secretary

**NEAREST GREEN DISTILLERY, INC.**

By:____________________________
Name: Fawn Weaver
Title: President and Secretary

**UNCLE NEAREST REAL ESTATE HOLDINGS, LLC**

By: Uncle Nearest, Inc., its Member

By:____________________________
Name: Fawn Weaver
Title: President and Secretary

**ADMINISTRATIVE AGENT / LENDERS:**

**FARM CREDIT MID-AMERICA, PCA,**
as Administrative Agent and a Lender

By: [signature]
Name: Jonathan Boyce
Title: Financial Officer