**AMENDMENT NO. 5 TO CREDIT AGREEMENT**

THIS AMENDMENT NO. 5 TO CREDIT AGREEMENT dated as of June 6, 2023 (this "Amendment"), is among UNCLE NEAREST, INC., a Delaware corporation (the "Company"), NEAREST GREEN DISTILLERY, INC., a Delaware corporation ("Distillery"), UNCLE NEAREST REAL ESTATE HOLDINGS, LLC, a Tennessee limited liability company (together with the Company and Distillery, collectively, the "Borrowers" and each, a "Borrower"), FARM CREDIT MID-AMERICA, PCA, in its capacity as administrative agent (in such capacity, the "Administrative Agent"), and each of the Lenders (as defined below) party hereto.

**RECITALS:**

A. The Borrowers, the lenders party thereto (collectively, the "Lenders") and the Administrative Agent have entered into that certain Credit Agreement dated as of July 22, 2022 (as amended, supplemented or otherwise modified prior to the date hereof, the "Existing Credit Agreement"). Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Credit Agreement (as defined below).

B. The Borrowers have requested certain amendments to the Existing Credit Agreement (including an increase in the Commitments thereunder) as more particularly set forth below.

C. Subject to the terms and conditions set forth below, the Lenders party hereto have agreed to make such amendments.

In furtherance of the foregoing, the parties agree as follows:

**Section 1. AMENDMENT(S).** Subject to the terms and conditions set forth herein and in reliance upon the representations and warranties set forth herein, the Existing Credit Agreement is hereby amended (as so amended, the "Credit Agreement") as follows:

(a) The following definition is hereby added to Section 1.1 in the appropriate alphabetical order:

"Amendment No. 5 Effective Date" means June 6, 2023.

(b) The definition of "Term Loan Commitment" in Section 1.1 is hereby amended by replacing the reference to "Amendment No. 4 Effective Date" with a reference to "Amendment No. 5 Effective Date".

(c) Section 2.1(b) is hereby amended and restated in its entirety to read as follows:

(b) On the Closing Date and on the Amendment No. 4 Effective Date, each Lender made loans to the Borrowers (each such loan, an "Existing Term Loan") pursuant to this Section 2.01(b) and, as of the Amendment No. 5 Effective Date, the aggregate outstanding principal amount of the Existing Term Loans is held by the Lenders on the Amendment No. 5 Effective Date as set forth opposite each Lender's name on Annex A. Subject to the terms and conditions set forth herein, each Term Loan Lender severally agrees to make a single additional loan to the Borrowers (each such additional term loan made by a Lender and each Existing Term Loan of a Lender shall be referred to herein as a "Term Loan" of such Lender) on the Amendment No. 5 Effective Date in an amount equal to such Lender's Term Loan Commitment as set forth on Annex A. Each Term Loan Borrowing shall consist of Term Loans made simultaneously by the



EXHIBIT
7

Term Loan Lenders in accordance with their respective Applicable Percentage of the Term Loan Facility. Amounts borrowed under this Section 2.1(b) and repaid or prepaid may not be reborrowed. Term Loans shall be Base Rate Loans, as further provided herein

(d) Section 2.5(b) is hereby amended by (i) replacing the reference to "Amendment No. 4 Effective Date" with a reference to "Amendment No. 5 Effective Date" and (ii) replacing the reference to "$272,539.06" with a reference to "$293,789.06".

(e) Section 6.11(a) is hereby amended and restated in its entirety to read as follows:

(a) (i) Use the proceeds of the Revolving Credit Facility and the Term Loan Facility for general corporate purposes, including working capital, capital purchases and refinancing of certain Indebtedness as contemplated by Section 4.1, not in contravention of any Law or of any Loan Document, (ii) use the proceeds of the portion of the Term Loan Facility advanced on the Amendment No. 4 Effective Date to purchase the fee-owned real property interest as discussed with the Administrative Agent and (iii) use the proceeds of the portion of the Term Loan Facility advanced on the Amendment No. 5 Effective Date to repay Revolving Credit Loans.

(f) Annex A to the Existing Credit Agreement is hereby amended and restated in its entirety to read as set forth on Annex A hereto.

**Section 2. CONDITIONS PRECEDENT.** The parties hereto agree that this Amendment and the amendment(s) set forth in Section 1 above shall be effective as of the date first written above upon satisfaction of the following conditions precedent:

(a) Documentation. The Administrative Agent shall have received, in form and substance satisfactory to the Administrative Agent, each of the following:

(i) this Amendment, duly executed by each Borrower, the Administrative Agent and the Lenders party hereto;

(ii) a Loan Notice, duly executed by the Company, with respect to the Term Borrowing occurring on the date hereof; and

(iii) resolutions duly adopted by the board of directors (or other governing body) of each Loan Party authorizing and approving this Amendment and the transactions contemplated hereby (including the increase in the aggregate Commitments).

(b) Fees. The Borrowers shall have paid, or made arrangements to pay concurrently with the closing on the date hereof, to FCMA, for its own account, an upfront fee of $9,500.

(c) Expenses. The Company shall have paid, or made arrangements to pay concurrently with the closing on the date hereof, all fees, charges and disbursements of counsel to the Administrative Agent (directly to such counsel if requested by the Administrative Agent) to the extent invoiced prior to or on the date hereof, plus such additional amounts of such fees, charges and disbursements as shall constitute its reasonable estimate of such fees, charges and disbursements incurred or to be incurred by it through the closing proceedings (provided that such estimate shall not thereafter preclude a final settling of accounts between the Company and the Administrative Agent).

**Section 3. REPRESENTATIONS AND WARRANTIES.** In order to induce the Administrative Agent and the Lenders party hereto to enter into this Amendment, each Borrower represents and warrants to the Administrative Agent and the Lenders party hereto as follows:

(a) The representations and warranties of each Borrower contained in Article V of the Credit Agreement and in each other Loan Document are true and correct in all material respects (or, in the case of any such representation and warranty that is subject to materiality or Material Adverse Effect qualifications, in all respects) on and as of the date hereof, except to the extent that such representations and warranties specifically refer to an earlier date, in which case they are true and correct in all material respects (or, in the case of any such representation and warranty that is subject to materiality or Material Adverse Effect qualifications, in all respects) as of such earlier date;

(b) Since December 31, 2021, there has been no event or circumstance, either individually or in the aggregate, that has had or could reasonably be expected to have a Material Adverse Effect;

(c) No Default exists on the date hereof immediately prior to or after giving effect to this Amendment and the amendment(s) contemplated hereby (including the increase in the Commitments).

(d) This Amendment has been duly authorized, executed and delivered by it and constitutes its legal, valid and binding obligation.

(e) Attached hereto as Annex B are true, correct and complete copies of the resolutions referenced in Section 2(a)(ii) above.

**Section 4. MISCELLANEOUS.**

(a) **Ratification and Confirmation of Loan Documents**. Each Borrower hereby consents, acknowledges and agrees to the amendment(s) set forth herein and hereby confirms and ratifies in all respects the Loan Documents to which such Borrower is a party (including without limitation, the continuation of its payment and performance obligations thereunder and the continuation and extension of the liens granted under the Collateral Documents to secure the Obligations), in each case upon and after the effectiveness of the amendment(s) contemplated hereby.

(b) **Fees and Expenses**. The Borrowers shall pay all reasonable out-of-pocket expenses incurred by the Administrative Agent and its Affiliates (including the reasonable fees, charges and disbursements of counsel for the Administrative Agent) in connection with the preparation, negotiation, execution and delivery of this Amendment and any other documents prepared in connection herewith.

(c) **Governing Law; Waiver of Jury Trial**. This Amendment shall be governed by, and construed in accordance with, the laws of the State of New York, and shall be further subject to the provisions of Sections 10.11 and 10.12 of the Credit Agreement.

(d) **Counterparts**. This Amendment may be executed in counterparts (and by different parties hereto in different counterparts), each of which shall constitute an original, but all of which when taken together shall constitute a single contract. Delivery of an executed counterpart of a signature page of this Amendment by facsimile or in electronic (i.e., “pdf” or “tif”) format shall be effective as delivery of a manually executed counterpart of this Amendment.

(e) **Entire Agreement**. This Amendment, together with all the Loan Documents (collectively, the “Relevant Documents”), sets forth the entire understanding and agreement of the parties hereto in relation to the subject matter hereof and supersedes any prior negotiations and agreements

among the parties relating to such subject matter. No promise, condition, representation or warranty, express or implied, not set forth in the Relevant Documents shall bind any party hereto, and no such party has relied on any such promise, condition, representation or warranty. Each of the parties hereto acknowledges that, except as otherwise expressly stated in the Relevant Documents, no representations, warranties or commitments, express or implied, have been made by any party to the other. None of the terms or conditions of this Amendment may be changed, modified, waived or canceled orally or otherwise except in a writing and in accordance with Section 10.1 of the Credit Agreement. This Amendment is a Loan Document.

(f) **Severability**. If any provision of this Amendment is held to be illegal, invalid or unenforceable, (i) the legality, validity and enforceability of the remaining provisions of this Amendment shall not be affected or impaired thereby and (ii) the parties shall endeavor in good faith negotiations to replace the illegal, invalid or unenforceable provisions with valid provisions the economic effect of which comes as close as possible to that of the illegal, invalid or unenforceable provisions. The invalidity of a provision in a particular jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction.

(g) **Successors and Assigns**. This Amendment shall be binding upon and inure to the benefit of each party hereto and their respective successors and assigns (subject to Section 10.6 of the Credit Agreement).

***[Remainder of Page Intentionally Left Blank; Signature Pages Follow]***

IN WITNESS WHEREOF, the parties hereto have caused this Amendment No. 5 to Credit Agreement to be executed by their duly authorized officers, all as of the date and year first written above.

**BORROWERS:**

**UNCLE NEAREST, INC.**

By:______________________________
Name: Fawn Weaver
Title: President and Secretary

**NEAREST GREEN DISTILLERY, INC.**

By:______________________________
Name: Fawn Weaver
Title: President and Secretary

**UNCLE NEAREST REAL ESTATE HOLDINGS, LLC**

By: Uncle Nearest, Inc., its Member

By:______________________________
Name: Fawn Weaver
Title: President and Secretary

**ADMINISTRATIVE AGENT / LENDERS:**

**FARM CREDIT MID-AMERICA, PCA,**
as Administrative Agent and a Lender

By: /s/ Jonathan Boyce
Name: Jonathan Boyce
Title: Financial Officer

*ANNEX A*

**COMMITMENTS
AND APPLICABLE PERCENTAGES**

| Lender | Revolving Credit Commitment | Applicable Percentage (Revolving Credit Facility) | Term Loan Commitment[1] | Outstanding Amount of Existing Term Loans[2] | Applicable Percentage (Term Loan Facility) |
|---|---|---|---|---|---|
| Farm Credit Mid-America, PCA | $59,000,000.00 | 100.000000000% | $1,700,000.00 | $21,803,125.00 | 100.000000000% |
| **Total** | $**59,000,000.00** | **100.000000000%** | $1,700,000.00 | **$21,803,125.00** | **100.000000000%** |

| Lender | RELOC Commitment[3] | Applicable Percentage (RELOC Facility) |
|---|---|---|
| Farm Credit Mid-America, PCA | $15,000,000.00 | 100.000000000% |
| **Total** | **$15,000,000.00** | **100.000000000%** |

[1] As of the Amendment No. 5 Effective Date, which such amount does not reflect the outstanding principal amount of the Existing Term Loans.
[2] As of the Amendment No. 5 Effective Date, prior to giving effect to the funding of the additional Terms Loans on such date.
[3] As of the Amendment No. 3 Effective Date.

***ANNEX B***

# AUTHORIZING RESOLUTIONS

*See attached.*

**WRITTEN CONSENT OF THE BOARD OF DIRECTORS**

**OF**

**UNCLE NEAREST, INC.**

May 26, 2023

Pursuant to Section 141(f)
of the General Corporation Law of Delaware

The undersigned, constituting the entire board of directors (the "***Board***") of Uncle Nearest, Inc., a Delaware corporation (the "***Corporation***"), hereby consent, pursuant to Section 141(f) of the General Corporation Law of the State of Delaware, to the adoption of the following resolutions:

WHEREAS, it has been proposed that the Corporation enter into an amendment to the secured credit facility with Farm Credit Mid-America, PCA, as administrative agent thereunder (the "***Agent***"), the other lenders party thereto from time to time (each, a "***Lender***"), and Nearest Green Distillery, Inc. and Uncle Nearest Real Estate Holdings, LLC, together with the Corporation, as the borrowers, substantially in the form as presented to the Board (collectively, the "***Fifth Amended Credit Facility***"); and

WHEREAS, in order to evidence and incur the obligations and liabilities in connection with the Fifth Amended Credit Facility and to secure or otherwise assure the payment and performance thereof, it has been proposed that the Corporation execute and deliver to the Agent one or more credit agreements along with any other financing statements and other documents, instruments, agreements, notices and certificates, in each case substantially in the form as presented to the Board (collectively, and together with the Fifth Amended Credit Facility, the "***Fifth Amended Credit Documents***").

NOW, THEREFORE, BE IT RESOLVED, that the execution, delivery and performance by the Corporation of the Fifth Amended Credit Documents, including, without limitation, the incurrence and assumption of the obligations and liabilities thereunder and the pledge and grant of the liens and security interest in the assets of the Corporation described therein are authorized and approved and the officers of the Corporation are each severally authorized, empowered and directed to execute and deliver the same for and on behalf and in the name of the Corporation, with such changes in the terms and provisions thereof as the officer executing the same shall, in such officer's sole discretion, deem necessary or appropriate and in the best interests of the Corporation, and such officer's signature, or such actions by such officer, shall be conclusive evidence that such officer did deem the same to be necessary or appropriate and in the best interests of the Corporation;

FURTHER RESOLVED, that the officers of the Corporation are each severally authorized to sign, execute, certify to, verify, acknowledge, deliver, accept, file and record any and all such additional agreements, instruments, certificates, documents, notices reports, and schedules (including, but not limited to, any renewals, extensions, amendments, modifications, restatements or waivers of any of the foregoing or of any Fifth Amended Credit Document), and to take, or cause to be taken, any

and all such action, in the name and on behalf of the Corporation which shall be required to consummate the transactions contemplated by the Fifth Amended Credit Documents (or any renewal, extension, amendment, modification, restatement or waiver thereof) or which any officer shall, in such officer's sole discretion, deem necessary or appropriate and in the best interests of the Corporation in order to effect the purposes of the foregoing resolutions, and such officer's signature, or such actions taken by such officer, shall be conclusive evidence that such officer did deem the same to be necessary or appropriate and in the best interests of the Corporation in order to effect such purposes; provided that attestation of any agreement or document by the Secretary of the Corporation shall not be required for the validity thereof, except to the extent expressly required by applicable law;

FURTHER RESOLVED, that all acts and deeds done or to be done by any one or more officers of the Corporation in connection with the Fifth Amended Credit Documents for and on behalf of the Corporation in negotiating, entering into, executing, acknowledging, delivering or attesting any agreement, document, instrument, certificate, report or schedule as contemplated in the foregoing resolutions or otherwise or in carrying out the terms and intentions of such resolutions are hereby ratified and approved;

FURTHER RESOLVED, that the foregoing resolutions may be relied upon by the Agent until receipt and written acknowledgment thereby of written notice of their amendment or rescission and that any such receipt and acknowledgment shall not affect any action taken by the Agent in reliance on the foregoing resolutions prior thereto; and

FURTHER RESOLVED, that any officer of the Corporation be, and such officer hereby is authorized, empowered and directed to certify to the Agent the foregoing resolutions and that the provisions thereof are in accordance with the certificate of incorporation and bylaws, as applicable, of the Corporation and with applicable law.

RESOLVED, that each of the officers of the Corporation be, and each of them hereby is, authorized, empowered and directed to take all such further action and to execute, deliver and file all such further agreements, certificates, instruments and documents, in the name and on behalf of the Corporation, as in such officer's sole discretion shall be necessary or appropriate to carry out the intent and to accomplish the purpose of the foregoing resolutions; and

FURTHER RESOLVED, that any and all acts taken by any of the officers, representatives or agents of the Corporation prior to the date hereof taken to carry out the intent and accomplish the purpose of the foregoing resolutions be, and they hereby are, ratified, confirmed and approved as acts on behalf of the Corporation.

**[Remainder of page intentionally left blank; signature page follows.]**

This consent may be signed in counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument. A facsimile, telecopy or any other reproduction of this consent may be executed by the undersigned, and an executed copy of this consent may be delivered by the undersigned by facsimile or similar instantaneous electronic transmission device pursuant to which the signature of or on behalf of the undersigned can be seen, and such execution and delivery shall be considered valid, binding and effective for all purposes. This consent is effective as of the date first set forth above, and shall be filed with the minutes of the proceedings of the Board of Directors of the Corporation.

IN WITNESS WHEREOF, the undersigned directors have hereunto set their hands.

______________________________

Fawn Weaver, Director

______________________________

Keith Weaver, Director

______________________________

John Eugster, Director

This consent may be signed in counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument. A facsimile, telecopy or any other reproduction of this consent may be executed by the undersigned, and an executed copy of this consent may be delivered by the undersigned by facsimile or similar instantaneous electronic transmission device pursuant to which the signature of or on behalf of the undersigned can be seen, and such execution and delivery shall be considered valid, binding and effective for all purposes. This consent is effective as of the date first set forth above, and shall be filed with the minutes of the proceedings of the Board of Directors of the Corporation.

IN WITNESS WHEREOF, the undersigned directors have hereunto set their hands.

____________________________________

Fawn Weaver, Director

____________________________________

Keith Weaver, Director

DocuSigned by:

John Eugster

AF18C20B4D9B49A...

____________________________________

John Eugster, Director

**WRITTEN CONSENT**
**OF THE SOLE DIRECTOR**
**OF**
**NEAREST GREEN DISTILLERY, INC.**

May 25, 2023

The undersigned, being the sole director of the board of directors of Nearest Green Distillery, Inc., a Delaware corporation (the "***Company***"), does hereby adopt the following resolutions by written consent:

**Amendment No. 5 to Credit Agreement**

**WHEREAS**, it has been proposed that the Company enter into an amendment to the secured credit facility with Farm Credit Mid-America, PCA, as administrative agent thereunder (the "***Agent***"), the other lenders party thereto from time to time (each, a "***Lender***"), and Uncle Nearest, Inc. and Uncle Nearest Real Estate Holdings, LLC, together with the Company, as the borrowers, substantially in the form as presented to the sole director (collectively, the "***Fifth Amended Credit Facility***"); and

**WHEREAS**, in order to evidence and incur the obligations and liabilities in connection with the Fifth Amended Credit Facility and to secure or otherwise assure the payment and performance thereof, it has been proposed that the Company execute and deliver to the Agent one or more credit agreements along with any other financing statements and other documents, instruments, agreements, notices and certificates, in each case substantially in the form as presented to the sole director (collectively, and together with the Fifth Amended Credit Facility, the "***Fifth Amended Credit Documents***").

**NOW, THEREFORE, BE IT RESOLVED**, that the execution, delivery and performance by the Company of the Fifth Amended Credit Documents, including, without limitation, the incurrence and assumption of the obligations and liabilities thereunder and the pledge and grant of the liens and security interest in the assets of the Company described therein are authorized and approved and the officers of the Company are each severally authorized, empowered and directed to execute and deliver the same for and on behalf and in the name of the Company, with such changes in the terms and provisions thereof as the officer executing the same shall, in such officer's sole discretion, deem necessary or appropriate and in the best interests of the Company, and such officer's signature, or such actions by such officer, shall be conclusive evidence that such officer did deem the same to be necessary or appropriate and in the best interests of the Company;

**FURTHER RESOLVED**, that the officers of the Company are each severally authorized to sign, execute, certify to, verify, acknowledge, deliver, accept, file and record any and all such additional agreements, instruments, certificates, documents, notices reports, and schedules (including, but not limited to, any renewals, extensions, amendments, modifications, restatements or waivers of any of the foregoing or of any Fifth Amended Credit Document), and to take, or cause to be taken, any and all such action, in the name and on behalf of the Company which shall be required to consummate the transactions contemplated by the Fifth Amended Credit Documents (or any renewal, extension, amendment, modification, restatement or waiver thereof) or which any officer shall, in such officer's sole discretion, deem necessary or appropriate and in the best interests of the Company in order to effect the purposes of the foregoing resolutions, and such officer's signature, or such actions taken by such officer, shall be conclusive evidence that such officer did deem the same to be necessary or appropriate and in the best interests of the Company in order to effect such purposes; provided that attestation of any agreement or document by the Secretary of the Company shall not be required for the validity thereof, except to the extent expressly required by applicable law;

**FURTHER RESOLVED**, that all acts and deeds done or to be done by any one or more officers of the Company in connection with the Fifth Amended Credit Documents for and on behalf of the Company in negotiating, entering into, executing, acknowledging, delivering or attesting any agreement, document, instrument, certificate, report or schedule as contemplated in the foregoing resolutions or otherwise or in carrying out the terms and intentions of such resolutions are hereby ratified and approved;

**FURTHER RESOLVED**, that the foregoing resolutions may be relied upon by the Agent until receipt and written acknowledgment thereby of written notice of their amendment or rescission and that any such receipt and acknowledgment shall not affect any action taken by the Agent in reliance on the foregoing resolutions prior thereto; and

**FURTHER RESOLVED**, that any officer of the Company be, and such officer hereby is authorized, empowered and directed to certify to the Agent the foregoing resolutions and that the provisions thereof are in accordance with the certificate of formation and bylaws, as applicable, of the Company and with applicable law.

**Miscellaneous**

**RESOLVED**, that each of the officers of the Company be, and each of them hereby is, authorized, empowered and directed to take all such further action and to execute, deliver and file all such further agreements, certificates, instruments and documents, in the name and on behalf of the Company, as in such officer's sole discretion shall be necessary or appropriate to carry out the intent and to accomplish the purpose of the foregoing resolutions; and

**FURTHER RESOLVED**, that any and all acts taken by any of the officers, representatives or agents of the Company prior to the date hereof taken to carry out the intent and accomplish the purpose of the foregoing resolutions be, and they hereby are, ratified, confirmed and approved as acts on behalf of the Company.

[*Signature page follows*]

**IN WITNESS WHEREOF**, the undersigned sole director of the Company has executed this Written Consent effective as of the date first set forth above.

**SOLE DIRECTOR:**

______________________________

Name: Fawn Weaver

**WRITTEN CONSENT**
**OF THE SOLE MEMBER**
**OF**
**UNCLE NEAREST REAL ESTATE HOLDINGS, LLC**

May 26, 2023

The undersigned, being the sole member of Uncle Nearest Real Estate Holdings, LLC, a Tennessee limited liability company (the "***Company***"), does hereby adopt the following resolutions by written consent:

**<u>Amendment No. 5 to Credit Agreement</u>**

**WHEREAS**, it has been proposed that the Company enter into an amendment to the secured credit facility with Farm Credit Mid-America, PCA, as administrative agent thereunder (the "***Agent***"), the other lenders party thereto from time to time (each, a "***Lender***"), and Uncle Nearest, Inc. and Nearest Green Distillery, Inc., together with the Company, as the borrowers, substantially in the form as presented to the sole member (collectively, the "***Fifth Amended Credit Facility***"); and

**WHEREAS**, in order to evidence and incur the obligations and liabilities in connection with the Fifth Amended Credit Facility and to secure or otherwise assure the payment and performance thereof, it has been proposed that the Company execute and deliver to the Agent one or more credit agreements along with any other financing statements and other documents, instruments, agreements, notices and certificates, in each case substantially in the form as presented to the sole member (collectively, and together with the Fifth Amended Credit Facility, the "***Fifth Amended Credit Documents***").

**NOW, THEREFORE, BE IT RESOLVED**, that the execution, delivery and performance by the Company of the Fifth Amended Credit Documents, including, without limitation, the incurrence and assumption of the obligations and liabilities thereunder and the pledge and grant of the liens and security interest in the assets of the Company described therein are authorized and approved and the officers of the Company are each severally authorized, empowered and directed to execute and deliver the same for and on behalf and in the name of the Company, with such changes in the terms and provisions thereof as the officer executing the same shall, in such officer's sole discretion, deem necessary or appropriate and in the best interests of the Company, and such officer's signature, or such actions by such officer, shall be conclusive evidence that such officer did deem the same to be necessary or appropriate and in the best interests of the Company;

**FURTHER RESOLVED**, that the officers of the Company are each severally authorized to sign, execute, certify to, verify, acknowledge, deliver, accept, file and record any and all such additional agreements, instruments, certificates, documents, notices reports, and schedules (including, but not limited to, any renewals, extensions, amendments, modifications, restatements or waivers of any of the foregoing or of any Fifth Amended Credit Document), and to take, or cause to be taken, any and all such action, in the name and on behalf of the Company which shall be required to consummate the transactions contemplated by the Fifth Amended Credit Documents (or any renewal, extension, amendment, modification, restatement or waiver thereof) or which any officer shall, in such officer's sole discretion, deem necessary or appropriate and in the best interests of the Company in order to effect the purposes of the foregoing resolutions, and such officer's signature, or such actions taken by such officer, shall be conclusive evidence that such officer did deem the same to be necessary or appropriate and in the best interests of the Company in order to effect such purposes; provided that attestation of any agreement or document by the Secretary of the Company shall not be required for the validity thereof, except to the extent expressly required by applicable law;

**FURTHER RESOLVED**, that all acts and deeds done or to be done by any one or more officers of the Company in connection with the Fifth Amended Credit Documents for and on behalf of the Company in negotiating, entering into, executing, acknowledging, delivering or attesting any agreement, document, instrument, certificate, report or schedule as contemplated in the foregoing resolutions or otherwise or in carrying out the terms and intentions of such resolutions are hereby ratified and approved;

**FURTHER RESOLVED**, that the foregoing resolutions may be relied upon by the Agent until receipt and written acknowledgment thereby of written notice of their amendment or rescission and that any such receipt and acknowledgment shall not affect any action taken by the Agent in reliance on the foregoing resolutions prior thereto; and

**FURTHER RESOLVED**, that any officer of the Company be, and such officer hereby is authorized, empowered and directed to certify to the Agent the foregoing resolutions and that the provisions thereof are in accordance with the certificate of formation, bylaws and the limited liability company agreement, as applicable, of the Company and with applicable law.

## Miscellaneous

**RESOLVED**, that each of the officers of the Company be, and each of them hereby is, authorized, empowered and directed to take all such further action and to execute, deliver and file all such further agreements, certificates, instruments and documents, in the name and on behalf of the Company, as in such officer's sole discretion shall be necessary or appropriate to carry out the intent and to accomplish the purpose of the foregoing resolutions; and

**FURTHER RESOLVED**, that any and all acts taken by any of the officers, representatives or agents of the Company prior to the date hereof taken to carry out the intent and accomplish the purpose of the foregoing resolutions be, and they hereby are, ratified, confirmed and approved as acts on behalf of the Company.

[*Signature page follows*]

**IN WITNESS WHEREOF**, the undersigned sole member of the Company has executed this Written Consent effective as of the date first set forth above.

**SOLE MEMBER:**

**Uncle Nearest, Inc.**

By: ___________________________
Name: Fawn Weaver
Title: President and Secretary