This instrument was prepared by
and, when recorded, should be mailed to:
McGuireWoods LLP
201 N. Tryon Street
Charlotte, NC 28202
Attn: Steven D. Ritchie, Esq.

MAXIMUM PRINCIPAL INDEBTEDNESS FOR TENNESSEE RECORDING TAX PURPOSES IS $-0-EXEMPT.

# DEED OF TRUST, ASSIGNMENT OF LEASES, SECURITY AGREEMENT AND FINANCING STATEMENT

dated as of July 22, 2022

from

FAWN WEAVER

and

KEITH WEAVER,

as Trustor,

to

JOHN T. BOBO,
as Trustee,

for the benefit of

FARM CREDIT MID-AMERICA, PCA,
in its capacity as administrative agent,

as Beneficiary

**THIS DEED OF TRUST SECURES FUTURE ADVANCES WHICH ARE OBLIGATORY AND ARE FOR COMMERCIAL PURPOSES.**

**THIS DEED OF TRUST IS ALSO A UNIFORM COMMERCIAL CODE FINANCING STATEMENT WHICH IS BEING FILED AS A FIXTURE FILING IN ACCORDANCE WITH TENNESSEE CODE ANNOTATED § 47-9-502(C). THE DEBTOR ("TRUSTOR" HEREIN) IS THE RECORD OWNER OF THE FEE SIMPLE TITLE TO THE LAND (AS DEFINED HEREIN). THE NAMES AND ADDRESSES OF THE DEBTOR AND THE SECURED PARTY ("BENEFICIARY" HEREIN) ARE PROVIDED IN SECTION 6.01 HEREOF.**

BK/PG: T174/191-216
22000783
26 PGS:AL-TRUST DEED
PENNY BATCH: 21143
07/25/2022 - 11:43 AM

| | |
|---|---|
| VALUE | 0.00 |
| MORTGAGE TAX | 0.00 |
| TRANSFER TAX | 0.00 |
| RECORDING FEE | 130.00 |
| DP FEE | 2.00 |
| REGISTER'S FEE | 0.00 |
| TOTAL AMOUNT | 132.00 |

STATE OF TENNESSEE, MOORE COUNTY
PAM WELLS
REGISTER OF DEEDS

EXHIBIT
13

**DEED OF TRUST, ASSIGNMENT OF LEASES, SECURITY AGREEMENT AND FINANCING STATEMENT**

THIS DEED OF TRUST, ASSIGNMENT OF LEASES, SECURITY AGREEMENT AND FINANCING STATEMENT (this "Deed of Trust") dated as of July 22, 2022 is executed by FAWN WEAVER, an individual resident of Tennessee, and KEITH WEAVER, an individual resident of Tennessee, each as the trustor (individually or collectively as the context may indicate, "Trustor"), with a mailing address at 600 N. Main Street, Suite 2000, Shelbyville, TN 37160, to JOHN T. BOBO, as the trustee ("Trustee"), with a mailing address at 111 West Side Square, Shelbyville, Tennessee 37160, for the benefit of FARM CREDIT MID-AMERICA, PCA, in its capacity as administrative agent for the benefit of the Secured Parties (as defined in the Credit Agreement referenced below) ("Beneficiary"), with a mailing address at 12501 Lakefront Place, Louisville, Kentucky 40299, Attention of Capital Markets. All capitalized terms used herein without definition are as defined in the Credit Agreement.

RECITALS

A. Trustor is the owner of a fee simple interest in the land described on Exhibit A attached hereto.

B. Pursuant to that certain Credit Agreement dated as of July 22, 2022 (as amended, amended and restated, supplemented or otherwise modified from time to time, the "Credit Agreement") by and among Uncle Nearest, Inc., a Delaware corporation (the "Company"), Nearest Green Distillery, Inc., a Delaware corporation ("Distillery"), Uncle Nearest Real Estate Holdings, LLC, a Tennessee limited liability company ("RE Holdings"), each other Person that shall become a party thereto as a Borrower (each such Person, together with the Company, Distillery and RE Holdings, collectively, the "Borrowers" and each, a "Borrower"), Beneficiary and the financial institutions from time to time party thereto (the "Lenders"), the Lenders have agreed to provide certain credit facilities under which loans may be advanced to, or for the benefit of, the Borrowers in an aggregate principal amount not to exceed $70,000,000 (including potential increases in principal obligations pursuant to the Credit Agreement).

C. Trustor is an owner of Equity Interests in the Borrowers and will materially benefit from the financial accommodations provided under the Credit Agreement.

D. The obligations secured by this Deed of Trust (the "Secured Obligations") are comprised at any time of the following:

(i) payment of all sums at any time owing and performance of all other obligations arising under or in connection with the Credit Agreement or under any other Loan Document, together with all other existing or hereafter arising Obligations;

(ii) payment and performance of all obligations of Trustor under this Deed of Trust, together with all advances, payments or other expenditures made by Beneficiary or any Secured Party as or for the payment or performance of any such obligations of Trustor;

(iii) payment and performance of all future advances and other obligations made or incurred pursuant to the Credit Agreement or the other Loan Documents; and

(iv) all modifications, extensions and renewals of any of the foregoing (including without limitation, (x) modifications, extensions or renewals at a different rate of interest, or (y) deferrals or accelerations of the required principal payment dates or interest payment dates or both, in whole or in

part), however evidenced, whether or not any such modification, extension or renewal is evidenced by a new or additional promissory note or notes.

The term "obligations" is used herein in its most comprehensive sense and includes any and all advances, debts, obligations and liabilities heretofore, now or hereafter made, incurred or created, whether voluntary or involuntary and however arising, whether due or not due, absolute or contingent, liquidated or unliquidated, determined or undetermined, joint or several, including without limitation, all principal, interest, charges, including prepayment charges and late charges, and loan fees at any time accruing or assessed on any Secured Obligation. The Secured Obligations shall include, without limitation, any interest, costs, fees and expenses which accrue on or with respect to any of the foregoing, whether before or after the commencement of any case, proceeding or other action relating to the bankruptcy, insolvency or reorganization of any Borrower or Trustor.

## GRANTING CLAUSES

NOW THEREFORE, in consideration of the premises and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, for the purpose of securing the due and punctual payment, performance and observance of the Secured Obligations and intending to be bound hereby, Trustor hereby grants, conveys, mortgages, bargains, sells, transfers and assigns to Trustee, in trust, for the benefit of Beneficiary or to Beneficiary as expressly set forth below, for the benefit of the Secured Parties, and for the purpose and upon the terms and conditions hereinafter set forth, with power of sale and right of entry and possession, all of the property and rights described in the following Granting Clauses (all of which property and rights are herein collectively called the "Subject Property"), to wit:

### GRANTING CLAUSE I

Land. All estate, right, title and interest of Trustor in, to, or under those certain lots, pieces, tracts or parcels of land located in certain cities and/or counties in the State of Tennessee, more particularly described in Exhibit A attached hereto and incorporated herein by this reference (the "Land");

### GRANTING CLAUSE II

Improvements. All right, title and interest of Trustor in, to, under or derived from all buildings, structures, facilities and other improvements of every kind and description now or hereafter located on the Land or attached to the improvements which by the nature of their location thereon or attachment thereto are real property under applicable law (the foregoing being collectively the "Improvements"; and the Land with the Improvements thereon and Equipment therein and Appurtenant Rights thereto being collectively called the "Premises").

### GRANTING CLAUSE III

Equipment. All estate, right, title and interest of Trustor in, to, under or derived from all machinery, equipment, fixtures and accessions thereof and renewals, replacements thereof and substitutions therefor, and all other tangible property of every kind and nature whatsoever owned by Trustor, or in which Trustor has or shall have an interest, now or hereafter located upon the Land, or usable exclusively in connection with the present or future operation and occupancy of the Land or the Premises (hereinafter collectively called the "Equipment").

GRANTING CLAUSE IV

Appurtenant Rights. All estate, right, title and interest of Trustor in, to, under or derived from all tenements, hereditaments and appurtenances now or hereafter relating to the Land; all development, operating or similar rights appurtenant to the Land (including, without limitation, all rights arising from reciprocal access agreements, use or development agreements, and parking agreements); and all easements, licenses and rights of way now or hereafter appertaining to the Land (hereinafter collectively called "Appurtenant Rights").

GRANTING CLAUSE V

General Intangibles, Payment Rights and Agreements. All estate, right, title and interest of Trustor in, to, under or derived from all contract rights, chattel paper, instruments, general intangibles, accounts, guaranties and warranties, letters of credit, and documents, in each case relating to the Premises or to the present or future operation or occupancy of the Premises, and all plans, specifications, maps, surveys, studies, records, insurance policies, guarantees and warranties, all relating to the Premises or to the present or future operation or occupancy of the Premises, all management contracts, all supply and service contracts for water, sanitary and storm sewer, drainage, electricity, steam, gas, telephone and other utilities relating to the Premises (collectively, the "Agreements") and all other agreements affecting or relating to the use, enjoyment or occupancy of the Premises or the Equipment.

GRANTING CLAUSE VI

Leases. All estate, right, title and interest of Trustor in, to, under and derived from any lease, tenancy, subtenancy, license, concession or other occupancy agreement relating to the Premises (together with all amendments, supplements, consolidations, replacements, restatements, extensions, renewals and other modifications of any thereof, collectively, the "Leases") now or hereafter in effect, whether or not of record; and the right to bring actions and proceedings under the Lease or for the enforcement thereof and to do anything which Trustor or any lessor is or may become entitled to do under the Leases.

GRANTING CLAUSE VII

Rents, Issues and Profits. All estate, right, title and interest of Trustor in, to, under or derived from all rents, royalties, issues, profits, receipts, revenue, income, earnings and other benefits now or hereafter accruing with respect to all or any portion of the Premises, including all rents and other sums now or hereafter payable pursuant to the Leases; and all other claims, rights and remedies now or hereafter belonging or accruing with respect to the Premises, including oil, gas and mineral royalties (collectively, the "Rents"), all of which Trustor hereby irrevocably directs be paid to Beneficiary, subject to the license granted to Trustor pursuant to Section 5.07, to be held, applied and disbursed as provided in this Deed of Trust.

GRANTING CLAUSE VIII

Permits All estate, right, title and interest of Trustor in, to, under or derived from all licenses, certificates, variances, consents and other permits now or hereafter pertaining to the Premises and all estate, right, title and interest of Trustor in, to, under or derived from all tradenames or business names relating to the Premises or the present or future operation or occupancy of the Premises (collectively, the "Permits"), excluding, however, from the grant under this Granting Clause (but not the definition of the term "Permits" for the other purposes hereof) any Permits which the grant of a security interest therein shall constitute or result in (i) the abandonment, invalidation or unenforceability of the right, title or interest of Trustor therein or

(ii) a breach or termination pursuant to the terms of, or a default under, such lease, license or contract or such license, consent, permit, variance, certification, authorization or approval (other than to the extent that any such term would be rendered ineffective pursuant to Section 9-406, 9-407, 9-408 or 9-409 of the UCC or any other applicable law or principles of equity).

GRANTING CLAUSE IX

Proceeds and Awards. All estate, right, title and interest of Trustor in, to, under or derived from all proceeds of any sale, transfer, taking by condemnation (or any proceeding or purchase in lieu thereof), whether voluntary or involuntary, of any of the Subject Property described above, including all insurance proceeds and awards and title insurance proceeds, now or hereafter relating to any of the Subject Property, all of which Trustor hereby irrevocably directs be paid to Beneficiary to the extent provided hereunder, to be held, applied and disbursed as provided in this Deed of Trust.

TO HAVE AND TO HOLD IN FEE SIMPLE the Subject Property unto Trustee, its successors and assigns, for the benefit of Beneficiary, its successors and assigns, for the benefit of the Secured Parties, under and subject to the terms and conditions of this Deed of Trust, and for the security and enforcement of the prompt and complete payment and performance when due of all of the Secured Obligations.

PROVIDED, HOWEVER, that this Deed of Trust is upon the condition that, if Trustor shall pay in full all of the Secured Obligations and perform and observe all such covenants, obligations and conditions, this Deed of Trust shall terminate, subject to and in accordance with Section 6.02 hereof.

FURTHER PROVIDED, that Trustee and Beneficiary may from time to time release or reconvey all or a portion of the Subject Property, in accordance with the terms and conditions of the Credit Agreement and applicable law.

The Trustor covenants with the Beneficiary that Trustor is the owner of the fee simple interest in and to the Subject Property; that the same is free from all encumbrances, except for the Permitted Liens; that Trustor has good right, full power and lawful authority to sell and convey the same to Beneficiary and that Trustor and its successors and assigns, executors and administrators shall and will warrant and defend the same to the Beneficiary and its successors and assigns forever against claims and demands of all persons.

TRUSTOR ADDITIONALLY COVENANTS AND AGREES WITH TRUSTEE AND BENEFICIARY AS FOLLOWS:

## ARTICLE I

## DEFINITIONS

SECTION 1.01. Definitions. Capitalized terms used, but not otherwise defined herein are defined in, or by reference to the Credit Agreement and have the same meanings herein as therein. As used herein, the following term has the meaning set forth below:

"Permitted Liens" means (a) Liens pursuant to any Loan Document, (b) Liens securing the Dan Call Farm Mortgage Indebtedness, (c) Liens for ad valorem property taxes not yet due or Liens for taxes which are being contested in good faith and by appropriate proceedings diligently conducted (which proceedings have the effect of preventing the forfeiture or sale of the property or assets

subject to any such Lien), if adequate reserves with respect thereto are maintained by Trustor, (d) carriers', warehousemen's, mechanics', materialmen's, repairmen's, landlord's, agricultural supply dealer's, harvester's or other like Liens arising in the ordinary course of business which are not overdue for a period of more than 30 days or which are being contested in good faith and by appropriate proceedings diligently conducted (which proceedings have the effect of preventing the forfeiture or sale of the property or assets subject to any such Lien), if adequate reserves with respect thereto are maintained by Trustor and (e) easements, rights-of-way, restrictions and other similar encumbrances affecting real property which, in the aggregate, do not in any case materially detract from the value of the property subject thereto or materially interfere with the ordinary conduct of the business of the applicable Person.

## ARTICLE II

## CERTAIN WARRANTIES AND COVENANTS OF TRUSTOR

SECTION 2.01. Authority and Effectiveness. Trustor represents and warrants that: (a) the execution, delivery and performance by Trustor of this Deed of Trust does not and will not (i) conflict with or result in any material breach or contravention of, or the creation of any Lien under, or require any payment to be made under (A) any Contractual Obligation to which Trustor is a party or affecting Trustor or the properties of Trustor or (B) any order, injunction, writ or decree of any Governmental Authority or any arbitral award to which Trustor or its property is subject or (ii) violate any applicable law in any material respect; (b) this Deed of Trust has been duly executed and delivered by Trustor; and (c) this Deed of Trust constitutes a legal, valid and binding obligation of Trustor, enforceable against Trustor in accordance with its terms, subject to bankruptcy, insolvency, Debtor Relief Laws, and similar laws affecting the enforceability of creditor's rights generally and to general principles of equity.

SECTION 2.02. Title and Further Assurances.

(a) Trustor hereby represents and warrants that: (i) Trustor is the owner of the fee simple interest in the Land and the Improvements free from all liens, security interests, Leases, charges or encumbrances whatsoever, except for Permitted Liens; (ii) Trustor is the owner of the Subject Property, free and clear of all liens except for the Permitted Liens; (iii) Trustor has good and lawful right to mortgage the Subject Property to Beneficiary without the consent of any Person other than those consents which have been obtained; and (iv) the lien created by this Deed of Trust constitutes a valid, binding and enforceable lien on the Subject Property.

(b) Trustor shall preserve, protect, warrant and defend (i) the estate, right, title and interest of Trustor in and to its Subject Property, (ii) the validity, enforceability and priority of the lien of this Deed of Trust, and (iii) the right, title and interest of Beneficiary and any purchaser at any sale of the Subject Property hereunder or relating hereto.

(c) Upon full execution, acknowledgment and the recording of this Deed of Trust in the county recording office of the county in which the Land is located, the lien of this Deed of Trust shall be a perfected mortgage lien and fixture filing on the Subject Property.

(d) Trustor shall perform all acts that may be necessary to continue, maintain, preserve, protect and perfect the Subject Property, the lien granted to Beneficiary therein and the perfected priority of such lien. Upon request by Beneficiary, Trustor shall at its sole cost and expense (i) promptly correct any defect or error which may be discovered in this Deed of Trust or any financing statement or other document

relating hereto; and (ii) promptly execute, acknowledge, deliver, record, and re-record, register and re-register, and file and re-file this Deed of Trust and any fixture filings, financing statements or other documents which Beneficiary may reasonably require from time to time (all in form and substance reasonably satisfactory to Beneficiary) in order (A) to effectuate, complete, perfect, continue or preserve the lien of this Deed of Trust on the Subject Property, whether now owned or hereafter acquired, (B) to correct or change the name of Trustor following any change in its identity or sale of the Subject Property, or (C) to effectuate, complete, perfect, continue or preserve any right, power or privilege granted or intended to be granted to Beneficiary hereunder.

SECTION 2.03. Impositions. Trustor shall (a) duly and punctually pay all material Impositions before any fine, penalty, interest or cost may be added for nonpayment; and (b) promptly notify Beneficiary of the receipt by Trustor of any notice of default in the payment of any material Imposition. The term "Impositions" means all taxes, assessments and other governmental charges, ground rents, or other rents, charges, excises, levies, fees and other charges (public or private) which may be assessed, levied or imposed on, or in respect of or be a lien upon the Subject Property or any part thereof or any interest therein.

SECTION 2.04. Impound and Security Account. Upon the occurrence of an Event of Default, at Beneficiary's option and upon its demand and except where and to the degree prohibited by law, Trustor shall, until all Secured Obligations have been paid in full and the Facility Termination Date has occurred, pay to Beneficiary each month an amount estimated by Beneficiary to be equal to (a) the Impositions, (b) all payments and premiums with respect to any insurance policy covering or applicable to the Subject Property or any part thereof as required by the Credit Agreement (collectively, the "Insurance Requirements"), and (c) any payments required under Permitted Liens. Estimated payments of Impositions, Insurance Requirements and Permitted Lien payments shall be calculated by dividing the amount next due by, in each instance, the number of months to lapse preceding the month in which the same, respectively, will become due. All sums so paid shall not bear interest, except to the extent and in the minimum amount required by law, and Beneficiary shall, unless Trustor is otherwise in default hereunder or under any obligation secured hereby, apply said funds to the payment of, or at the sole option of Beneficiary release said funds to Trustor for application to and payment of, such Impositions, Insurance Requirements and Permitted Lien payments. However, upon the occurrence of an Event of Default by Trustor hereunder or under any obligation secured hereby, Beneficiary may, at its sole option, apply all or any part of said sums to any Secured Obligations or to advance sums to pay such Imposition, Insurance Requirement or Permitted Lien payment, which advance shall not cure Trustor's default hereunder.

SECTION 2.05. Sale; Liens Trustor shall not (a) sell, assign, transfer, convey, lease, mortgage, pledge, hypothecate, or permit to be sold, assigned, transferred, conveyed, leased, mortgaged, pledged, hypothecated or otherwise disposed of, the Subject Property or any part thereof or interest therein (for the purposes of this Section, a "Transfer"), or (b) create, suffer or permit to be created or exist any Lien attaching to the Subject Property or any part thereof or interest therein, except for Permitted Liens. In the event of any Transfer or the creation, suffering, permitting to be created of any Lien attaching to the Subject Property or any part thereof, that is not expressly permitted hereunder and is without the prior written consent of Beneficiary, Beneficiary shall have the absolute right at its option, without prior demand or notice, to declare all of the Secured Obligations immediately due and payable and pursue its rights and remedies under Article V. Consent to one such Transfer or lien shall not be deemed to be a waiver of the right to require the consent to future or successive Transfers or liens. Beneficiary shall have the right to grant or deny such consent in its absolute discretion. If consent should be given to a Transfer and if this Deed of Trust is not released to the extent of the Subject Property transferred or subjected to a lien by a writing signed by Beneficiary and recorded in the proper city, town, county or parish records, then any such Transfer or lien

shall be subject to this Deed of Trust and any such transferee shall assume all obligations hereunder and agree to be bound by all of the provisions contained hereunder.

SECTION 2.06. Status and Care of the Premises.

(a) Trustor represents and warrants that (i) the Premises is served by all necessary water, sanitary and storm sewer, electric, gas, telephone and other utility facilities which facilities have capacities which are sufficient to serve the current use and occupancy of the Premises as presently constructed; and (ii) the Premises has legal access to public streets or roads sufficient to serve the current and anticipated future use and operation of the Premises as presently constructed.

(b) Trustor (i) shall not initiate or affirmatively support any change in the applicable zoning adversely affecting the Premises, seek any variance (or any change in any variance), under the zoning adversely affecting the Premises; and (ii) shall, promptly after receiving notice or obtaining knowledge of any proposed or threatened change in the zoning affecting the Premises which would result in the current use of the Premises being a non-conforming use, notify Beneficiary thereof and diligently contest the same at Trustor's expense by any action or proceeding deemed appropriate by Trustor or requested by Beneficiary.

SECTION 2.07. Permitted Contests. Trustor may contest at Trustor's expense, by appropriate legal or other proceedings conducted in good faith and with due diligence, the amount, validity or application, in whole or in part, of any Imposition or lien therefor, any requirement of Law or any lien of any laborer, mechanic, materialman, supplier or vendor, provided that (a) the Subject Property, or any part thereof or estate or interest therein, shall not be in any danger of being sold, forfeited or lost by reason of such proceedings; (b) in the case of (i) liens of laborers, mechanics, materialmen, suppliers or vendors or (ii) the Impositions, or liens therefor, such proceedings shall suspend the foreclosure of any such lien or any other collection thereof from the Subject Property; (c) in the case of a requirement of Law, Beneficiary shall not be in any danger of any criminal liability or, unless Trustor shall have furnished a bond or other security therefor reasonably satisfactory to Beneficiary, any additional civil liability for failure to comply therewith, and the Subject Property, or any part thereof or estate or interest therein, shall not be subject to the imposition of any lien as a result of such failure which is not properly contested pursuant to this Section 2.07; and (d) if reasonably required by Beneficiary, Trustor shall have furnished to Beneficiary a bond or other security reasonably satisfactory to Beneficiary.

SECTION 2.08. Improvements. To the best of Trustor's knowledge, all improvements on the Land lie wholly within the boundary and building restriction lines of the Land and no improvements on adjoining properties encroach upon the Land.

SECTION 2.09. Casualty; Condemnation. The Subject Property is free of material damage and waste and, to the best of Trustor's knowledge, there is no proceeding pending or threatened for the total or partial condemnation thereof.

SECTION 2.10. Zoning and Other Laws. To the best of Trustor's knowledge, (a) the Premises and the use thereof, separate and apart from any other properties, constitute a legal and conforming use in compliance in all material respects with the zoning regulations for which the Premises is located, and (b) the Premises complies in all material respects with all applicable subdivision laws, ordinances and regulations.

SECTION 2.11. Inspection. Beneficiary and its authorized agents and employees shall have the right to enter on and into the Premises at all reasonable times and, except in the event of an emergency, after reasonable notice for the purpose of inspecting the same.

SECTION 2.12. Compliance with Instruments. Trustor shall promptly perform and observe, or cause to be performed and observed, all of the terms, covenants and conditions of all other instruments affecting the Premises and shall do or cause to be done all things necessary to preserve intact and unimpaired any and all easements, appurtenances and other interests and rights in favor of or constituting any portion of the Mortgaged Property, except in each case as would not reasonably be expected to result in a Material Adverse Effect.

SECTION 2.13. Environmental Compliance.

(a) The Subject Property does not presently contain, and to the knowledge of Trustor have not previously contained, any Hazardous Materials in amounts or concentrations which constitute or constituted a violation of applicable Environmental Laws. For the periods that Trustor has owned, leased, or operated the Subject Property, Hazardous Materials have not been transported or disposed of to or from the Subject Property in violation of, or in a manner or to a location which could give rise to liability under, Environmental Laws, nor have any Hazardous Materials been generated, treated, stored or disposed of at, on or under any of the Subject Property in violation of, or in a manner that could give rise to liability under, any applicable Environmental Laws. There has been no release, or to the best knowledge of Trustor, threat of release, of Hazardous Materials at or from the Subject Property, now or, to the best knowledge of Trustor, in the past, in violation of or in amounts or in a manner that could give rise to liability under applicable Environmental Laws.

(b) Trustor and the Subject Property and all operations conducted in connection therewith are in compliance, and have been in compliance for the last five (5) years, in all material respects with all applicable Environmental Laws, and there is no contamination at, under or about the Subject Property or such operations which could interfere with the continued operation of such properties or impair the fair saleable value thereof.

(c) Trustor has not received any notice of violation, alleged violation, non-compliance, liability or potential liability regarding environmental matters, Hazardous Materials, or compliance with Environmental Laws, nor does Trustor have knowledge or reason to believe that any such notice will be received or is being threatened.

(d) No judicial proceedings or governmental or administrative action is pending, or, to the best knowledge of Trustor, threatened, under any Environmental Law to which Trustor is or will be named as a potentially responsible party, nor are there any consent decrees or other decrees, consent orders, administrative orders or other orders, or other administrative or judicial requirements outstanding under any applicable Environmental Law with respect to Trustor, with respect to the Subject Property or operations conducted in connection therewith.

(e) Trustor shall (i) comply, and cause all lessees and other Persons operating or occupying the Subject Property to comply, in all material respects, with all applicable Environmental Laws and Environmental Permits, (ii) obtain and renew all Environmental Permits necessary for its operations and properties and (iii) conduct any investigation, study, sampling and testing, and undertake any cleanup, response or other corrective action necessary to address all Hazardous Materials at, on, under or emanating from the Subject Property in accordance with the requirements of all Environmental Laws.

## ARTICLE III

## INSURANCE, CASUALTY AND CONDEMNATION

SECTION 3.01. Insurance. Trustor shall maintain, or cause to be maintained, with financially sound and reputable insurance companies not Affiliates of any Borrower, insurance with respect to the Premises against loss or damage of the kinds customarily insured against by Persons engaged in the same or similar business, of such types and in such amounts as are customarily carried under similar circumstances and locations by such other Persons, which such insurance shall (i) provide for not less than 30 days' (or 10 days' in the case of non-payment) prior notice to the Beneficiary of termination, lapse or cancellation of such insurance, (ii) in the case of property insurance, name the Beneficiary for the benefit of the Secured Parties, as mortgagee and/or lender's loss payee, as applicable, (iii) in the case of liability insurance, name the Beneficiary for the benefit of the Secured Parties, as additional insured and (iv) be reasonably satisfactory in all other respects to the Beneficiary. Without limiting the foregoing, if any portion of the improvements on any real property subject to this Deed of Trust is at any time located in a special flood hazard area with respect to which flood insurance has been made available, Trustor shall maintain, or cause to be maintained, with a financially sound and reputable insurer, flood insurance in such form, on such terms and in such amounts required by Law or as otherwise required by the Beneficiary.

SECTION 3.02. Casualty and Condemnation. Trustor's right to collect or use any insurance proceeds or awards resulting from any casualty loss or condemnation shall be subject to, and applied in accordance with, the terms and provisions of the Credit Agreement. Trustor hereby authorizes and directs any affected insurance company and any affected governmental body responsible for such condemnation to make payment of the insurance proceeds or awards directly to Beneficiary. Trustor hereby irrevocably assigns to Beneficiary all insurance proceeds and awards to which Trustor may become entitled by reason of its interests in the Premises if a loss occurs; nothwithstanding the foregoing, provided that so long as no Default or Event of Default exists, any such proceeds and awards shall be paid directly to Trustor.

## ARTICLE IV

## EXPENSES

SECTION 4.01. Expenses. Upon written demand, Trustor shall reimburse Beneficiary for all out-of-pocket expenses, including attorneys' fees and expenses, paid or incurred by Beneficiary in connection with the perfection, protection, exercise or enforcement of any right or remedy under or with respect to this Deed of Trust, together with interest thereon at the Default Rate from the date paid by Beneficiary through the date repaid to Beneficiary, as the case may be. All such funds advanced in the reasonable exercise of Beneficiary's judgment that the same are needed to protect the Subject Property or the lien of this Deed of Trust are to be deemed obligatory advances hereunder and shall constitute additional indebtedness secured by this Deed of Trust.

## ARTICLE V

## DEFAULTS, REMEDIES AND RIGHTS

SECTION 5.01. Events of Default. The occurrence of any Event of Default (as defined in the Credit Agreement) shall be deemed an Event of Default hereunder and shall, at the option of Beneficiary, make all amounts then remaining unpaid on the Secured Obligations immediately due and payable, all without further demand, presentment, notice or other requirements of any kind, all of which are expressly

waived by Trustor, and the lien, encumbrance and security interest evidenced or created hereby shall be subject to foreclosure in any manner provided for herein or provided for by law and all other remedies available at law or in equity.

SECTION 5.02. Fixtures. Upon the occurrence of any Event of Default, or at any time thereafter, Beneficiary may, to the extent permitted under applicable law, elect to treat the fixtures included in the Subject Property either as real property or personal property, or both, and proceed to exercise such rights as apply thereto. With respect to any sale of real property included in the Subject Property made under the power of sale herein granted and conferred, Beneficiary may, to the extent permitted by applicable law, include in such sale any personal property and fixtures included in the Subject Property relating to such real property.

SECTION 5.03. Remedies Cumulative. All notice and cure periods provided in this Deed of Trust, the Credit Agreement or any other Loan Document shall run concurrently with any notice or cure periods provided under applicable law. No remedy or right of Beneficiary, Trustee or any Secured Party hereunder, under the Credit Agreement, any other Loan Document or otherwise, or available under applicable law, shall be exclusive of any other right or remedy, but each such remedy or right shall be in addition to every other remedy or right now or hereafter existing at law or in equity under any such document or under applicable law. No failure or delay by Beneficiary in exercising any right hereunder shall operate as a waiver thereof or of any other right nor shall any single or partial exercise of any such right preclude any other further exercise thereof or of any other right. Unless otherwise specified in such waiver or consent, a waiver or consent given hereunder shall be effective only in the specific instance and for the specific purpose for which given. Every such remedy or right may be exercised concurrently or independently, and when and as often as may be deemed expedient by Beneficiary or Trustee. All obligations of Trustor, and all rights, powers and remedies of Beneficiary and Trustee expressed herein shall be in addition to, and not in limitation of, those provided by law, equity or in the Credit Agreement or any other Loan Document.

SECTION 5.04. Possession of Premises. Trustor hereby waives, while any Event of Default exists, all right to the possession, income, earnings, revenues, issues, profits and Rents of the Premises. Beneficiary or a Receiver (as defined below) (as the case may be as the Person exercising the rights under this Section) is hereby expressly authorized and empowered to the extent permitted by applicable law, but not obligated, while any Event of Default exists, (i) to enter into and upon and take possession of, and operate all facilities on, the Premises or any part thereof, personally, or by its agents or attorneys, and exclude Trustor therefrom without liability for trespass, damages or otherwise; (ii) to enter upon and take and maintain possession of all of the documents, books, records, papers and accounts of Trustor relating to the possession and operation of the Subject Property; (iii) to conduct, either personally or by its agents, the business of the Premises; (iv) to exercise all rights of Trustor with respect to the Subject Property, including, without limitation, the right to sue for or otherwise collect the Rents, including those that are unpaid; (v) to complete any alteration or restoration in progress on the Premises at the expense of Trustor at reasonable and customary cost or at such cost previously agreed to by Trustor, and (vi) to apply all income of the Premises less the necessary or appropriate expenses of collection thereof, either for the operation, care and preservation of the Premises, or, at the election of the Person exercising the rights under this Section in its sole discretion, as provided in Section 5.09 hereof. The Person exercising the rights under this Section is also hereby granted full and complete authority while any Event of Default exists (vii) to employ watchmen to protect the Subject Property; (viii) to continue any and all outstanding contracts for the erection and completion of Improvements to the Premises; (ix) to make all necessary and proper repairs, renewals, replacements, alterations, additions, betterments and improvements to the Premises that, in its sole discretion, it may deem appropriate; (x) to insure and reinsure the Premises for all risks incidental to Beneficiary's possession, operation and management thereof; (xi) to make and enter into any contracts or obligations wherever necessary in its own

name for the operation, care and preservation of the Subject Property, and (xii) to pay and discharge all debts, obligations and liabilities incurred thereby, all at the expense of Trustor. The Person exercising the rights under this Section shall not be liable to account for any action taken hereunder, and shall not be liable for any loss sustained by Trustor resulting from any act or omission of such Person, except to the extent such loss is caused by such Person's willful misconduct or gross negligence. All such expenditures by the Person exercising the rights under this Section shall be Secured Obligations hereunder.

SECTION 5.05. Foreclosure; Receiver. While any Event of Default exists, Beneficiary and Trustee, with or without entry, shall also have the following rights:

(a) to institute a proceeding or proceedings, by advertisement, judicial process or otherwise, as provided under applicable law, for the complete or partial foreclosure of this Deed of Trust or the complete or partial sale of the Subject Property under the power of sale hereunder or under any applicable provision of law;

(b) to sell the Subject Property and all estate, right, title and interest of Trustor therein as a whole or in separate parcels, at one or more sales, at such time and place and upon such terms and conditions as may be required by applicable law;

(c) to take such steps to protect and enforce rights, whether by action, suit or proceeding in equity or at law, for the specific performance of any provision in the Loan Documents or in aid of the execution of any power herein granted, or for any foreclosure hereunder, or for the enforcement of any other appropriate legal or equitable remedy Beneficiary shall elect;

(d) Beneficiary, upon-application to a court of competent jurisdiction, shall be entitled as a matter of strict right, without notice and without regard to the occupancy or value of any security for the Secured Obligations or the solvency of any party bound for its payment, to the appointment of a receiver (a "Receiver") to take possession of and to operate the Subject Property and to collect and apply the rents, issues, profits and revenues thereof. The Receiver shall have all of the rights and powers permitted under the laws of the State of Tennessee. Trustor shall pay unto Beneficiary upon demand all expenses, including receiver's fees, reasonable attorneys' fees actually incurred, costs and agent's compensation, incurred pursuant to the provisions of this Section and any such amounts paid by Beneficiary shall be added to the Secured Obligations and shall be secured by this Deed of Trust;

(e) apply any monies or securities on deposit with Beneficiary or any depositary designated by Beneficiary as required to be maintained under this Deed of Trust to the Secured Obligations in such order and manner as Beneficiary may elect; and

(e) to take all such other steps and to assert all such other rights and remedies as shall be permitted by applicable law.

The purchase money, proceeds or avails of any foreclosure or sale after default and any other sums which then may be held by Beneficiary under this Deed of Trust shall be applied as provided in Section 5.09 hereof.

SECTION 5.06. No Liability on Beneficiary. Notwithstanding anything contained herein, this Deed of Trust is only intended as security for the Secured Obligations and Beneficiary shall not be obligated to perform or discharge, and Beneficiary need not perform or discharge, any obligation, duty or liability of Trustor with respect to any of the Subject Property. Beneficiary shall not have responsibility for the control, care, management or repair of the Premises nor shall Beneficiary be responsible or liable for any

negligence in the management, operation, upkeep, repair or control of the Subject Property resulting in loss or injury or death to any licensee, employee, tenant or stranger. No liability shall be enforced or asserted against Beneficiary in its exercise of the powers herein granted to it, and Trustor expressly waives and releases any such liability. Should Beneficiary or any Person exercising rights on its behalf incur any such liability, loss or damage, under or by reason hereof, or in the defense of any claims or demands, Trustor agrees to reimburse Beneficiary and such Person, immediately upon demand (provided such demand is accompanied by an itemized statement) for the amount thereof, including costs, expenses and reasonable attorneys' fees, and any such obligations of Trustor shall be Secured Obligations hereunder and shall survive any foreclosure or transfer in lieu of foreclosure of this Deed of Trust and the release of this Deed of Trust.

SECTION 5.07. Assignment of Leases.

(a) Subject to paragraph (d) below, the assignments of the Leases and the Rents under Granting Clauses VI and VII are and shall be present, absolute and irrevocable assignments by Trustor to Beneficiary and, subject to the license to Trustor under Section 5.07(b), Beneficiary or a Receiver appointed pursuant to Section 5.05(d) (as the case may be as the Person exercising the rights under this Section) shall have the absolute, immediate and continuing right to collect and receive all Rents now or hereafter, including during any period of redemption, accruing with respect to the Premises. At the request of Beneficiary or such Receiver, Trustor shall promptly execute, acknowledge, deliver, record, register and file any additional general assignment of the Leases or specific assignment of any Lease which Beneficiary or such Receiver may require from time to time (all in form and substance reasonably satisfactory to Beneficiary or such Receiver) to effectuate, complete, perfect, continue or preserve the assignments of the Leases and the Rents under Granting Clauses VI and VII.

(b) As long as no Event of Default exists, Trustor shall have the right under a license granted hereby, subject to Section 5.07(c), to collect all Rents upon, but not prior to fifteen (15) days before, the due date thereof.

(c) If any Event of Default exists, Beneficiary or Receiver appointed pursuant to Section 5.05(d) (as the case may be as the Person exercising the rights under this Section) shall have the right to do any of the following: (i) terminate the license granted under Section 5.07(b) by notice to Trustor; (ii) exercise the rights and remedies provided under Section 5.04, Section 5.05 or under applicable law; (iii) as attorney in-fact or agent of Trustor, or in its own name as the Person exercising the rights under this Section and under the powers herein granted, hold, operate, manage and control the Premises and all other Subject Property, either personally or by its agents, contractors or nominees, with full power to use such measures, legal or equitable, as in its discretion may be deemed proper and necessary to enforce the payment of any Rents, the Leases and other Subject Property relating thereto (including actions for the recovery of Rent, actions in forcible detainer and actions in distress of Rent); (iv) cancel or terminate any Lease or sublease for any cause or on any ground which would entitle Trustor to cancel the same; (v) elect to disaffirm any Lease or sublease made subsequent hereto or subordinated to the lien hereof; and (vi) perform such other acts in connection with the management and operation of the Subject Property as the Person exercising the rights under this Section in its discretion may deem proper, Trustor hereby granting full power and authority to exercise each and every one of the rights, privileges and powers contained herein at any and all times while an Event of Default exists without notice to Trustor.

(d) Nothing in this Section 5.07 shall be construed to be an assumption by the Person exercising the rights under this Section, or to otherwise make such Person liable for the performance, of any of the obligations of Trustor under the Leases.

SECTION 5.08. Sales. Except as otherwise provided herein, to the extent permitted under applicable law, at the election of Beneficiary, the following provisions shall apply to any sale of the Subject Property hereunder, whether made pursuant to the power of sale hereunder, any judicial proceeding, or any judgment or decree of foreclosure or sale or otherwise:

(a) Beneficiary or Trustee or the court officer (as the case may be as the Person conducting any sale) may conduct any number of sales as Beneficiary may direct from time to time. The power of sale hereunder or with respect hereto shall not be exhausted by any sale as to any part or parcel of the Subject Property which is not sold, unless and until the Secured Obligations shall have been paid in full and the Facility Termination Date shall have occurred, and shall not be exhausted or impaired by any sale which is not completed or is defective. A sale may be as a whole or in part or parcels and Trustor hereby waives its right to direct the order in which the Subject Property or any part or parcel thereof is sold.

(b) Any sale may be postponed, adjourned or continued and reset at a later date, provided that a public announcement to that effect be made at the time and place appointed for such sale or such postponed, adjourned or continued sale without further notice or additional publication.

(c) Any statement of fact or other recital made in any instrument given by the Person conducting any sale as to the nonpayment of any Secured Obligation, the existence of an Event of Default, the amount of the Secured Obligations due and payable, the request to Beneficiary or Trustee to sell, the notice of the time, place and terms of sale and of the Subject Property to be sold having been duly given, or any other act or thing having been duly done or not done by Trustor, Beneficiary, Trustee, or any other Person, shall be taken as conclusive and binding against all other Persons as evidence of the truth of the facts so stated or recited.

(d) Any sale shall operate to divest all of the estate, right, title, interest, claim and demand whatsoever, whether at law or in equity, of Trustor in and to the Subject Property sold, and (to the extent permitted under applicable law) shall be a perpetual bar both at law and in equity against Trustor and any and all Persons claiming such Subject Property or any interest therein by, through or under Trustor.

(e) At any sale, Beneficiary may bid for and acquire the Subject Property sold and, in lieu of paying cash therefor may make settlement for the purchase price by causing the Secured Parties to credit against the Secured Obligations, including the expenses of the sale and the cost of any enforcement proceeding hereunder, the amount of the bid made therefor to the extent necessary to satisfy such bid.

(f) In the event that Trustor or any Person claiming by, through or under Trustor shall transfer or fail to surrender possession of the Subject Property after any sale thereof, then Trustor or such Person shall be deemed tenant at sufferance of the purchaser at such sale, subject to eviction by means of forcible entry and unlawful detainer proceedings, or subject to any other right or remedy available, hereunder or under applicable law.

(g) Upon any sale, it shall not be necessary for the Person conducting such sale to have any Subject Property being sold present or constructively in its possession.

(h) To the extent permitted under applicable law, in the event that a foreclosure hereunder shall be commenced by Beneficiary or Trustee, Beneficiary or Trustee may at any time before the sale abandon the sale, and may institute suit for the collection of the Secured Obligations or for the foreclosure of this Deed of Trust; or in the event that Beneficiary should institute a suit for collection of the Secured Obligations or the foreclosure of this Deed of Trust, Beneficiary may at any time before the entry of

final judgment in said suit dismiss the same and sell the Subject Property in accordance with the provisions of this Deed of Trust.

SECTION 5.09. Application of Proceeds. The proceeds of any sale of any of the Subject Property made pursuant to this Article V shall be applied as follows: (a) first, to the payment of all costs and expenses incident to the enforcement of this Deed of Trust paid or incurred by Trustee, Beneficiary or the agent for enforcement, protection or collection, including, without limitation, reasonable costs, attorneys' fees, stenographers' fees, costs of advertising, costs of documentary evidence of title (including title search and insurance), all other related charges and costs, and a reasonable compensation to the agents, attorneys and inhouse counsel of Trustee, Beneficiary and of agent; and (b) second, as provided in Section 8.3 of the Credit Agreement.

## ARTICLE VI

## GENERAL

SECTION 6.01. Security Agreement; Fixture Filing. This Deed of Trust shall also constitute a security agreement under the Tennessee Uniform Commercial Code between Trustor as Debtor and Beneficiary as Secured Party. Trustor grants a security interest to Beneficiary for the benefit of the Secured Parties in any of the Subject Property that is fixtures or personal property. To the extent that the Subject Property includes items of personal property which are or are to become fixtures under applicable law, and to the extent permitted under applicable law, the filing of this Deed of Trust in the real estate records of the county in which such Subject Property is located shall also operate from the time of filing as a fixture filing with respect to such Subject Property, and the following information is applicable for the purpose of such fixture filing, to wit:

(a) Name and Address of the Debtor:

Keith Weaver and Fawn Weaver
c/o Fawn Weaver
600 N. Main Street, Suite 2000
Shelbyville, TN 37160

(b) Name and Address of the Secured Party:

Farm Credit Mid-America, PCA, as Administrative Agent
PO Box 34390
12501 Lakefront Place
Louisville, KY 40299
Attn: Capital Markets

(c) This financing statement covers goods or items of personal property which are or are to become fixtures upon the Premises.

(d) Name and address of record owners:

Keith Weaver and Fawn Weaver
c/o Fawn Weaver
600 N. Main Street, Suite 2000

Shelbyville, TN 37160

SECTION 6.02. Defeasance. Upon the occurrence of the Facility Termination Date, Beneficiary, without warranty, shall deliver for recording in the appropriate real property records a satisfaction or cancellation of this Deed of Trust.

SECTION 6.03. Notices.

(a) Notices Generally. Except as provided in subsection (b) below, all notices and other communications provided for herein shall be in writing and shall be delivered by hand or overnight courier service, mailed by certified or registered mail or sent by facsimile as follows:

(i) if to Trustor, to John T. Bobo at 111 West Side Square, Shelbyville, Tennessee 37160;

(ii) if to Beneficiary, to Farm Credit Mid-America, PCA at 12501 Lakefront Place, Louisville, Kentucky 40299, Attention of Capital Markets (Facsimile No. (502) 420-3691; email Syndications@e-farmcredit.com), with a copy to Farm Credit Mid-America, PCA at P.O. Box 34390, Louisville, Kentucky 40232, Attention of Capital Markets (Facsimile No. (502) 420-3691; email Syndications@e-farmcredit.com); and

(iii) if to the Trustee, to it at its address set forth in the introductory paragraph hereto.

Notices and other communications sent by hand or overnight courier service, or mailed by certified or registered mail, shall be deemed to have been given when received; notices and other communications sent by facsimile shall be deemed to have been given when sent (except that, if not given during normal business hours for the recipient, shall be deemed to have been given at the opening of business on the next Business Day for the recipient). Notices and other communications delivered through electronic communications to the extent provided in subsection (b) below shall be effective as provided in such subsection (b).

(f) Electronic Communications. Beneficiary or Trustor may each, in its discretion, agree to accept notices and other communications to it hereunder by electronic communications pursuant to procedures approved by it; provided that approval of such procedures may be limited to particular notices or communications.

Unless Beneficiary otherwise prescribes, (i) notices and other communications sent to an e-mail address shall be deemed received upon the sender's receipt of an acknowledgement from the intended recipient (such as by the "return receipt requested" function, as available, return e-mail or other written acknowledgement), and (ii) notices or communications posted to an Internet or intranet website shall be deemed received upon the deemed receipt by the intended recipient, at its e-mail address as described in the foregoing clause (i), of notification that such notice or communication is available and identifying the website address therefor; provided that, for both of the foregoing clauses (i) and (ii), if such notice, e-mail or other communication is not sent during the normal business hours of the recipient, such notice, e-mail or communication shall be deemed to have been sent at the opening of business on the next business day for the recipient.

(c) Change of Address, Etc. Each of Trustor, Trustee and Beneficiary may change its address or facsimile for notices and other communications hereunder by notice to the others.

SECTION 6.04. Amendments. Neither this Deed of Trust nor any portion or provision hereof may be changed, altered, modified, supplemented, discharged, canceled, terminated, or amended orally or in any manner other than as provided in the Credit Agreement.

SECTION 6.05. [Reserved.]

SECTION 6.06. Governing Law. This Deed of Trust shall be governed by, and construed in accordance with, the law of the State of Tennessee.

SECTION 6.07. Successors and Assigns The covenants and agreements of Trustor hereunder, and the provisions hereof affecting Trustor, shall bind Trustor hereunder, its successors and assigns and all Persons claiming by, through or under Trustor and shall inure to the benefit of Trustor and its successors and permitted assigns. The rights and privileges of Beneficiary hereunder, and the provisions hereof affecting Beneficiary, shall inure to the benefit of Beneficiary hereunder and its successors and assigns.

SECTION 6.08. Waiver. Trustor waives, on behalf of itself and all Persons now or hereafter interested in the Premises or the other Subject Property, to the fullest extent permitted by applicable law, (i) all rights under all appraisement, homestead, moratorium, valuation, exemption, stay, extension, redemption, single action, election of remedies and marshalling statutes, laws or equities now or hereafter existing, (ii) any benefit of any law providing for the valuation or appraisal of the Premises or the other Subject Property or any part thereof prior to any sale thereof, (iii) after any such sale, claim or exercise any right to redeem the property so sold or any part thereof, (iv) all benefit or advantage of any such law and covenants not to hinder, delay or impede the execution by Beneficiary of any power or remedy herein granted or available at law or in equity, but to suffer and permit the execution of every power and remedy as though no such law existed and (v) any and all requirements that at any time any action may be taken against any other Person. Trustor hereby acknowledges and agrees that no defense based on any of the foregoing will be asserted in any action enforcing this Deed of Trust.

SECTION 6.09. WAIVER OF JURY TRIAL. TRUSTOR AND BENEFICIARY HEREBY IRREVOCABLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN ANY LEGAL PROCEEDING DIRECTLY OR INDIRECTLY ARISING OUT OF OR RELATING TO THIS DEED OF TRUST OR THE TRANSACTIONS CONTEMPLATED HEREBY (WHETHER BASED ON CONTRACT, TORT OR ANY OTHER THEORY). TRUSTOR AND BENEFICIARY (A) CERTIFIES THAT NO REPRESENTATIVE, AGENT OR ATTORNEY OF ANY OTHER PERSON HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT SUCH OTHER PERSON WOULD NOT, IN THE EVENT OF LITIGATION, SEEK TO ENFORCE THE FOREGOING WAIVER AND (B) ACKNOWLEDGES THAT EACH SUCH PERSON HAS BEEN INDUCED TO ENTER INTO THIS DEED OF TRUST BY, AMONG OTHER THINGS, THE MUTUAL WAIVERS AND CERTIFICATIONS IN THIS SECTION.

SECTION 6.10. No Redemption. Trustor hereby waives, to the fullest extent permitted by applicable law, any and all rights of redemption from sale under any order or decree of foreclosure of this Deed of Trust or under any power contained herein on its own behalf and on behalf of each and every Person acquiring any interest in or title to the Premises subsequent to the date of this Deed of Trust.

SECTION 6.11. Limitation by Law; Severability. All rights, remedies and powers provided in this Deed of Trust may be exercised only to the extent that the exercise thereof does not violate any applicable provision of law, and all the provisions of this Deed of Trust are intended to be subject to all applicable mandatory provisions of law which may be controlling and to be limited to the extent necessary so

that they will not render this Deed of Trust illegal, invalid, unenforceable, in whole or in part, or not entitled to be recorded, registered, or filed under the provisions of any applicable law. In the event that any of the covenants, agreements, terms or provisions contained in this Deed of Trust shall be invalid, illegal or unenforceable in any respect, the validity of the remaining covenants, agreements, terms or provisions contained herein shall not be in any way affected, prejudiced or disturbed thereby.

SECTION 6.12. Beneficiary's Performance If Trustor shall fail to pay or perform any of its obligations herein contained (including, without limitation, payment of expenses of foreclosure and court costs) or under the Loan Documents each with respect to the Subject Property, Beneficiary upon five (5) days prior written notice to Trustor (except as otherwise expressly permitted by any Loan Document in the event of an emergency when no notice need be given) may, but need not, make (or cause to be made) any such payment or perform (or cause to be performed) any such obligation of Trustor hereunder or thereunder (provided Trustor is not contesting such payment or performance in accordance with Section 2.09), in any form and manner deemed reasonably expedient by Beneficiary as agent or attorney-in-fact of Trustor, and any amount so paid or expended (plus reasonable compensation to Beneficiary for its out-of-pocket and other expenses (including legal expenses) for each matter for which it acts under this Deed of Trust), with interest thereon at the Default Rate, shall be added to the Secured Obligations and shall be repaid to Beneficiary upon demand. No such action of Beneficiary shall be considered as a waiver of any right accruing to it on account of the occurrence of any default on the part of Trustor under this Deed of Trust, any default, any Event of Default, or any default or event of default under any other Loan Document.

SECTION 6.13. Subrogation. To the extent that Beneficiary, after the date hereof, pays pursuant to the terms of this Deed of Trust any sum due under any provision of law or any instrument or documents creating any lien prior or superior to the lien of this Deed of Trust, Beneficiary shall have and be entitled to a lien on the Subject Property equal in priority to that discharged, and Beneficiary shall be subrogated to, and receive and enjoy all rights and liens possessed, held or enjoyed by, the holder of such lien, which shall remain in existence for the benefit of Beneficiary to secure the amount expended by Beneficiary on account of or in connection with such lien.

SECTION 6.14. Conflicting Provisions To the extent there exists any conflict or inconsistency between the terms of this Deed of Trust and the terms of the Credit Agreement, the terms of the Credit Agreement shall govern.

SECTION 6.15. Counterparts. This Deed of Trust may be executed in any number of identical counterparts, any set of which signed by all the parties hereto shall be deemed to constitute a complete, executed original for all purposes.

SECTION 6.16 Instrument Under Seal. This Deed of Trust is intended to be and shall be construed as an instrument under seal.

SECTION 6.17. State Specific Provisions. In the event of any conflict between the provisions set forth below in this Section 6.17 and any other provision of this Deed of Trust, the provisions of this Section 6.17 shall control.

(a) Acceleration; Remedies. At any time during the existence of an Event of Default, Beneficiary, at Beneficiary's option, may declare the Secured Obligations to be immediately due and payable without further demand, and may request Trustee to exercise the power of sale and Beneficiary may exercise any other remedies permitted by applicable law or provided in this Deed of Trust or in any other Loan Document. Trustor acknowledges that the power of sale granted in this Deed of Trust may be exercised by

Trustee without prior judicial hearing. Trustor has the right to bring an action to assert the non-existence of an Event of Default or any other defense of Trustor to acceleration and sale. Beneficiary shall be entitled to collect all costs and expenses incurred in pursuing such remedies, including attorneys' fees, costs of documentary evidence, abstracts and title reports.

The Trustee hereunder, or its agent or successors, at the request of the Beneficiary, or the representatives or assigns of the Beneficiary, after giving notice of the time and place of sale by publication of such at least three (3) different times in some newspaper published in the county in which the Premises are situated and the sale is to be made, the first of which publications shall be at least twenty (20) days previous to said sale, shall, at the date and time stated in the notice, and at the door of the County Courthouse in said county at which foreclosure sales are customarily held or at the election of Beneficiary at the Premises, proceed to sell the Premises at public auction for cash (or for credit against the Secured Obligations if the Beneficiary is the highest bidder) or upon such other terms that are satisfactory to Trustee and Beneficiary, and in bar of all rights of redemption, statutory or otherwise (including the statutory right of redemption under Tennessee Code Annotated 66-8-101, *et seq.*), the equity of redemption, homestead, dower, elective or distributive share, rights of appraisement or valuation, and all other rights and exemptions of every kind, all of which are hereby waived. The Trustee shall apply the proceeds from such sale in the manner provided in Section 5.09. In the event the Trustee cannot determine the Person(s) to whom the surplus should be paid or a controversy exists with respect to the surplus, the Trustee may pay the surplus into a court of competent jurisdiction in an interpleader action and all expenses of such action, including legal fees incurred by the Beneficiary and Trustee, shall be paid from the surplus.

The foreclosure sale may be postponed, adjourned or continued from time to time by the Trustee, or his agent or successors, at the place of sale on the date the sale is originally set, or on the date of any postponement, adjournment or continuation thereof, and may be reset at a later date or dates, by announcement without any additional publication.

The Premises or any part thereof may be sold in one parcel, or in such parcels, manner or order as Beneficiary in its sole discretion may elect, and one or more exercises of the power herein granted shall not extinguish or exhaust the power unless the entire Premises are sold or the Indebtedness is paid in full.

Following a Trustee's sale of the Premises, the Trustee shall deliver to the buyer a Trustee's Deed conveying the property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's Deed shall be prima facie evidence of the truth of the statements made therein.

Trustor further agrees that in case of any sale hereunder, it will at once surrender possession of the Premises, and will from that moment become and be the tenant at will of the buyer, and removable by process as upon a forcible and unlawful detainer suit, hereby agreeing to pay such buyer the reasonable rental value of the Premises after such sale plus all expenses, including legal fees, incurred by the buyer.

(b) Release. Upon the occurrence of the Facility Termination Date, Beneficiary shall release the lien of this Deed of Trust. Beneficiary shall pay the reasonable costs incurred in releasing this Deed of Trust.

(c) Further Assurances for Trustee; Indemnification of Trustee. Trustor shall execute, acknowledge, and deliver, at its sole cost and expense, all further acts, deeds, conveyances, assignments, estoppel certificates, financing statements, transfers and assurances as Trustee may require from time to time in order to better assure, grant, and convey to Trustee the rights intended to be granted, now or in the future, to Trustee under this Deed of Trust. Trustor agrees to indemnify and hold Trustee harmless from and against

any and all claims, losses, and liabilities arising out of or resulting from this Deed of Trust (including, without limitation, enforcement of this Deed of Trust), except claims, losses, or liabilities resulting solely and directly from Trustee's gross negligence or willful misconduct.

(d) Successor Trustee. Beneficiary, at Beneficiary's option, with or without cause, may from time to time remove Trustee and appoint a successor or substitute trustee by a Deed of Trust recorded in the city or county in which this Deed of Trust is recorded. Without conveyance of the Subject Property, the successor trustee shall succeed to all the right, title, estate, powers, privileges and duties conferred upon the Trustee in this Deed of Trust and by applicable law. For purposes of this Deed of Trust, the term "Trustee" means the person identified as Trustee in the first paragraph of this Deed of Trust and any successor trustee appointed by Beneficiary pursuant to this Section or otherwise appointed as permitted by law.

(e) Future Advances. It is understood and agreed that this Deed of Trust shall secure payment of not only the indebtedness and obligations evidenced by the Credit Agreement but also any and all substitutions, replacements, renewals and extensions of the Credit Agreement, any and all indebtedness and obligations arising pursuant to the terms hereof and any and all indebtedness and obligations arising pursuant to the terms of any of the other Loan Documents, all of which indebtedness and obligations is equally secured with and has the same priority as any amounts advised to Trustor as of the date hereof.

SECTION 6.18. Multiple Security. If (a) the Subject Property shall consist of one or more parcels, whether or not contiguous and whether or not located in the same county, (b) in addition to this Deed of Trust, the Beneficiary shall now or hereafter hold for the benefit of the Secured Parties or be the beneficiary of one or more additional mortgages, liens, deeds of trust or other security (directly or indirectly) for the Secured Obligations upon other property in the State of Tennessee (whether or not such property is owned by the Trustor or by others) or (c) both the circumstances described in clauses (a) and (b) shall be true, then to the fullest extent permitted by law, the Beneficiary may, at its election, commence or consolidate in a single mortgagee's sale or foreclosure action all mortgagee's sale or foreclosure proceedings against all such collateral securing the Secured Obligations (including the Subject Property), which action may be brought or consolidated in the courts of, or sale conducted in, any county in which any of such collateral is located. The Trustor acknowledges that the right to maintain a consolidated mortgagee's sale or foreclosure action is a specific inducement to the Beneficiary to extend the Secured Obligations, and the Trustor expressly and irrevocably waives any objections to the commencement or consolidation of the foreclosure proceedings in a single action and any objections to the laying of venue or based on the grounds of *forum non conveniens* which it may now or hereafter have. The Trustor further agrees that if the Beneficiary shall be prosecuting one or more foreclosure or other proceedings against a portion of the Subject Property or against any collateral other than the Subject Property, which collateral directly or indirectly secures the Secured Obligations, or if the Beneficiary shall have obtained a judgment of foreclosure and sale or similar judgment against such collateral, then, whether or not such proceedings are being maintained or judgments were obtained in or outside the State of Tennessee, the Beneficiary may commence or continue any foreclosure proceedings and exercise its other remedies granted in this Deed of Trust against all or any part of the Subject Property and the Trustor waives any objections to the commencement or continuation of a foreclosure of this Deed of Trust or exercise of any other remedies hereunder based on such other proceedings or judgments, and waives any right to seek to dismiss, stay, remove, transfer or consolidate either any action under this Deed of Trust or such other proceedings on such basis. The commencement or continuation of proceedings to sell the Subject Property, to foreclose this Deed of Trust or the exercise of any other rights hereunder or the recovery of any judgment by the Beneficiary or the occurrence of any sale by the Beneficiary in any such proceedings shall not prejudice, limit or preclude the Beneficiary's right to commence or continue one or more foreclosure or other proceedings or obtain a judgment against any other collateral (either in or outside the State of Tennessee) which directly or indirectly secures the Secured Obligations, and the Trustor expressly waives any

objections to the commencement of, continuation of, or entry of a judgment in such other sales or proceedings or exercise of any remedies in such sales or proceedings based upon any action or judgment connected to this Deed of Trust, and the Trustor also waives any right to seek to dismiss, stay, remove, transfer or consolidate either such other sales or proceedings or any sale or action under this Deed of Trust on such basis. It is expressly understood and agreed that to the fullest extent permitted by law, the Beneficiary may, at its election, cause the sale of all collateral which is the subject of a single mortgagee's sale or foreclosure action at either a single sale or at multiple sales conducted simultaneously and take such other measures as are appropriate in order to effect the agreement of the parties to dispose of and administer all collateral securing the Secured Obligations (directly or indirectly) in the most economical and least time-consuming manner.

[Signature page(s) follow.]

IN WITNESS WHEREOF, Trustors and Beneficiary have duly executed and delivered this Deed of Trust as of the date first written above.

**<u>TRUSTORS</u>**:

Fawn Weaver

Keith Weaver

Acknowledgement

STATE OF Tennessee )
) ss.
COUNTY OF Bedford )

Personally appeared before me, the undersigned, a Notary Public having authority within the State and County aforesaid, Jason Weaver, with whom I am personally acquainted, and who acknowledged that he/she executed the within instrument for the purposes therein contained.

Witness my hand, at office, on July 15th, 2022.

Notary Public

[SEAL] Printed Name: Adrienne P. Bowling

My Commission Expires:

07-03-2023

ADRIENNE P. BOWLING STATE OF TENNESSEE NOTARY PUBLIC DAVIDSON COUNTY

Acknowledgement

STATE OF Tennessee )
) ss.
COUNTY OF Bedford )

Personally appeared before me, the undersigned, a Notary Public having authority within the State and County aforesaid, Keith Weaver, with whom I am personally acquainted, and who acknowledged that he/she executed the within instrument for the purposes therein contained.

Witness my hand, at office, on July 15th, 2022.

Notary Public

[SEAL] Printed Name: Adrienne P. Bowling

My Commission Expires:

07-03-2023

ADRIENNE P. BOWLING STATE OF TENNESSEE NOTARY PUBLIC DAVIDSON COUNTY

EXHIBIT A
DESCRIPTION OF LAND

Lying and being in the Sixth (6th) Civil District of Moore County, Tennessee and being more particularly described as follows:

Beginning at a black locust fence post, a corner of J.B. Price lands, and running thence North ¾° East 3.25 chains to a stake; thence North 88° West 8.25 chains to a locust post; thence North 50° West 8.00 chains to a stake; thence North 79° West 7.00 chains to a stake; thence South 13° West 28.38 chains to a black locust; thence North 79° West 4.30 chains to an ash; thence South 10 ½° East 25.62 chains to a stake; thence South 79° West 3.00 chains to a beech on the South side of Louse Creek Road; thence South 21° East, with B. W. Tipps' line, 14.57 chains to a stake; thence North 68 ½ ° East 2.46 chains to a stake; thence North 75 1/3° East 15.52 chains to a stake; thence North 2° East 2.00 chains to a beech; thence South 85° East 2.50 chains to a stake; thence South 2 ½ ° West 6.64 chains to a small sassafras and beech pointers; thence South 86 ½ ° East 5.84 chains to a stake; thence North 65 ¾ ° East 4.52 chains to a stake; thence South 77° East 2.95 chains to a stake; thence South 65° East 3.54 chains to a large a large oak with a large know about 12 or 14 feet from the ground, also Smith's corner; thence with said Smith's line South 86° East 6.74 chains to a small dogwood stump, Spann's corner; thence North 8° East 5.00 chains to a stake; thence South 88° East 1.50 chains to a stake; thence North 3° East 8.37 chains to a stake, a corner of the Union Church Lot; thence North 88° West 6.00 chains to a stake; thence North 2° East 7.50 chains to a stake; thence South 88° East 6.25 chains to a stake; thence North 2° East 1.10 chains to a stake; thence South 88° East 11.50 chains to a stake; thence North 1° West 4.57 chains to F. M. Tucker's gate post; thence North 69 ½ ° West 6.74 chains to a stake; thence North 28 ¼ ° East 1.58 chains to a sourwood; thence North 50° East 4.91 chains to a stake; thence South 40° East 3.80 chains to a stake in road; thence North 20° West 4.60 chains to a stake; thence North 40° West 4.00 chains to a stake; thence North 21° West 3.00 chains to a stake; thence North 10° East 5.00 chains to a stake; thence North 2° West 3.00 chains to a double hickory stump with sprouts; thence North 4 ½ ° East 7.45 chains to a stake, 8 links West of oak and 23 links North of a chestnut; thence South 87 ½ ° West 30.16 chains to a stake; thence North 84 ¾ ° West 5.25 chains to the beginning, and containing 333.15 acres by surveys made by R. W. Sweeney, Surveyor, on September 25, 26 and 27, 1922; February 21, 1923, and November 13, 1963.

LESS AND EXCEPT the following property conveyed to Jimmy Dale Riddle by Deed from William E. McGee and Ophelia M. McGee, as Trustees of The McGee Family Trust, a revocable living trust, dated August 26, 2015, of record in Deed Book 75, page 595, Register's Office of Moore County, Tennessee, which is more particularly described as follows:

> BEGINNING at an iron pin set in the west margin of Spencer Ridge Road, a 20 feet wide public right-of-way, said pin lying North 26° 32' 30" West 416.56 feet from a nail set in the centerline intersection of Spencer Ridge Road with Louse

Creek Road; thence from said point of beginning, leaving Spencer Ridge Road, and along a dividing line and with remaining lands of McGee North 74° 17' 15" West 63.03 feet to an iron pin set in the center of an existing gravel driveway; North 74° 17' 15" West 46.41 feet to an iron spike set; South 74° 30' 44" West 126.04 feet to an iron pin set in an old wire fence; thence along the old wire fence and still with the dividing line and remaining lands of McGee North 12° 06' 15" West 86.56 feet to a stump at a bend in the old wire fence; thence leaving the wire fence and still with the dividing line and remaining lands of McGee North 12° 06' 15" West 22.19 feet to an iron pin set; North 41° 18' O5" seconds East 302.29 feet to an iron pin set; and South 72° 22' 45" East 32.27 feet to an iron pin set in the west margin of Spencer Ridge Road; thence along the west margin of Spencer Ridge Road South 16° 24' 13" West 58.56 feet to a point; South 13° 11' 04" West 54.06 feet to a point; South 04° 31' 13" West 47.00 feet to a point; South 07° 10' 18" East 59.03 feet to a point; South 21° 02' 17" East 83.02 feet to a point; and South 27° 50' 52" East 31.57 feet to the POINT OF BEGINNING, and containing 1.000 acres, according to a survey by Thomas M. Ore, TN RLS No. 1610, July 15, 2015, Job# 1507081.

Easement: Also to be conveyed is an easement for ingress/egress over an existing gravel driveway to the above-described 1.000 acre tract, said easement being more particularly described as follows:

BEGINNING at an iron pin set in the west margin of Spencer Ridge Road, a 20 feet wide public right-of-way, said pin lying North 26° 32' 30" West 416.56 feet from a nail set in the centerline intersection of Spencer Ridge Road with Louse Creek Road; thence from said point of beginning, leaving Spencer Ridge Road, and along the south line of the above-described 1.000 acre parcel North 74° 17' 15" West 63.03 feet to an iron pin set in the center of an existing gravel driveway, the True Point of Beginning for the easement described herein; thence along the centerline of an existing driveway, the herein conveyed easement lying five (5) feet on either side of the described centerline location, South 49° 43' 09" East 33.40 feet to a point in the centerline of the driveway; and South 63° 47' 02" East 59.67 feet to an iron spike set in the southwest margin of Spencer Ridge Road, said spike being the end of the herein described easement.

LESS AND EXCEPT the following property conveyed to Jeremy Hensley and wife, Leatha Hensley by Deed from William E. McGee and Ophelia M. McGee, as Trustees of The McGee Family Trust, a revocable living trust, dated February 28, 2012, of record in Deed Book 72, page 16, Register's Office of Moore County, Tennessee, which is more particularly described as follows:

Beginning at an iron pin set in the westerly margin of Spencer Ridge Road, a 20 feet wide public right-of-way, said iron pin lying at the southeast corner of Robinson (DB 43, P. 208, ROMCT) and also lying at the northeast corner of the parcel from which the tract herein described is carved; thence with the margin of Spencer Ridge Road South 33° 30' East 123.4 feet to an iron pin set; South 14° 54'

East 108.6 feet to an iron pin set; and South 12° 00' East 57.1 feet to an iron pin set; thence leaving the margin of Spencer Ridge Road along a dividing line and remaining lands of The McGee Family Trust (DB 63, P. 430, ROMCT) North 85° 56' West 180.4 feet to an iron pin set; and North 13° 03' West 267.2 feet to an iron pin set in an existing downed wire fence; thence following said fence and along the south line of Robinson South 85° 56' East 132.8 feet to the Point of Beginning, and containing 1.00 acre, according to a survey by Thomas Matthew Ore, TN RLS No. 2594, January 23, 2012, Job# 1201200.

Being the same property conveyed to Keith Weaver and wife, Fawn Weaver, by Warranty Deed from William E. McGee and Ophelia M. McGee as Trustees of the McGee Family Trust, dated November 3, 2016, of record in Deed Book 77, page 21, Register's Office of Moore County, Tennessee.

This instrument was prepared by
and, when recorded, should be mailed to:
McGuireWoods LLP
201 N. Tryon Street
Charlotte, NC 28202
Attn: Steven D. Ritchie, Esq.

MAXIMUM PRINCIPAL INDEBTEDNESS FOR TENNESSEE RECORDING TAX PURPOSES IS $0.00 - EXEMPT

# FIRST AMENDMENT TO DEED OF TRUST, ASSIGNMENT OF LEASES, SECURITY AGREEMENT AND FINANCING STATEMENT

THIS FIRST AMENDMENT TO DEED OF TRUST, ASSIGNMENT OF LEASES, SECURITY AGREEMENT AND FINANCING STATEMENT (this "Agreement"), made effective as of the 5th day of June, 2023, by and among FAWN WEAVER, an individual resident of Tennessee, and KEITH WEAVER, an individual resident of Tennessee, each as the trustor (individually or collectively as the context may indicate, "Trustor"), with a mailing address at 600 N. Main Street, Suite 2000, Shelbyville, TN 37160 and FARM CREDIT MID-AMERICA, PCA, in its capacity as administrative agent for the benefit of the Secured Parties (as defined in the Credit Agreement referenced below) ("Beneficiary"), with a mailing address at 12501 Lakefront Place, Louisville, Kentucky 40299, Attention of Capital Markets. All capitalized terms used herein without definition are as defined in the Credit Agreement.

RECITALS:

A. Uncle Nearest, Inc., a Delaware corporation (the "Company"), in which Trustor owns equity interests, certain affiliates of the Company from time to time party thereto, Beneficiary and the financial institutions from time to time party thereto are parties to that certain Credit Agreement dated as of July 22, 2022 (collectively, and as otherwise amended, restated, supplemented or modified prior to the date hereof, including but not limited to that certain Amendment No. 1 to Credit Agreement dated October 3, 2022, that certain Amendment No. 2 to Credit Agreement dated December 16, 2022, that certain Amendment No. 3 to Credit Agreement dated January 26, 2023 and that certain Amendment No. 4 to Credit Agreement dated March 30, 2023, being referred to as the "Existing Credit Agreement").

B. To secure the obligations under the Existing Credit Agreement, Trustor executed and delivered to John T. Bobo, as Trustee (the "Trustee") for the benefit of Beneficiary that certain Deed of Trust, Assignment of Leases, Security Agreement and Financing Statement dated as of July 22, 2022 and recorded in Book T174, Page 191, as Instrument 22000783, Register's Office for Moore County, Tennessee (as otherwise amended, restated, supplemented or modified prior to the date hereof, being referred to as the "Existing Deed of Trust").

C. Company, Beneficiary and the Lenders party thereto have entered into that certain Amendment No. 5 to Credit Agreement dated as of June 5, 2023 ("Amendment No. 5") (the

Existing Credit Agreement, as amended by Amendment No. 5 and as it may hereafter be amended, modified, extended, renewed, restated, supplemented and/or amended and restated, the "Credit Agreement") in order to make certain amendments to the Existing Credit Agreement, including without limitation an increase in the commitments thereunder.

D. In connection with Amendment No. 5, Trustor and Beneficiary have executed the Agreement to modify the Existing Deed of Trust as herein provided.

**NOW, THEREFORE,** in consideration of the premises, the sum of Ten and No/100 Dollars ($10.00) and of other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Trustor and Beneficiary hereby agree as follows:

1. **Modifications to Deed of Trust.** The Existing Deed of Trust shall be, and the same hereby is, modified and amended such that the reference to "$70,000,000" in Recital B to the Existing Deed of Trust is hereby deleted and replaced with "$150,000,000".

2. **Grant**. To confirm the lien of the Beneficiary in the Mortgaged Property (as defined in the Existing Deed of Trust, as amended by this Agreement) and to secure payment and performance of the Secured Obligations (as defined in the Existing Deed of Trust, as amended by this Agreement) and in consideration of Ten Dollars ($10.00) in hand paid, the receipt and sufficiency of which are hereby acknowledged, Trustor hereby grants, conveys, mortgages, bargains, sells, transfers and assigns to Trustee, in trust, for the benefit of Beneficiary, for the benefit of the Secured Parties, all of Trustor's right, title and interest in the Mortgaged Property, and does further grant a security interest to Beneficiary, for the benefit of the Secured Parties, in that portion of the Mortgaged Property that is fixtures or personal property.

TO HAVE AND TO HOLD the Mortgaged Property, properties, rights and privileges hereby conveyed or assigned, or intended so to be, unto Beneficiary, its successors and assigns, for the benefit of the Secured Parties, forever for the uses and purposes set forth in the Existing Deed of Trust, as amended hereby.

3. **References to Deed of Trust.** All references to the "Deed of Trust" herein or in the Existing Deed of Trust shall hereafter be to the Existing Deed of Trust as modified by this Agreement and as further amended, modified, restated, supplemented, extended or renewed from time to time.

4. **Miscellaneous**.

(a) The Trustor acknowledges that Trustor, as of the date of this Agreement, has no set off, counterclaim, or other defense to the rights of Beneficiary under the Deed of Trust, and Trustor hereby ratifies and affirms the Deed of Trust and its obligations thereunder. Trustor further acknowledges that, as of the date of this Agreement, there is no Default or Event of Default under the Deed of Trust that has not been cured.

(b) The Trustor and the Beneficiary acknowledge and agree that (i) Amendment No. 5 does not constitute a novation of the Existing Credit Agreement

or the indebtedness described therein; (ii) the issuance of new Notes, if any, pursuant to the Credit Agreement shall not be construed as a novation and shall not affect, diminish or abrogate Trustor's liability under the Deed of Trust or the priority of the Deed of Trust; and (iii) the amendments and modifications to the Existing Deed of Trust set forth in this Agreement do not constitute a novation.

(c) Except as specifically amended, extended or modified herein, all other covenants, terms and conditions of the Existing Deed of Trust shall remain in full force and effect, and the Trustor hereby acknowledges and confirms its obligations thereunder.

(d) This Agreement shall bind and inure to the benefit of the parties hereto, and their successors and assigns.

(e) The Trustor agrees that nothing herein contained shall impair the security now held or the said Secured Obligations, nor shall anything contained herein waive, annul, vary or affect any provision, condition, covenant or agreement contained in the Existing Deed of Trust except as amended hereby, or affect or impair any priority, security, rights, power or remedies under the Secured Obligations, the Existing Deed of Trust, or any of the Loan Documents. Trustor further agrees that the Beneficiary reserves all rights and remedies it may have as against all parties liable for repayment of the indebtedness set forth above evidenced by the Secured Obligations.

(f) This Agreement may be executed in separate counterparts by the parties hereto and all of which will constitute collectively one executed Agreement.

[SIGNATURES TO APPEAR ON FOLLOWING PAGE(S)]

IN WITNESS WHEREOF, Trustor and Beneficiary have duly executed and delivered this Agreement as of the date first written above.

**TRUSTOR**:

______________________________
Fawn Weaver

______________________________
Keith Weaver

[ACKNOWLEDGEMENT(S) ON FOLLOWING PAGE(S)]

Acknowledgement

STATE OF Tennessee )
) ss.
COUNTY OF Bedford )

Personally appeared before me, the undersigned, a Notary Public having authority within the State and County aforesaid, Faron Weaver, with whom I am personally acquainted, and who acknowledged that he/she executed the within instrument for the purposes therein contained.

Witness my hand, at office, on June 1, 2023.

Jonathan Boyce
Notary Public

[SEAL] Printed Name: Jonathan Boyce

My Commission Expires:

4/23/24

JONATHAN BOYCE STATE OF TENNESSEE NOTARY PUBLIC BEDFORD COUNTY

Acknowledgement

STATE OF Tennessee )
) ss.
COUNTY OF Bedford )

Personally appeared before me, the undersigned, a Notary Public having authority within the State and County aforesaid, Kieth Weaver, with whom I am personally acquainted, and who acknowledged that he/she executed the within instrument for the purposes therein contained.

Witness my hand, at office, on June 1, 2023.

Jonathan Boyce
Notary Public

[SEAL] Printed Name: Jonathan Boyce

My Commission Expires:

4/23/24

JONATHAN BOYCE STATE OF TENNESSEE NOTARY PUBLIC BEDFORD COUNTY

**BENEFICIARY**:

**FARM CREDIT MID-AMERICA, PCA,**
as Administrative Agent

By: Jonathan Boyce
Name: Jonathan Boyce
Title: Financial Officer

Acknowledgement

STATE OF Tennessee )
) ss.
COUNTY OF Bedford )

Personally appeared before me, the undersigned, a Notary Public having authority within the State and County aforesaid, Jonathan Boyce, with whom I am personally acquainted, and who acknowledged that he/she executed the within instrument for the purposes therein contained, and who further acknowledged that he is a Financial Officer of Farm Credit Mid-America, PCA, and is authorized by the association to execute this instrument.

Witness my hand, at office, on May 25, 2023.

Sharon E. Moore
Notary Public

[SEAL]

Printed Name: Sharon E. Moore

My Commission Expires:

4/18/2026

SHARON E. MOORE
STATE OF TENNESSEE NOTARY PUBLIC
BEDFORD COUNTY

BK/PG: T177/62-67

23000521

6 PGS:AL-AMENDED TRUST

PAM BATCH: 22087

**06/09/2023 - 08:50 AM**

| | |
|---|---|
| VALUE | 0.00 |
| MORTGAGE TAX | 0.00 |
| TRANSFER TAX | 0.00 |
| RECORDING FEE | 30.00 |
| DP FEE | 2.00 |
| REGISTER'S FEE | 0.00 |
| TOTAL AMOUNT | 32.00 |

STATE OF TENNESSEE, MOORE COUNTY
PAM WELLS
REGISTER OF DEEDS