IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **FARM CREDIT MID-AMERICA, PCA,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | )   Civil Action No. 4:25-CV-38 |
| | ) |
| **UNCLE NEAREST, INC., NEAREST** | ) |
| **GREEN DISTILLERY, INC., UNCLE** | ) |
| **NEAREST REAL ESTATE HOLDINGS, LLC,** | ) |
| **FAWN WEAVER and KEITH WEAVER,** | ) |
| | ) |
|     **Defendants.** | ) |

## DEFENDANTS' MOTION TO COMPEL MEDIATION

Defendants Uncle Nearest, Inc., Nearest Green Distillery, Inc., Uncle Nearest Real Estate Holdings, LLC, Fawn Weaver, and Keith Weaver ("Defendants" or "Uncle Nearest"), by and through counsel, move this Court for an Order compelling Uncle Nearest and Plaintiff Farm Credit Mid-America, PCA ("Plaintiff", and collectively with Defendants, the "Parties") to engage in confidential mediation at the earliest practicable date and before the Court formally appoints a receiver. Defendants further state as follows:

1. The Court has concluded that receivership is warranted and has entered an Order granting Plaintiff's Emergency Motion to Appoint a Receiver, though the Court has deferred the selection and implementation of the receiver pending additional briefing on the qualifications of the Parties' proposed candidates. [Doc. 32].

2. Uncle Nearest, together with a group of high net-worth and well-funded investors represented by Holland & Knight LLP (the "Investor Group"), have made multiple, good faith

1

attempts over the past month to pursue a commercial resolution of the claims in this case, including repeated requests to Plaintiff that the Parties and the Investor Group participate in mediation.

3. Plaintiff has expressed a willingness to mediate; however, Plaintiff has not definitively agreed to do so and continually introduces additional preconditions or requirements that have stalled progress toward setting and conducting the mediation. This has prevented the Parties and Investor Group from making meaningful headway toward a mediated resolution.

4. The Court has inherent powers pursuant to Local Rule 16.4 to refer "all or part of the underlying dispute to Mediation," "with or without the agreement of the parties." L.R. 16.4; *see also* 28 U.S.C. § 652 (requiring that district courts shall "require that litigants in all civil cases consider the use of an alternative dispute resolution process at an appropriate stage in the litigation.").

5. Defendants believe that this period, prior to the appointment of a receiver, is the appropriate stage in the litigation for the Parties to engage in mediation, to prevent protracted receivership proceedings, preserve judicial resources, and protect the interests of all Parties.

6. Mediation with the goal of resolution at this stage would also mitigate the risk of further brand degradation caused by this litigation and forthcoming receivership, which is of great concern to Defendants, as acknowledged by the Court, and serves to protect the interests of Plaintiff, whose collateral value is directly tied to the continued strength and reputation of Defendants' business.

7. As such, Defendants respectfully request the Court enter an order compelling the Parties to mediation within the next fourteen (14) days.

8. Defendants recommend John Tarpley to mediate this matter. Mr. Tarpley is a shareholder at the firm Lewis Thomason and is the Chair of the Tennessee Supreme Court's

Alternative Dispute Resolution Commission. Mr. Tarpley is on this Court's Approved List of Mediators pursuant to Local Rule 16.4(c). Mr. Tarpley is willing to mediate this case and is available to do so on August 25, 2025, or at a mutually agreeable time thereafter.

WHEREFORE, Defendants' respectfully request that the Court grant this Motion to Compel Mediation. A proposed order has been submitted for the Court's consideration and is included herewith at **Exhibit A**.

Date: August 15, 2025

Respectfully submitted,

**ADAMS AND REESE, LLP**

*/s/ Rocklan W. King III*
Rocklan W. King III (TN BPR #030643)
Stacia M. Daigle (BPR #038533)
1600 West End Avenue, Suite 1400
Nashville, Tennessee 37203
Telephone: (615) 259-1450
Fascimile: (615) 259-1470
rocky.king@arlaw.com
stacia.daigle@arlaw.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

       I hereby certify that on the 15th day of August, 2025, a true and correct copy of the foregoing has been served via the Court's CM/ECF system to the following:

Erika R. Barnes (TN Bar No. 028628)
STITES & HARBISON PLLC
401 Commerce St., Suite 800
Nashville, TN 37219
Telephone: (615) 782-2252
Email: ebarnes@stites.com

Demetra Liggins (not admitted in Tennessee)
Dairanetta S. Spain (TN Bar No. 039981)
MCGUIREWOODS LLP
Texas Tower
845 Texas Ave., Suite 2400
Houston, TX 77002
Telephone: (713) 353-6661
Email: dliggins@mcguirewoods.com
dspain@mcguirewoods.com

M. Alexandra Shipley (not admitted in Tennessee)
MCGUIREWOODS LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
Telephone: (312) 849-8253
Email: ashipley@mcguirewoods.com

Elizabeth K. Sieg (admitted *pro hac vice*)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Telephone: (804) 775-1137
Email: bsieg@mcguirewoods.com

*Attorneys for Farm Credit Mid-America, PCA*

                                                       */s/Rocklan W. King III*
                                                       Rocklan W. King III