IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| FARM CREDIT MID-AMERICA, PCA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNCLE NEAREST, INC., NEAREST GREEN DISTILLERY, INC., UNCLE NEAREST REAL ESTATE HOLDINGS, LLC, FAWN WEAVER and KEITH WEAVER, | ) ) ) ) ) | Case No. 4:25-cv-38<br><br>Judge Atchley<br><br>Magistrate Judge Steger |
| | ) | |
| Defendants. | ) | |

**OBJECTION OF FARM CREDIT MID-AMERICA, PCA TO DEFENDANTS' MOTION TO COMPEL MEDIATION**

Plaintiff, Farm Credit Mid-America, PCA (the "Lender"), objects to the Defendants' Motion to Compel Mediation [Doc. 33] (the "Mediation Motion")[1] filed by Uncle Nearest, Inc., Nearest Green Distillery, Inc., Uncle Nearest Real Estate Holdings, LLC, Fawn Weaver, and Keith Weaver (collectively, "Uncle Nearest").

**A. The parties should be focused on the selection of a receiver.**

1. This Court has spoken and found that the appointment of a receiver is "necessary to protect Farm Credit's interests at this time."[2] This decision is one that "[this] Court [did] not reach . . . lightly."[3] Instead of focusing on the selection of the receiver in concert with the Lender or briefing the qualifications of proposed receivers as this Court ordered, Uncle Nearest seeks to delay the appointment of a receiver by requesting this Court to compel mediation despite this

---

[1] Capitalized terms shall have meanings ascribed thereto in the Receiver Motion [Doc. 3], as applicable.
[2] Doc. 32 at 10.
[3] *Id*.

Court's comments at the hearing on the Lender's Emergency Motion for the Immediate Appointment of Receiver (the "Receivership Hearing"): "I'm not going to order you-all to mediate." Receivership Hearing Tr. at 96:10.

### B. Mediation is premature and unnecessary.

2. The parties do not need to be compelled to negotiate. Nor should this Court grant such a motion when it essentially seeks to compel a settlement.[4] Uncle Nearest seeks to compel mediation, the very next day after this Court determined that a receiver is necessary. In the Mediation Motion, Uncle Nearest fails to acknowledge that it has been negotiating with the Lender for the last year and a half without resolution.[5] These negotiations have varied in terms, structure and parties. Not until last week was counsel for the purported group of high net-worth and well-funded investors' (the "Investor Group") identified, and Uncle Nearest has still not disclosed to the Lender the members of this apparently newly formed "Investor Group." Likewise, the current terms, structure and proposed parties to a settlement offer are unclear. Because it has been the subject of multiple distracting and ultimately unsupported communications from various sources purporting to seek a resolution of its disputes with Uncle Nearest, the Lender has requested that all future offers be in writing and signed by all involved parties. Such communication has failed to materialize. Without a written offer and response, a mediator would not even have a full understanding of the parties' position further demonstrating that mediation is premature and will likely be unsuccessful.

---

[4] *See S.P., next friend of M.P. v. Knox Cnty. Bd. of Educ.*, No. 3:17-CV-100-PLR-DCP, 2019 WL 13123384, at *1 (E.D. Tenn. Sept. 11, 2019) (recognizing that a court cannot compel a party to settle a case).

[5] *Washington v. Riverview Hotel, Inc.*, No. 21-5510, 2022 WL 1572286, at *5 (6th Cir. Mar. 10, 2022) (affirming the district court's denial of a motion to compel settlement conference where a litigant "d[id] not dispute the district court's finding that holding a settlement conference would have been fruitless in view of the [opposing party's] opposition and the parties' previous unsuccessful attempts to resolve the case").

C. **Information regarding the Investor Group is Unknown.**

3. Uncle Nearest has admitted that its solvency is questionable,[6] and the record in this matter clearly demonstrates that Uncle Nearest itself does not have the financial wherewithal to fund any sort of settlement. The fact that someone, or even the as-yet unidentified Investor Group, has the resources or willingness to consummate a transaction satisfactory to the Lender is uncertain. To the extent the Investor Group (or others) wish to negotiate a paydown of the outstanding indebtedness or otherwise satisfy the Lender's debt, the Lender agrees with this Court that a mediator is unnecessary.

D. **The Mediation discussions will likely not be kept confidential.**

4. This Court entered an order prohibiting the parties from publicly discussing this litigation. Despite this Court's order, Uncle Nearest through its chief executive officer, continues to make comments about the litigation and the Company's strategy and is encouraging others to do the same.[7] In fact, Uncle Nearest's CEO has publicly invited others to reach out to her privately so she can further discuss this litigation.[8] All of this behavior indicates that any negotiations at a mediation would likewise be publicly discussed.

E. **Mediation is an unnecessary expense.**

5. Mediation will only add delay and costs to an already drawn-out, expensive (for all parties) process, with little certainty of any resolution. The parties have had ample opportunity to explore a non-judicial resolution for repayment of the Loans and it has been unsuccessful.[9] Even

---

[6] *See* Receivership Hearing Tr. at 93:22-23 and 94:2 ("There is a solvency question as we sit here today . . . [w]e're in a cash flow issue[.]")

[7] Fawn Weaver (@Fawn.Weaver), Instagram (Aug. 15, 2025), https://www.instagram.com/reel/DNYqTLNJW8S/?igsh=MTBhZ3FkazRyZWRyaw==; *see also* Video posted by Fawn Weaver (@Fawn.Weaver), Instagram (Aug. 17, 2025), https://www.instagram.com/reel/DNb1WkIs-Q0/?igsh=MTJlMjNla2t1Z3ZneA%3D%3D

[8] *Id*.

[9] *Kilgore v. Hunter*, No. 1:16-CV-340, 2018 WL 11586633, at *15 (E.D. Tenn. June 28, 2018) (denying a motion to compel mediation where the parties "had ample opportunity" for over three years "to explore a non-judicial resolution

3

with the appointment of a receiver, the parties are free to continue their settlement discussions and negotiations.

6. Based on the conduct of the Defendants to date, the Lender has no confidence that a court-ordered mediation will be a productive use of time and money, particularly given the costs associated with the personal attendance of representatives not located in Tennessee.

7. For all the reasons set forth in this Court's Memorandum Opinion and Order, the appointment of the receiver is necessary.

8. Finally, solely to the extent this Objection is overruled, the Lender recommends the following mediators for this Court's consideration:[10]

| John J. Griffin, Jr.<br>222 2nd Ave N. Ste 340M<br>Nashville, TN 37201<br>615-742-4800 | Michael Russell<br>120 Brentwood Commons Way<br>Suite 515, Building 4<br>Brentwood, TN 37027<br>615-612-0448 | Gadson William Perry<br>6075 Poplar Avenue, Suite 500<br>Memphis, TN 38119<br>901-680-7299 |

Biographies for each mediator are attached as **Exhibit A**.

9. Furthermore, to the extent this Court compels mediation, the Lender requests authority for its representatives to appear remotely and a requirement that Uncle Nearest provide the Lender with a duly-authorized written offer signed by all parties making such offer at least three (3) business days before the scheduled mediation.

## PRAYER

WHEREFORE, for the reasons set forth above, Plaintiff Farm Credit Mid-America, PCA respectfully requests that this Court (i) sustain this Objection, (ii) deny the Mediation Motion and (iii) grant such other and further relief as this Court deems just and proper.

---

to their dispute").

[10] The Lender notes the proposed mediators would need to be contacted to clear conflicts and check availability.

Respectfully submitted,

/s/ *Erika R. Barnes*
Erika R. Barnes (TN Bar No. 028628)
STITES & HARBISON PLLC
401 Commerce St., Suite 800
Nashville, TN 37219
Telephone: (615) 782-2252
Email: ebarnes@stites.com

- and-

Demetra Liggins (admitted *pro hac vice*)
Dairanetta S. Spain (TN Bar No. 039981)
MCGUIREWOODS LLP
Texas Tower
845 Texas Ave., Suite 2400
Houston, TX 77002
Telephone: (713) 353-6661
Email: dliggins@mcguirewoods.com
 dspain@mcguirewoods.com

M. Alexandra Shipley (admitted *pro hac vice*)
MCGUIREWOODS LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
Telephone: (312) 849-8253
Email: ashipley@mcguirewoods.com

K. Elizabeth Sieg (*pro hac vice pending)*
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
Email: bsieg@mcguirewoods.com

*Attorneys for Farm Credit Mid-America, PCA*

Dated: August 18, 2025

## CERTIFICATE OF SERVICE

   I hereby certify that on August 18, 2025, a true and exact copy of the foregoing was electronically filed with the Clerk's office using the CM/ECF system and served via the Court's CM/ECF system.

Rocklan W. King III
Stacia M. Daigle
Adams and Reese, LLP
1600 West End Avenue, Suite 1400
Nashville, TN 37203
Rocky.king@arlaw.com
Stacia.daigle@arlaw.com

Brian Patterson
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Brian.patterson@lw.com

                /s/ *Erika R. Barnes*