IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| FARM CREDIT MID-AMERICA, PCA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:25-CV-38 |
| | ) | |
| UNCLE NEAREST, INC., NEAREST | ) | |
| GREEN DISTILLERY, INC., UNCLE | ) | |
| NEAREST REAL ESTATE HOLDINGS, LLC, | ) | |
| FAWN WEAVER and KEITH WEAVER, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' BRIEF IN SUPPORT OF THE APPOINTMENT OF PHILLIP G. YOUNG, JR. AS RECEIVER

Defendants Uncle Nearest, Inc., Nearest Green Distillery, Inc., Uncle Nearest Real Estate Holdings, LLC, Fawn Weaver, and Keith Weaver ("Defendants" or "Uncle Nearest"), by and through counsel, file this Brief in Support of the Appointment of Phillip G. Young, Jr. as Receiver, pursuant to the Court's August 14, 2025, Memorandum Opinion and Order, finding that a receiver should be appointed and requiring the parties to submit briefs addressing the qualifications of their proposed receiver candidates. [Doc. 32].

Defendants propose Phillip G. Young, Jr.—a uniquely qualified 25-year member of the Tennessee bar and Columbia, Tennessee resident with significant receivership and restructuring experience—to be appointed receiver. Young's demonstrated success administering complex businesses under judicial supervision in a variety of industries, as well as proximity to and familiarity with the local community, Defendants' facilities, and distilled-spirits regulation, make him the optimal candidate for this appointment. Importantly, Young is also local to Tennessee,

1

which is a critical component to this receivership, both in terms of oversight and ensuring alignment with the objectives of all parties. Young's CV, further highlighting his qualifications, is included herewith at **Exhibit A**.

I. **Young's professional background reflects the experience necessary for a receiver in this matter.**

Phillip G. Young, Jr. is a member of the Tennessee Bar (2000) and is admitted in all three Tennessee federal districts, the Sixth Circuit, and the United States Supreme Court. Young has more than two-decades' experience in receivership, bankruptcy, and creditors' rights cases with approximately 50% of Young's practice comprised of state/federal receivership appointments and bankruptcy trustee work, having been appointed by various state and federal judges in Tennessee including: Judge William Haynes (Middle District of Tennessee), Judge David Allen (Tennessee 22nd Judicial District by designation in Williamson County Circuit Court), Judge Michael Spitzer (Tennessee 32nd Judicial District), Judge Ellen Lyle (Tennessee 20th Judicial District), and Judge Mike Binkley (Tennessee 21st Judicial District). These matters required Young to marshal assets, negotiate with regulators and stakeholders, manage ongoing business operations, and provide timely and comprehensive updates to the Court—all skills directly transferable to receivership in this matter.

Young also has significant representative experience of both creditors (including financial institutions, corporations and governmental entities) and large corporate debtors. Young has advised and guided his creditor clients in complex workouts, bankruptcies, receiverships, litigation and judgment enforcement. On the debtor side, Young has represented large corporations in receiverships, commercial debt restructuring, Chapter 7 and Chapter 11 bankruptcies, including

2

some of the largest Chapter 11 cases ever filed in Middle Tennessee (Service Merchandise, Murray, Inc., and Regal Cinemas).

Young's experience not only as a court-appointed receiver and trustee, but also representative counsel for both debtors and creditors, uniquely enables him to understand the concerns, challenges, and objectives of each party and craft solutions that serve the interests of all parties to this action by protecting Uncle Nearest's brand value and safeguarding Lender's collateral.

## II. Young's local presence and industry-specific resources will maximize value and minimize cost.

Young lives in Columbia, Tennessee—within an hour's drive of Defendants' headquarters in Shelbyville, Tennessee and minutes from Defendants' distillery processing partner, Tennessee Distilling Group, in Columbia, Tennessee. A local receiver eliminates travel expenses, allows for spontaneous site visits, and affords ready access to local suppliers, vendors, management, employees, and regulators. Young's deep roots in the region further ensure that he maintains a strong pulse on the local business climate, community relationships, and vendor networks, allowing him to anticipate and address issues unique to Defendants' business with greater insight and responsiveness than an out-of-town receiver.

Further, Young has assembled a highly effective and efficient team of four to five attorneys at Thompson Burton, PLLC, supplemented by consultants with specialized expertise in whiskey production, barreled-inventory valuation, and three-tier distribution. This pointed and pragmatic approach to staffing this receivership ensures hands-on attention without the overhead of a national consultancy, further preserving capital for creditors and stakeholders.

3

### III. Young's proposed strategy for this receivership.

Upon appointment and subject to the Court's forthcoming order defining the scope of this receivership and receiver's duties, Young plans to implement a strategy that prioritizes the preservation and enhancement of asset value, ensuring that all actions taken under the receivership are calculated to protect and foster growth of Uncle Nearest for the benefit of creditors and stakeholders, including, but not limited to the following:

- **Value Preservation.** Young understands that flooding the market with thousands of barrels in a softening bourbon economy through a "Fire Sale" process would guarantee steep discounts and jeopardize brand equity. Instead, Young, with the insights of engaged consultants and current management, intends to focus his efforts on strategic reduction of operating expenses, tracing the use of the loan proceeds, and timing any inventory sales to match market demand, thereby protecting the lender's collateral and enhancing overall enterprise value. Defendants have already taken steps to address many of Lender's concerns including adding an independent director to the board, undergoing an audit, identifying a long-term CFO with 20+ years of spirits sector experience, implementing additional financial controls and an enterprise resource planning system, achieving a gross margin increase from 54.9% to 68% and an improvement in adjusted EBITDA from 17.7% to 39% between Q1 2024 and Q1 2025. The Company also increased net operating income (NOI) from -$1,725,279 to $1,657,153 over the same period — a positive swing of more than $3.38 million, representing a turnaround of nearly 200%. While the Company accepts full responsibility for the former CFO's actions, it is important to note that he has not been with the Company since October 2024 and was replaced by (i) a Senior Vice President of Finance and Planning, who joined in June 2023 with more than 20 years of finance

4

experience and has been a licensed CPA and CMA for over 14 years — the latter certification completed alongside her MBA — and (ii) an interim CFO, who came on board in March 2025 with more than 12 years of experience in this capacity and who began his career as a principal at Booz Allen Hamilton 29 years ago. These swift changes in control, coupled with decisive cost-cutting measures, were implemented immediately upon discovery of the discrepancies. Young will be well positioned to continue and further develop these efforts to ensure appropriate controls and oversight are in place to preserve collateral, while also enhancing value for all parties.

- **Early Mediation.** Similarly, Young recognizes that litigation and receivership expenses will erode Defendants' capital, and, as the Court has recognized, contribute to the reputational harm of the Uncle Nearest brand. To that end, Young intends to convene mediation among himself, the lender, the owners, and investors to explore a commercial resolution.

- **Collaboration With Existing Management.** Founder-operators Fawn and Keith Weaver remain the public face of the brand. Young intends to retain their expertise and relationships, using a cooperative approach that keeps consumer goodwill intact while fulfilling the objectives of this receivership.

- **Regulatory Compliance.** The Federal Alcohol and Tobacco Tax and Trade Bureau ("TTB") has advised that upon appointment of a receiver, Defendants' federal permits will lapse unless a Change-of-Control amendment is filed within thirty days of the appointment. This will require the appointed receiver to submit to TTB's disclosure requirements and regulations, otherwise, Defendants' TTB permits will expire and all product will have to

5

be quickly sold or destroyed. TTB officials have advised that receivers often refuse or fail to comply with submitting to TTB's disclosure requirements, causing the licenses to lapse to the detriment of the company. Nevertheless, Young has affirmatively committed to prepare, execute, and file all TTB documentation promptly upon appointment and to maintain ongoing compliance reporting with TTB to ensure there is no lapse in licensure or risk to the collateral.

**IV.     Defendants' concerns about Riveron's suitability as receiver.**

While Defendants originally expressed support for Riveron as receiver, Defendants' interactions with Riveron to date have led Defendants to question whether Riveron would act in a manner that best preserves the value of the business and protects the interests of the parties. Specifically, Defendants have become concerned that Riveron: (i) has not pressed for mediation or another structured process to steer Lender and Defendants toward selling the debt or otherwise reaching settlement; (ii) has considered liquidation of the bulk inventory without fully accounting for the softness of the bourbon market and the resulting drastic diminution in collateral value to creditors, particularly Lender; (iii) lacks a local presence to operate the Defendants' business; and (iv) appeared to prioritize cross-selling its own services at a time when the Defendants were focused on working collaboratively with Lender. This is offered not as a criticism, but as context for why the Defendants initially supported Riveron and why their view has since changed.

On the other hand, Young's anticipated receivership strategy is designed to avoid the pitfalls that have concerned Defendants with Riveron's approach and is more likely to yield a greater recovery for the Lender. Young does not have any financial interest in the parties, the brand, or the outcome of this litigation, and he has been repeatedly entrusted by debtors, creditors, and state and federal courts to marshal assets of sensitive, multi-million-dollar enterprises, similar

to Uncle Nearest. Young's combination of local presence, restructuring acumen, and proven receivership success makes him the most suitable candidate for receivership in this matter. Defendants respectfully request that the Court appoint Phillip G. Young, Jr. as receiver and that his appointment be narrowly tailored to assuage Lender's concerns while allowing Uncle Nearest the greatest opportunity to succeed and continue to operate.

Date: August 20, 2025

Respectfully submitted,

**ADAMS AND REESE, LLP**

*/s/ Rocklan W. King III*
Rocklan W. King III (TN BPR #030643)
Stacia M. Daigle (BPR #038533)
1600 West End Avenue, Suite 1400
Nashville, Tennessee 37203
Telephone: (615) 259-1450
Fascimile: (615) 259-1470
rocky.king@arlaw.com
stacia.daigle@arlaw.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 20th day of August, 2025, a true and correct copy of the foregoing has been served via the Court's CM/ECF system to the following:

Erika R. Barnes (TN Bar No. 028628)
STITES & HARBISON PLLC
401 Commerce St., Suite 800
Nashville, TN 37219
Telephone: (615) 782-2252
Email: ebarnes@stites.com

Demetra Liggins (admitted *pro hac vice*)
Dairanetta S. Spain (TN Bar No. 039981)
MCGUIREWOODS LLP
Texas Tower
845 Texas Ave., Suite 2400
Houston, TX 77002
Telephone: (713) 353-6661
Email: dliggins@mcguirewoods.com
dspain@mcguirewoods.com

M. Alexandra Shipley (admitted *pro hac vice*)
MCGUIREWOODS LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
Telephone: (312) 849-8253
Email: ashipley@mcguirewoods.com

Elizabeth K. Sieg (admitted *pro hac vice*)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Telephone: (804) 775-1137
Email: bsieg@mcguirewoods.com

*Attorneys for Farm Credit Mid-America, PCA*

                                                */s/Rocklan W. King III*
                                                Rocklan W. King III