UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| FARM CREDIT MID-AMERICA, PCA, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 4:25-cv-38 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| UNCLE NEAREST, INC., *et al.*, | ) | Magistrate Judge Steger |
| | ) | |
| *Defendants*. | ) | |

## ORDER

Before the Court is Defendants' Motion to Compel Mediation [Doc. 33] requesting the Court order the parties to mediate prior to appointing a receiver. For the following reasons, the Motion [Doc. 33] is **DENIED**.

On August 7, 2025, the Court held a hearing on Plaintiff's Emergency Motion for the Immediate Appointment of Receiver. [Doc. 26]. At this hearing, Defendants' counsel orally requested that the Court order the parties to mediate. [Doc. 30 at 91]. The Court declined to entertain this request. [*See id.* at 96]. A little more than a week later, and specifically after the Court issued its Memorandum Opinion and Order granting Plaintiff's Emergency Motion, Defendants filed the instant Motion to Compel Mediation. [*See* Docs. 32–33].

Defendants represent that "Uncle Nearest, together with a group of high net-worth and well-funded investors represented by Holland & Knight LLP (the 'Investor Group'), have made multiple, good faith attempts over the past month to pursue a commercial resolution of the claims in this case, including repeated requests to Plaintiff that the Parties and the Investor Group participate in mediation." [Doc. 33 at ¶ 2]. They further represent that while Plaintiff has previously expressed some interest in mediation, the parties have been unable to agree to mediate

this case. [*Id.* at ¶ 3]. Finally, Defendants assert that ordering the parties to mediate at this time—and particularly before the appointment of a receiver—would protect the parties' interests and conserve judicial resources. [*Id.* at ¶¶ 5–6].

Plaintiff opposes Defendants' Motion, arguing that mediation would be premature, impose unnecessary expense, and distract from selection of a receiver. [Doc. 34 at ¶¶ 1–2, 5–6]. Plaintiff further notes that it knows little about the Investor Group, including whether it "has the resources or willingness to consummate a transaction" to Plaintiff's satisfaction. [*Id.* at ¶ 3]. Finally, Plaintiff is concerned that mediation discussions would not be kept confidential given that Defendant Fawn Weaver has publicly discussed and alluded to this case and the issues herein despite the parties' Agreed Order.[1] [*Id.* at ¶ 4].

The Court finds Plaintiff has the better argument. In particular, the Court agrees with Plaintiff that the parties should be focused on the impending selection of a receiver rather than mediation. As the Court discussed when granting Plaintiff's Emergency Motion, a receivership is necessary to protect Plaintiff's interests given the circumstances underlying this case. [*See generally* Doc. 32]. Every day a receiver is not appointed is another day Plaintiff is being denied relief it has already demonstrated an entitlement to. Furthermore, Plaintiff's opposition to Defendants' Motion seriously calls the utility of a court-ordered mediation into question. "[T]he court cannot require any party to settle a case," *Lockhart v. Patel*, 115 F.R.D. 44, 47 (E.D. Ky. 1987) (citing *Kothe v. Smith*, 771 F.2d 667 (2d Cir. 1985)), and it does not appear that Plaintiff is open to settling its dispute with Defendants, at least at this time. [*See* Doc. 34]. Consequently, a

---

[1] The Court finds it troubling Mrs. Weaver has publicly discussed matters arguably covered by the Agreed Order, [*see* Doc. 29 at ¶ 2], and even gone so far as to make light of her obligations under it. *See* Fawn Weaver (@Fawn.Weaver), Instagram (Aug. 15, 2025), https://www.instagram.com/fawn.weaver/reel/DNYqTLNJW8S/; Fawn Weaver (@Fawn.Weaver), Instagram (Aug. 17, 2025), https://www.instagram.com/fawn.weaver/reel/DNb1WkIs-Q0/. Nevertheless, the Court presumes Mrs. Weaver did not intend to engage in any potentially proscribed conduct and will take no further action at this time. That said, the Court will recommend that Mrs. Weaver confer with counsel prior to making future public statements to ensure that her conduct does not run afoul of the Agreed Order.

court-ordered mediation would likely have little more effect than delaying the appointment of a receiver.

For the foregoing reasons, Defendants' Motion [Doc. 33] is **DENIED**.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**