UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| FARM CREDIT MID-AMERICA, PCA, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 4:25-cv-38 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| UNCLE NEAREST, INC., *et al.*, | ) | Magistrate Judge Steger |
| | ) | |
| *Defendants*. | ) | |

## ORDER APPOINTING RECEIVER[1]

Having determined appointing a receiver is necessary in this case, as more fully described in the Court's August 14, 2025, Memorandum Opinion and Order [Doc. 32] which is incorporated by reference, and having evaluated the parties' proposed receiver candidates, [Docs. 36–37], the Court hereby **ORDERS**, **ADJUDGES**, and **DECREES** the following:

1. **Appointment of Receiver:** Phillip G. Young, Jr. of Thompson Burton, PLLC is hereby appointed as receiver (the "Receiver") of Uncle Nearest[2] (including the Subject Entities, as defined below) and the Receivership Assets (as defined below). The Receiver does not have any interest materially adverse to the receivership estate and the appointment of the Receiver is in the best interests of the receivership estate and its stakeholders.[3]

---

[1] All capitalized terms not defined in this Order have the meanings ascribed to them in Farm Credit's Emergency Motion for the Immediate Appointment of Receiver [Doc. 3].

[2] For purposes of this Order, the term "Uncle Nearest" refers collectively to Defendants Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC.

[3] Each of the parties' proposed candidates was well-qualified to serve as receiver in this case. The Court chose Mr. Young based on: (i) his extensive restructuring and bankruptcy experience, including regularly serving as a receiver and representing both debtors and creditors; (ii) his familiarity with relevant Tennessee and Sixth Circuit law as a practicing Tennessee attorney; (iii) his physical proximity to Uncle Nearest's operations which will enable greater oversight with minimal additional costs; and (iv) Defendants' representations as to Mr. Young's intent to collaborate with Fawn and Keith Weaver to preserve customer goodwill while fulfilling the receivership's objectives.

2. **The Receivership Assets:** The "Assets" include (i) all of Uncle Nearest's assets, including proceeds, wherever located, including but not limited to, all of Uncle Nearest's: (a) right, title and interest in any property, real and personal, tangible and intangible, of whatever kind and description, wherever situated, including, without limitation, the Nearest Green Distillery Real Property, property leased or occupied by Uncle Nearest, all rents, litigation claims, accounts receivable, computers, all media on which information is stored electronically, vehicles, equipment, inventory, furniture, furnishings, licenses, permits, books, records, documents and intellectual property; (b) rights (including rights to payment and distributions), title, and interest, whether now owned or hereafter acquired in, under and to any entity (including, but not limited to, Domaine D'Anatole, Inc., Domaine D'Anatole, S.A.S, UNAH, Inc., S1 Organic Vodka, LLC, UN House MV, LLC, Uncle Nearest Ventures, LLC, and the Nearest Green Historical Preservation & Culture Fund, including any rights of control, ownership, distribution, and participation (collectively, the "Subject Entities")); (c) cash and any bank and brokerage accounts; (d) any other property in which the Lender is granted a security interest pursuant to the Security Agreement and/or UCC-1 financing statements recorded against Uncle Nearest in favor of the Lender; and (e) claims and causes of action of any type, whether in equity or in kind, in contract or pursuant to a promissory note or any other enforceable agreement, in litigation, via settlement, or pursuant to any form of insurance policy or coverage (collectively, "Causes of Action"); and (ii) the Eady Road Property, in each case, including proceeds therefrom.

3. All the Assets are hereby deemed assets of the receivership (collectively, the "Receivership Assets"). For the avoidance of doubt, the Receivership Assets include all Collateral as described in the Loan Documents.

4. **Order Governs the Receivership Assets:** It is the intent of the Court that this Order applies to all Receivership Assets and that this Order encompasses the receiver powers specified in Tenn. Code Ann. § 29-40-112(b), including but not limited to the power to sell receivership property.

5. Further, it is the intent of this Court, that the Receiver is vested with all powers and authority of a receiver at equity; all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959, and 1692; and FED. R. CIV. P. 66, and all powers to sell the Receivership Assets pursuant to 28 U.S.C. §§ 2001, 2002, and 2004.

6. **Bond:** Receiver shall serve without bond and shall be entitled to rely in good faith on the protections afforded under this Order. The Receiver will perform the duties of his office in accordance with this Order and duly account for all monies and properties which may come into his hands in connection with the receivership. The Receiver shall take such other actions as the Receiver deems reasonable and appropriate to the exercise of his authority under this Order and that the Receiver reasonably determines Uncle Nearest is obligated to do with respect to the Receivership Assets within the purview of this Order, but the Receiver shall not be required to take any action beyond those expressly mandated or reasonably implied by the terms of this Order.

7. **Cooperation by Defendants:** Uncle Nearest, the Subject Entities, and each of their officers, directors, partners, managers, agents, servants, employees, representatives, attorneys, and all persons in active concert or participation with them who receive notice of this Order by personal service or otherwise, shall immediately deliver to the Receiver: (a) any and all Receivership Assets in the possession or under the control of any one or more of them; (b) all of Uncle Nearest's past records, including, without limitation,

accounting records, tax records, disbursements, banking records, and any other books and records for the period from July 22, 2022, through the date of this Order; (c) all of Uncle Nearest's past records, including, without limitation, accounting records, disbursements, banking records, and any other books and records requested by the Receiver for periods beyond the period prescribed in (b) above; (d) copies of all material contracts to which Uncle Nearest is a party and all operating agreements and/or organizational documents, including corporate bylaws or similar governing documents, for Uncle Nearest and any Subject Entity; and (e) copies of any complaint filed against, or written demand or claim issued to, Uncle Nearest or any Subject Entity.

8. **Receiver's Powers and Duties:** Subject to the limitations of Tenn. Code Ann. § 29-40-112(b) and 28 U.S.C. §§ 2001, 2002, and 2004, the Receiver may cause to be foreclosed by judicial or nonjudicial means any or all its interests in the Receivership Assets with such advance notice to Uncle Nearest or any other interested party as is required by applicable law without further order of this Court.

9. **Receiver's Vested Power of Subject Entities:** The Receiver shall be exclusively vested with: (a) all the powers of officers, directors, members, and/or managers (as applicable) of Uncle Nearest and the Subject Entities to take (or refrain from taking) any and all actions on behalf of Uncle Nearest and the Subject Entities and (b) each of Uncle Nearest's and the Subject Entities' rights and powers to act on behalf of any other entity (including as an officer, director, manager, or equity holder), including, without limitation, each Subject Entity, to direct such other entity to take (or refrain from taking) any action in furtherance of the terms under this Order, in each case, until further Order of the Court.

10. Until further order of this Court, the Receiver is hereby authorized forthwith to take any actions he deems reasonably necessary to the proper and lawful discharge of his responsibilities under this Order and the conduct of Uncle Nearest, including the following:

   a. **<u>Authorization to take Exclusive Control</u>:** Take any actions necessary to take complete and exclusive control, possession and/or custody, to the extent applicable or to the extent the Receiver deems necessary, of the Receivership Assets, and of any proceeds thereof, to the extent necessary, provided however, in doing so: (i) the Receiver shall not, by the exercise of his authority under this Order, be deemed to possess or control, nor hold title to, the subsurface of any Receivership Assets that are real property, nor any hazardous waste or hazardous substance located at or in the real property, as those terms are defined under any federal, state or local environmental laws; (ii) the Receiver constitutes a fiduciary of the Court for any exceptions to liability under applicable environmental laws; and (iii) the Receiver shall not be deemed to have taken legal or equitable title to the Receivership Assets;

   b. **<u>Management of Uncle Nearest Operations</u>:** The Receiver is authorized, empowered, and directed to direct and cause Uncle Nearest and the Subject Entities, and each of their officers, directors, partners, managers, agents, servants, employees, representatives, attorneys, and all persons in active concert or participation with them who receive notice of this Order by personal service or otherwise, to continue to manage all of the ordinary course operations of Uncle Nearest and the Subject Entities. For the avoidance of any doubt, this means Fawn and Keith Weaver may continue to market Uncle Nearest products and manage the Uncle Nearest brand, subject to the Receiver's supervision;

c. **Possession of the Receivership Assets:** The Receiver shall take possession of, preserve, insure, protect, and manage the Receivership Assets, in whole or in part, whether in the ordinary course or otherwise, in each case as determined by the Receiver, or otherwise by contract with respect to all or a portion thereof, including, but not limited to: (a) employing advisors, professionals, employees, brokers, auctioneers, appraisers, agents, clerks, outside accountants, attorneys, and other suppliers of goods and services, and anyone acting on behalf of any of them (together, the "Receiver Representatives"), on reasonable terms acceptable to the Receiver, and paying for them at the Receiver Representative's ordinary and usual rates from the Receivership Assets or, to the extent the Receivership Assets are insufficient to satisfy any such fees or expenses, as set forth in paragraph 21; and (b) maintaining, insuring, assembling, and protecting the Receivership Assets;

d. **Retention of Possession:** Subject to the limitations expressly provided in this Order, the Receiver shall retain sole and exclusive possession of each of the Receivership Assets, including the Nearest Green Distillery Property and the Eady Road Property, until the earlier of (i) further order of this Court, (ii) the disposition of the applicable Receivership Asset by the Receiver, or (iii) disposition of the applicable Receivership Asset by sale or by judicial or nonjudicial foreclosure by the Receiver, with the express understanding that any such judicial or nonjudicial foreclosure may proceed without further order of the Court;

e. **Keys:** The Receiver shall have exclusive (except as such access may be designated by the Receiver) access to all keys, lock combinations, passwords, access cards and other means to access locked areas or devices relating to the Receivership Assets,

including all lockboxes and locked drawers and cabinets. The Receiver is authorized to make copies of such keys, passwords, access cards, and other means to access locked areas or devices relating to the Receivership Assets for his use in the administration of the Receivership Assets and the receivership estate;

f. **Bank Accounts:** The Receiver shall maintain access to and exclusive control of each of Uncle Nearest's and each Subject Entity's bank and brokerage accounts to: (i) take possession of and receive any money on deposit from any banks with which Uncle Nearest or any Subject Entity maintains accounts, and upon the receipt by the Receiver of said funds, to discharge any bank from further responsibility for accounting to Uncle Nearest or any Subject Entity for funds which the Receiver has taken; and (ii) issue demands for the freezing and turnover of funds to any financial institution or title company (or escrow agent), in each case, where determined by Receiver to be necessary or appropriate to comply with the terms of this Order;

g. **Litigation:** The Receiver is authorized to prosecute, settle, compromise, collect, and otherwise enforce any claims or Causes of Action by Uncle Nearest or any Subject Entity against any other party without need for further approval or consent of any person; defend, compromise, settle or adjust or otherwise dispose of any actions or proceedings in state or federal courts or other tribunals, including agency or mediation proceedings, now pending or hereafter instituted that concerns Uncle Nearest, the Subject Entities or any other Receivership Asset, as the Receiver may in his sole discretion deem advisable or proper for the protection of the Receivership Assets and in furtherance of this Order; and to investigate, institute, prosecute, compromise and adjust actions in state or federal courts or other

7
Case 4:25-cv-00038-CEA-CHS   Document 39   Filed 08/22/25   Page 7 of 18   PageID #: 2502

tribunals, including agency or mediation proceedings, as the Receiver may in his sole discretion deem advisable or proper to recover Receivership Assets or proceeds thereof improperly or unlawfully held by any person, including but not limited to Uncle Nearest and/or the Subject Entities;

h. **Place of Payment and Method of Collection:** The Receiver may alter the place of payment and the method of collection of any receivables or other amounts due directly or indirectly to Uncle Nearest or any Subject Entity or, with respect to any amounts due in connection with the Eady Road Property, to Keith Weaver, where the Receiver deems such change is reasonably required to ensure proper application of such payments and collections;

i. **Communications:** The Receiver is authorized to communicate with any person or entity and obtain any information and documents the Receiver deems necessary or useful in furtherance of this Order;

j. **Documents:** The Receiver is authorized to exercise, subject to the limits of this Order, the full authority, with power of attorney on behalf of and in the name of Uncle Nearest (in each case, including with respect to the Subject Entities) and, with respect to the Eady Road Property, Mr. Weaver, to: (i) execute and deliver any and all of the documents, including, but not limited to, contracts, brokers' or advisors' retention agreements, purchase and sale agreements, deeds of conveyance, closing statements, settlement statements, affidavits requested by title companies, and any other documents necessary or helpful to the performance of the Receiver's duties as more fully set forth herein; (ii) sign on behalf of Uncle Nearest or, with respect to the Eady Road Property, Mr. Weaver, any such documents; (iii)

8
Case 4:25-cv-00038-CEA-CHS    Document 39    Filed 08/22/25    Page 8 of 18    PageID #: 2503

sign on behalf of Uncle Nearest or, with respect to the Eady Road Property, Mr. Weaver, any invoices, or notices to account debtors, or contracts necessary or helpful to the performance of his activities provided for herein; (iv) endorse on behalf of Uncle Nearest or, with respect to the Eady Road Property, Mr. Weaver, any negotiable collateral that may come into the possession or control of the Receiver; (v) initiate, defend, make, settle, and/or adjust all claims under Uncle Nearest's or, with respect to the Eady Road Property, Mr. Weaver's, policies of property or other insurance and make all determinations and decisions with respect to such policies of property or other insurance, and notify any and all insurers under any such policies of property or other insurance that any proceeds paid thereunder shall be paid to the Receiver until such time as such insurance carriers are advised to the contrary by this Court or until such insurance carriers receive a certificate issued by the Clerk of this Court evidencing a final discharge of the Receiver; (vi) institute, defend, settle and/or adjust disputes and claims respecting the Receivership Assets, for amounts and upon terms that the Receiver determines to be reasonable; (vii) obtain, review and analyze any past records, including, without limitation, accounting records, disbursements, banking records, and any other books and documents in furtherance of the Receiver's duties hereunder; (viii) pay prior obligations incurred by Uncle Nearest or, with respect to the Eady Road Property, Mr. Weaver, by their agents, officers, directors, partners, managers, and servants, or any other person or entity charged with the responsibility of maintaining and operating the Receivership Assets, if such obligations are deemed by the Receiver to be reasonably necessary or advisable, subject in all respects to

9

this Order; and (ix) cause to be executed and delivered any documents and releases that Receiver determines to be reasonably necessary, and at all times consistent with the terms of this Order. The appointment of the Receiver as Uncle Nearest's, and, with respect to the Eady Road Property, Mr. Weaver's, attorney-in-fact with respect to the Receivership Assets, and each and every one of his rights and powers, being coupled with an interest, is irrevocable until the receivership is discharged by this Court or until the resignation of the Receiver;

k. **Attorney-in-Fact:** The Receiver is authorized to exercise his full authority, as attorney-in-fact, on behalf of and in the name of Uncle Nearest (in each case, including with respect to the Subject Entities), to: (i) take any and all actions that may be required or desirable to preserve, renew and maintain the legal existence and good standing of Uncle Nearest, as applicable, in such jurisdictions where they conduct business; (ii) take any and all actions that may be required or incidental to preserve, renew and maintain the qualification and authority (including any applicable licenses and regulatory authority) to do business and good standing in each other jurisdiction where it is necessary or desirable for Uncle Nearest to conduct business paying applicable franchise taxes; (iii) execute and deliver any and all documents, reports, or other forms in furtherance of the Receiver's responsibilities herein; and (iv) engage in all actions the Receiver deems reasonable or necessary to accomplish the foregoing;

l. **Risks and Obligations:** The Receiver may incur the risks and obligations ordinarily incurred by owners, managers, and operators of similar businesses and enterprises, and no such risk or obligation so incurred shall be the personal risk or

obligation of the Receiver, but rather a risk or obligation to be paid solely from the Receivership Assets;

m. **Authority of Authorized Signatories**: The Receiver has the authority to delete the authorized signatories on any account of Uncle Nearest or any Subject Entity and replace the same with the name of the Receiver or his designee;

n. **Books and Records – Subject Entities**: The Receiver may take possession of, or obtain access to, the books, papers, records, invoices, and receipts of Uncle Nearest and the Subject Entities on a continuing basis, including without limitation to Uncle Nearest's and, if applicable, any Subject Entity's electronic mail and other electronic correspondence (including any servers containing the foregoing);

o. **Books and Records – Vendors:** The Receiver is authorized to take possession of, and obtain access to, all books, records, documentation of any kind or nature, financial documents, contracts, bills or invoices of vendors (or other documents that describe the work such vendors performed and the amounts due and owing to them), and other documents, including copies of all records or documents on electronic media or in computer memory, wherever located; provided, however, nothing contained in this Order shall result in a waiver of any attorney privilege held by Uncle Nearest;

p. **Mail:** The Receiver shall collect and process all inbound mail addressed to any Post Office Box owned or controlled by Uncle Nearest (or any officers, managers or registered or other agents acting on behalf of Uncle Nearest or any of the Receivership Assets) if the mail is addressed to Uncle Nearest, any Subject Entity, or any officer, manager, or registered or other agent of Uncle Nearest or any Subject

Entity;

q. **Bankruptcy:** The Receiver is authorized to commence a proceeding under title 11 of the United States Code on behalf of Uncle Nearest and the Subject Entities;

r. The Receiver may exercise such other powers and authority granted to a court-appointed receiver under applicable law consistent with this Court's jurisdiction and authority; and

s. The Receiver has such additional powers that the Court may from time to time direct or confer and to that end, the Receiver may apply to this Court for further instructions or direction, including, without limitation, interpretation of this Order.

11. **Enjoined Actions:** Until further Order of the Court, other than with respect to the Receiver or persons and entities operating on behalf of the Receiver, Uncle Nearest, the Subject Entities, and each of their officers, directors, employees, agents, assigns, or any other persons or entities acting on behalf of or in concert with Uncle Nearest or the Subject Entities are enjoined from taking any of the following actions:

    a. **Sale of Receivership Assets:** Selling, transferring, assigning, encumbering, disposing of, or otherwise impairing any Receivership Asset without express written authorization from the Receiver, who, for the avoidance of doubt, shall authorize transactions that the Receiver deems consistent with the terms of this Order or are directed by the Court;

    b. **Contract Modification:** Modifying, amending, transferring, selling, assigning, revoking, returning, terminating or canceling any contract or agreement related to the Receivership Assets without the express written consent of the Receiver;

    c. **Obstruction:** Interfering with, obstructing, or preventing in any way, the Receiver's actions pursuant to this Order, including, but not limited to, any and all actions that may damage the brand and reputation of the Receivership Assets in any form, whether written, verbal, and disseminated through any medium; and

    d. **Interference:** Interfering in any other way with the Receiver, directly or indirectly.

12. **Non-Disturbance of Receivership Assets and Estate:** All persons or entities, including employees, agents, creditors, banks, investors, shareholders, officers, directors, subsidiaries, affiliates, owners or others, with actual or constructive notice of this Order, are enjoined and restrained from in any way disturbing, interfering or affecting the Receivership Assets or the administration of the receivership estate. This includes, without limitation, prosecuting, initiating or continuing any actions or proceedings, enforcing judgments, perfecting liens; pursuing actions or proceedings against the Receiver and the Receiver Representatives, designed to collect their debts or which in any way involve the Receiver or the Receiver Representatives or which affect the Receivership Assets, to the extent that the same would interfere with or disturb these receivership proceedings, without the permission and approval of this Court; provided, however, that nothing herein shall preclude any party with standing from seeking relief from this Order on proper application and after notice and a hearing. Any actions in violation of this paragraph shall be null and void as acts in contravention of this Order. This injunction is intended to function in a manner consistent with the protections afforded by the automatic stay under 11 U.S.C. §362.

13. **Quarterly Reports:** The Receiver shall provide quarterly reports to Uncle Nearest, the Lender and the Court detailing the Receiver's disbursements for paying the costs incidental

13
Case 4:25-cv-00038-CEA-CHS    Document 39    Filed 08/22/25    Page 13 of 18
PageID #: 2508

to the receivership activities encompassed by this Order, any payments to or for the expenses of Uncle Nearest, the Subject Entities and the Eady Road Property, and describing the Receiver's activities and the financial and operational status of Uncle Nearest. The first quarterly report **SHALL** be due on **October 1, 2025**.

14. **Inspection of Books and Records:** The Receiver shall make available to the Lender and Uncle Nearest, for inspection and copying, any and all books and records of Uncle Nearest, any Subject Entity, and, with respect to the Eady Road Property, Mr. Weaver, relating to the Receivership Assets, now or hereafter in existence.

15. **Debt:** Any money or other Receivership Assets coming into the possession of the Receiver and not expended for any of the purposes authorized herein shall be remitted, as necessary and appropriate, to satisfy Uncle Nearest's outstanding obligations under the Loan Documents.

16. **No Personal Liability:** The Receiver and the Receiver Representatives shall have no personal liability or otherwise in connection with any liabilities, obligations, liens, citations, code violations, or amounts owed to any of Uncle Nearest or the Subject Entities' creditors, taxing authorities, or other claimants because of the Receiver's duties as Receiver, whether arising before or after his appointment. The Receiver and the Receiver Representatives shall have no personal liability or otherwise with respect to any environmental liabilities arising out of or relating to the Receivership Assets.

17. The Receiver and the Receiver Representatives shall not be personally liable for the satisfaction of claims, and shall have no claims asserted against them in their personal capacities or otherwise outside of the Receivership Assets, in any way relating to the Receiver's duties under this Order, including, without limitation in connection with the

Receiver's capacity as Receiver for the Receivership Assets and Uncle Nearest, including the Subject Entities, or as an agent, officer or director of Uncle Nearest or the Subject Entities, except for claims that are adjudicated by a court of competent jurisdiction for which no appeal or motion to reconsider or similar motion may be or has been brought (without giving effect to any statutory basis to seek relief from judgment other than by appeal) which adjudicates and concludes that the Receiver or any Receiver Representative(s), as applicable, committed an act or omission constituting (i) gross negligence, (ii) willful misconduct, or (iii) actual fraud. Any person or entity seeking to assert liability of any kind against the Receiver or any Receiver Representative, regardless of whether such person or entity has notice of this Order, must first obtain leave from this Court upon motion with due and proper notice to the Receiver and any applicable Receiver Representative(s).

18. Any debts, liabilities, or obligations incurred by the Receiver in the course of this receivership, including the operation or management of the Receivership Assets, whether in the name of the Receiver, Uncle Nearest, any Subject Entity, Mr. Weaver (with respect to the Eady Road Property), or any other Receivership Asset, shall be the debt, liability, and obligation of the receivership estate only and not of the Receiver personally or of any Receiver Representative. All who are acting, or have acted, on behalf of the Receiver at the request of the Receiver, are protected and privileged with the same protections of this Court as the Receiver enjoys.

19. **No Fiduciary Relationship:** Nothing in this Order shall be construed such that the Receiver is considered to be in a fiduciary relationship with the Plaintiff, any of the Defendants, the Subject Entities, or all of them collectively.

20. **Indemnification:** The receivership estate shall indemnify and hold harmless the Receiver and the Receiver Representatives for any judgment, costs, or expenses suffered or incurred by him or any of the Receiver Representatives as a result of actions instituted against him or them in relation to the discharge of their duties aforesaid or in carrying out or furtherance of this Order; provided that nothing herein shall be construed to indemnify the Receiver or the Receiver Representatives to the extent that any judgment, costs, or expenses that has been found by this Court or another court of competent jurisdiction (after the conclusion of any appeals and further rights of appeal) to have arisen from the gross negligence, willful misconduct, or actual fraud of the Receiver or any of the Receiver Representatives. In the event a suit is filed or a claim is made against Receiver or any Receiver Representative, except as conditioned or limited above in this provision, the receivership estate shall reimburse Receiver or the Receiver Representative, as applicable, for the costs and fees of defending such action or claim, including, without limitation, any appeals thereof to final resolution and award of judgments. The indemnification obligations outlined in this Order shall survive the termination of the Receiver's appointment and the conclusion, dissolution, or discharge of the receivership estate.

21. **Compensation:** The Receiver and each of the Receiver Representatives shall be compensated, without further order of this Court, for services at their standard hourly rates, plus reimbursement of all out-of-pocket fees, costs, and expenses. All such fees and expenses shall be payable from the Receivership Assets, which as defined herein include insurance policies applicable to this and other litigation, or, if the Receivership Assets are insufficient, by the Lender. Payment of fees and expenses payable to the Receiver and the Receiver Representatives in accordance with this Order shall take priority over payment of

16
Case 4:25-cv-00038-CEA-CHS    Document 39    Filed 08/22/25    Page 16 of 18
PageID #: 2511

any claims arising prior to the date on which the Receiver is appointed, except for the Lender's claims. The Receiver shall be authorized to obtain insurance coverage, including, but not limited to, coverage with respect to the liabilities, duties and obligations of the Receiver hereunder (in the form of an errors and omissions policy, directors and officers policy, fiduciary policy, general liability, or otherwise), as the Receiver deems reasonably necessary or appropriate, the costs of which shall be payable from the Receivership Assets or, if the Receivership Assets are insufficient, by the Lender.

22. **Payment of Indebtedness:** Within ninety (90) days after the termination of the receivership, the Receiver shall pay to the Lender all receipts remaining, if any, after payment of the items set forth herein, to be applied to Uncle Nearest's obligations under the Loan Documents to the Lender.

23. **Resignation:** The Receiver shall be entitled to resign upon 30 days' advance written notice to the Lender, Uncle Nearest, and the Court, in which case a successor Receiver shall be promptly appointed by the Court. In the event any fees or expenses of the Receiver or the Receiver Representatives remain unpaid upon resignation, or if any indemnity obligation payable to the Receiver under this Order remains unsatisfied, and no immediately available funds from the Receivership Assets are available to pay such amounts, the outstanding fees or expenses of the Receiver and his professionals, and any applicable indemnity obligation owing hereunder, shall be payable promptly by the Lender upon written request.

24. **Filing of Copies:** Within ten (10) days after entry of this Order, the Receiver **SHALL**, pursuant to 28 U.S.C. § 754, cause copies of the Verified Complaint [Doc. 1] and a copy of this Order to be filed in the federal district court for each district in which any Receivership Asset is located.

25. **Termination of Receivership:** The receivership authorized and created hereby may be terminated at any time by the Receiver by filing with the Court, with service upon the parties, a Motion to Terminate Appointment of Receiver. Additionally, Plaintiff and/or Defendants may file a Motion to Terminate Appointment of Receiver upon the occurrence of any material change in circumstances that eliminates the need for a receivership. Any such motion must be served upon both the opposing party and the Receiver. Upon proper notice thereof and upon hearing (if necessary) and determination of this Court that the purposes of this receivership have been served, this Court may terminate the receivership.

26. **Exclusive Jurisdiction:** This Court shall retain exclusive jurisdiction over all matters concerning the Receiver, the Receivership Assets, the receivership created hereby and any other matter or dispute arising from this Order or relating to the interpretation or implementation of this Order.

27. **Termination of Agreed Order:** For the avoidance of any doubt, the entry of this Order relieves the parties of their obligations under the previously entered Agreed Order. [Doc. 29].

**SO ORDERED.**

                                          */s/ Charles E. Atchley, Jr.*
                                          **CHARLES E. ATCHLEY, JR.**
                                          **UNITED STATES DISTRICT JUDGE**