# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# WINCHESTER DIVISION

| | |
|---|---|
| FARM CREDIT MID-AMERICA, PCA, | ) |
| | ) |
| Plaintiff, | ) Case No. 4:25-cv-38 |
| | ) |
| v. | ) Judge Atchley |
| | ) |
| UNCLE NEAREST, INC., *et al.*, | ) Magistrate Judge Steger |
| | ) |
| Defendants. | ) |

## MOTION FOR CLARIFICATION OF RECEIVERSHIP ORDER

**COMES NOW** the receiver herein, Phillip G. Young, Jr. ("Receiver"), by and through undersigned counsel, and hereby respectfully moves the Court for clarification of Paragraph 2 of the Order Appointing Receiver ("the Order.") In support of this Motion for Clarification, the Receiver states as follows:

On August 22, 2025, United States District Judge Atchley, Jr. entered the Order which appointed Phillip G. Young, Jr as receiver of Uncle Nearest, Inc. and Subject Entities and Receivership Assets.

Within the Order, Paragraph 2 defined the Receivership Assets as follows:

The "Assets" include (i) all of Uncle Nearest's assets, including proceeds, wherever located, including but not limited to, all of Uncle Nearest's: (a) right, title and interest in any property, real and personal, tangible and intangible, of whatever kind and description, wherever situated, including, without limitation, the Nearest Green Distillery Real Property, property leased or occupied by Uncle Nearest, all rents, litigation claims, accounts receivable, computers, all media on which information is stored electronically, vehicles, equipment, inventory, furniture, furnishings, licenses, permits, books, records, documents and intellectual property; (b) rights (including rights to payment and distributions), title, and interest, whether now owned or hereafter acquired in, under and to any entity (including, but not limited to, Domaine D'Anatole, Inc., Domaine D'Anatole, S.A.S, UNAH, Inc., S1 Organic Vodka, LLC, UN House MV, LLC, Uncle Nearest Ventures, LLC, and the Nearest

Page 1 of 5

Green Historical Preservation & Culture Fund, including any rights of control, ownership, distribution, and participation (collectively, the "Subject Entities")); (c) cash and any bank and brokerage accounts; (d) any other property in which the Lender is granted a security interest pursuant to the Security Agreement and/or UCC-1 financing statements recorded against Uncle Nearest in favor of the Lender; and (e) claims and causes of action of any type, whether in equity or in kind, in contract or pursuant to a promissory note or any other enforceable agreement, in litigation, via settlement, or pursuant to any form of insurance policy or coverage (collectively, "Causes of Action"); and (ii) the Eady Road Property, in each case, including proceeds therefrom.

During his investigation of Receivership Assets, which involved a diligent review of Uncle Nearest, Inc.'s books and records, financial statements, corporate documents, and other relevant contractual agreements, the Receiver has identified several entities (the "Entities") that appear to be somewhat related to Uncle Nearest, Inc. ("Uncle Nearest") and may fall within the scope of the Court's Order including:

1. Uncle Nearest Real Estate Holdings LLC, a Tennessee Limited Liability Company. While this entity was listed in the Complaint, because it was not specifically listed in the Order, certain financial institutions are confused about whether its assets are subject to this receivership.

2. Shelbyville Barrel House BBQ LLC, a Tennessee Limited Liability Company. This entity is believed to be owned by Keith Weaver. It operates from the Uncle Nearest/Nearest Green property, but appears to be separate financially from Uncle Nearest.

3. Humble Baron, Inc, a Delaware Corporation. This entity appears to be owned by a blind trust that benefits Keith Weaver. Upon information and belief, this entity must be owned by a blind trust in order to keep its restaurant license separate from Uncle Nearest's distilling license. It operates from the Uncle Nearest/Nearest Green property, but appears to be separate financially from Uncle Nearest.

4. Grant Sidney, Inc., a Tennessee Corporation. Upon information and belief, this entity is owned by Fawn Weaver. It is the largest shareholder of Uncle Nearest and has contributed capital to Uncle Nearest from time to time. The Receiver believes that this company also owns interests in other spirits unrelated to Uncle Nearest.

5. Uncle Nearest Spurs VI, LLC, a Delaware Limited Liability Company. It is unclear how this entity is related to Uncle Nearest. This entity was revealed in a general search of the Delaware corporate records.

6. Quill and Cask Owner, LLC, a Tennessee Limited Liability Company. Upon information and belief, this entity is owned by Fawn and Keith Weaver. It has contributed capital to Uncle Nearest from time to time, and has purchased barrels of spirits from Uncle Nearest.

7. Nashwood, Inc., a Delaware Corporation. Upon information and belief, this entity is owned by Fawn and/or Keith Weaver and operates Tolley House Bed & Breakfast in Lynchburg, Tennessee. It shares a common corporate address with many of the Weavers' other corporate entities.

8. Classic Hops Brewing Co. Upon information and belief, this was a concept began by Keith Weaver. It is unclear whether this entity was ever incorporated or fully operational.

9. Shelbyville Grand, LLC, a Tennessee Limited Liability Company. Upon information and belief, this entity is owned by Fawn and/or Keith Weaver and operates from the same location as several other of the Weavers' corporate entities. It is unclear the purpose or function of this entity, but it appears in certain corporate records.

10. Weaver Interwoven Family Foundation. The ownership and function of this entity is unknown, but it appears in certain corporate records of Uncle Nearest.

11. 4 Park Street LLC, a Delaware Limited Liability Company. Upon information and belief, this entity is owned by Keith and/or Fawn Weaver. It maintains bank accounts at similar banks as Uncle Nearest and, upon information and belief, the Weavers are signatories on those bank accounts. Its purpose and function are unknown to the Receiver.

As indicated above, each of the Companies is related to Uncle Nearest, Inc. by common ownership, common business operations, and/or common financial operations. The Receiver makes no representation about whether these entities should be included within the scope of this receivership.[1] Rather, the Receiver files this Motion for Clarification to seek the Court's determination as to whether it intended the entities listed

---

[1] Based upon conversations with Fawn and Keith Weaver, the Receiver expects them to argue that these other entities and their assets should be beyond the scope of this receivership. Based upon conversations with counsel for the secured lender, the Receiver expects it to argue that these entities and their assets should be included in this receivership. Therefore, the Receiver seeks this Court's guidance on the issue.

above to fall within the scope of the Receivership Assets under the Order. The Receiver endeavors to fully and completely carry out the wishes and instructions of this Court.

**WHEREFORE**, Receiver respectfully requests that the Court enter an Order clarifying whether the Entities listed above are within the scope of the Receivership Assets under Paragraph 2 of the Order.

Dated this 12th day of September 2025.

> By: /s/ Justin T. Campbell
> Justin T. Campbell, Tn. Bar No. 31056
> Thompson Burton PLLC
> 1801 West End Avenue, Suite 1550
> Nashville, Tennessee 37203
> Voice: (615) 465-6015
> Fax: (615) 807-3048
> Justin@thompsonburton.com
>
> *Counsel for Receiver*

## CERTIFICATE OF SERVICE

      I hereby certify that on the date noted below, a true and correct copy of the foregoing listed below was filed and served via the Court's CM/ECF system upon all parties requesting service in the above-listed case.

Dated: September 12, 2025.

                                                /s/ Justin T. Campbell
                                                Justin T. Campbell