UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| FARM CREDIT MID-AMERICA, PCA, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 4:25-cv-38 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| UNCLE NEAREST, INC., *et al.*, | ) | Magistrate Judge Steger |
| | ) | |
| *Defendants*. | ) | |

## ORDER

On September 12, 2025, Phillip G. Young, Jr. ("Receiver") filed a Motion for Clarification of Receivership Order [Doc. 41] asking the Court to clarify whether certain entities fall within the scope of the Receivership Assets under the Order Appointing Receiver [Doc. 39]. These entities are as follows:

1. Shelbyville Barrel House BBQ LLC, a Tennessee Limited Liability Company;

2. Humble Baron, Inc, a Delaware Corporation;

3. Grant Sidney, Inc., a Tennessee Corporation;

4. Uncle Nearest Spurs VI, LLC, a Delaware Limited Liability Company;

5. Quill and Cask Owner, LLC, a Tennessee Limited Liability Company;

6. Nashwood, Inc., a Delaware Corporation;

7. Classic Hops Brewing Co., business structure unknown;

8. Shelbyville Grand, LLC, a Tennessee Limited Liability Company;

9. Weaver Interwoven Family Foundation, business structure unknown; and

10. 4 Park Street LLC, a Delaware Limited Liability Company.

[Doc. 39 at 2–3].[1] Plaintiff Farm Credit Mid-America, PCA, has responded to the Receiver's Motion, arguing that each of the foregoing entities should be included in the receivership. [Doc. 44]. No Defendant filed a response to the Motion, and the time for doing so has since passed. E.D. Tenn. L.R. 7.1(a).

"Courts have broad power and wide discretion to oversee the administration of a receivership." *Consumer Fin. Prot. v. Stratfs*, LLC, No. 24-CV-40-EAW-MJR, 2025 U.S. Dist. LEXIS 98061, at *28 (W.D.N.Y. May 22, 2025). This includes the power to expand a receivership beyond its initial scope to safeguard assets and prevent their dissipation. *Id.*; *see also CCUR Aviation Fin., LLC v. S. Aviation, Inc.*, No. 21-cv-60462-BLOOM/Valle, 2021 U.S. Dist. LEXIS 83769, at *5 (S.D. Fla. May 3, 2021) ("[T]he expansion of an equity receivership may be appropriate where the requested expansion is necessary to effectively safeguard assets for the benefit of investors and to guard against potential dissipation." (cleaned up)).

Here, the Court needs more information before it can determine whether expanding the receivership is appropriate. To that end, the Court hereby **ORDERS** the following:

1. The Receiver **SHALL** serve a copy of his Motion [Doc. 41], this Order, and the Order Appointing Receiver [Doc. 39] upon the ten entities listed above **on or before October 14, 2025**.[2] The Receiver **SHALL** file a notice of compliance with the Court indicating

---

[1] The Receiver also asks the Court to clarify whether Defendant Uncle Nearest Real Estate Holdings LLC, a Tennessee Limited Liability Company, falls within the scope of the Order Appointing Receiver because "certain financial institutions are confused about whether its assets are subject to this receivership" "because it was not specifically listed in the Order[.]" [Doc. 41 at 2]. This confusion appears to stem from the fact that the Court used the term "Uncle Nearest" throughout the Order Appointing Receiver rather than list the separate entities. Footnote 2 of the Order, however, confirms that whenever the Court uses the term "Uncle Nearest" in the Order Appointing Receiver, "'Uncle Nearest'" refers collectively to Defendants Uncle Nearest, Inc., Nearest Green Distillery, Inc., and *Uncle Nearest Real Estate Holdings, LLC*." [Doc. 39 at 1 n.2 (emphasis added)]. Accordingly, Defendant Uncle Nearest Real Estate Holdings LLC falls within the scope of the Receivership Assets under the Order Appointing Receiver. The Court will include this clarification again when it fully resolves the Receiver's Motion for Clarification of Receivership Order, but in the interim, the Receiver may show this Order to any entity that questions whether the Order Appointing Receiver applies to Defendant Uncle Nearest Real Estate Holdings LLC.

[2] On the subject of service, the Court notes that Plaintiff has yet to file proofs of service for any Defendant, though

the date(s) of service or, if the Receiver is unable to serve one or more of the entities, the reason(s) why service could not be effectuated;

2. The ten entities listed above **SHALL** respond to the Motion [Doc. 41] **on or before October 21, 2025**. Failure to respond will be viewed as a waiver of opposition to inclusion in the receivership;

3. Plaintiff **SHALL** file all materials in its possession that it believes support expanding the receivership with the Court. Plaintiff **SHALL** comply with the Court's Memorandum and Order Regarding Sealing Confidential Information [Doc. 9] when filing any materials it believes to be confidential.

**SO ORDERED.**

        */s/ Charles E. Atchley, Jr.*
        **CHARLES E. ATCHLEY, JR.**
        **UNITED STATES DISTRICT JUDGE**

---

the time for doing so has not yet expired. *See* FED. R. CIV. P. 4(m).