UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| FARM CREDIT MID-AMERICA, PCA, | )<br>)<br>) |
| Plaintiff, | ) Case No. 4:25-cv-38<br>) |
| v. | ) Judge Atchley<br>) |
| UNCLE NEAREST, INC., et al., | ) Magistrate Judge Steger<br>) |
| Defendants. | )<br>) |

**RESPONSE OF CLASSIC HOPS, INC. TO MOTION FOR CLARIFICATION OF RECEIVERSHIP ORDER AND STATEMENT OF FARM CREDIT**

Classic Hops, Inc., by and through its undersigned counsel, hereby makes a special appearance for the sole purpose of responding to the *Receiver's Motion for Clarification of Receivership Order* (the "Motion")[1] and the *Statement of Farm Credit Mid-America, PCA in Support of Motion for Clarification of Receivership Order* (the "Statement"),[2] which seek to divest Shelbyville Barrel House BBQ, LLC, Humble Baron, Inc., Grant Sidney, Inc., Uncle Nearest Spurs VI, LLC, Quill and Cask Owner, LLC, Nashwood, Inc., Classic Hops Brewing Co., Shelbyville Grand, LLC, Weaver Interwoven Family Foundation, and 4 Front Street LLC (collectively, the "Non-Defendants"), and their respective boards and shareholders, of their control of the companies and place the assets of these Non-Defendants, which are not liable for any of the debts of the Defendants in this proceeding, under the exclusive control of the Receiver for the above-captioned Defendants. In support of this Response, Classic Hops, Inc. asserts and alleges as follows:

---

[1] Dkt. No. 41.
[2] Dkt. No. 44.

1. Classic Hops, Inc. incorporates by reference the Response of Humble Baron, Inc. to Motion for Clarification of Receivership Order and Statement of Farm Credit and adopts the factual and legal arguments therein. In addition to those facts and legal arguments, Classic Hops, Inc. provides the following analysis specific to its situation.

2. "Classic Hops Brewing Co." is a potential DBA of a corporation called Classic Hops, Inc., which is Delaware C Corp. owned 100% by Keith Weaver. Classic Hops, Inc. is an innovative beer brand and brewpub under development and has no connection to any of the Uncle Nearest entities.

3. With respect to this entity, the Receiver asserts in his Motion to Clarify that "[u]pon information and belief, this was a concept began by Keith Weaver. It is unclear whether this entity was ever incorporated or fully operational."[3] The Receiver provides no evidence that addresses the factors for establishing a receivership, expanding a receivership, or proving alter ego status under the *Continental Bankers* factors with respect to this entity.

4. Farm Credit's Statement goes further than the Receiver by stating that "a significant overlap appears to exist between the operations, finances, and likely the personnel of Uncle Nearest and the Additional Entities."[4] Farm Credit has provided no evidence to support this unfounded allegation.

5. In the absence of any evidence that could be deemed to satisfy any of the standards for instituting a receivership, expanding a receivership or piercing the corporate veil, there is simply no legal or factual basis to conclude that the receivership should be expanded to include Classic Hops, Inc. or any of its assets. Furthermore, placing this entity in receivership and saddling the company with the expenses of the Receiver and his multitude of professionals would cause a

---

[3] Dkt. No. 41 at 3.
[4] Dkt. No. 44 at 1.

significant increase in expenses for the company and the negative publicity that would impact its business and investments. Further, such action would ultimately not benefit the receivership estate at all because there is no proof that would support a finding of alter ego status in any final judgment. Thus, the known actual harm to the company of placing it in receivership would significantly outweigh any prospective unknown, likely unrealizable, potential benefit to the receivership.

WHEREFORE, Classic Hops Brewing Co. respectfully requests that the Court decline to expand the receivership to include the Non-Defendants or their assets and grant such other and further relief as is appropriate.

Respectfully submitted,

**MANIER & HEROD, P.C.**

/s/ Michael E. Collins
Michael E. Collins  (TN Bar No. 16036)
S. Marc Buchman    (TN Bar No. 41598)
1201 Demonbreun Street, Suite 900
Nashville, TN 37203
Telephone: 615-244-0030
mcollins@manierherod.com
mbuchman@manierherod.com

*Counsel for Classic Hops, Inc.*

**CERTIFICATE OF SERVICE**

  I hereby certify that on October 21, 2025, the foregoing document was served on all parties registered to receive electronic notice via the Court's CM/ECF system.

                */s/ Michael E. Collins*
                Michael E. Collins