UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| FARM CREDIT MID-AMERICA, PCA, | ) |
| Plaintiff, | ) Case No. 4:25-cv-38 |
| v. | ) Judge Atchley |
| UNCLE NEAREST, INC., et al., | ) Magistrate Judge Steger |
| Defendants. | ) |

**RESPONSE OF WEAVER INTERWOVEN FAMILY FOUNDATION TO MOTION FOR CLARIFICATION OF RECEIVERSHIP ORDER AND STATEMENT OF FARM CREDIT**

Weaver Interwoven Family Foundation, by and through its undersigned counsel, hereby makes a special appearance for the sole purpose of responding to the *Receiver's Motion for Clarification of Receivership Order* (the "Motion")[1] and the *Statement of Farm Credit Mid-America, PCA in Support of Motion for Clarification of Receivership Order* (the "Statement"),[2] which seek to divest Shelbyville Barrel House BBQ, LLC, Humble Baron, Inc., Grant Sidney, Inc., Uncle Nearest Spurs VI, LLC, Quill and Cask Owner, LLC, Nashwood, Inc., Classic Hops Brewing Co., Shelbyville Grand, LLC, Weaver Interwoven Family Foundation, and 4 Front Street LLC (collectively, the "Non-Defendants"), and their respective boards and shareholders, of their control of the companies and place the assets of these Non-Defendants, which are not liable for any of the debts of the Defendants in this proceeding, under the exclusive control of the Receiver

---

[1] Dkt. 41.
[2] Dkt. 44.

for the above-captioned Defendants. In support of this Response, Weaver Interwoven Family Foundation asserts and alleges as follows:

1. Weaver Interwoven Family Foundation ("Interwoven") incorporates by reference the Response of Humble Baron, Inc. to Motion for Clarification of Receivership Order and Statement of Farm Credit and adopts the factual and legal arguments therein. In addition to those facts and legal arguments, Interwoven provides the following analysis specific to its situation.

2. Interwoven has not been established as a separate legal entity but is simply a name under consideration for a proposed charitable venture to manage the philanthropic efforts of Keith and Fawn Weaver.

3. With respect to Interwoven, the Receiver asserts in his Motion to Clarify that "[t]he ownership and function of this entity is unknown, but it appears in certain corporate records of Uncle Nearest."[3] The Receiver provides no evidence that addresses the factors for establishing a receivership, expanding a receivership, or proving alter ego status under the *Continental Bankers* factors with respect to this entity.

4. Farm Credit's Statement goes further than the Receiver by stating that "a significant overlap appears to exist between the operations, finances, and likely the personnel of Uncle Nearest and the Additional Entities."[4] Farm Credit has provided no evidence to support this unfounded allegation.

5. In the absence of any evidence that could be deemed to satisfy any of the standards for instituting a receivership, expanding a receivership or piercing the corporate veil, there is simply no legal or factual basis to conclude that the receivership should be expanded to include Interwoven or any of its assets.

---

[3] Dkt. No. 41 at 3.
[4] Dkt. No. 44 at 1.

WHEREFORE, Weaver Interwoven Family Foundation respectfully requests that the Court decline to expand the receivership to include the Non-Defendants or their assets and grant such other and further relief as is appropriate.

>
> Respectfully submitted,
>
> **MANIER & HEROD, P.C.**
>
> /s/ Michael E. Collins
> ———————————————
> Michael E. Collins    (TN Bar No. 16036)
> S. Marc Buchman    (TN Bar No. 41598)
> 1201 Demonbreun Street, Suite 900
> Nashville, TN 37203
> Telephone: 615-244-0030
> mcollins@manierherod.com
> mbuchman@manierherod.com
>
> *Counsel for Weaver Interwoven Family Foundation*

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2025, the foregoing document was served on all parties registered to receive electronic notice via the Court's CM/ECF system.

/s/ Michael E. Collins
Michael E. Collins