UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| FARM CREDIT MID-AMERICA, PCA, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:25-cv-38 |
| ) | |
| v. ) | Judge Atchley |
| ) | |
| UNCLE NEAREST, INC., et al., ) | Magistrate Judge Steger |
| ) | |
| Defendants. ) | |
| ) | |

**RESPONSE OF NASHWOOD, INC. TO MOTION FOR CLARIFICATION OF RECEIVERSHIP ORDER AND STATEMENT OF FARM CREDIT**

Nashwood, Inc., by and through its undersigned counsel, hereby makes a special appearance for the sole purpose of responding to the *Receiver's Motion for Clarification of Receivership Order* (the "Motion")[1] and the *Statement of Farm Credit Mid-America, PCA in Support of Motion for Clarification of Receivership Order* (the "Statement"),[2] which seek to divest Shelbyville Barrel House BBQ, LLC, Humble Baron, Inc., Grant Sidney, Inc., Uncle Nearest Spurs VI, LLC, Quill and Cask Owner, LLC, Nashwood, Inc., Classic Hops Brewing Co., Shelbyville Grand, LLC, Weaver Interwoven Family Foundation, and 4 Front Street LLC (collectively, the "Non-Defendants"), and their respective boards and shareholders, of their control of the companies and place the assets of these Non-Defendants, which are not liable for any of the debts of the Defendants in this proceeding, under the exclusive control of the Receiver for the above-captioned Defendants. In support of this Response, Nashwood, Inc. asserts and alleges as follows:

---

[1] Dkt. 41.
[2] Dkt. 44.

1. Nashvwood, Inc. incorporates by reference the Response of Humble Baron, Inc. to Motion for Clarification of Receivership Order and Statement of Farm Credit and adopts the factual and legal arguments therein. In addition to those facts and legal arguments, Nashwood, Inc. provides the following analysis specific to its situation.

2. Nashwood, Inc. is a Delaware C Corp and a hospitality, entertainment, and real estate company that is owned 100% by Keith Weaver. Nashwood provided real estate project management services to the Nearest Green Distillery at one point approximately two years ago, for which an outstanding balance remains due from the Distillery, and provides occasional event related services to Nearest Green Distillery similar to the event services previously provided by Levy Premium Foodservice Limited Partnership ("Levy"). Nashwood is also involved under contract with Shelbyville Barrel House BBQ, LLC and Humble Baron, Inc. to provide management services. Otherwise, Nashwood has no financial or operational connection to the Uncle Nearest entities and neither controls nor is controlled by those entities.

3. With respect to this entity, the Receiver asserts in his Motion to Clarify that Nashwood operates the Tolley House Bed and Breakfast in Lynchburg, Tennessee and that "it shares a common corporate address with many of Weavers other corporate entities."[3] Nashwood no longer owns the Tolley House Bed and Breakfast and, in any event, that business has no connection to Uncle Nearest. The Receiver provides no evidence that addresses the factors for establishing a receivership, expanding a receivership, or proving alter ego status under the *Continental Bankers* factors with respect to this entity.

4. Farm Credit's Statement goes further than the Receiver by stating that "a significant overlap appears to exist between the operations, finances, and likely the personnel of Uncle Nearest

---

[3] Dkt. No. 41 at 3.

and the Additional Entities."[4]  Farm Credit has provided no evidence to support this unfounded allegation.

5.      In the absence of any evidence that could be deemed to satisfy any of the standards for instituting a receivership, expanding a receivership or piercing the corporate veil, there is simply no legal or factual basis to conclude that the receivership should be expanded to include Nashwood, Inc. or any of its assets. Furthermore, placing this entity in receivership and saddling the company with the expenses of the Receiver and his multitude of professionals would cause a significant increase in expenses for the company and the negative publicity that would impact its business and investments.  Further, such action would ultimately not benefit the receivership estate at all because there is no proof that would support a finding of alter ego status in any final judgment.  Thus, the known actual harm to the company of placing it in receivership would significantly outweigh any prospective unknown, likely unrealizable, potential benefit to the receivership.

---

[4] Dkt. No. 44 at 1.

WHEREFORE, Nashwood, Inc. respectfully requests that the Court decline to expand the receivership to include the Non-Defendants or their assets and grant such other and further relief as is appropriate.

Respectfully submitted,

**MANIER & HEROD, P.C.**

/s/ Michael E. Collins
Michael E. Collins (TN Bar No. 16036)
S. Marc Buchman (TN Bar No. 41598)
1201 Demonbreun Street, Suite 900
Nashville, TN 37203
Telephone: 615-244-0030
mcollins@manierherod.com
mbuchman@manierherod.com

*Counsel for Nashwood, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2025, the foregoing document was served on all parties registered to receive electronic notice via the Court's CM/ECF system.

*/s/ Michael E. Collins*
Michael E. Collins