UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| FARM CREDIT MID-AMERICA, PCA, | |
| Plaintiff, | Case No. 4:25-cv-38 |
| v. | Judge Atchley |
| UNCLE NEAREST, INC., et al., | Magistrate Judge Steger |
| Defendants. | |

**RESPONSE OF QUILL AND CASK OWNER, LLC TO MOTION FOR CLARIFICATION OF RECEIVERSHIP ORDER AND STATEMENT OF FARM CREDIT**

Quill and Cask Owner, LLC, by and through its undersigned counsel, hereby makes a special appearance for the sole purpose of responding to the *Receiver's Motion for Clarification of Receivership Order* (the "Motion")[1] and the *Statement of Farm Credit Mid-America, PCA in Support of Motion for Clarification of Receivership Order* (the "Statement"),[2] which seek to divest Shelbyville Barrel House BBQ, LLC, Humble Baron, Inc., Grant Sidney, Inc., Uncle Nearest Spurs VI, LLC, Quill and Cask Owner, LLC, Nashwood, Inc., Classic Hops Brewing Co., Shelbyville Grand, LLC, Weaver Interwoven Family Foundation, and 4 Front Street LLC (collectively, the "Non-Defendants"), and their respective boards and shareholders, of their control of the companies and place the assets of these Non-Defendants, which are not liable for any of the debts of the Defendants in this proceeding, under the exclusive control of the Receiver for the above-captioned

---

[1] Dkt. 41.
[2] Dkt. 44.

Defendants. In support of this Response, Quill and Cask Owner, LLC asserts and alleges as follows:

1. Quill and Cask Owner, LLC ("Quill") incorporates by reference the Response of Humble Baron, Inc. to Motion for Clarification of Receivership Order and Statement of Farm Credit and adopts the factual and legal arguments therein. In addition to those facts and legal arguments, Quill provides the following analysis specific to its situation.

2. Quill, is a Tennessee LLC owned 100% by Keith Weaver. The company's business purpose is to purchase, hold and sell assets for profit, including real estate, bulk whiskey, and other assets. It has no connection to Uncle Nearest other than having made barrel purchases from Uncle Nearest.

3. The Receiver's Motion to Clarify incorrectly indicates that Quill is owned by Fawn and Keith Weaver. However, it is and always has been owned 100% by Keith Weaver. The Receiver further states that "[Quill] has contributed capital to Uncle Nearest from time to time, and has purchased barrels of spirits from Uncle Nearest."[3] The Receiver provides no evidence that addresses the factors for establishing a receivership, expanding a receivership, or proving alter ego status under the *Continental Bankers* factors with respect to this entity.

4. Farm Credit's Statement references a purchase of barreled whiskey by Quill from Uncle Nearest reflected in an executed Purchase and Sale Agreement (the "PSA") that was provided to Farm Credit at the time of the transaction (as acknowledged by Farm Credit).[4] However, Farm Credit then proceeds to assert that it was not aware that the buyer under the PSA was affiliated with the Weavers and Uncle Nearest.[5] This is patently false.

---

[3] Dkt. No. 41 at 3.
[4] Dkt. No. 44 at 5-6.
[5] *Id.*

5. First, Quill is not an affiliate of Uncle Nearest, so the implication that Farm Credit was misled is false. Under section 101(2) of the Bankruptcy Code the term "affiliate" is defined as follows:

(2) The term "affiliate" means—

(A) entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—

(i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or

(ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;

(B) corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—

(i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or

(ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;

(C) person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or

(D) entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.[6]

6. As noted Quill does not own 20% or more of the voting stock of any of the Uncle Nearest companies and none of the Uncle Nearest companies own 20% or more of the voting stock of Quill. Furthermore, Keith Weaver, who is the sole-owner of Quill, does not own or control

---

[6] 11 U.S.C. § 101(2).

more than 20% of the voting stock of any of the Uncle Nearest entities. Thus, Quill is clearly not an affiliate of Uncle Nearest.

7. Second, Farm Credit's feigned surprise that the PSA was with an entity related to the Weavers is nonsense, as the signature of the "Q and Cask, Inc." representative on the very PSA that Farm Credit acknowledges having received is Keith Weaver. There is simply no way that Farm Credit was not aware that Keith Weaver was involved with the buyer when Keith Weaver executed the very PSA that was provided to Farm Credit. Farm Credit implies that it was somehow misled in some undated conversation it had with some unnamed alleged advisor to Uncle Nearest. Even if the allegation was credible (it is not), Farm Credit cannot escape the fact that it simply had to read the PSA to see the connection to Keith Weaver. This is just another glaring example of an effort by Farm Credit to mislead the Court by knowing false statements or misleading statements being presented to this Court in order to create a false impression that Uncle Nearest and the Weavers have purposefully obscured facts, when that is clearly not the case.

8. Farm Credit further points to a payment in the amount of $275,000 was made by Quill to Uncle Nearest as if it is some additional transaction unrelated to the PSA.[7] Again, Farm Credit has a copy of the PSA, which provides a process for Quill to buy barrels from Uncle Nearest as Uncle Nearest. The $275,000 payment was made from Quill to Uncle Nearest in conjunction with the PSA.

9. Farm Credit's references to Quill's purchase of whisky barrels from Uncle Nearest under the PSA and the $275,000 transaction in furtherance of that PSA, standing alone, do not create a basis for piercing the corporate veil or expanding the receivership. In the absence of any evidence that could be deemed to satisfy any of the standards for instituting a receivership,

---

[7] Dkt. No. 44 at 6.

expanding a receivership or piercing the corporate veil, there is simply no legal or factual basis to conclude that the receivership should be expanded to include Quill or any of its assets. Furthermore, placing this entity in receivership and saddling the company with the expenses of the Receiver and his multitude of professionals would cause a significant increase in expenses for the company and the negative publicity that would impact its business and investments. Further, such action would ultimately not benefit the receivership estate at all because there is no proof that would support a finding of alter ego status in any final judgment. Thus, the known actual harm to the company of placing it in receivership would significantly outweigh any prospective unknown, likely unrealizable, potential benefit to the receivership.

WHEREFORE, Quill and Cask Owner, LLC respectfully requests that the Court decline to expand the receivership to include the Non-Defendants or their assets and grant such other and further relief as is appropriate.

Respectfully submitted,

**MANIER & HEROD, P.C.**

/s/ Michael E. Collins
Michael E. Collins (TN Bar No. 16036)
S. Marc Buchman (TN Bar No. 41598)
1201 Demonbreun Street, Suite 900
Nashville, TN 37203
Telephone: 615-244-0030
mcollins@manierherod.com
mbuchman@manierherod.com

*Counsel for Quill and Cask Owner, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2025, the foregoing document was served on all parties registered to receive electronic notice via the Court's CM/ECF system.

> */s/ Michael E. Collins*
> Michael E. Collins