UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| FARM CREDIT MID-AMERICA, PCA, | ) |
| Plaintiff, | ) Case No. 4:25-cv-38 |
| v. | ) Judge Atchley |
| UNCLE NEAREST, INC., et al., | ) Magistrate Judge Steger |
| Defendants. | ) |

**RESPONSE OF SHELBYVILLE BARREL HOUSE BBQ, LLC TO MOTION FOR CLARIFICATION OF RECEIVERSHIP ORDER AND STATEMENT BY FARM CREDIT**

Shelbyville Barrel House BBQ, LLC, by and through its undersigned counsel, hereby makes a special appearance for the sole purpose of responding to the *Receiver's Motion for Clarification of Receivership Order* (the "Motion")[1] and the *Statement of Farm Credit Mid-America, PCA in Support of Motion for Clarification of Receivership Order* (the "Statement"),[2] which seek to divest Shelbyville Barrel House BBQ, LLC, Humble Baron, Inc., Grant Sidney, Inc., Uncle Nearest Spurs VI, LLC, Quill and Cask Owner, LLC, Nashwood, Inc., Classic Hops Brewing Co., Shelbyville Grand, LLC, Weaver Interwoven Family Foundation, and 4 Front Street LLC (collectively, the "Non-Defendants"), and their respective boards and shareholders, of their control of the companies and place the assets of these Non-Defendants, which are not liable for any of the debts of the Defendants in this proceeding, under the exclusive control of the Receiver

---

[1] Dkt. 41.
[2] Dkt. 44.

for the above-captioned Defendants. In support of this Response, Shelbyville Barrel House BBQ, LLC asserts and alleges as follows:

1. Shelbyville Barrel House BBQ, LLC incorporates by reference the Response of Humble Baron, Inc. to Motion for Clarification of Receivership Order and Statement of Farm Credit and adopts the factual and legal arguments therein. In addition to those facts and legal arguments, Shelbyville Barrel provides the following analysis specific to its situation.

2. Shelbyville Barrel House BBQ, LLC is a Tennessee LLC that owns and operates Chuck's Barrel House BBQ II. It is owned 100% by Keith Weaver. Chuck's Barrel House BBQ II is a walk-up restaurant concept that also serves beer. The restaurant is located on the premises of the Nearest Green Distillery pursuant to a written lease. Shelbyville Barrel House BBQ, LLC maintains its own employees, vendors, receivables, payables, etc. Other than leasing its location from Nearest Green Distillery and the sharing of certain expenses related to the on-site proximity of the businesses, there is no business or financial connection to any of the Uncle Nearest business entities and each such business is controlled separately.

3. With respect to Shelbyville Barrel House BBQ, LLC, the Receiver asserts in his Motion to Clarify only that "[t]his entity is believed to be owned by Keith Weaver. It operates from the Uncle Nearest/Nearest Green property, but appears to be separate financially from Uncle Nearest."[3] The Receiver has filed no evidence that addresses the factors for establishing a receivership, expanding a receivership, or proving alter ego status under the *Continental Bankers* factors with respect to this entity.

4. Farm Credit's Statement ignores the Receiver's own conclusion that Shelbyville Barrel House BBQ, LLC and the Uncle Nearest entities are separate financially and states that "a

---

[3] Dkt. No. 41 at 2.

significant overlap appears to exist between the operations, finances, and likely the personnel of Uncle Nearest and the Additional Entities."[4] Farm Credit has provided no evidence to support this unfounded allegation.

5. In the absence of any evidence that could be deemed to satisfy any of the standards for instituting a receivership, expanding a receivership or piercing the corporate veil, there is simply no legal or factual basis to conclude that the receivership should be expanded to include Shelbyville Barrel House BBQ, LLC or any of its assets. Furthermore, placing this entity in receivership and saddling the company with the expenses of the Receiver and his multitude of professionals would cause an immediate reduction in sales and profitability due to issues with the applicable tied house laws and the negative publicity, and would drastically increase the expenses for the company. Further, such action would ultimately not benefit the receivership estate at all because there is no proof that would support a finding of alter ego status in any final judgment. Thus, the known actual harm to the company of placing it in receivership would significantly outweigh any prospective unknown, likely unrealizable, potential benefit to the receivership.

---

[4] Dkt. No. 44 at 1.

WHEREFORE, Shelbyville Barrel House BBQ, LLC respectfully requests that the Court decline to expand the receivership to include the Non-Defendants or their assets and grant such other and further relief as is appropriate.

Respectfully submitted,

**MANIER & HEROD, P.C.**

/s/ Michael E. Collins
Michael E. Collins    (TN Bar No. 16036)
S. Marc Buchman       (TN Bar No. 41598)
1201 Demonbreun Street, Suite 900
Nashville, TN 37203
Telephone: 615-244-0030
mcollins@manierherod.com
mbuchman@manierherod.com

*Counsel for Shelbyville Barrel House BBQ, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2025, the foregoing document was served on all parties registered to receive electronic notice via the Court's CM/ECF system.

*/s/ Michael E. Collins*
Michael E. Collins