UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **FARM CREDIT MID-AMERICA, PCA,** <br><br> **Plaintiff,** <br><br> v. <br><br> **UNCLE NEAREST, INC., NEAREST GREEN DISTILLERY, INC., UNCLE NEAREST REAL ESTATE HOLDINGS, LLC, FAWN WEAVER, and KEITH WEAVER** <br><br> **Defendants.** | Civil Action No. 4:25-CV-00038 |

### FARM CREDIT MID-AMERICA, PCA'S RESPONSE TO COURT'S ORDER AND MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

Plaintiff, Farm Credit Mid-America, PCA ("FCMA"), in response to the Court's Order entered on September 30, 2025 (Doc. No. 45), regarding the *Receiver's Motion for Clarification of Receivership Order* (Doc. 41),[1] and pursuant to Local Rules 26.2(b) and 5.3, Fed. R. Civ. Pro. 5(d)(1) and this Court's *Memorandum and Order Regarding Sealing Confidential Information* entered on July 29, 2025 (Doc. 9), requests leave to file under seal the following documents:[2]

A. A summary of cash transactions created by FCMA's financial advisor from historical account/financial information provided by Uncle Nearest, Inc.'s previous financial advisor;

---

[1] Each capitalized term used but not defined herein shall have the meaning ascribed in the *Order Appointing Receiver* (Doc. No. 39) the ("Receivership Order"), the *Emergency Motion for the Immediate Appointment of Receiver* (Doc. No. 3) (the "Receivership Motion"), or the *Statement of Farm Credit Mid-America, PCA in Support of Motion for Clarification of Receivership Order* (Doc. No. 44).

[2] Each of the Additional Entities have filed a response to the Receiver's Entity Clarification Motion. (Doc. Nos. 51-60). Despite the fact that the Entity Clarification Motion was filed by the *Receiver*, the Additional Entities made multiple allegations against FCMA in such responses. As such, FCMA is compelled to file a reply, which it will file in accordance with Local Rule 7.1 within seven (7) days after service of the responses of the Additional Entities.

B. The Levy Settlement Agreement;

C. Barrel Purchase Agreement with Q and Cask, Inc.[3]; and

D. A summary of findings created by the Receiver's financial advisor from account/financial information from Uncle Nearest.

1. The proposed seal documents contain confidential and sensitive information of Uncle Nearest and the Additional Entities, which are not yet part of the Receivership or subject to this Court's jurisdiction, and other third parties that have contracted with or engaged in business with Uncle Nearest or the Additional Entities. These documents include agreements subject to confidentiality clauses. Courts hold that one exception to requiring public filings of exhibits is when a third party's privacy rights are implicated. *See, e.g.*, *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983) (recognizing exception to right of public access where certain privacy rights of participants and third parties are implicated); *see also Kentucky v. Marathon Petro. Co. LP*, No. 3:15-CV-354-DJH, 2018 WL 3130945, at *9 (W.D. Ky. June 26, 2018) (granting party's motion to seal where risk of disclosing confidential information of nonparties who contracted with party "weigh[ed] heavily" in the court's decision).

2. The documents also include private financial information of Uncle Nearest and the Additional Entities not yet subject to the Court's jurisdiction. Courts in the Sixth Circuit have held that documents may be sealed where sensitive financial information is present. *See, e.g.*, *Fuchs v. SpecialtyCare, Inc.*, No. 3:23-CV-00892, 2025 WL 2607823, at *4 (M.D. Tenn. Sept. 9, 2025) ("Sealing documents that contain confidential business information is proper.") (citing *Good L. Corp. v. Fasteners for Retail, Inc.*, No. 3:18-CV-00489, 2020 WL 6948360, at *4-5 (M.D. Tenn. June 15, 2020) (finding document containing "specific financial information," "market strategy," "profit and loss statements," and "sensitive financial information of a third party" presented

---

[3] To date, despite request, FCMA has not received an executed copy of this agreement.

"compelling reasons" to seal document or portions thereof)); *see also Vetel Diagnostics, Inc. v. Bossardet*, No. 11-14575, 2012 U.S. Dist. LEXIS 147234, at *5-6 (E.D. Mich. Oct. 12, 2012) (allowing defendant to file under seal exhibits of plaintiff's financial profit and loss statements where disclosure of such would create "substantial risk of financial harm" to plaintiff).

3. Accordingly, the Court should enter an order permitting each of the documents above to be filed under seal.

4. With respect to service of the Complaint, FCMA and Defendants' counsel, Adams and Reese, LLP, previously agreed that service of the summons and complaint were abated by counsel's receipt of the same and participation in the Receivership Motion proceedings.

Respectfully submitted,

*/s/ Erika R. Barnes*
Erika R. Barnes (TN Bar No. 028628)
STITES & HARBISON PLLC
401 Commerce St., Suite 800
Nashville, TN 37219
Telephone: (615) 782-2252
Email: ebarnes@stites.com

- and-

Demetra Liggins (admitted *pro hac vice*)
Dairanetta S. Spain (TN Bar No. 039981)
MCGUIREWOODS LLP
Texas Tower
845 Texas Ave., Suite 2400
Houston, TX 77002
Telephone: (713) 353-6661
Email: dliggins@mcguirewoods.com
       dspain@mcguirewoods.com

M. Alexandra Shipley (admitted *pro hac vice*)
MCGUIREWOODS LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
Telephone: (312) 849-8253
Email: ashipley@mcguirewoods.com

K. Elizabeth Sieg (admitted *pro hac vice*)
MCGUIREWOODS LLP
800 East Canal St.
Richmond, VA 23219
Telephone: (804) 775-1137
Email: bsieg@mcguirewoods.com

*Attorneys for Farm Credit Mid-America, PCA*

CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing *Response to Court's Order and Motion for Leave to File Documents Under Seal* has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure via the Court's CM/ECF system on this the 22nd day of October, 2025.

                                      */s/Erika R. Barnes*
                                      Erika R. Barnes