UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| FARM CREDIT MID-AMERICA, PCA, | )<br>)<br>) |
| Plaintiff, | )  Case No. 4:25-cv-38<br>) |
| v. | )  Judge Atchley<br>) |
| UNCLE NEAREST, INC., et al., | )  Magistrate Judge Steger<br>) |
| Defendants. | )<br>)<br>) |

**NON-DEFENDANT'S REQUEST FOR A HEARING RELATING TO RECEIVER'S MOTION TO CLARIFY AND STATEMENT FILED BY FARM CREDIT MID-AMERICA, PCA**

Shelbyville Barrel House BBQ, LLC, Humble Baron, Inc., Grant Sidney, Inc., Uncle Nearest Spurs VI, LLC, Quill and Cask Owner, LLC, Nashwood, Inc., Classic Hops, Inc., Shelbyville Grand, LLC, Weaver Interwoven Family Foundation, and 4 Front Street LLC (collectively, the "Non-Defendants"), by and through their undersigned counsel, hereby request that the Court schedule a hearing relating to the *Motion for Clarification of Receivership Order* (the "Motion to Clarify") and the *Statement of Farm Credit Mid-America, PCA in Support of Motion for Clarification of Receivership Order* (the "Statement"). In support of this Request, the Non-Defendants assert and allege as follows:

1. On September 12, 2025, the Receiver filed the Motion to Clarify,[1] seeking clarification as to whether the Non-Defendants are "Assets" as defined in the Receivership Order over which the Receiver had control. The Receiver noted that the Non-Defendants "appear to be

---
[1] Dkt. No. 41.

1

somewhat related to Uncle Nearest, Inc."[2]  However, the Receiver expressly made "no representation about whether these entities should be included within the scope of this receivership."[3]

2. On September 25, 2025, Farm Credit Mid-America, PCA ("Farm Credit") the Statement.[4]  In the Statement, Farm Credit argued that all of the Non-Defendants were assets of the receivership.  As sole support for its assertion, Farm Credit identified several discrete transactions between the Non-Defendants and the Defendants with no actual evidence that any of the identified transactions was in any way fraudulent or improper.

3. On September 30, 2025, the Court entered an Order (the "September 30 Order")[5] requiring the Receiver to provide notice of his Motion, the September 30 Order, and the Receivership Order on all of the Non-Defendants by no later than October 14, 2025.  The Order further required that the Non-Defendants respond to the Motion to Clarify by October 21, 2024.  Finally, the September 30 Order provided that "Plaintiff **SHALL** file all materials in its possession that it believes support expanding the receivership with the Court.  Plaintiff **SHALL** comply with the Court's Memorandum and Order Regarding Sealing Confidential Information [Doc. 9] when filing any materials it believes to be confidential."[6]  While the Court did not provide a time frame for compliance by Farm Credit, the appropriate implication was that the materials were to be filed immediately so that the Non-Defendants would have the ability to respond to those documents in the Responses.

---

[2] Id. at 2.
[3] Id. at 3.
[4] Dkt. No. 44.
[5] Dkt. No. 45.
[6] *Id.* at 3 (emphasis in original).

4. On October 20, 2025, the day before the deadline imposed upon the Non-Defendants to respond to the Motion to Clarify, the Receiver circulated to counsel for the Non-Defendants and to Farm Credit the RECEIVER'S MOTION TO CLARITY [SIC] ADDING CERTAIN ENTITIES TO RECEIVERSHIP – INPUT MEMO (the "Memo"), which was apparently prepared after the filing of the Motion to Clarify, Farm Credit's Statement, and the entry of the September 30 Order. The Memo identifies a small number of intercompany transactions, i.e., between the Non-Defendants and the Defendants, found by the Receiver without any conclusion that the transactions were improper. In most cases, the Memo simply indicates that information from the Non-Defendants is needed regarding the transactions, without indicating that any request to the Non-Defendants or the Weavers for such information has ever been made. Had the Receiver asked for information or documentation from the Non-Defendants, it would have been provided. The Receiver expressly advised counsel for the Non-Defendants that he had created the Memo in case the parties or the court asked what his position was, that it was not meant to be comprehensive, and that he did not intend to file it.

5. As of October 21, 2025, three weeks after the entry of the September 30 Order, Farm Credit had not filed any materials responsive to the requirements of the Order.

6. On October 21, 2025, which was the deadline for their responses per the September 30 Order, each of the ten Non-Defendants timely filed comprehensive responses addressing the matters alleged by Farm Credit in its Statement, as well as allegations in the Receiver's Motion to Clarify. The Non-Defendants did not address specifically the allegations in the Memo because (1) they were provided the Memo only the day before their Responses were due and (2) the Receiver represented that the Memo was not intended to be filed.

7. On October 22, 2025, the day after the Non-Defendants had each filed their respective Responses, Farm Credit filed its Response to Court's Order and Motion for Leave to File Documents Under Seal[7] (the "Farm Credit Response") and the four proposed sealed documents referenced therein, including the Memo.[8]

8. While the Non-Defendants believe that the documents filed by Farm Credit, including the Memo, do not provide any probative evidence that any of these Non-Defendants were "mere instrumentalities" or "alter egos" of the Defendants, the apparent strategy of Farm Credit to wait on its compliance with the September 30 Order until after the Non-Defendants filed their Responses as an apparent litigation tactic, at a minimum, violated the spirit of the Court's September 30 Order.

9. It is noteworthy that Farm Credit did not possess the Memo at the time that it filed its Statement so that Memo could not have served as a basis for its allegations in the Statement.

10. The Non-Defendants assert that this Court should deny the effort to expand the receivership to include these Non-Defendants on its face because, even considering the additional documents filed by Farm Credit, there is insufficient evidence to make any finding that any of the Non-Defendants are alter egos of the Defendants or are otherwise "Assets" as defined in the Receivership Order as per the arguments set forth in the *Response of Humble Baron, LLC to Motion for Clarification of Receivership Order and Statement of Farm Credit*[9] and the individual responses of the other nine Non-Defendants. Farm Credit has failed to meet its burden of proof, and the Receiver has taken no position other than to request clarification from the Court. Accordingly, the Non-Defendants respectfully request that the Court, based on the pleadings and

---

[7] Dkt. No. 62
[8] Dkt Nos. 63, 64, 65 and 66
[9] Dkt. No. 51

filings presently before it, decline to expand the receivership to include the Non-Defendants. However, should the Court determine that additional clarification or testimony would assist in confirming that Farm Credit has not met its burden, the Non-Defendants request that the Court set this matter for a hearing.

WHEREFORE, the Non-Defendants respectfully request that the Court deny Farm Credit's effort to expand the Receivership based on the pleadings and record already before it, or, only if the Court deems further proceedings necessary, schedule this matter for a hearing, and grant such other and further relief as is just and appropriate.

Respectfully submitted,

**MANIER & HEROD, P.C.**

/s/ Michael E. Collins
Michael E. Collins     (TN Bar No. 16036)
S. Marc Buchman        (TN Bar No. 41598)
1201 Demonbreun Street, Suite 900
Nashville, TN 37203
Telephone: 615-244-0030
mcollins@manierherod.com
mbuchman@manierherod.com

*Counsel for the Non-Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2025, the foregoing document was served on all parties registered to receive electronic notice via the Court's CM/ECF system.

*/s/ Michael E. Collins*
Michael E. Collins