UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | | |
|---|---|---|
| FARM CREDIT MID-AMERICA, PCA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:25-cv-38 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| UNCLE NEAREST, INC., *et al.,* | ) | Magistrate Judge Steger |
| | ) | |
| Defendants. | ) | |

## RECEIVER'S REPLY TO HUMBLE BARON, INC. AND OTHER RELATED ENTITIES' RESPONSE TO MOTION FOR CLARIFICATION

Comes now Phillip G. Young, Jr. (the "Receiver"), the court-appointed receiver in this matter, by and through counsel, and provides the following reply to the collective responses (collectively, the "Responses")[1] filed by Humble Baron, Inc., Shelbyville Barrel House BBQ, LLC, Grant Sidney, Inc., Uncle Nearest Spurs VI, LLC, Quill and Cask Owner, LLC, Nashwood, Inc., Classic Hops Brewing Co., Uncle Shelbyville Grand, LLC, Weaver Interwoven Family Foundation, and 4 Front Street LLC (collectively, the "Respondents") to the Receiver's Motion for Clarification of Receivership Order ("Motion to Clarify")[2]. In support of his Reply, the Receiver asserts and alleges as follows:

On August 22, 2025, Mr. Young was appointed and charged by this Court to serve as receiver of the Defendant entities. The Order Appointing Receiver[3] (the "Receivership Order") outlined the responsibilities and roles assigned to the Receiver and defined the assets assigned to the receivership (the "Receivership Assets"). In the furtherance of his responsibilities as Receiver, Mr. Young determined that there were several other entities that may or may not fall within the scope of the Receivership Order's determination as to what qualifies as "Subject Entities", and whose assets may or may not qualify as "Receivership Assets", based on their relationship with the Defendant entities.

---
[1] Dkts. 51-60
[2] Dkt. 41.
[3] Dkt. 39.

As an appointed officer of this Court, the Receiver determined that it was his responsibility to alert the Court to these entities, allow the Court to interpret its own Receivership Order, and determine what is or is not a Receivership Asset. In furtherance of that responsibility, the Receiver filed his Motion to Clarify with this Court. The Receiver has been transparent with all parties, including the Respondents and their counsel, as to his rationale for the Motion to Clarify. Indeed, the Motion to Clarify specifically states:

> The Receiver makes no representation about whether these entities should be included within the scope of this receivership. Rather, the Receiver files this Motion for Clarification to seek the Court's determination as to whether it intended the entities listed above to fall within the scope of the Receivership Assets under the Order. The Receiver endeavors to fully and completely carry out the wishes and instructions of this Court. [4]

Even with this explanation in the Motion to Clarify and the Receiver's own transparency in conversations with counsel for the Respondents regarding his motivations, the Respondents continue to allege in their Responses that:

- "[A]pparently at the behest of Farm Credit, the Receiver filed his *Motion for Clarification of Receivership Order*;"[5]

- "The Receiver, however, provided no specific evidence to support expanding the receivership to include the Non-Defendant (the Respondents) and expressly took no position as to whether any of the Non-Defendants should be placed under control of the Receiver;"[6] and

- "[T]he Receiver's reticence to take a position as to whether the Non-Defendants are properly included in this Receivership is the first sign that there really is no factual or legal basis to include these Non-Defendants in the Receivership."

Finally, the Respondents essentially allege that the Receiver is simply in place to do the bidding and

---

[4] Motion to Clarify, Dtk. 41, pgs. 3-4.
[5] Humble Baron, Inc. Response, Dtk. 51, Para. 11
[6] *Id.*

take instruction from Farm Credit, stating, "it is clear that this is really Farm Credit's motion to expand the receivership…"[7]

While the Receiver is unsure how he can be any clearer than he was in the Motion to Clarify, he restates his position regarding the Motion to Clarify herein to alleviate any confusion on the part of the Respondents. The Receiver took no position on the entities outlined in the Motion to Clarify, and will again take no position on that issue here. The Receiver is charged with managing the assets of the entities outlined by this Court. The Court is the appropriate determiner of what is/is not a part of this Receivership. It would be inappropriate for the Receiver to argue for the extension of his duties unless the Receiver felt like he was unable to carry out his duties absent an expansion of his duties; that is not the case here. The Receiver will leave all argument and advocacy about the scope of this receivership to Farm Credit and the Respondents. Hopefully, this restatement of his position will further illustrate to the parties the Receiver is here to follow the direction provided to him by this Court, and not to do the bidding of any other party.

Respectfully Submitted,

/s Justin T. Campbell
Justin T. Campbell, Tn Bar No. 031056
Thompson Burton PLLC
1801 West End Avenue, Suite 1550
Nashville, Tennessee 37203
Voice: (615) 465-6015
Fax:    (615) 807-3048
Email: justin@thompsonburton.com

*Counsel for Receiver*

---

[7] *Id.* At 2.

## CERTIFICATE OF SERVICE

      I hereby certify that on the date noted below, a true and correct copy of the foregoing listed below was filed and served via the Court's CM/ECF system upon all parties requesting service in the above-listed case.

Dated: October 27, 2025.

                                            /s/ Justin T. Campbell
                                            Justin T. Campbell