UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| FARM CREDIT MID-AMERICA, PCA, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:25-cv-38 |
| ) | |
| v. ) | Judge Atchley |
| ) | |
| UNCLE NEAREST, INC., *et al.*, ) | Magistrate Judge Steger |
| ) | |
| Defendants. ) | |

**AGREED ORDER STAYING PROCEEDINGS RELATED TO
RECEIVER'S MOTION FOR CLARIFICATION AND
ESTABLISHING SCHEDULE REGARDING FURTHER PROCEEDINGS**

Based upon the agreement and stipulations between Phillip G. Young, Jr., the court-appointed receiver in this matter (the "Receiver"), Farm Credit Mid-America, PCA ("FCMA"), and Humble Baron, Inc., Shelbyville Barrel House BBQ, LLC, Grant Sidney , Inc., Uncle Nearest Spurs VI, LLC, Quill and Cask Owner, LLC, Nashwood, Inc., Classic Hops Brewing Co., Shelbyville Grand, LLC, Weaver Interwoven Family Foundation, and 4 Front Street LLC (collectively, the "Respondents"), as indicated by the signatures of counsel below and the entire record herein, the Court finds and orders (the "Agreed Order") as follows:

1. All proceedings related to the Receiver's Motion for Clarification of Receivership Order[1] (the "Motion to Clarify") are hereby stayed until further notice, pursuant to the terms outlined in this Agreed Order.

2. For clarity of the record, the Receiver acknowledges that none of the bank statements or other financial documents referenced in this Agreed Order had been previously requested from the Respondents, including prior to the filing of the Respondents'

---

[1] Dkt. 41.

Motion for a Hearing. Nothing in this order shall be construed to imply that any party is not or has not been cooperative with the Receiver.

3. Within seven (7) days of the entry of this Agreed Order, each of the Respondents shall provide to the Receiver two (2) years of bank statements, to the extent that they maintained bank accounts, including check copies, deposit slips, and wire requests (to the extent included with the bank statements or otherwise readily available).

4. Following the receipt of the bank statements by the Receiver, the Receiver shall have fourteen (14) days to review all provided statements.

5. If the Receiver determines, in his sole discretion, that additional statements or other documents, including check copies, deposit slips, and wire requests, are needed following his initial review, the Receiver may request up to an additional three (3) years of bank statements and such other related documents for any one or all of the Respondent entities. Respondents shall have ten (10) days from the date of the request to provide such further documents to the Receiver or any explanation if those documents are not available.

6. The Receiver shall have fourteen (14) days from receipt of any additional statements and documents to review the provided records.

7. Following his review of the bank records, the Receiver shall provide any additional questions, evidence and/or argument regarding the Motion to Clarify to the Respondents, who shall have seven (7) days to provide responses or clarification to the Receiver's questions, evidence and/or argument.

8. Following the review of bank records, and opportunity of Respondents to provide clarification (if necessary), the Receiver shall file a notice with this Court requesting a

hearing on the Motion to Clarify or, alternatively, providing notice that no further hearing is needed on the Motion to Clarify and he is withdrawing the Motion to Clarify.

9. If a hearing on the Motion to Clarify is requested, the parties shall submit all supplemental briefs and memorandum no less than five (5) days prior to date set for such hearing, and all parties shall submit a witness and exhibit list no less than three (3) days prior to the hearing date.

10. All parties reserve all rights associated with their respective filings and positions on the Motion to Clarify.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Agreed Order, without limitation, the authority to interpret, implement and enforce the terms and provisions of this Agreed Order.

**IT IS SO ORDERED.**

_____
CHARLES E. ATCHLEY, JR.
UNITED STATES DISTRICT JUDGE

AGREED TO AND
APPROVED FOR ENTRY:

/s/ Justin T. Campbell
Justin T. Campbell (031056)
Thompson Burton PLLC
1801 West End Avenue, Suite 1550
Nashville, TN 37203
Tel:   615.465.6000
Email: justin@thompsonburton.com

*Counsel for Receiver*

/s/ Erika R. Barnes
Erika R. Barnes (TN Bar No. 028628)
STITES & HARBISON PLLC
401 Commerce St., Suite 800
Nashville, TN 37219
Tel:    615.782.2252
Email: ebarnes@stites.com

-and-

Demetra Liggins (admitted *pro hace vice*)
Dairanetta S. Spain (TN Bar No. 039981)
MCGUIREWOODS LLP
Texas Tower
845 Texas Ave., Suite 2400
Houston, TX 77002
Tel:    713.353.6661
Email: dliggins@mcguirewoods.com
        dspain@mcguirewoods.com

M. Alexandra Shipley (admitted *pro hace vice*)
MCGUIREWOODS LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
Tel:    312.849.8253
Email: ashipley@mcguirewoods.com

K. Elizabeth Sieg (admitted *pro hace vice*)
MCGUIREWOODS LLP
800 East Canal St.
Richmond, VA 23219
Tel:    804.775.1137
Email: bsieg@mcguirewoods.com

*Attorneys for Farm Credit Mid-America, PCA*

/s/ Michael E. Collins
Michael E. Collins    (TN Bar No. 16036)
S. Marc Buchman      (TN Bar No. 41598)
Manier & Herod, P.C.
1201 Demonbreun Street, Suite 900
Nashville, TN 37203
Tel:    615.244.0030
Email: mcollins@manierherod.com
        mbuchman@manierherod.com
*Counsel for Respondents*