# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| FARM CREDIT MID-AMERICA, PCA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| UNCLE NEAREST, INC., NEAREST GREEN ) | Case No. 4:25-cv-38 |
| DISTILLERY, INC., UNCLE NEAREST ) | |
| REAL ESTATE HOLDINGS, LLC, FAWN ) | Judge Atchley |
| WEAVER and KEITH WEAVER, ) | |
| ) | Magistrate Judge Steger |
| Defendants. ) | |
| ) | |

## RESPONSE OF FARM CREDIT MID-AMERICA, PCA
## TO EMERGENCY MOTION FOR LIMITED RELIEF FROM THE RECEIVERSHIP
## STAY TO FILE RESPONSIVE PLEADINGS AND PROCEED TO JUDGMENT
[Relates to Dkt. No. 80]

Farm Credit Mid-America, PCA ("FCMA" or the "Lender")[1] submits this response to the *Emergency Motion for Limited Relief from the Receivership Stay to File Responsive Pleadings and Proceed to Judgment* (the "Emergency Motion")[2] filed by Fawn Weaver, Keith Weaver (collectively with Fawn Weaver, the "Weavers"), and Grant Sidney, Inc. ("Grant Sidney" and collectively with the Weavers, the "Movants").

## RESPONSE

FCMA believes the Emergency Motion and any hearing with respect thereto are unnecessary. The Movants did not contact FCMA regarding the requests in the Emergency Motion before its filing and FCMA has not opposed permitting the Movants to file responsive pleadings

---

[1] Each capitalized term used but not defined herein shall have the meaning ascribed in the *Order Appointing Receiver* [Dkt. No. 39] (the "Receivership Order"), the *Emergency Motion for the Immediate Appointment of Receiver* [Dkt. No. 3] (the "Receivership Motion"), or the *Statement of Farm Credit Mid-America, PCA in Support of Motion for Clarification of Receivership Order* [Dkt. No. 44] (the "FCMA Statement in Support").
[2] Dkt. No. 80.

to the Complaint, but defers to the Receiver as to the continued need for the Court's stay and the appropriate timing for litigation in this proceeding.[3] To the extent this Court finds establishing an answer deadline is appropriate at any time, FCMA requests that the deadlines for filing such pleadings and other litigation milestones be the same for the Movants and Uncle Nearest. Otherwise, the Receiver (on behalf of Uncle Nearest), the Movants, and FCMA would be forced to work on multiple litigation tracks, needlessly draining further time and resources of all parties.

**A. The parties agreed to defer the answer date to a date as yet to be determined by the parties.**

1. In August, shortly after the hearing on the Receivership Motion, FCMA informally agreed to extend the Defendants' answer date to the Complaint in exchange for the Defendants' waiver of service of the summons and the Complaint. This agreement was memorialized in writing in the *Joint Stipulation Waiving Service of Summons* (the "<u>Stipulation</u>"),[4] executed by the Weavers' and other Defendants' immediately prior counsel (Adams and Reese LLP) and FCMA's counsel. The Stipulation provides that "[t]he deadline for the Defendants to answer the Complaint will be a date determined by the Parties by mutual agreement in writing and without further order of this Court."[5] FCMA has never asserted the Weavers or the other Defendants cannot file responsive pleadings in this case.[6]

---

[3] FCMA agrees with the four points raised in the Receiver's response to the Emergency Motion explaining how unnecessary litigation would negatively impact the Receivership Estate. Dkt. No. 83.
[4] Dkt. No. 70
[5] Dkt. No. 70 ¶ 3.
[6] FCMA does not believe that Uncle Nearest holds any valid counterclaims against FCMA. FCMA reserves all rights and defenses with respect to any potential counterclaims.

2

**B. Movants' counsel did not confer with FCMA's counsel regarding filing responsive pleadings, but FCMA remains willing to confer with the Receiver and the Movants.**

2. The Court granted the Weaver's *Motion to Substitute Attorney* on October 23, 2025, officially instating Michael Collins as the Weavers' current counsel.[7] To date, over a month later, the Weavers' current counsel has not contacted FCMA to discuss the case, including setting an answer date. FCMA has no issue—subject to the Receiver's opinion on the matter—with the Weavers filing a responsive pleading (or Grant Sidney filing another pleading to the extent permissible) and would have promptly conveyed that position to Defendants upon inquiry.

3. As reflected by the Stipulation, FCMA and its counsel have been, and remain, committed to cooperating in a professional manner with all parties and their advisors. FCMA does not believe any hearing on this issue is necessary. Over the course of the workout of the lending relationship with Uncle Nearest, FCMA and its counsel have consistently worked to have an open and cooperative dialogue with Uncle Nearest and the Weavers through four changes of counsel and two financial advisors.[8] Counsel for FCMA, the Receiver, and the Movants could have (and still can) reach a resolution regarding responsive pleadings that is agreeable to all parties and that is the least disruptive to the Receiver's exercise of his duties to Uncle Nearest and its stakeholders. The same professional, direct communication remains available, and an emergency hearing will result in unnecessary time and expense for all, especially for the Receiver and Uncle Nearest.

---

[7] Dkt. No. 71. Mr. Collins has also entered a purported appearance for Defendants Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC. Dkt. No. 84. This appears to be in violation of the Court's Receivership Order exclusively vesting the Receiver with control of these defendants. Dkt. No. 39, ¶¶ 9, 10g.
[8] In the Emergency Motion, the Movants assert that their prior counsel at the time the Receivership was filed could not clear conflicts due to work for FCMA or FCMA-related entities, and that other potential counsel was similarly conflicted. Dkt. No. 80 ¶ 4. To FCMA's knowledge, only one law firm engaged by Uncle Nearest requested a conflict waiver from FCMA, which FCMA quickly granted. Otherwise, FCMA has never received any conflict waiver requests relating to Uncle Nearest or the Weavers. FCMA has engaged only one law firm identified by Uncle Nearest or the Weavers as their counsel for regulatory advisory services, which concluded in 2015.

**C.  If the Movants are permitted to file responsive pleadings, the Movants, the remaining Defendants, and other parties in interest should have the same responsive pleading deadline.**

4. FCMA remains willing to work with the Movants and the Receiver (on behalf of Uncle Nearest) to agree on a deadline for the Movants' and Uncle Nearest's responsive pleadings and other litigation matters and believes that the Receiver is best suited to know when that would be appropriate.  However, to the extent the Court sets such deadlines, FCMA requests that the responsive pleading filing deadline (and all other dates) should be uniform across the Movants, Uncle Nearest, and any other parties-in-interest.

**D.  FCMA defers to the Receiver's judgment with respect to the Receivership Assets, including any potential transaction process**.

5. This Court found that appointment of the Receiver was "in the best interests of the receivership estate and its stakeholders" and, among other things, charged him with all the powers of officers and directors of Uncle Nearest and the Subject Entities.[9]  The Receiver and his team have spent three months analyzing the Receivership Assets and the next steps needed to address the claims of Uncle Nearest's creditors.[10]  As such, FCMA understands that the Receiver and his professionals are best suited to determine the optimal path forward for Uncle Nearest and all stakeholders.

## CONCLUSION

For the reasons stated above, FCMA believes a hearing regarding filing responsive pleadings is unnecessary and requests that this Court permit the Movants, the Receiver (on behalf Uncle Nearest) and FCMA to confer and determine an appropriate deadline for the Movants and

---

[9] Dkt. No. 39 ¶ 1.

[10] Uncle Nearest's significant obligation to FCMA remains outstanding and increases every day.  Additionally, FCMA continues to inject funds into the Receivership to provide the Receiver with working capital. Dkt. No. 83, at 2.  Despite Movants' assertion that their need to assert counterclaims (described by the Receiver in his response to the Emergency Motion as "dubious") constitutes an emergency, FCMA believes that the Receivership Estate's most-urgent need is the continued stabilization of operations and the prompt resolution of creditor claims.

the Uncle Nearest to file responsive pleadings. To the extent the Court sets the deadline to file responsive pleadings, FCMA requests that the deadline be the same for all of the Movants and Uncle Nearest.

## RESERVATION OF RIGHTS

Further, FCMA reserves its rights with respect to (1) any and all claims or defenses in connection with the validity of FCMA's debt or other substantive assertions made in the Emergency Motion,[11] (2) responding to any counterclaims or other claims made by the Movants or Uncle Nearest, and (3) amending the Complaint, if necessary.

Respectfully submitted,

 */s/ Erika R. Barnes*
Erika R. Barnes (TN Bar No. 028628)
STITES & HARBISON PLLC
401 Commerce St., Suite 800
Nashville, TN 37219
Telephone: (615) 782-2252
Email: ebarnes@stites.com

   - and-

Demetra Liggins (admitted *pro hac vice*)
Dairanetta S. Spain (TN Bar No. 039981)
McGUIREWOODS LLP
Texas Tower
845 Texas Ave., Suite 2400

---

[11] With respect to the Movants' statements regarding the validity of FCMA's debt, there has been no dispute FCMA's claim is valid. At the hearing on the Receivership Motion, Mr. Weaver acknowledged (i) that nearly $110 million in loans made by FCMA to Uncle Nearest were due and owing as of that day and (ii) that Uncle Nearest was in default under its loan agreements with FCMA. Dkt. No. 30 at 73-74.

Further, the assertion that Defendants had no advance notice of FCMA's filing of the Complaint or seeking a receiver is simply not true. FCMA communicated many times prior to the filing of the Complaint that, if the Defendants could not comply with the Forbearance Agreement or otherwise give requested information, it may seek appointment of a receiver. FCMA has continued to reserve its rights throughout this process and, as reflected in Exhibit 19 to the Complaint, as early as November 5, 2024, FCMA asserted in writing it may "[seek] appointment of a receiver to protect the Lender's interest in the Collateral."

5

Houston, TX  77002
Telephone: (713) 353-6661
Email:  dliggins@mcguirewoods.com
         dspain@mcguirewoods.com

M. Alexandra Shipley (admitted *pro hac vice*)
McGUIREWOODS LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
Telephone: (312) 849-8253
Email:  ashipley@mcguirewoods.com

K. Elizabeth Sieg (admitted *pro hac vice*)
McGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
Email: bsieg@mcguirewoods.com

*Attorneys for Farm Credit Mid-America, PCA*

Dated: December 2, 2025

6

## CERTIFICATE OF SERVICE

I certify that on December 2, 2025, a true and correct copy of the foregoing was served on all parties entitled to service via this Court's ECF/CMF system, via U.S. Mail and electronic mail (where available) upon the following:

Michael E. Collins
S. Marc Buchman
Manier & Herod, P.C.
1201 Demonbreun Street, Suite 900
Nashville, TN 37203
mcollins@manierherod.com
mbuchman@manierherod.com

Uncle Nearest, Inc.
600 N. Main St.
Shelbyville, TN 38106

Nearest Green Distillery, Inc.
600 N. Main St.
Shelbyville, TN 38106

Uncle Nearest Real Estate Holdings, LLC
3125 Highway 231 N.
Shelbyville, TN 37160

Phillip G. Young, Jr.
Justin T. Campbell
Thompson Burton PLLC
1801 West End Avenue, Suite 1550
Nashville, TN 37203
phillip@thompsonburton.com
Justin@thompsonburton.com

Lucas A. Davidson, Esq.
Oren Bitan
Tennessee Distilling Group, LLC
1 Music Circle South, Suite 300
Nashville, TN 37203
ldavidson@buchalter.com
obitan@buchalter.com

*/s/ Erika R. Barnes*
Erika R. Barnes