UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **FARM CREDIT MID-AMERICA, PCA,** | ) |
| Plaintiff, | ) Case No. 4:25-cv-38 |
| v. | ) Judge Atchley |
| **UNCLE NEAREST, INC., et al.,** | ) Magistrate Judge Steger |
| Defendants. | ) |

**DIRECTORS' RESPONSE TO
RECEIVER'S MOTION TO STRIKE DIRECTORS' RESPONSE**

The majority directors[1] (the "Directors") of Defendant Uncle Nearest, Inc., which is sole owner of Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC (collectively, the "Uncle Nearest Defendants"), by and through their undersigned counsel, respectfully submits this *Response to the Receiver's Motion to Strike Directors' Response*[2] (the "Motion to Strike"). In support of this Response, the Directors state as follows:

1. On November 24, 2025, Grant Sidney, Inc., Fawn Weaver and Keith Weaver, in their individual capacities, collectively filed the *Emergency Motion for Limited Relief from the*

---

[1] The majority directors consist of Fawn Weaver and Keith Weaver, who are two of the three board members of Uncle Nearest, Inc. As further explained below, the Directors file this Response only on their own behalf as a result of the Receiver's position that only he, and not the Board, can take a position on behalf of or represent the Uncle Nearest Entities. The Receivership Order provides that "[t]he Receiver is authorized, empowered, and directed to direct and cause Uncle Nearest and the Subject Entities, and each of their . . . directors . . . to continue to manage all of the ordinary course operations of Uncle Nearest and the Subject Entities." Dkt. 39 at p. 5. Thus, while the Directors' authority to act on behalf of the Uncle Nearest, Inc. is subject to the Receiver's discretion, the Receivership Order contemplates that the Board remains intact and, accordingly, the Directors file this Response on their own behalf only. If the Board were authorized to direct the actions of the Uncle Nearest Defendants, this Response would be the position of the Uncle Nearest Defendants.

[2] Dkt. 87.

*Receivership Stay to File Responsive Pleadings and Proceed to Judgment*[3] (the "Emergency Motion").

2. On November 25, 2025, the Court entered its *Order* (the "November 25 Order"),[4] which required responses directly from Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC, but expressly did not require a response from the Receiver, as follows:

> To facilitate the prompt resolution of this Motion, Plaintiff Farm Credit Mid-America, PCA and Defendants Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC are hereby ORDERED to respond to the Motion [Doc. 80] on or before December 2, 2025. See E.D. Tenn. L.R. 7.1(a) (noting the Court may set aside the ordinary briefing schedule). The Receiver may also file a response by this date, but he is not required to do so. Replies are neither necessary nor permitted.

The clear import from the Order was the Court's recognition that the Uncle Nearest Defendants respond through their Board of Directors.

3. On December 2, 2025, Fawn and Keith Weaver, solely in their capacity as the majority Directors of Uncle Nearest, Inc., filed their *Directors' Response in Support of Emergency Motion for Limited Relief from the Receivership Stay to File Responsive Pleadings and Proceed to Judgment* (the "Directors' Response").[5] As noted in that pleading, the Directors' Response was filed on behalf of the Directors, rather than on behalf of Uncle Nearest, Inc., as a result of an email sent from the Receiver to counsel for the Defendants indicating that only he was authorized to represent the Uncle Nearest Defendants. Since it is clear from the November 25 Order that the Court was interested in understanding the position of the Company, separate and apart from the

---

[3] Dkt. 80.
[4] Dkt. 81.
[5] Dkt 86.

Receiver, and in an effort to be deferential to the Receiver's position, the Directors' Response was filed only with respect to the identified Directors and was filed solely in their role as Directors.

4. The Directors' Response, which was filed in accordance with the Court's filing deadline, did address the positions taken by the Receiver in the Receiver's Response because he filed that pleading several days before the filing was due. The Court admonition that replies were neither necessary nor permitted was clearly directed to filings made after the initial responses. Indeed, the Receiver's Response replied to the assertions of the Movants in the original motion, so if the Court follows the Receiver's rationale, the Receiver's Response should then also be stricken as a reply. The simple fact that the Director's Response addresses the arguments made previously by the Receiver does not convert the timely filed Response into a prohibited reply.

WHEREFORE, the Directors of Uncle Nearest, Inc. hereby request that the Court deny the Receiver's Motion to Strike and grant such other relief as is appropriate.

Respectfully submitted,

**MANIER & HEROD, P.C.**

*/s/ Michael E. Collins*
Michael E. Collins (TN BPR No. 16036)
S. Marc Buchman (TN BPR No. 41598)
1201 Demonbreun Street, Suite 900
Nashville, Tennessee 37203
T: (615) 244-0030
F: (629) 500-1137
mcollins@manierherod.com
mbuchman@manierherod.com

*Counsel for Directors*

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2025, a copy of the foregoing was served via this Court's CM/ECF system on all parties consenting to receive electronic service.

                                                                  */s/ Michael E. Collins*
                                                                  Michael E. Collins