UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| FARM CREDIT MID-AMERICA, PCA, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 4:25-cv-38 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| UNCLE NEAREST, INC., *et al.*, | ) | Magistrate Judge Steger |
| | ) | |
| *Defendants*. | ) | |

## ORDER

Before the Court is Phillip G. Young, Jr.'s ("Receiver") Motion to Strike [Doc. 87] requesting the Court strike the "Directors' Response in Support of Emergency Motion for Limited Relief from the Receivership Stay to File Responsive Pleadings and Proceed to Judgment" [Doc. 86] ("Directors' Response"). For the following reasons, the Motion to Strike [Doc. 87] is **GRANTED**. The Court will **DIRECT** the Clerk to strike the Directors' Response [Doc. 86] from the record. The Court will further **DIRECT** the Clerk to strike Mainer & Herod, P.C.'s Notice of Appearance on behalf of Defendants Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC [Doc. 84] for the reasons stated herein.

### I. BACKGROUND

This is a breach of contract action involving a receivership. Relevant to the Motion to Strike, Defendant Fawn Weaver, Defendant Keith Weaver, and Non-Party Grant Sidney, Inc., filed an Emergency Motion for Limited Relief from the Receivership Stay to File Responsive Pleadings and Proceed to Judgment ("Motion to Lift Stay") on November 24, 2025. [Doc. 80]. The next day, the Court ordered expedited briefing on the Motion to Lift Stay. [Doc. 81]. Specifically, the Court ordered Defendants Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real

Estate Holdings, LLC (collectively the "Defendant Companies"), and Plaintiff Farm Credit Mid-America, PCA to respond to the Motion to Lift Stay on or before December 2, 2025. [*Id.*]. The Court further permitted, but did not require, the Receiver to file a separate response by this date. [*Id.*]. Finally, the Court informed the parties that "[r]eplies [were] neither necessary nor permitted." [*Id.*].

The Receiver responded to the Motion to Lift Stay on both his and the Defendant Companies' behalf on November 26, 2025. [Doc. 83]. Despite this and the Receiver's clearly expressed position that only he can represent the Defendant Companies' interests in this litigation, [*see id.* at 1 n.1], the Weavers' counsel, Mainer & Herod, P.C., entered a Notice of Appearance on behalf of the Defendant Companies on December 1, 2025, [Doc. 84]. The Weavers, acting as "the majority directors…of Defendant Uncle Nearest, Inc., which is the sole owner of Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC," retained Mainer & Herod to represent the Defendant Companies after interpreting the Court's statement that the Receiver could respond separately to the Motion to Lift Stay as meaning the Court did not intend to vest the power to represent the Defendant Companies' interests in this litigation in the Receiver. [Doc. 86 at 1 n. 1, 4 ¶ 4]. After Mainer & Herod entered its Notice of Appearance, the Receiver again stated that only he could represent the Defendant Companies' interests in this litigation. [*See id.*].

The following day, December 2, 2025, the Weavers—again acting as the majority directors of Defendant Uncle Nearest, Inc.—filed a "response" to the Motion to Lift Stay (i.e., the Directors' Response). [Doc. 86]. They represented the Directors' Response was filed on their behalf as the majority directors of Defendant Uncle Nearest, Inc., rather than on behalf of the Defendant Companies, based on the Receiver's position that only he could represent the Defendant Companies' interests in this litigation. [*Id.* at 1 n.1, 4 ¶ 4]. They further represented that if

Defendant Uncle Nearest, Inc.'s board of directors was "authorized to direct the actions of the [Defendant Companies]," the Directors' Response would represent the Defendant Companies' position. [*Id.* at 1 n.1]. As for the substance of the Directors' Response, it was a point-by-point reply to the arguments raised by the Receiver in response to the Motion to Lift Stay. [*See* Docs. 83, 86].

The Receiver subsequently moved to strike the Directors' Response, arguing it was nothing more than an impermissible reply. [Doc. 87]. The Weavers, again as majority directors, responded in opposition. [Doc. 88]. The Receiver did not reply to this response, and Farm Credit did not file anything in relation to the Motion to Strike. Accordingly, the Motion to Strike is ripe for review.

## II. LAW AND ANALYSIS

Before addressing the merits of the Motion to Strike, however, the Court finds it prudent to first resolve the issue that seemingly precipitated the Directors' Response: who may represent the Defendant Companies' interests in this litigation. The answer is simple, the Receiver. In the Order Appointing Receiver, the Court vested the Receiver with all the powers of the Defendant Companies' officers, directors, members, and/or managers to take any and all actions on behalf of the Defendant Companies. [Doc. 39 at ¶ 9]. The Court further explicitly authorized the Receiver to pursue any legal claims the Defendant Companies may have as well as defend against any claims currently pending or later initiated against the Defendant Companies. [*Id.* at ¶ 10(g)]. Taken together, these provisions clearly provide that only the Receiver may represent Defendant Companies' interests in litigation, including this case. [*See id.* at ¶¶ 9, 10(g)].

The Weavers read too much into the Court permitting, but not requiring, the Receiver to file a separate response to the Motion to Lift Stay. This was not, as the Weavers claim, a "recognition that the [Defendant Companies] respond through their Board of Directors." [Doc. 88

at ¶ 2]. Rather, it was merely a recognition that the Receiver speaks on behalf of both the Defendant Companies and himself as receiver, and there may be times where a response on behalf of one or the other is all that is necessary. For example, when the Receiver files his quarterly reports, he does so solely on his own behalf as receiver. In contrast, when it comes time for the Defendant Companies to file their answers in this litigation, those answers will be filed on behalf of only the Defendant Companies even though the Receiver will be the one overseeing their defense. Regarding the Motion to Lift Stay, the Court required the Defendant Companies to respond (under the Receiver's direction) because they are the defendants in this action and the entities that will defend against Farm Credit's claims. At the same time, the Court recognized the Receiver might wish to address separate arguments pertaining specifically to the administration of the receivership estate and wanted to provide him an opportunity to raise these arguments in a separate brief if he determined such was appropriate. That is why the Court permitted, but did not require, the Receiver to file a separate response, nothing more, nothing less.[1]

Because only the Receiver may represent the Defendant Companies' interests in this litigation, Mainer & Herod can only represent the Defendant Companies if the Receiver retains the firm for this purpose. [*See* Doc. 39 at ¶¶ 9–10]. As the record demonstrates the Receiver did not retain Mainer & Herod, [*see* Doc. 86 at 1 n.1, 4 ¶ 4], the Court will direct the Clerk to strike Mainer & Herod's Notice of Appearance on behalf of the Defendant Companies [Doc. 84]. *See, e.g.*, *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.");

---

[1] Should the Weavers or any party have questions regarding the Court's intent going forward, the Court encourages them to file a motion for clarification prior to taking any substantive action. This would allow the Court to efficiently resolve any questions as to its intent while mitigating the risk of these proceedings being unnecessarily multiplied.

*Derby v. Pleasant Beach Mobile Home Resort, LLC*, No. 1:25-CV-11324-TGB-PTM, 2025 LX 220347, at *13 (E.D. Mich. July 17, 2025) ("Courts may strike irrelevant, abusive, or otherwise improper materials from the docket."). This resolved, the Court now turns to the Receiver's Motion to Strike.

The Motion to Strike will be granted because the Directors' Response was improperly filed regardless of how it is construed. To the extent the Weavers hoped the Directors' Response would be construed as representing the Defendant Companies' position on the Motion to Lift Stay, [*see* Doc. 86 at 1 n.1], only the Receiver may represent the Defendant Companies' interests in this litigation for the reasons discussed above. To the extent the Directors' Response is construed as being brought on behalf of the Weavers as defendants in this action, it is nothing more than an impermissible reply as noted by the Receiver. [*See* Doc. 87]. And to the extent the Weavers have legal standing to participate in this litigation separately as "the majority directors of Defendant Uncle Nearest, Inc.," the directors of Defendant Uncle Nearest, Inc., whether individually or collectively as the board of directors, are not parties to this litigation.[2] Therefore, they have no more right to file a response to any motion than does, for example, Tennessee Distilling Group, LLC. Accordingly, the Directors' Response is improper regardless of how it is construed and will therefore be stricken. *See, e.g.*, *Dietz*, 579 U.S. at 47; *Derby*, 2025 LX 220347, at *13

### III. CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** the following:

1. The Receiver's Motion to Strike [Doc. 87] is **GRANTED**;

---

[2] For the avoidance of any doubt, the Court is not stating whether the directors of Defendant Uncle Nearest, Inc., either individually or collectively as the board of directors, may participate in this litigation separately from the Defendant Companies. Rather, the Court is stating that to the extent such a right may exist, the directors (or board) would first need to become parties to this litigation before they could respond to motions.

5
Case 4:25-cv-00038-CEA-CHS   Document 89   Filed 12/22/25   Page 5 of 6   PageID #: 2789

2. The Clerk is **DIRECTED** to strike the "Directors' Response in Support of Emergency Motion for Limited Relief from the Receivership Stay to File Responsive Pleadings and Proceed to Judgment" [Doc. 86] from the record;

3. The Clerk is **DIRECTED** to strike Mainer & Herod, P.C.'s Notice of Appearance on behalf of the Defendant Companies [Doc. 84] from the record; and

4. Nothing in this Order shall be construed as limiting the scope of the Receiver's powers and/or obligations as set forth in the Order Appointing Receiver [Doc. 39].

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**