UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| FARM CREDIT MID-AMERICA, PCA, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:25-cv-38 |
| ) | |
| v. ) | Judge Atchley |
| ) | |
| UNCLE NEAREST, INC., *et al.*, ) | Magistrate Judge Steger |
| ) | |
| Defendants. ) | |

## NOTICE OF REQUEST FOR HEARING ON
## MOTION FOR CLARIFICATION OF RECEIVERSHIP ORDER

Comes now Phillip G. Young, Jr. (the "Receiver"), the court-appointed receiver in this matter, by and through counsel, and hereby submits this Notice of Request for Hearing on Motion for Clarification of Receivership Order (the "Notice").

Pursuant to the terms of the Agreed Order Staying Proceedings Related to Receiver's Motion for Clarification and Establishing Schedule Regarding Further Proceedings (Doc. 79) (the "Agreed Order"), Humble Baron, Inc., Shelbyville Barrel House BBQ, LLC, Grant Sidney, Inc., Uncle Nearest Spurs VI, LLC, Quill and Cask Owner, LLC, Nashwood, Inc., Classic Hops Brewing Co., Shelbyville Grand, LLC, Weaver Interwoven Family Foundation, and 4 Front Street, LLC (the "Related Entities") were to provide all documents and statements requested by the Receiver. While the documents were not all provided within the timeline established by the Agreed Order, most of the requested documents were ultimately provided to the Receiver by December 1, 2025.[1] The Agreed Order provides that, if the Receiver has additional questions following a fourteen-day review window, he could address those questions to the Related Entities. The Receiver had several conversations with the Related Entities' counsel concurrent with the production of documents and had no further questions as of December

---

[1] The Related Entities represented that they had no access to certain documents that were requested by the Receiver. If this Court includes certain of the Related Entities in this receivership estate, the Receiver intends to request these additional documents directly from the banks, which should provide the Receiver necessary clarity on some financial transactions.

15, 2025, as most documents spoke for themselves. The Agreed Order further provides: "Following the review of bank records, and opportunity of Respondents to provide clarification (if necessary), the Receiver shall file a notice with this Court requesting a hearing on the Motion to Clarify or, alternatively, providing notice that no further hearing is needed on the Motion to Clarify and he is withdrawing the Motion to Clarify." No timeframe was placed on the filing of such notice; this Notice is being filed pursuant to that requirement of the Agreed Order.

As a result of the Receiver's review of the documents, he has determined that there is no value in further pursuing the following entities: Uncle Nearest Spurs VI, LLC, Classic Hops Brewing Co., and Weaver Interwoven Family Foundation (the "Excluded Entities"). Therefore, pursuant to this Notice, the Receiver withdraws the Motion for Clarification as to the Excluded Entities.

With regard to all other Related Entities, the Receiver has determined, after a thorough examination of the bank records produced by the Related Entities, that those Related Entities have been significantly commingled with the receivership entities. The commingling between the parties included in this receivership estate and the Related Entities make it difficult to extract them from the receivership entities.[2]

While the commingling was apparent to the Receiver, what was less apparent is whether any of the Related Entities have economic value such that their inclusion is helpful to this receivership estate. The Receiver knew that certain of the Related Entities held a large number of shares of Uncle Nearest, Inc. but, beyond that, the value is somewhat unknown. The Receiver, his legal team, and his financial analysts began researching whether any of these entities had value to the receivership estate in mid-December; the various holiday schedules of the Receiver and his team of professionals slowed this research and drawing conclusions therefrom.

---

[2] For example, Humble Baron, Inc. and Shelbyville Barrel House BBQ, LLC are housed at the Nearest Green facility but pay no rent. Until the receivership, many of their expenses were paid by Uncle Nearest, Inc. Moreover, each of the Related Entities have multiple transfers to and from receivership entities; in fact, there are over $20 million in transfers between Grant Sidney, Inc. and entities included in this receivership.

While the Receiver was considering the value of pursuing assets of the Related Entities, on December 29, 2025 and without the Receiver's knowledge, Fawn Weaver, Keith Weaver, and Grant Sidney, Inc. (one of the Related Entities) filed a complaint (the "Complaint") in the Chancery Court for Bedford County, Tennessee against Michael Senzaki (Uncle Nearest, Inc.'s former CFO) and his solely owned company, ZMX Strategies, Inc. A copy of the Complaint is attached hereto as <u>Exhibit 1</u>. The causes of action in the Complaint seem to be derivative of those belonging to the receivership entities, but the Complaint never mentions this receivership action, the Receiver, or this Court. If the causes of action in this Complaint indeed have value for Grant Sidney, Inc., separate and apart from any value that might exist for Uncle Nearest, Inc., then that value should be realized by this receivership estate as a result of the commingling of Uncle Nearest, Inc. and Grant Sidney, Inc.

While the Receiver remains uncertain of the ultimate value of the Related Entities, the Complaint highlights the need for the Related Entities (other than the Excluded Entities) to be included in this receivership action. There may be other Related Entities that own intangible assets, such as causes of action. Further, the Receiver has concluded that the only way to ultimately determine the value of the Related Entities is to be granted direct access to their financial statements, books and records.[3] By this Notice, the Receiver respectfully requests that the Court set a hearing to consider the inclusion of these additional entities in this receivership estate. The Receiver requests that the hearing be set no earlier than January 28, 2026, to give his counsel an appropriate amount of time to draft a brief detailing the commingling between the Related Entities and the receivership entities, to be filed at least five days in advance of the hearing as required by the terms of the Agreed Order.[4]

Finally, the Receiver acknowledges that, pursuant to this Court's Order at Doc. 78, a brief

---

[3] Indeed, the Receiver conceives of a situation where this Court includes the Related Entities in this receivership action but he ultimately asks to abandon his interest in those companies, if he later determines they have no value to the receivership estate.

[4] The Receiver would also be open to the Court amending this schedule to provide that the Receiver has 14 or more days to file his brief, the Related Entities have 14 or more days to file their response, a hearing be scheduled 7 days from the Related Entities' brief, and a witness list be submitted 3 days prior to the hearing. In the Receiver's opinion, this provides a better opportunity for the Related Entities to respond and should better frame the issues for the Court.

update on the status of the Motion for Clarification was due on December 26, 2025. Because of the holidays and the Receiver's focus on determining what position he wished to take on the penultimate question of the further pursuit of the Motion for Clarification, he failed to file with the Court an update to inform it that he and his consultants were still considering this issue. This was simply an oversight by the Receiver, and he respectfully requests the Court's forgiveness. This case has presented significant "moving parts" as of late and the report was simply missed, though any other reports will be timely filed. If this matter is not resolved prior to January 26, 2026, the Receiver will file a subsequent report on that date.

Respectfully Submitted,

/s Justin T. Campbell
Justin T. Campbell, Tn Bar No. 031056
Thompson Burton PLLC
1801 West End Avenue, Suite 1550
Nashville, Tennessee 37203
Voice: (615) 465-6015
Fax: (615) 807-3048
Email: justin@thompsonburton.com

*Counsel for Receiver*

**CERTIFICATE OF SERVICE**

I hereby certify that on the date noted below, a true and correct copy of the foregoing listed below was filed and served via the Court's CM/ECF system upon all parties requesting service in the above-listed case.

Dated: January 7, 2026.

/s/ Justin T. Campbell
Justin T. Campbell