UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| FARM CREDIT MID-AMERICA, PCA, | |
| Plaintiff, | Case No. 4:25-cv-38 |
| v. | Judge Atchley |
| UNCLE NEAREST, INC., et al., | Magistrate Judge Steger |
| Defendants. | |

**JOINT RESPONSE SUPPORTING RECEIVER'S MOTION TO FILE SECOND QUARTERLY REPORT UNDER SEAL**

Grant Sidney, Inc. ("Grant Sidney"), Fawn Weaver and Keith Weaver (collectively, the "Weavers" and collectively with Grant Sidney, the "Respondents"), by and through their undersigned counsel, hereby submit this response in support of to the *Receiver's Motion to File Second Quarterly Report Under Seal*.[1] In support thereof, the Respondents assert as follows:

1. The Respondents agree with the Receiver that the Second Quarterly Report is appropriately filed under seal as part of the Court's ongoing supervisory oversight of the Receivership. The Report is a non-adjudicative status update and does not seek findings of fact, conclusions of law, or judicial relief. As noted by the Receiver, the Report contains certain information pertaining to the Company that should remain confidential at this stage of the case.

2. As the Court has noted in its *Memorandum and Order Regarding Sealing Confidential Information*, "[t]his Court regularly signs agreed protective orders, pursuant to Federal Rule of Civil Procedure 26(c), which permit the parties to designate the discovery they

---

[1] Dkt. 96.

wish to keep confidential among themselves. This practice is permissible because "'[s]ecrecy is fine at the discovery stage, before the material enters the judicial record.'"[2]

3. The Second Quarterly Report does not require or pertain to any specific adjudication being requested of the Court. Rather, the Respondents assert that is in the nature of a discovery matter and does not create issues that require the Court to consider in rendering a ruling at this state of the case. The Respondents further agree with the Receiver that, in light of the purpose of the report and there being no relief requested as part of it, the sealing of the Second Quarterly Report does not raise any Due Process or other Constitutional concerns. Consequently, keeping the Report under seal is appropriate at this stage with the understanding that, at some point, the Report may become relevant to a decision and one or more of the Parties may request, or the Court may on its own decide, that the Report should be unsealed.

4. As the Court may already surmise, the Respondents have different views of the status of the case and of many of the assertions made by the Receiver in the Second Quarterly Report. The Respondents intend to submit a Statement in response to the Second Quarterly Report to identify for the benefit of the Parties and the Court those areas of disagreement and will request that such filing also be sealed.

---

[2] Dkt. 9, p. 1 (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 545 (7th Cir. 2002)).

WHEREFORE, the Respondents request that the Court grant the Receiver's request that the Second Quarterly Report be filed under seal.

Respectfully submitted,

**MANIER & HEROD, P.C.**

*/s/ Michael E. Collins*
Michael E. Collins  (TN BPR No. 16036)
S. Marc Buchman (TN BPR No. 41598)
1201 Demonbreun Street, Suite 900
Nashville, Tennessee 37203
T: (615) 244-0030
F: (629) 500-1137
mcollins@manierherod.com
mbuchman@manierherod.com

*Counsel for Grant Sidney, Inc., Fawn Weaver and Keith Weaver*

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2026, a copy of the foregoing was served via this Court's CM/ECF system on all parties consenting to receive electronic service.

*/s/ Michael E. Collins*
Michael E. Collins