# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | | |
|---|---|---|
| FARM CREDIT MID-AMERICA, PCA, | ) | |
| *Plaintiff*, | ) | Case No. 4:25-cv-38 |
| v. | ) | Judge Atchley |
| UNCLE NEAREST, INC., *et al.*, | ) | Magistrate Judge Steger |
| *Defendants*. | ) | |

## ORDER

Before the Court are Non-Parties Shelbyville Barrel House BBQ, LLC, Humble Baron. Inc., Grant Sidney, Inc., Quill and Cask Owner, LLC, Nashwood, Inc., Shelbyville Grand, LLC, and 4 Front Street LLC's Request for a Hearing Relating to Receiver's Motion to Clarify and Statement Filed by Farm Credit Mid-America, PCA[1] [Doc. 74] and Non-Party Grant Sidney, Inc., Defendant Fawn Weaver, and Defendant Keith Weaver's Emergency Motion for Expedited Hearing on Motion to Reconsider and for Related Relief [Doc. 113]. For the following reasons, the Request for a Hearing in Relation to the Receiver's Motion to Clarify [Doc. 74] is **GRANTED** and the Motion for Expedited Hearing on Motion to Reconsider and for Related Relief [Doc. 113] is **GRANTED IN PART** and **DENIED IN PART**.

---

[1] Non-Parties Uncle Nearest Spurs VI, LLC, Classic Hops, Inc. (a/k/a Classic Hops Brewing Co.), and the Weaver Interwoven Family Foundation also originally joined in this request. [Doc. 74]. Given, however, that the Receiver is no longer seeking clarification as to whether these entities should be included in the receivership, [Doc. 98 at 2], the Court construes the request as being brought on behalf of only the entities as to which clarification is still sought. For the avoidance of any doubt, the Court accepts the Receiver's withdrawal of the Motion for Clarification as to Uncle Nearest Spurs VI, LLC, Classic Hops, Inc. (a/k/a Classic Hops Brewing Co.), and the Weaver Interwoven Family Foundation. These three entities shall not be included in the receivership and need not participate any further in these proceedings.

# I. BACKGROUND

This is a breach of contract action involving a receivership. On July 28, 2025, Plaintiff Farm Credit Mid-America, PCA sued Defendants Uncle Nearest, Inc., Nearest Green Distillery, Inc., Uncle Nearest Real Estate Holdings, LLC, Fawn Weaver, and Keith Weaver for the alleged breach of a credit agreement and attendant loan documents. [Doc. 1]. Farm Credit filed a motion alongside the complaint requesting the Court appoint a receiver to oversee Defendants Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC (collectively the "Defendant Companies") as this case progressed. [Doc. 3]. Following a hearing, the Court granted this motion and appointed Philip G. Young, Jr., as Receiver. [Docs. 32, 39].

In the weeks that followed, the Receiver identified ten entities that he determined might fall within the scope of the "Receivership Assets" as defined by the Court in the Order Appointing Receiver.[2] [*See* Doc. 41]. The Receiver therefore filed a Motion for Clarification of Receivership Order asking the Court to clarify whether any of the ten entities fell within the receivership's scope. [*Id.*]. After Farm Credit and the ten entities responded to the Motion for Clarification, [*see* Docs. 44, 50–60, 63–66], the ten entities filed the Request for a Hearing Relating to Receiver's Motion to Clarify currently pending before the Court. [Doc. 74].

Before the Court could address either the Motion for Clarification or the Request for a Hearing, the Receiver, Farm Credit, and the ten entities jointly moved for the entry of an agreed order staying proceedings related to the Motion for Clarification so the Receiver could further investigate whether any of ten entities should be included in the receivership estate. [Docs. 77, 77-

---

[2] As a reminder, these ten entities are Shelbyville Barrel House BBQ, LLC, Humble Baron. Inc., Grant Sidney, Inc., Quill and Cask Owner, LLC, Nashwood, Inc., Shelbyville Grand, LLC, 4 Front Street LLC, Uncle Nearest Spurs VI, LLC, Classic Hops, Inc. (a/k/a Classic Hops Brewing Co.), and the Weaver Interwoven Family Foundation. [Doc. 41].

2

1]. The proposed agreed order also provided that following the Receiver's investigation, he was to notify the Court whether a hearing on the Motion for Clarification was still necessary. [Doc. 77-1]. The Court entered the proposed agreed order as requested. [Doc. 79; *see also* Doc. 78]. On January 8, 2026, the Receiver notified the Court that he had completed his investigation and that he had determined a hearing was still necessary regarding whether seven of the ten entities should be included in the receivership estate.[3] [Doc. 102].

As the Receiver was conducting his investigation, this case was developing in other ways. Specifically, Grant Sidney and the Weavers filed a motion generally asking the Court to terminate the receivership and to "stay or enjoin the Receiver and his professionals from providing access to proprietary information to third parties pending a hearing" on their motion ("Motion to Reconsider"). [Doc. 91]. This motion was followed by Grant Sidney and the Weavers' Emergency Motion for Expedited Hearing on Motion to Reconsider and for Related Relief wherein they request the Court set a two-day hearing on the Motion to Reconsider and that the Court substantially limit the Receiver's power pending resolution of that Motion. [Doc. 113].

Now, the Court is prepared to rule on both the Request for a Hearing [Doc. 74] and the Motion for Expedited Hearing on Motion to Reconsider and for Related Relief [Doc. 113].

## II. REQUEST FOR A HEARING RELATING TO RECEIVER'S MOTION TO CLARIFY [DOC. 74]

The Agreed Order previously entered by the Court provides that following the conclusion of the Receiver's investigation into the ten entities, he was to "file a notice…requesting a hearing on the Motion to Clarify or, alternatively, provid[e] notice that no further hearing is needed on the

---

[3] These seven entities are Shelbyville Barrel House BBQ, LLC, Humble Baron. Inc., Grant Sidney, Inc., Quill and Cask Owner, LLC, Nashwood, Inc., Shelbyville Grand, LLC, and 4 Front Street LLC. [Doc. 102].

Motion to Clarify" and withdraw the motion. [Doc. 79 at ¶ 8]. The Receiver has filed such notice, withdrawing the Motion for Clarification as to three of the ten entities and stating that a hearing is needed regarding the remaining seven.[4] [Doc. 98].

Despite being the ones who requested a hearing in the first instance, the ten entities object to the Receiver's Notice. [Doc. 102]. They argue that the Receiver failed to abide by the Agreed Order's terms and that this failure should bar the Receiver from pursuing the Motion for Clarification any further. [Doc. 102]. The Court disagrees. The ten entities' argument is premised on paragraphs six and seven of the Agreed Order which state the following:

> 6. The Receiver shall have fourteen (14) days from the receipt of any additional statements and documents to review the provided records.
>
> 7. Following his review of the bank records, the Receiver shall provide any additional questions, evidence and/or argument regarding the Motion to Clarify to the [ten entities], who shall have seven (7) days to provide responses or clarification to the Receiver's questions, evidence and/or argument.

[Doc. 79 at ¶¶ 6–7]. The ten entities argue that the Receiver violated paragraph seven of the Agreed Order because after his fourteen day review, he did not provide them with "additional questions, evidence and/or argument[,]" instead choosing to file his Notice with the Court. [*See* Doc. 102 at 1–3, 7–8]. This argument ignores the fact that in the Receiver's Notice, he states that he "had several conversations with the [ten entities'] counsel concurrent with the production of documents and had no further questions" following his review "as most documents spoke for themselves." [Doc. 98 at 1–2].

Although paragraph seven of the Agreed Order speaks in mandatory terms, its command that the Receiver provide "additional questions, evidence and/or argument" to the ten entities following his investigation presupposes that such questions, evidence, or argument exist. [Doc. 79

---

[4] *See supra* note 3.

at ¶ 7]. If the Receiver had no additional questions, did not have any other evidence to present to the ten entities, and did not develop any new arguments other than those previously raised, then there would be nothing new for him to provide the ten entities notwithstanding paragraph seven's command. Paragraph eight of the Agreed Order acknowledges this reality. It required the Receiver to file notice with the Court regarding whether a hearing is still needed on the Motion for Clarification after the conclusion of his investigation and after giving the ten entities time to provide additional clarification "if necessary[.]" [*Id.* at ¶ 8]. Here, the Receiver has represented he did not need any additional clarification following his final receipt of documents from the ten entities. [Doc. 98 at 1–2]. Accordingly, the Court finds that the Receiver did not violate the terms of the Agreed Order as alleged.

Perhaps recognizing the inherent weakness of this argument, the ten entities alternatively take issue with the lack of factual detail in the Receiver's Notice. [*See* Doc. 102 at 4, 7–8]. The purpose of the Receiver's Notice, however, was not to lay out all the evidence that may support their inclusion in the receivership estate. Rather, its function was, as the title suggests, to provide notice to the Court regarding whether a hearing on the Motion for Clarification was necessary. [Doc. 79 at ¶ 8]. As the Receiver's Notice accomplishes this function, [*see generally* Doc. 98], it is immaterial whether it lacks significant factual detail. The facts will be addressed at the hearing on the Motion for Clarification, a hearing that the ten entities originally requested (and which they would still like on an expedited basis [Doc. 102 at 8]).

For the foregoing reasons, the Request for Hearing [Doc. 74] is **GRANTED**.

### III.  MOTION FOR EXPEDITED HEARING ON MOTION TO RECONSIDER AND FOR RELATED RELIEF [DOC. 113]

Grant Sidney and the Weavers (collectively "Movants") ask the Court to set an expedited two-day hearing on their Motion to Reconsider and to substantially limit the Receiver's powers

5

pending resolution of the Motion to Reconsider. As explained in greater detail below, the Motion for Expedited Hearing on Motion to Reconsider and for Related Relief will be granted in part and denied in part. Specifically, it is granted in that the Court will promptly set the Motion to Reconsider for hearing and denied in that the Court will not allocate two days for the hearing nor will it restrict the Receiver's powers pending resolution of the Motion to Reconsider.

The Court appreciates the need to expeditiously resolve the Motion to Reconsider. If, as Movants claim, the circumstances in this case no longer justify the continuation of the receivership, then the receivership should be promptly terminated. Conversely, if the receivership remains necessary, then the cloud cast over it by the Motion to Reconsider should be promptly eliminated so the Receiver may focus on the administration of the receivership estate. Accordingly, the Court will set the Motion to Reconsider for hearing as soon as practicable. The Court, however, cannot provide the Movants with their requested two days for the hearing. The Court's resources are finite, and they must be divided among the many cases currently pending before the undersigned, each of which is just as deserving of the Court's attention. The Court will give the parties adequate time to fully litigate the Motion to Reconsider, but it cannot give them two days.

Turning to Movants' request that the Court substantially limit the Receiver's authority pending resolution of the Motion to Reconsider, the Court understands the Movants' position that the receivership is harming the receivership estate. The evidence of this, however, is conflicting at best. It would be imprudent for the Court to restrict the Receiver's authority before the matter has been fully litigated. The Court will promptly resolve the Motion to Reconsider but until that occurs, the Receiver shall retain all powers and authority as conveyed to him in the Order Appointing Receiver [Doc. 39].

For the foregoing reasons, the Motion for Expedited Hearing on Motion to Reconsider and

6

Case 4:25-cv-00038-CEA-CHS    Document 116    Filed 01/23/26    Page 6 of 9    PageID #: 3156

for Related Relief [Doc. 113] is **GRANTED IN PART** and **DENIED IN PART**.

### IV. THE COURT WILL HOLD A JOINT HEARING ON MOTION FOR CLARIFICATION AND MOTION TO RECONSIDER

The Court will conduct a joint hearing on the Motion for Clarification [Doc. 41] and the Motion to Reconsider [Doc. 91] on **February 9, 2026**, at **10:00 a.m. ET** at the U.S. Courthouse, 800 Market Street, Knoxville, Tennessee. The Court will conduct a joint hearing for three reasons.

*First*, while the Motion for Clarification and Motion to Reconsider address separate issues, the evidence introduced regarding each will likely overlap to a degree. For example, if the evidence introduced at the hearing was to show that the Weavers funneled money from one or more of the Defendant Companies to any of the seven entities that are the focus of the Motion for Clarification, that evidence would be relevant to both whether the receivership should remain in effect and whether it should be expanded.[5] Accordingly, it is more efficient for the Court to receive this evidence once as opposed to on two separate occasions.

*Second*, conducting a joint hearing will allow the Court to more expeditiously resolve both the Motion for Clarification and the Motion to Reconsider. The Court's schedule simply will not allow it to set two expedited hearings in this case at this time. As a result, the options before the Court are to either hold a joint hearing on both motions or relegate one of the motions to be heard at a much later date. Considering the urgency with which the now seven entities and the Movants say the matters in the Motion for Clarification and Motion to Reconsider should be resolved, the Court finds it prudent to hold a single joint hearing.

*Third*, the Court is not convinced the parties need more than a single day to fully address

---

[5] This example should not be construed as prejudging what the evidence may or may not show at the February 9th hearing. It is offered merely as a hypothetical to illustrate that there is likely evidence relevant to both the Motion for Clarification and the Motion to Reconsider.

7

both the Motion for Clarification and the Motion to Reconsider. The motions do not exist on a blank slate. Each has been extensively briefed, and the Court is intimately familiar with not only this briefing, but the record as a whole. Consequently, the parties will not need to waste time at the hearing setting the scene. Instead, they should focus on their key arguments and evidence. The Court encourages the parties to embrace Polonius's observation that "brevity is the soul of wit" rather than his longwinded habits and is confident they can fully litigate both motions in a single day. WILLIAM SHAKESPEARE, HAMLET act 2, sc. 2, l. 90. Furthermore, should the hearing leave any lingering questions, the Court can order supplemental briefing from the parties.

V. CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** the following:

1. Non-Parties Shelbyville Barrel House BBQ, LLC, Humble Baron. Inc., Grant Sidney, Inc., Quill and Cask Owner, LLC, Nashwood, Inc., Shelbyville Grand, LLC, and 4 Front Street LLC's Request for a Hearing Relating to Receiver's Motion to Clarify and Statement Filed by Farm Credit Mid-America, PCA [Doc. 74] is **GRANTED**;

2. Non-Party Grant Sidney, Inc., Defendant Fawn Weaver, and Defendant Keith Weaver's Emergency Motion for Expedited Hearing on Motion to Reconsider and for Related Relief [Doc. 113] is **GRANTED IN PART** and **DENIED IN PART;**

3. The Court shall conduct a hearing on both the Motion for Clarification of Receivership Order [Doc. 41] and the Motion to Reconsider [Doc. 91] on **February 9, 2026**, at **10:00 a.m. ET** at the U.S. Courthouse, 800 Market Street, Knoxville, Tennessee;

4. **On or before February 2, 2026**, the parties **SHALL** each file a list of the exhibits they intend to offer at the February 9th hearing with the exhibits pre-marked for identification purposes. The parties **SHALL** also each file a list of the witnesses they intend to call at the February 9th hearing. Finally, the parties **SHALL** submit supplemental briefing regarding the Motion for Clarification as contemplated by the Agreed Order;

5. The parties **SHALL** bring electronic copies of their exhibits to the hearing;

6. The parties **SHALL** also prepare binders contained hard copies of their exhibits. A copy of each party's binder(s) **SHALL** be provided to (i) the undersigned and (ii) his law clerk at the beginning of the February 9th hearing;

7. For the avoidance of any doubt, nothing in this Order shall be construed as preventing the Receiver from taking any action authorized by the Order Appointing Receiver [Doc. 39].

Finally, the Court will provide the parties with a word of warning. It has been repeatedly represented to the Court that this case has drawn significant media attention. The Court is not blind to the fact that when a case captures the public's interest, the parties often end up litigating two cases, one in the court of law and the other in the court of public opinion. In such circumstances, a party's legal arguments are often informed by public relations concerns. This is both commonplace and understandable. However, there is a fine line between litigating a case while keeping public relations implications in mind and using the justice system as a vehicle to promote a specific narrative. And while the Court permits the former, it will not tolerate the latter. *See Trump v. N.Y. Times Co.*, 800 F. Supp. 3d 1297 (M.D. Fla. 2025) (striking a complaint as improper where it principally served not to place the defendant on notice of the claims against it, but rather to advance a specific and vituperative public narrative). The Court will not allow either the February 9th hearing or these proceedings more generally to be used as a public relations campaign. If the Court finds that any party is using these proceedings for an improper purpose rather than to resolve the underlying issues, then that party and/or their counsel may be sanctioned. *See* FED. R. CIV. P. 11; 28 U.S.C. § 1927.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**