# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### WINCHESTER DIVISION

| | |
|---|---|
| FARM CREDIT MID-AMERICA, PCA, | )<br>) |
| Plaintiff, | ) Case No. 4:25-cv-38<br>) |
| v. | ) Judge Atchley<br>) |
| UNCLE NEAREST, INC., *et al.*, | ) Magistrate Judge Steger<br>) |
| Defendants. | )<br>) |

## RECEIVER'S RESPONSE TO MOTION TO RECONSIDER SCHEDULING ORDER AND CONTINUE HEARING ON MOTION TO CLARIFY AS TO THE NON-PARTIES (EXCLUDING GRANT SIDNEY, INC.) AND FOR RELATED RELIEF

**COMES NOW** the court-appointed receiver herein, Phillip G. Young, Jr. ("Receiver"), by and through undersigned counsel, and hereby responds to the Motion to Reconsider Scheduling Order and Continue Hearing on Motion to Clarify as to the Non-Parties (Excluding Grant Sydney, Inc.) and for Related Relief (Doc. 118) (the "Motion") filed by Shelbyville Barrel House BBQ, LLC, Humble Baron, Inc., Quill and Cask, LLC, Nashwood, Inc., Shelbyville Grandm LLC, and 4 Front Street, LLC (collectively, the "Movants"). In response to the Motion, the Receiver states as follows:

This response will be brief as the Receiver does not want to further burden the Court, which is already having to address a seemingly endless stream of motions for reconsideration, emergency scheduling motions, and the like. Rather, the Receiver seeks to clarify only two issues: (1) the Receiver has complied with the terms of the Agreed Order (Doc. 79) concerning the Motion to Clarify (Doc. 41), as well as the spirit underlying the Agreed Order; and (2) he offered to continue the hearing on the Motion to Clarify to allow for more briefing time if the entirety of the February 9 hearing was continued.

The Receiver complied with the terms of the Agreed Order setting forth the schedule for the Motion to Clarify, as this Court found in its January 23, 2026, Order (Doc. 116). The Receiver will not belabor that point. However, to the extent the Movants accuse the Receiver of violating the spirit of that Agreed Order, he takes exception with that accusation. The Receiver believed then, and believes now, that the schedule laid out in the Agreed Order was intended to accomplish judicial efficiency; it was not meant as an advantage for the Movants. The Movants have first-hand knowledge of the dozens of transfers between the receivership entities and those entities subject to the Motion to Clarify; they and/or their common owners orchestrated those transfers and have had an opportunity to review the same bank statements that they produced to the Receiver. The agreed upon schedule was intended to encourage discussion amongst the parties and not burden this Court if the transfers could be adequately explained by the Movants. The Receiver has had substantial communications with the Movants' counsel about the Motion to Clarify and believes he fully understands their explanations. However, those explanations do not satisfy the Receiver nor could almost any explanation adequately explain the multitude and amount of transfers between all of these related entities. The Receiver and the Movants are at an impasse on this issue and the Court will need to decide it. Any further discussion between the parties on this topic would be fruitless; they simply see the same facts through very different lenses.

Given the first-hand knowledge of the Movants regarding the issue at hand, it is difficult to ascertain how they could be disadvantaged by not knowing the identity of potential witnesses more than a week prior to the hearing. However, to alleviate that concern, the Receiver hereby notifies all parties that his potential witnesses regarding the topics at issue in the Motion for

Clarification are limited to the Receiver and Tim Stone of Newtek Financial Advisors.[1] Indeed, the Receiver anticipates filing a fulsome affidavit with the Court by February 2, 2026, which will contain the entire substance of his testimony, and attach all relevant exhibits, concerning this issue.[2]

Finally, the Receiver notes that he offered to continue the hearing on the Motion for Clarification to allow for additional briefing time if the Movants were willing to likewise move the hearing on the Motion for Reconsideration. The Movants did not substantively respond to that suggestion prior to their filing of this Motion. A copy of the correspondence between counsel on this topic is attached as Exhibit A. The Receiver believes that both the Motion for Clarification and the Motion for Reconsideration should be resolved as quickly as possible, as it is a dark cloud hanging over the future of this receivership and over actions the Receiver believes need to be taken. However, he offered to continue the hearing on both issues as an accommodation to the Movants, if they truly felt disadvantaged by the schedule. The Receiver strongly agrees with the Court that these two matters should be considered in a single, consolidated hearing for the sake of judicial efficiency. Much of the evidence as to the comingling among entities also goes to whether the continuation of this receivership is warranted. Moreover, the two potential witnesses for the Motion for Clarification (the Receiver and Tim Stone) are also potential witnesses for the Motion for Reconsideration. Efficiency should be given strong consideration, especially in a receivership action where a secured creditor has been ordered to fund the receivership's professional fees.

---

[1] For clarity, the Receiver anticipates having additional witnesses concerning the other motion for reconsideration, concerning the continuation of this receivership.
[2] This is being done for judicial efficiency. The Receiver anticipates profferring his testimony through the affidavit and then making himself available for further questioning by any party or the Court.

WHEREFORE, the Receiver respectfully requests that this Court deny the Movants' emergency request to reschedule the hearing on the Motion for Clarification. Alternatively, the Receiver respectfully requests that the Court continue the hearing on both the Motion for Clarification and the Motion for Reconsideration for the same date, for the sake of judicial efficiency.

Dated this 29th day of January, 2026.

By: /s/ Justin T. Campbell
Justin T. Campbell, Tn. Bar No. 31056
Thompson Burton PLLC
1801 West End Avenue, Suite 1550
Nashville, Tennessee 37203
Voice: (615) 465-6015
Fax: (615) 807-3048
Justin@thompsonburton.com

*Counsel for Receiver*

## CERTIFICATE OF SERVICE

I hereby certify that on the date noted below, a true and correct copy of the foregoing listed below was filed and served via the Court's CM/ECF system upon all parties requesting service in the above-listed case.

Dated: January 29, 2026.

/s/ Justin T. Campbell
Justin T. Campbell



Justin Campbell <justin@thompsonburton.com>

## Motion to Clarify

**Justin Campbell** <justin@thompsonburton.com>  			Tue, Jan 27, 2026 at 12:26 PM
To: Michael Collins <mcollins@manierherod.com>
Bcc: Phillip Young <phillip@thompsonburton.com>

Mike,

Demetra was on that email, so there would have been no issue with bringing it up yesterday. As far as I can tell, the back and forth between your clients and the Receiver occurred when we asked further questions and requested additional docs. I think we've followed that as well as the provisions of the agreed order.

If you want to file a motion to continue both hearings, we wouldn't oppose that. However, as I said on the call yesterday, we think these matters (and the evidence presented) are intertwined and as the Court has further indicated, he believes that should be heard at the same time as well.

Justin

**Thompson Burton PLLC**
*Redefining the Art of Law.*
_____

Justin Campbell
Phone: (615) 465-6015
1801 West End Avenue, Suite 1550
Nashville, TN 37203
E-mail: justin@thompsonburton.com
Website: www.thompsonburton.com

\*\*Please refer to our email disclaimer page for important disclosures regarding this electronic communication.

On Tue, Jan 27, 2026 at 8:04 AM Michael Collins <mcollins@manierherod.com> wrote:
[Quoted text hidden]



**Justin Campbell <justin@thompsonburton.com>**

## Motion to Clarify

**Michael Collins** <mcollins@manierherod.com>　　　　　　　　　　　　Tue, Jan 27, 2026 at 12:42 PM
To: Justin Campbell <justin@thompsonburton.com>

Demetra complied with the agreement, so this is not about her. I didn't expect more on this, just wanted you to be aware that I am not an idiot (although sometimes perhaps too trusting).


Michael E. Collins

Manier & Herod, P.C.

1201 Demonbreun Street

Suite 900

Nashville, TN  37203

(615) 429-2145


THIS ELECTRONIC MAIL TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL AND IS INTENDED ONLY FOR THE REVIEW OF THE PARTY TO WHOM IT IS ADDRESSED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY RETURN IT TO THE SENDER. UNINTENDED TRANSMISSION SHALL NOT CONSTITUTE WAIVER OF THE ATTORNEY-CLIENT OR ANY OTHER PRIVILEGE.

---

**From:** Justin Campbell <justin@thompsonburton.com>
**Sent:** Tuesday, January 27, 2026 12:26 PM
**To:** Michael Collins <mcollins@manierherod.com>
**Subject:** Re: Motion to Clarify


Mike,

[Quoted text hidden]
[Quoted text hidden]