UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| FARM CREDIT MID-AMERICA, PCA, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 4:25-cv-38 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| UNCLE NEAREST, INC., *et al.*, | ) | Magistrate Judge Steger |
| | ) | |
| *Defendants*. | ) | |

## ORDER

Before the Court is Non-Parties Shelbyville Barrel House BBQ, LLC, Humble Baron. Inc., Quill and Cask Owner, LLC, Nashwood, Inc., Shelbyville Grand, LLC, and 4 Front Street LLC's (collectively "Movants") Emergency Motion to Reconsider Scheduling Order and Continue Hearing on Motion to Clarify [Doc. 118] asking the Court to continue the February 9, 2026, hearing as it relates to them and the Motion for Clarification.[1] For the following reasons, the Motion [Doc. 118] is **DENIED**.

On January 23, 2026, the Court set Phillip G. Young, Jr.'s (the Receiver) Motion for Clarification [Doc. 41] and Non-Party Grant Sidney, Inc., Defendant Fawn Weaver, and Defendant Keith Weaver's Motion to Reconsider [Doc. 91] for hearing. [Doc. 116]. Specifically, the Court set both motions to be heard in Knoxville on February 9, 2026, beginning at 10:00 a.m. ET. [*Id.*]. The Court further directed the parties to submit their exhibit lists, witness lists, and (as relates to the Motion for Clarification) supplemental briefing on or before February 2, 2026. [*Id.*]. Now, the Movants ask the Court to continue the February 9th hearing as relates to them and the Motion for

---

[1] The Motion does not seek to continue the February 9th hearing as relates to Non-Party Grant Sidney, Inc., Defendant Fawn Weaver, and Defendant Keith Weaver's Motion to Reconsider, nor does it seek to continue the hearing on the Motion for Clarification as relates to Grant Sidney.

Clarification. [Doc. 118]. As grounds for the Motion, Movants generally assert that due process requires they be provided additional time to prepare and present their defense to the Motion for Clarification. [*Id.*]. The Court disagrees.

The Movants are undoubtedly entitled to due process. *See Liberte Capital Grp., LLC v. Capwill*, 421 F.3d 377, 382–83 (6th Cir. 2005). But there is a distinction between the amount of process they are due and the amount of process they would like. The Motion is premised on the idea that without a continuance, the Movants cannot effectively defend themselves against their potential inclusion in the receivership estate. [*See* Doc. 118]. The Court, however, fails to see how this is the case. Movants take issue with how the Receiver conducted the process outlined in the October 29, 2025, Agreed Order, [*see id.* at ¶¶ 19–34], but it appears undisputed that the Receiver and the Movants substantively discussed the issues relating to flow of funds between the companies under the Receiver's control and the Movants during the Movants' production of bank records, [*see* Doc. 98 at 1–2 ("The Receiver had several conversations with the [Movants'] counsel concurrent with the production of documents and had no further questions as of December 15, 2025, as most documents spoke for themselves."); Doc. 119 at 2 ("The Receiver has had substantial communications with the Movants' counsel about the Motion to Clarify and believes he fully understands their explanations.") and 5 ("[T]he back and forth between your clients and the Receiver occurred when we asked further questions and requested additional docs.")]. Considering this, that the Movants have access to the same bank records provided to the Receiver (and indeed know exactly which records were provided to him), that the Movants should generally be aware of their business relationships with the companies under the Receiver's control, and that the Receiver has asserted the Movants should be included in the receivership estate due to the comingling of funds, the Court finds it difficult to believe that the Movants do not know what

2

arguments the Receiver is likely to raise or the evidence he intends to rely upon. They may not have the benefit of seeing the Receiver's supplemental briefing or his witness and exhibits lists prior to submitting their own,[2] [*see* Doc. 116], but nothing in the record indicates the contents of these documents will be unexpected or that the Movants' defense will otherwise be prejudiced if the hearing goes forward as currently scheduled.

Movants also express concern that they will not have adequate time to present their defense(s) at the February 9th hearing given that the Court has limited it to a single day during which the Motion to Reconsider will also be addressed. [Doc. 118 at ¶ 4]. This concern, however, ignores several things. *First*, the Movants, and indeed all the parties, can take steps that will materially decrease the amount of time needed to address specific issues at the hearing. For example, the parties can—as Plaintiff Farm Credit Mid-America, PCA did for the August 7, 2025, hearing and as the Receiver has indicated he will do for the upcoming hearing—submit affidavits/declarations on behalf of their witnesses that will serve as the declarant's direct testimony while still allowing them to be cross-examined. [*See* Doc. 24 at ¶¶ 1–2; Doc. 119 at 3, 3 n.2]. The parties can further stipulate to the admissibility of exhibits, allowing the Court to focus on other matters during the hearing.[3] Similarly, the parties can stipulate to any uncontested facts. By utilizing these and other methods, the parties can materially decrease the amount of time needed to fully litigate both the Motion for Clarification and the Motion to Reconsider.

---

[2] It bears noting that the Receiver will also not have the benefit of seeing the Movants' supplemental briefing, witness lists, or exhibit lists prior to his submission of documents to the Court. [Doc. 116].

[3] Prior to the August 7, 2025, hearing for example, the parties stipulated to the admissibility of hundreds of pages of exhibits. [*See* Doc. 24 at ¶¶ 3–4]. This allowed the exhibits to be quickly entered into evidence and not discussed further. [*See* Doc. 30 at 6]. But while not every exhibit was discussed at the August 7th hearing, the Court assures the Movants and the parties more generally that it reviewed every single page before drafting its Order granting Farm Credit's motion for the appointment of a receiver.

3

*Second*, and as previously noted, the Court is not coming into the hearing with a blank slate. It is intimately familiar with the record in this case as well as the parties' briefing regarding both the Motion for Clarification and the Motion to Reconsider. Once the supplemental briefing is filed, the Court will promptly familiarize itself with that as well. As a result, there will be no need for the parties to waste time at the hearing setting the scene. Instead, they can immediately address the evidence and arguments they believe the Court needs to hear in person as opposed to through their filings. If the parties thoughtfully and concisely present their proof and arguments, then the Court is confident that both the Motion for Clarification and Motion to Reconsider can be fully litigated in a single day. After all, this is not the trial of this matter; it is a motion hearing.

*Third*, and also as previously noted, the hearing is not necessarily the parties' last opportunity to present relevant information to the Court. If the hearing leaves any lingering questions, the Court will order the appropriate parties to submit supplemental briefing on the issue. This Court does not take the administration of justice lightly and will not rule on either motion until it is satisfied that all parties have been provided an adequate opportunity to be heard. It is fully anticipated that the February 9th hearing will provide such an opportunity. Should this prove incorrect, the Court will allow the parties to supplement the record through additional briefing.[4]

For the foregoing reasons, the Motion [Doc. 118] is **DENIED**. The Court assures the parties that they will receive due process as the Motion for Clarification is litigated.

---

[4] The Court has already allowed the parties to supplement the record in this case when necessary to ensure the administration of justice. After the Court decided to appoint a receiver, it ordered the parties to submit supplemental briefing as to who should serve in the role given that the issue was not completely addressed at the August 7, 2025, hearing and the Defendants opposed the candidate offered by Farm Credit. [*See* Doc. 32 at 10–11]. The Court ultimately appointed the Defendants' proposed candidate, Phillip G. Young, Jr., to serve as Receiver. [*See* Doc. 39].

**SO ORDERED.**

                                                                        */s/ Charles E. Atchley, Jr.*
                                                                        **CHARLES E. ATCHLEY, JR.**
                                                                        **UNITED STATES DISTRICT JUDGE**