UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| FARM CREDIT MID-AMERICA, PCA, )<br>    *Plaintiff*, )<br>)<br>v. )<br>)<br>UNCLE NEAREST, INC. *et al*, )<br>    *Defendants*. ) | Case No.4:25-cv-00038-CEA-CHS |

**O R D E R**

**I.    Introduction**

This matter is before the Court upon: (1) Plaintiff's Motion for Leave to File Documents Under Seal [Doc. 62]; (2) Receiver's Motion to File Second Quarterly Report Under Seal [Doc. 96]; (3) Receiver's Motion to File Response to Motion to Reconsider Under Seal [Doc. 104]; (4) Plaintiff's Motion for Leave to File Reconsideration Motion Response Under Seal [Doc. 107]; and (5) Defendants Grant Sidney, Fawn Weaver, and Keith Weaver's Emergency Motion to File Movants' Omnibus Reply Relating to Motion to Reconsider Under Seal [Doc. 114] (collectively, "Motions to Seal"). The parties appear to be in agreement that sealing of the requested information will have the effect of preserving the market value of the various business entities named as Defendants in this lawsuit (collectively, "Uncle Nearest").[1] However, for the reasons stated herein, the Motions to Seal will be **DENIED**.

**II.    Standard of Review**

The standard of review and the burden of proof the Court must apply in determining whether information filed in the court record can be filed under seal are set forth in this Court's Memorandum and Order Regarding Sealing Confidential Information [Doc. 9] entered on July 29,

---

[1] [*See* Doc. 39 at 1].

1

2025, and incorporated herein. Additionally, the Court notes the strong guidance given by the Sixth Circuit in *Grae v. Corr. Corp. of Am.*, 134 F.4th 927, 930 (6th Cir. 2025), detailing the high bar for sealing.

### III. Discussion

> The federal courts do their business in public—which means the public is presumptively entitled to review every document that a party files with the court for purposes of influencing a judicial decision. Thus, under rules long settled in this circuit, only the most compelling reasons can justify non-disclosure of judicial records. And when a court does seal off judicial records from public view, it must explain why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary.

*Grae*, 134 F.4th at 930 (cleaned up).

"Certain content-based exceptions outweigh the right to public access. Some of these exceptions include:

> 1) a defendant's right to a fair trial,
> 2) trade secrets,
> 3) national security, and
> 4) certain privacy rights of participants and third parties." [Doc. 9 at 3].

The parties have not convincingly argued that any of the above exceptions apply here. Certainly, the first exception (i.e., defendant's right to a fair trial) and the third exception (i.e., national security) are not implicated in this case. While the parties claim that what they desire to seal is confidential business information, the Court notes that the information sought to be sealed does not fit under the definition of a trade secret.

> Trade secrets in particular are usually a pattern, technique, or process that affords a competitive advantage to persons who possess that information. Manufacturing processes and design documents are examples. By contrast, that many litigants would like to keep confidential the salary they make or the price they agreed to pay under a contract is not sufficient reason to seal. Nor is the bald assertion that disclosure of information would harm a party's competitive position.

*Grae*, 134 F.4th at 932 (cleaned up).

Finally, the parties' claims that the information is sensitive and disclosure will harm the value of Uncle Nearest are insufficient to trigger the fourth exception.

> Neither harm to reputation of the producing party nor conclusory allegations of injury are sufficient to overcome the presumption in favor of public access. The proponent of sealing must . . . analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations. A naked conclusory statement that disclosure will injure a producing party falls woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal.

[Doc. 9 at 3-4 (cleaned up)].

The parties have not sufficiently analyzed in detail, document by document with rationale and legal citations, "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Grae*, 134 F.4th at 930. For instance, nowhere in the Motions to Seal do the parties address why sealing entire documents, as opposed to using targeted redactions,[2] is no broader than necessary.

The Court finds it necessary to address one citation relied upon in the Motions to Seal, namely *Bollinger v. Bollinger Motors, Inc.*, No. 2:25-CV-10790-TGB-APP, 2025 WL 1293353 (E.D. Mich. May 5, 2025). In *Bollinger*, another district court in the Sixth Circuit found that sealing "confidential business information" was appropriate in a receivership context, in part because sealing would protect the company "as a going concern." *Id.* at *2. However, the court also noted that there was "personal information revealed in the [e]vidence [that implicated] the privacy interests of innocent third parties." *Id.* The parties do not argue that any similar personal information of innocent third parties exists in this case. Further, the court in *Bollinger* found "a limited public interest in disclos[ure]" since the public could understand the general nature of the receivership dispute without access to "the specific confidential information." *Id.* However, this

---

[2] [*See* Doc. 9 at 4].

Court does not find that approach persuasive when compared with the firm and unflinching directives from the Sixth Circuit in *Grae* regarding the high bar for sealing.

IV. **Conclusion**

For the reasons set forth above, it is hereby **ORDERED** that:

1. Plaintiff's Motion for Leave to File Documents Under Seal [Doc. 62] is **DENIED**.

2. Receiver's Motion to File Second Quarterly Report Under Seal [Doc. 96] is **DENIED**.

3. Receiver's Motion to File Response to Motion to Reconsider Under Seal [Doc. 104] is **DENIED**.

4. Plaintiff's Motion for Leave to File Reconsideration Motion Response Under Seal [Doc. 107] is **DENIED**.

5. Defendants Grant Sidney, Fawn Weaver, and Keith Weaver's Emergency Motion to File Movants' Omnibus Reply Relating to Motion to Reconsider Under Seal [Doc. 114] is **DENIED**.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE