# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | | |
|---|---|---|
| FARM CREDIT MID-AMERICA, PCA, | ) | |
| *Plaintiff*, | ) | Case No. 4:25-cv-38 |
| v. | ) | Judge Atchley |
| UNCLE NEAREST, INC., *et al.*, | ) | Magistrate Judge Steger |
| *Defendants*. | ) | |

## ORDER

On February 1, 2026, United States Magistrate Judge Christopher H. Steger denied the pending motions to seal in this matter. [Doc. 122]. Following entry of this Order, the Clerk's Office deleted the proposed sealed documents from the record in accordance with Rule 12.2 of this Court's Electronic Case Filing Rules and Procedures. [*See* Docs. 63–66, 97, 105, 108, 115]. Among the deleted documents were the Receiver's Second Quarterly Report [Doc. 97], the Receiver's Response to the Motion to Reconsider [Doc. 105], Plaintiff Farm Credit Mid-America, PCA's Response to the Motion to Reconsider [Doc. 108], and Non-Party Grant Sidney, Inc., Defendant Fawn Weaver, and Defendant Keith Weaver's Reply in Support of the Motion to Reconsider [Doc. 115]. As each of these documents is integral to the February 9, 2026, hearing, the Court hereby **ORDERS** the following:

1. **On or before February 3, 2026**, the Receiver **SHALL** refile his Second Quarterly Report [Doc. 97];

2. **On or before February 4, 2026**, the Receiver and Plaintiff Farm Credit Mid-America, PCA **SHALL** each refile their Responses to the Motion to Reconsider [Docs. 105, 108]; and

3. **On or before February 5, 2026**, Non-Party Grant Sidney, Inc., Defendant Fawn Weaver, and Defendant Keith Weaver **SHALL** refile their Reply in Support of the Motion to Reconsider.

Prior to refiling the documents listed above, the parties may delete any information that they would like to not place in the public record. Additionally, the parties may elect not to attach any previously filed exhibits to their refiled documents and instead present those exhibits at the February 9, 2026, hearing.[1] Should any party choose to follow this course, then that party **SHALL** indicate that an exhibit has been omitted in their refiled document(s).[2] Finally, the parties may update their documents' record citations prior to refiling.[3] The parties are **PROHIBITED** from making any other substantive changes to the documents the Court has ordered them to refile.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[1] If any party believes that an exhibit to be introduced at the February 9th hearing should be filed under seal or submitted for *in camera* review, they may present that argument to the Court.

[2] For example, a party could include a footnote where a citation to an exhibit used to be stating that the exhibit supporting the assertion will be introduced at the February 9th hearing.

[3] Also for example, as the Receiver's Second Quarterly Report is no longer accessible at Doc. 97, a party citing to the Second Quarterly Report could update its citations to reflect the Second Quarterly Report's new docket number.