# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### WINCHESTER DIVISION

|  |  |  |
|---|---|---|
| FARM CREDIT MID-AMERICA, PCA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:25-cv-38 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| UNCLE NEAREST, INC., *et al.,* | ) | Magistrate Judge Steger |
| | ) | |
| Defendants. | ) | |

## RECEIVER'S BRIEF IN SUPPORT OF
## MOTION FOR CLARIFICATION OF RECEIVERSHIP ORDER

Comes now Phillip G. Young, Jr. (the "Receiver"), the court-appointed receiver in this matter, by and through counsel, and respectfully files this Brief in Support (the "Brief") of the Motion for Clarification of Receivership Order (Doc. 41) (the "Motion for Clarification").

In the Motion for Clarification, as modified by the Receiver's subsequent filings, he asks the Court to specifically include seven (7) entities as part of this receivership: Shelbyville Barrel House BBQ, LLC ("Barrel House"), Humble Baron, Inc, ("Humble Baron"), Grant Sidney, Inc. ("Grant Sidney"), Quill and Cask Owner, LLC ("Quill and Cask"), Nashwood, Inc. ("Nashwood"), Shelbyville Grand, LLC ("Grand"), and 4 Front Street, LLC ("Front Street") (Barrel House, Humbel Baron, Grant Sidney, Quill and Cask, Nashwood, Grand, and Front Street, collectively the "Related Entities"). While the Receiver initially took the position of seeking only clarification from this Court regarding whether the Related Entities were intended to be included as part of this receivership pursuant to the terms of this Court's Receivership Order, he now respectfully requests that the Court enter an order specifically including the Related Entities. The reason for the evolution of the Receiver's position on this matter is simple: as he reviewed all of the bank records produced to him by the Related Entities, it became clear that they were operated with the receivership entities as part of a single enterprise. Without unfettered access to the books and

records of the Related Entities, the Receiver's investigation into the assets and liabilities of the receivership estate is limited and incomplete.[1]

It is clear from the records that the Related Entities and the entities already a part of this receivership have been commingled. To support this conclusion, the Receiver primarily relies upon his Affidavit filed contemporaneously herewith, and the exhibits attached to that Affidavit. The sheer volume and value of transfers amongst the Related Entities and the receivership entities demonstrates the Receiver's position on this matter. The chart below summarizes the transactions uncovered by the Receiver in which the Related Entities transferred money to a receivership entity or to another Related Entity:

| Transferring Entity | Number of Transfers | Amount of Transfers |
|---|---|---|
| Front Street | 2 | $28,500 |
| Grant Sidney | 12 | $16,690,231 |
| Humble Baron | 51 | $572,093 |
| Nashwood | 45 | $516,511 |
| Quill and Cask | 21 | $2,352,870 |
| Barrel House | 16 | $86,714 |
| Grand | 13 | $241,000 |

[1] Indeed, as demonstrated by the Affidavit, the Receiver has discovered that he was not provided all bank account statements by the Related Entitles, as was ordered by this Court. The information contained herein is limited to the Receiver's review of statements that were voluntarily produced by the Related Entities.

This chart summarizes the transactions discovered by the Receiver in which the Related Entities received funds from a receivership entity or another Related Entity:

| Receiving Entity | Number of Transfers | Amount of Transfers |
|---|---|---|
| Front Street | 1 | $39,000 |
| Grant Sidney | 6 | $20,003,087 |
| Humble Baron | 58 | $1,360,828 |
| Nashwood | 55 | $212,500 |
| Quill and Cask | 0 | $0 |
| Barrel House | 3 | $1960 |
| Grand | 22 | $377,600 |

As illustrated by these charts and the more detailed information contained in the Receiver's Affidavit, it was commonplace for the receivership entities and the Related Entities to transfer money amongst themselves, without regard to corporate formalities, without documenting the transfers as loans, and without noting loans on the books and records of the companies. This Court should exercise its equitable powers to include these Related Entities in this receivership since they are part and parcel of a single enterprise.

While this Court may use its equitable authority to expand the four corners of its own Order, the legal alter ego doctrine would also support a finding that the Related Entities are merely alter egos of Uncle Nearest, Inc. and its related receivership entities. The Sixth Circuit test for determining whether two companies are alter egos of one another is "whether the two enterprises have substantially identical management, business, purpose, operation, equipment, customers, supervision and ownership." *Nelson Electric v. NLRB,* 638 F.2d 965, 968 (6th Cir. 1981). In this instance, all of these companies are owned, managed, supervised and controlled by Fawn and Keith Weaver. They operate out of the same location, using the same property, and in many cases the

same employees. While the business purposes are all slightly different, it is clear from the financial records that they essentially pool their funds; if one entity needs funds for a purpose and another entity has access to those funds, then the funds are transferred where they are needed.

To be clear, the Receiver intends to focus his proof and his argument on the totality of the circumstances, where funds were frequently shuffled among various companies, rather than myopically focusing on one or two individual transactions.[2] He will then defer to the Court regarding whether it believes the facts support the Receiver's conclusion that these entities operated as a single enterprise.

WHEREFORE, the Receiver respectfully requests that the Court expand its prior Receivership Order to specifically include the Related Entities.

Dated this 2nd day of February, 2026.

Respectfully submitted,


/s/ Justin T. Campbell
Justin T. Campbell
Thompson Burton PLLC
1801 West End Avenue, Suite 1550
Nashville, Tennessee 37203
(615) 465-6015 (phone)
justin@thompsonburton.com

Counsel for the Receiver

---

[2] Though, admittedly, the $20 million transaction involving Uncle Nearest and Grant Sidney that is detailed in the Receiver's Affidavit, standing alone and with no other transactions, is likely sufficient to expand the bounds of this receivership.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon all parties have entered a notice of appearance via the Court's CM/ECF service system.

This 2nd day of February, 2026.

/s/ Justin T. Campbell.
Justin T. Campbell