UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| FARM CREDIT MID-AMERICA, PCA, | ) | |
| *Plaintiff*, | ) | Case No. 4:25-cv-38 |
| v. | ) | Judge Atchley |
| UNCLE NEAREST, INC., *et al.*, | ) | Magistrate Judge Steger |
| *Defendants*. | ) | |

## ORDER

On February 9, 2026, the Court held a hearing on Non-Party Grant Sidney, Inc., Defendant Fawn Weaver, and Defendant Keith Weaver's Motion to Reconsider [Doc. 91] asking the Court to reconsider its appointment of a receiver over Defendants Uncle Nearest, Inc., Nearest Green Distillery, Inc., Uncle Nearest Real Estate Holdings, LLC, and a list of other assets defined in paragraphs 2 and 3 of the Order Appointing Receiver [Doc. 39].[1] At the end of the hearing, the Court informed the Parties that it would allow them to submit additional materials relating to both the Motion to Reconsider and the Receiver's Motion for Clarification [Doc. 41] which the Court was unable to hear at the February 9th hearing due to time constraints.[2] This Order governs the submission of these additional materials.

**On or before February 26, 2026**, the Parties **SHALL** submit supplemental briefs regarding the Motion to Reconsider [Doc. 91] and/or the Motion for Clarification [Doc. 41] as may

---

[1] The Receiver's Motion for Clarification [Doc. 41]—which seeks clarification as to whether seven additional entities should be included in the receivership estate—was also set to be heard on February 9th. At the February 9th hearing, however, the Receiver agreed to submit his motion on the papers given the limited time available for a hearing.

[2] For purposes of this Order, the term "Parties" refers collectively to Plaintiff Farm-Credit Mid-America, PCA, all Defendants, the Receiver, and the seven non-party entities that are the focus of the Motion for Clarification.

be appropriate.[3] These supplemental briefs **SHALL** address—with record citations and supporting legal authority—the Parties' post-hearing positions on the Motion to Reconsider and/or the Motion for Clarification. Special emphasis should be placed on what the evidence presented at the February 9th hearing shows, not on rehashing prior arguments.[4] The Parties may submit supplemental exhibits alongside their briefs. **On or before March 5, 2026**, the Parties may submit responses to any and all supplemental briefs filed pursuant to this Order. Replies are neither necessary nor permitted.

Finally, and as noted at the February 9th hearing, the status quo shall remain unchanged until such time as the Court rules on the Motion to Reconsider and the Motion for Clarification. In other words (and for the avoidance of any doubt), the Receiver continues to possess all the powers granted to him in the Order Appointing Receiver [Doc. 39], and the receivership retains its original scope.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[3] The Parties that have taken a position on both the Motion to Reconsider and the Motion for Clarification **SHALL** submit separate supplemental briefs for each motion.

[4] The Parties may rely on any and all evidence introduced regarding the Motion to Reconsider in stating their positions on the Motion for Clarification.