UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| FARM CREDIT MID-AMERICA, PCA, | ) |
| | ) |
| Plaintiff, | ) Case No. 4:25-cv-38 |
| | ) |
| v. | ) Judge Atchley |
| | ) |
| UNCLE NEAREST, INC., *et al.*, | ) Magistrate Judge Steger |
| | ) |
| Defendants. | ) |

## RECEIVER'S EXPEDITED MOTION
## TO SELL REAL AND PERSONAL PROPERTY IN MARTHA'S VINEYARD

Pursuant to the authority granted in Paragraphs 2, 4 and 5 of this Court's Order Appointing Receiver (Doc. 39) (the "Receivership Order) and Tenn. Code Ann. § 29-40-112(b) and 28 U.S.C. §§ 2001, 2002, and 2004, Phillip G. Young, Jr., as the court-appointed receiver herein (the "Receiver"), respectfully moves the Court for an expedited order approving the sale of real property located at 10 Codman Spring Road, Edgartown, Massachusetts (the "Real Estate") and all personal property located therein (the "Personal Property") (the Real Estate and Personal Property, collectively the "Martha's Vineyard Property") in the manner and on the terms indicated herein. In support thereof, the Receiver represents as follows.

### EXPEDITED RELIEF REQUESTED

1. The Receiver listed the Martha's Vineyard Property for sale on January 26, 2026, with an asking price of $2,595,000. On February 18, 2026, the Receiver received a full price offer, subject only to an inspection contingency and a partial financing contingency[1]. Pursuant to the

---

[1] In addition to the current potential purchaser, the Receiver has received two (2) other backup offers on the Martha's Vineyard Property for the full asking price.

contract, the sale is set to close on March 19, 2026 (the "Closing Date"). Therefore, time is of the essence.

## REASON FOR URGENCY

2. In order for consummate the sale of the Martha's Vineyard Property by the Closing Date, it is necessary for the Receiver to gain this Court's approval as quickly as possible.

## NOTICE

3. The Receiver will serve notice of this motion by ECF. Given that the first lien is being fully satisfied by this sale, and the holder of the second lien (Farm Credit Mid-America, PCA) is actively involved in this case and receives notice by ECF, the Receiver believes that ECF notice of this Motion is sufficient. Moreover, to the extent that the Defendants have an interest in this sale, they will also receive ECF service of this Motion via their counsel, Michael Collins.

## SUGGESTED HEARING DATE

4. The Receiver suggests that this matter can be determined on the pleadings, as a hearing seems unnecessary.

## ARGUMENT

### A. BACKGROUND

5. Pursuant to its Order Appointing Receiver (Doc. 39) (the "Receivership Order"), the Receiver was appointed to manage the business affairs of Uncle Nearest, Inc. ("Uncle Nearest") and certain of its affiliates. Among the affiliates which the Receivership Order appoints the Receiver to manage is UN House MV, LLC ("MV"). MV is the owner of the Martha's Vineyard Property.

6. During his administration of this estate, the Receiver has learned that the Martha's Vineyard Property produces no income for MV or Uncle Nearest. Rather, it was purchased for

marketing and advertising purposes only. Throughout the pendency of this receivership, the Martha's Vineyard Property has created monthly expenses for the estate while generating no revenue.

7. The Receiver has determined that it is in the best interest of this estate and its creditors to liquidate all non-income producing property, including the Martha's Vineyard Property. Accordingly, in November 2025, the Receiver and his consultants met with Jennifer DaSilva of Point B Realty in Edgartown, Massachusetts. Ms. DaSilva is a highly respected realtor in Martha's Vineyard and had knowledge of the Martha's Vineyard Property, as she was the agent who sold the property to MV. After touring the property, Ms. DaSilva suggested a listing price of $2,595,000 for the real estate and all of its furnishings (as is customary on Martha's Vineyard). The Receiver followed Ms. DaSilva's advice and executed a listing agreement with her at that price in January 2026. Within just a few weeks, Ms. DaSilva produced a full-price offer containing only contingencies for inspection and partial financing. The Receiver accepted the offer, subject to this Court's approval.

9. The Martha's Vineyard Property is encumbered by a first lien, in the approximate amount of $1,500,000, in favor of Planet Home Lending, LLC (the "First Lienholder"). The First Lienholder will be made whole by this proposed sale. The Martha's Vineyard Property is further encumbered by a second lien in an approximate amount of $120 million in favor of Farm Credit Mid-America, PCA ("Farm Credit"). Farm Credit has consented to this sale and has agreed to release its lien at the closing of this proposed sale in exchange for the excess proceeds, after satisfaction of the First Lienholder's lien. The Receiver also sought the consent of the Defendants

who, through counsel, refused to consent to this sale.[2] Nevertheless, the Receiver believes this sale is in the best interest of the First Lienholder and Farm Credit; he further believes it is in the best interest of the estate as it reduces ongoing, monthly maintenance costs associated with the Martha's Vineyard Property.

10. A broker's commission of 5% would be due from this sale, pursuant to the listing agreement between the Receiver and the real estate agent.

11. The Receiver believes that Paragraphs 4, 5 and 9 of the Receivership Order, along with Tenn. Code Ann. § 29-40-112(b) and 28 U.S.C. §§ 2001, 2002, and 2004 authorize him to consummate a sale of the Martha's Vineyard Property without further Court order. However, out of an abundance of caution and in order to provide the Court with full transparency, the Receiver seeks an order from this Court approving the sale of the Martha's Vineyard Property on the terms detailed herein.

12. The Receiver respectfully requests that the Order be entered on an expedited basis, without hearing, considering (a) the timing of the proposed closing of the contract; (b) the obvious benefit to the estate of this sale; (c) the offer being presented is for the full listing price that was recommended by a respected real estate agent; (d) Farm Credit, who is the only party in interest related to this sale, has consented to the sale; (e) it immediately reduces expenses of the estate, including insurance and maintenance costs[3]; and (f) the Receivership Order and applicable law grants the Receiver the authority to consummate this sale.

B. THE SALE

---

[2] After customary closing costs and realtor commissions, the Receiver estimates that Farm Credit should receive approximately $900,000 from the proceeds of this sale.
[3] For example, a payment of approximately $12,000 is due shortly for spring lawn and landscaping care.

13. The Receiver proposes to sell the Martha's Vineyard Property described herein pursuant to the following terms and conditions:

| | |
|---|---|
| **DATE OF SALE:** | March 19, 2026 |
| **TIME OF SALE:** | N/A |
| **PLACE OF SALE:** | Edgartown, MA |
| **TYPE OF SALE:** | Private Sale |
| **AGENT:** | Jennifer DaSilva, Point B Realty |
| **TERMS:** | Cash |
| **SALE PRICE:** | $2,595,000 |
| **MIN. BID PRICE:** | N/A |
| **BUYER(S) NAME(S):** | Jennifer Kaalund and Sekou Kaalund |
| **PROPOSED MARKETING:** | N/A |

14. The sale is an arms-length transaction between the parties.

15. The proposed sale price is for a fair and reasonable value based upon the Receiver's business judgment. The Receiver will obtain the best possible price for the Martha's Vineyard Property to maximize distribution to the creditors.

16. The sale is not to an insider of Uncle Nearest or the Receiver.

17. The Receiver proposes to sell the Martha's Vineyard Property as is and where is and makes no representations or warranties as to the condition of the personal property contained therein.

18. The Receiver will convey by Warranty Deed, or other appropriate instrument, the right, title, and interest that the Receiver has the right to convey.

19. The sale of the Martha's Vineyard Property is being made free and clear of any interest in the property held by an entity other than the estate because the first priority lien is being satisfied in full, and Farm Credit has consented to the sale and agreed to release the second priority lien in exchange for receipt of all excess sale proceeds (after satisfaction of the first lien and all customary closing expenses and commissions).

20. The Trustee proposes to pay the following lienholders from the proceeds of the sale:

| **Lienholders:** | The first lien, held by Planet Home Lending, LLC will be satisfied in full. The second lien, held by Farm Credit, will be released upon payment of the excess sale proceeds. |
|---|---|
| **Sale Commission:** | 5% |

21. As indicated above, the Receiver also holds two (2) backup offers, from arms-length third parties for the full asking price. By this Motion, the Receiver seeks the authority to sell to the proposed buyer listed above, or (in the event the current buyers fail to close) to another arms-length third party at or above the listed priced herein.

22. The Receiver believes that this sale is in the best interest of the receivership estate, Uncle Nearest, the creditors and other parties in interest and should be approved.

WHEREFORE, the Receiver respectfully requests that this Court enter an Order which:

A. Authorizes the Receiver to sell the Martha's Vineyard Property under the terms and conditions described above;

B. Approves the sale of the Martha's Vineyard Property;

C. Authorizes the Receiver to sign any deeds, titles and/or bills of sale necessary to effectuate the sale of the Martha's Vineyard Property;

D. Authorizes the Receiver to sell the Martha's Vineyard Property to any other arms-length third party at or above the price listed herein, in the event the current proposed purchaser fails to close the sale; and

E. Grants such other relief that the Court deems just and proper.

Dated: February 25, 2026.

Respectfully submitted,

/s/ Justin T. Campbell
Justin T. Campbell
Thompson Burton PLLC
1801 West End Avenue, Suite 1550
Nashville, Tennessee 37203
(615) 465-6015 (phone)
justin@thompsonburton.com

Counsel for the Receiver

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served upon all parties have entered a notice of appearance via the Court's CM/ECF service system.

This 25th day of February, 2026.

/s/ Justin T. Campbell.
Justin T. Campbell