# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# WINCHESTER DIVISION

| | |
|---|---|
| FARM CREDIT MID-AMERICA, PCA, | ) |
| Plaintiff, | ) Case No. 4:25-cv-38 |
| v. | ) Judge Atchley |
| UNCLE NEAREST, INC., *et al.*, | ) Magistrate Judge Steger |
| Defendants. | ) |

## RECEIVER'S RESPONSE REGARDING MOTION TO RECONSIDER THE MEMORANDUM OPINION AND ORDER AND ORDER APPOINTING RECEIVER AND TO STAY ACCESS TO PROPRIETARY INFORMATION

**COMES NOW** the court-appointed receiver herein, Phillip G. Young, Jr. ("Receiver"), by and through undersigned counsel, and hereby provides his reply to the Post-Hearing Brief in Support (Doc. 151) (the "Response") of the Motion to Reconsider the Memorandum Opinion and Order and Order Appointing Receiver and to Stay Access to Proprietary Information (Doc. 91) (the "Motion") filed by Fawn Weaver, Keith Weaver, and Grant Sidney, Inc. (collectively, the "Movants"), and pursuant to the Court's Order (Doc. 143) of February 10, 2026 providing for supplement responses/briefing.

The Movants offer nothing new of substance in their Response, beyond an attempt to put before the Court certain documents that could not have been introduced at the hearing under the Federal Rules of Evidence.[1] It has become clear that the Response was intended for social media consumption, not to guide this Court in making its decision. This past week, Fawn Weaver has

---

[1] The Receiver urges the Court to disregard any new "evidence" presented by the Movants in their Response to the extent that it would not satisfy the Rules of Evidence and/or that the Receiver has had no opportunity to test under cross-examination (including the declaration [i.e. additional testimony] filed by Fawn Weaver). For example, the Fawn Weaver Declaration attaches a letter purported to be by Terry Thome (Ex. H – F. Weaver Declaration), a July 7, 2025 Letter of Intent to purchase property (Ex. I.- F. Weaver Declaration), and a KPMG Remediation Plan (Ex. k – F. Weaver Declaration). Movants attempted to admit all these exhibits at the Feb. 9, 2026 hearing but could not lay the proper foundation. That evidentiary problem still exists herein.

openly, and in defiance of this Court's orders, discussed the Response, the hearing, and her version of the facts of this case on Instagram, in a "Follow the Case" link on fawnweaver.com[2], and at a CIAA conference this weekend in Baltimore, Maryland.[3] The Receiver has chosen to make his arguments to this Court and has structured them for the guidance of this Court. The Receiver therefore relies upon his prior testimony and pleadings in regard to his position on the Motion.

Dated this 5th day of March, 2026.

By: /s/ Justin T. Campbell
Justin T. Campbell, Tn. Bar No. 31056
Thompson Burton PLLC
1801 West End Avenue, Suite 1550
Nashville, Tennessee 37203
Voice: (615) 465-6015
Fax: (615) 807-3048
Justin@thompsonburton.com

*Counsel for Receiver*

---

[2] On fawnweaver.com, Ms. Weaver has uploaded portions of the transcript from this Court's hearings and her pleadings (but not those of the Receiver or the lender). This is clearly an attempt to try this case in the court of public opinion, which the Court explicitly forbade in its Order setting these hearings, entered on January 23, 2026 (Docket No. 116). "The Court will not allow either the February 9th hearing or these proceedings more generally to be used as a public relations campaign. If the Court finds that any party is using these proceedings for an improper purpose rather than to resolve the underlying issues, then that party and/or their counsel may be sanctioned."

[3] According to video recordings of a presentation Ms. Weaver made in Baltimore this weekend, she openly discussed her opinion of the testimony offered at the hearing and even flouted that she intentionally violated a non-disclosure agreement she had entered into with the Receiver regarding the dissemination of cash flow projections. The Receiver is willing to share these recordings with the Court, upon its request.

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing document has been served via the Court's ECF system.

  This 5th day of March, 2026.

            /s/ Justin T. Campbell.
            Justin T. Campbell