UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| FARM CREDIT MID-AMERICA, PCA, | ) |
| Plaintiff, | ) Case No. 4:25-cv-38 |
| v. | ) Judge Atchley |
| UNCLE NEAREST, INC., et al., | ) Magistrate Judge Steger |
| Defendants. | ) |

**RESPONSE OF QUILL & CASK OWNER, LLC TO MOTION FOR CLARIFICATION OF RECEIVERSHIP ORDER AND STATEMENT OF FARM CREDIT**

Quill & Cask Owner, LLC ("Q&C"), by and through its undersigned counsel, provides this supplemental brief with regard to the *Receiver's Motion for Clarification of Receivership Order* (the "Motion to Clarify")[1] and the *Statement of Farm Credit Mid-America, PCA in Support of Motion for Clarification of Receivership Order* (the "Farm Credit Statement"),[2] responding to the Post-Hearing Briefs submitted by the Receiver and Farm Credit (collectively, the "Post-Hearing Briefs").

The burden of proof on the issue of whether the Non-Parties, including Q&C, should be placed in Receivership is clearly on the Receiver and Farm Credit and the burden is high. The Sixth Circuit has recognized that placing a company in receivership is an extreme form of relief justified in very limited circumstances. Those circumstances are clearly not present in this case and the Motion to Clarify never should have been filed prior to any investigation by the Receiver.

---

[1] Dkt. 41.
[2] Dkt. 44.

1

Case 4:25-cv-00038-CEA-CHS   Document 169   Filed 03/05/26   Page 1 of 7   PageID #: 7028

The Post-Hearing Briefs provide no facts sufficient to meet the burden of proving that Q&C should be subject to the extreme relief of receivership. As an initial matter, the Receiver and Farm Credit have thrown about the concept of commingling without providing any definition for the term. The term "commingle" means "to mix personal funds with those of a beneficiary or client, [usually] in an improper or illegal way."[3] Thus, in order to determine that commingling has occurred, at least two things need to be established – (1) personal funds owned by one entity were mixed with personal funds owned by another entity and (2) that the mixing of the funds was done in an improper or illegal way. The Receiver has not established that any commingling has occurred. Even if the Receiver could establish some amount of commingling, the extent of the commingling would have to be sufficient to warrant the extreme relief of receivership. That has simply not been proven.

The Receiver bases his position that Q&C should be placed in receivership on three allegations. First, the Receiver cites to the volume of documented transactions between Q&C, the Uncle Nearest Entities, the Non-Parties, and "Unknown Entities," with no analysis of the specific transactions themselves. The exhibits include transactions not only between the Non-Parties and the Uncle Nearest Entities, but also transactions between the Non-Parties, that do not involve the Uncle Nearest Entities and transactions between the Uncle Nearest Entities that do not involve the Non-Parties. The Receiver's apparent goal is to inflate the number to the greatest extent possible to create the false impression of commingling because he has no legitimate evidence of commingling. There is simply no basis from the number of transactions alone, most not even involving the Uncle Nearest Entities, to conclude that such transactions constitute commingling.

---

[3] *Spring Valley Produce, Inc. v. Forrest*, 47 F.4th 1229, 1243 (11th Cir. 2022) (*quoting Commingle*, Black's Law Dictionary (11th ed. 2019)).

Second, the Receiver makes a vague statement, without any evidence in the record to support it, that the Non-Parties "share employees, bank accounts, and operational resources with Uncle Nearest." To be absolutely clear, there are absolutely no employees shared between Uncle Nearest and Q&C – none. In fact, Q&C has no employees. There is no evidence to support the Receiver's statement, and it is his burden to carry. Furthermore, Q&C and Uncle Nearest do not share the same bank accounts. There is no evidence of joint bank accounts between the entities – none. Finally, Q&C does not share any "operational resources" with Uncle Nearest – none. Q&C does not operate out of the Nearest Green Distillery and literally shares no operational resources, for a fee or otherwise, with the Uncle Nearest Entities. There is absolutely no evidentiary basis for the Receiver's request that Q&C be put into receivership, and the Receiver has not and cannot satisfy his burden.

The Receiver's exhibits aggregating the number and amount of transactions, including transactions that don't even involve the Uncle Nearest Entities, do not support the assertion that the funds of the Non-Parties, or Q&C specifically, have been commingled with the funds of the Uncle Nearest Entities. As an initial matter, as discussed in the Q&C Post-Hearing Brief, the Receiver has provided no analysis of the nature of the transactions between Q&C and the Uncle Nearest Entities and has not alleged that any of the transactions lacked a business purpose or were unlawful. The fact that the Receiver can only support his commingling argument by aggregating the number of transactions underscores the lack of any legitimate evidence of commingling.

With respect to the specious aggregation exhibits, the Receiver provides none of the back-up documentation to support the raw numbers that he provides, so there is literally no way to assess whether the figures are accurate. Furthermore, it is unclear why the Receiver's exhibits don't tie to each other. The Receiver's Exhibit A-4 pp. 41-47 contains matrices that purport to be looking

3

4914-4325-4692, v. 1

Case 4:25-cv-00038-CEA-CHS   Document 169   Filed 03/05/26   Page 3 of 7   PageID #: 7030

at the same data but have differing totals. For example, Receiver Exhibit A p. 41 purports to list all receipts and disbursements between the entities over the five-year period and totals the transactions at 498. Then Receiver Exhibit A-4 p. 42 also purports to list all of the receipts and disbursements between the entities over the same five-year period but totals the transactions at 434. It is impossible for the total transactions for the same five-year period between the same entities to be both 498 and 434. Similarly, comparisons of Receiver Exhibit A-4 p. 42 and p. 43, p. 44 and p. 45, and p. 46 and p. 47 have the same issues – none of them tie together even though they are purportedly looking at the same period of time for the same entities. Thus, the Receiver's Exhibit A-4 pp. 41-47 are clearly wrong and do not provide any meaningful evidence to support placing any of the Non-Parties into receivership.

Even assuming hypothetically that the figures in Receiver Exhibit A-4 pp. 41-47 are accurate (they clearly aren't), those figures show only a minimal number of monthly transactions between the Non-Parties and the Uncle Nearest Entities over the five-year period. **Exhibit 1** to this Response provides an analysis of Receiver Exhibit A-4 pp. 44-47, and shows that, if the analysis is limited to the transactions occurring between the Non-Parties and the Receivership Entities exclusively, the total transactions are 84 (at most) and equate to an average total of less 1.4 transactions per month between the Non-Parties and the Receivership entities.[4] That is 1.4 transactions per month between seven Non-Parties and five Receivership Entities. To break that down further, there are twelve total entities being analyzed (seven Non-Parties and five Receivership Entities), **so the total average identified transactions per month for each of the twelve entities is .12 – or less than one transaction <u>per year</u> per entity.** Even if the Receiver had proof that the transactions constitute "commingling" (he doesn't), that volume of transactions

---

[4] Again, the totals supplied by the Receiver are inconsistent.

doesn't even come close to the volume that would be necessary to support the imposition of the extreme relief of receivership.[5]

With respect to Q&C specifically, the Receiver has identified only four alleged transactions total between Q&C and the Receivership Entities over five years. That amounts to **less than one transaction between the entities on average per year**, and is not evidence of any commingling, much less the extent of commingling necessary to justify the imposition of receivership.

The Receiver has further not demonstrated that putting Q&C in Receivership is necessary for any investigation he intends to undertake at the expense of Uncle Nearest. It should be noted that the Receiver and his professionals have now charged the estate more than $2.3 million to investigate this case and have found literally no legitimate evidence that would support a commingling or alter ego determination. Rather, the Receiver and Farm Credit simply assert that the number of transactions between the entities, with no analysis of any specific transactions, to support their position.

In sum, the Receiver and Farm Credit have failed to provide any legitimate evidence that Q&C has commingled funds with those of the Uncle Nearest Entities or that Q&C is an alter ego of the Uncle Nearest Entities. Clearly, the Receiver has not met his burden of proof. The pendency of this Motion to Clarify, where there is literally no evidence to support it, has caused and is continuing to cause serious and irreparable harm to Q&C and the other Non-Parties.

---

[5] Further, **Exhibit 1** shows that Uncle Nearest was a net beneficiary of the transactions in the amount of approximately $17 million.

WHEREFORE, Q&C respectfully requests that the Court decline to expand the receivership to include Q&C or its assets and grant such other and further relief as is appropriate.

Respectfully submitted,

**MANIER & HEROD, P.C.**

*/s/ Michael E. Collins*

Michael E. Collins   (TN Bar No. 16036)
S. Marc Buchman   (TN Bar No. 41598)
1201 Demonbreun Street, Suite 900
Nashville, TN 37203
Telephone: 615-244-0030
mcollins@manierherod.com
mbuchman@manierherod.com

*Counsel for Q&C*

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2026, the foregoing document was served on all parties registered to receive electronic notice via the Court's CM/ECF system.

*/s/ Michael E. Collins*
Michael E. Collins