UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| FARM CREDIT MID-AMERICA, PCA, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:25-cv-38 |
| ) | |
| v. ) | Judge Atchley |
| ) | |
| UNCLE NEAREST, INC., *et al.*, ) | Magistrate Judge Steger |
| ) | |
| Defendants. ) | |

**RECEIVER'S REPLY TO RESPONSE IN OPPOSITION TO THE RECEIVER'S EXPEDITED MOTION TO SELL REAL AND PERSONAL PROPERTY IN MARTHA'S VINEYARD**

**COMES NOW** the court-appointed receiver herein, Phillip G. Young, Jr. ("Receiver"), by and through undersigned counsel, and hereby provides this reply brief (the "Reply") to the Response (Doc. 163) (the "Response") of Grant Sidney, Inc. ("Grant Sidney"), Fawn Weaver, and Keith Weaver (Grant Sidney, Fawn Weaver and Keith Weaver, collectively the "Weaver Parties") in opposition to the Receiver's Expedite Motion to Sell Real and Personal Property in Martha's Vineyard (Doc. 147) (the "Motion"), and pursuant to the Court's Order (Doc. 150) of February 26, 2026 establishing a briefing schedule.

In their opposition to the relief sought by the Receiver in the Motion, the Weaver Parties raise four objections to the proposed sale: (1) the sale is premature, as the Court is considering a motion to essentially terminate these proceedings; (2) a sale of the property located at 10 Codman Spring Road, Edgartown, Massachusetts (the "Martha's Vineyard Property") would damage the "enterprise value" of Uncle Nearest, Inc. ("Uncle Nearest" or the "Company"); (3) the sale proceeds should not be distributed to Farm Credit Mid-America, PCA ("Farm Credit"); and (4) the Weaver Parties promised that another offer would be forthcoming that would provide the

receivership estate with the "same economic benefit." The Receiver will address each of these objections in turn. However, it is first important to note what the Weaver Parties *do not* contest. The Weaver Parties never argue that the proposed sale price is insufficient. They never argue that the sale process was commercially unreasonable. They never argue that the proposed buyer is an insider or somehow otherwise a disqualified purchaser. These missing objections are significant as it signals to this Court their admission that both the process and the result of this proposed sale is acceptable.

Turning to the objections raised to the proposed sale in the Weaver Parties' Response, they first contend that the Motion is premature, as the Court is still considering their Motion to Reconsider, which would terminate this receivership. This would be a valid concern but for the timing of the Motion. The Court has already conducted a seven (7) hour hearing on the Motion to Reconsider and the briefing on that issue is closed. The Receiver trusts that the Court would not grant this Motion unless and until it was certain that it has no intention on terminating these proceedings. Therefore, this concern is moot due to the status and timing of these proceedings.

Second, the Weaver Parties object to the proposed sale because a sale of this property would negatively impact the "enterprise value" of Uncle Nearest. The Weaver Parties admit that the only value of the Martha's Vineyard Property is for marketing and advertising purposes, and they concede that otherwise it is a monthly cash drain on this receivership estate. Their argument, then, rests upon the premise that this property is somehow important to the financial rehabilitation of the Company. The Receiver disagrees. As he has made clear to the Court and to all of the parties, the Receiver believes that the only path forward for this Company is the sale of its assets to a third party. In that regard, he consulted with Arlington Capital, his investment banking consultant, about whether to include the Martha's Vineyard Property as part of the Uncle Nearest portfolio or

whether it was wiser to sell it separately. Since this property was not income producing, not geographically related to Uncle Nearest's operations, and not historically tied to Uncle Nearest's origins, Arlington Capital suggested that the Receiver attempt to sell this property separately.[1] Indeed, none of the potential purchasers of the business assets have inquired about purchasing the Martha's Vineyard Property, which is well known to be affiliated with Uncle Nearest. Therefore, the advice of professionals and the marketplace have confirmed that the Martha's Vineyard Property is not critical to the "enterprise value" of Uncle Nearest; it should be sold separately.

Third, the Weaver Parties contend that, even if the property is sold, its proceeds should not be distributed to Farm Credit. This argument is particularly perplexing as the Weaver Parties have admitted throughout these proceedings that the Martha's Vineyard Property was directly purchased using the proceeds from Farm Credit's loans. For example, as recently as February 5, 2026, the Weaver Parties acknowledged that Farm Credit knew that they were purchasing the Martha's Vineyard Property with their loan proceeds, and knew that it was being purchased by Keith Weaver, not by Uncle Nearest. *See* Doc. 137 ¶ 36. The Receiver believes that this Court would expect him to use the proceeds from this sale to pay down the Farm Credit debt, which is now approaching $120 million.[2] If the Court disagrees, it could always order the funds to be interpleaded or order the Receiver to hold the funds in escrow, pending the outcome of this matter.

Finally, the Weaver Parties ask the Court to reject the offer to purchase the Martha's Vineyard Property proposed in the Motion, even though it is set to close in a matter of days, in

---

[1] They offered the same advice regarding the assets located in Cognac, France and the assets related to Square One Vodka.

[2] Practically, it matters little. This receivership estate has depended upon, and will continue to depend upon, further advances by Farm Credit to operate the business. Whether the Receiver tenders the $900,000 net proceeds to Farm Credit, which in turn loans it to this receivership estate – or whether the Receiver retains the $900,000 thereby reducing future loan advances from Farm Credit – creates the same result for the estate.

favor of a non-binding offer to acquire 100% of the membership interest of UN House MV, LLC made by Nubian Sage Enterprises, LLC ("Nubian"). A copy of this non-binding offer letter is attached hereto as <u>Exhibit A.</u>[3] Upon information and belief, Nubian is an investment company owned and operated by Kevin Johnson. The Receiver had conversations with Mr. Johnson prior to accepting the offer that is now before this Court. The Receiver believes that Mr. Johnson has the ability to purchase the Martha's Vineyard Property and likely has legitimate interest in it. The Receiver had at least two conversations with Mr. Johnson a week or more prior to accepting the current offer, and sent him information concerning the costs and expenses associated with maintaining the property. The Receiver even offered to meet Mr. Johnson in Martha's Vineyard to show him the property and, if all appeared satisfactory, to sign a purchase and sale agreement with him. After that conversation, the Receiver did not hear back from Mr. Johnson until an email on March 2, 2026, approximately eleven days after the Receiver had already filed the present Motion, asking the Receiver to reach back out. Then, on March 9, 2026, counsel for the Weaver Parties emailed the Receiver an offer that was allegedly made by Mr. Johnson's company.

The Receiver has a number of concerns about the Nubian offer. First, the offer is non-binding on its face. Second, it is likely subject to approval and consent by Planet Home Lending, LLC (the mortgage holder), since the mortgage is being assumed as part of the Nubian offer. The Receiver has had no contact with Planet Home Lending, LLC and has no way of knowing (on such short notice) whether it would consent to the mortgage assumption. Third, a transfer of the membership interest of UN House MV, LLC is a substantially more complicated transaction than a simple real estate sale, as currently contemplated. The Nubian transaction would cost the estate

---

[3] The offer was transmitted to the Receiver and his counsel by Michael Collins after hours on March 9, 2026, so the Receiver has had no opportunity to vet the offer.

additional attorney fees to consummate. Fourth, despite having prior, direct contact with the Receiver by email, Nubian purportedly directed its offer to Keith Weaver, whose counsel then relayed it to the Receiver and his counsel. The Receiver has had no opportunity to confirm the authenticity of the Nubian offer. Finally, the Nubian offer is not a higher and better offer than the one that is already before the Court for approval; at best, it is an equivalent offer. For all of these reasons, it is the Receiver's business judgment that the offer presented for approval in the Motion is the superior offer.

The Receiver believes that the record before this Court supports his decision to sell the Martha's Vineyard Property, and there has been no objection to the sale process, the sale amount, or the proposed buyers. WHEREFORE, the Receiver request that the Court grant his Motion.

Dated this 10th day of March, 2026.

By: /s/ Justin T. Campbell
Justin T. Campbell, Tn. Bar No. 31056
Thompson Burton PLLC
1801 West End Avenue, Suite 1550
Nashville, Tennessee 37203
Voice: (615) 465-6015
Fax: (615) 807-3048
Justin@thompsonburton.com

*Counsel for Receiver*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via the Court's ECF system.

This 10th day of March 2026.

/s/ Justin T. Campbell.
Justin T. Campbell