UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| FARM CREDIT MID-AMERICA, PCA, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 4:25-cv-38 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| UNCLE NEAREST, INC., *et al.*, | ) | Magistrate Judge Steger |
| | ) | |
| *Defendants*. | ) | |

## ORDER

On February 25, 2026, the Receiver, Phillip G. Young, Jr., filed an Expedited Motion to Sell Real and Personal Property in Martha's Vineyard [Doc. 147], seeking the Court's approval of a proposed sale of real property located at 10 Codman Spring Road, Edgartown, Massachusetts and all personal property located therein (collectively the "Martha's Vineyard Property"). Following receipt of this Motion, the Court ordered expedited briefing, [Doc. 150], and began reviewing the relevant legal authorities governing the sale of property in receivership. This review has revealed that certain statutory pre-sale requirements have yet to be satisfied. Accordingly, the Court will hold the Motion [Doc. 147] in abeyance so that it and the parties may complete these pre-sale obligations.

The Receiver possesses broad power to sell receivership property. [*See* Doc. 39 at ¶¶ 4–5]. This power, however, is not without limits. Title 28, United States Code, Sections 2001 and 2004 govern the procedures a federal court must follow when authorizing the sale of receivership property. Starting with 28 U.S.C. § 2001, it establishes two methods by which a receiver may sell real property.

*First*, a receiver may sell real property though a public sale "upon such terms and conditions as the court directs." 28 U.S.C. § 2001(a). These terms and conditions, which the Court has discretion in crafting, "relate[] to such things as setting a minimum price for which the property can be sold, determining whether the property can be sold as separate pieces or must be sold together, [and] whether the property can be sold on credit." *Brewer v. Middleton*, File No. 4:92-CV-136, 1996 U.S. Dist. LEXIS 8931, at *3 (W.D. Mich. May 22, 1996); *see also Pewabic Mining Co. v. Mason*, 145 U.S. 349, 356 (1892) (stating "there is a measure of discretion in a court of equity" as to the "manner and conditions" of a public sale of property). Notably, however, these terms and conditions do not reach the issue of notice. That is governed by 28 U.S.C. § 2002 which provides in relevant part:

> A public sale of realty or interest therein under any order, judgment or decree of any court of the United States shall not be made without notice published once a week for at least four weeks prior to the sale in at least one newspaper regularly issued and of general circulation in the county, state, or judicial district of the United States wherein the realty is situated.

28 U.S.C. § 2002.

*Second*, a receiver may sell real property through a private sale if the Court determines that doing so is in the best interests of the estate. *See* 28 U.S.C. § 2001(b).[1] Such sales, however, are

---

[1] Although the language of 28 U.S.C. § 2001(a) appears to suggest that a receiver may only sell receivership property via a public sale, federal courts have consistently recognized that Section 2001(b) authorizes a receiver to sell receivership property via a private sale. *See, e.g.*, *FTC v. Consumer Def., LLC*, No. 2:18-CV-30 JCM (PAL), 2019 U.S. Dist. LEXIS 9135, at *9 (D. Nev. Jan. 17, 2019) ("Courts may direct an appointed receiver to arrange the private sale of property if the court finds that doing so would serve the best interests of the estate."); *SEC v. EB5 Asset Manager, LLC*, No. 15-62323-CIV-LENARD/GOODMAN, 2016 U.S. Dist. LEXIS 186858 (S.D. Fla. Mar. 24, 2016) (denying a receiver's motion to sell real property via private sale without prejudice to the receiver refiling their motion once Section 2001(b)'s requirements had been satisfied); *SEC v. Fujinaga*, No. 2:13-CV-1658 JCM (CWH), 2017 U.S. Dist. LEXIS 162764 (D. Nev. Oct. 2, 2017) (same); *Huntington Nat'l Bank v. Automation Props. L.L.C.*, No. 13-15201, 2016 U.S. Dist. LEXIS 112023 (E.D. Mich. Aug. 23, 2016); *Huntington Nat'l Bank v. Najero, Inc.*, No. 13-11632, 2014 U.S. Dist. LEXIS 152474 (E.D. Mich. Oct. 27, 2014); *Huntington Nat'l*

2

subject to stricter requirements than those governing public sales. Specifically, Section 2001(b) provides:

> After a hearing, of which notice to all interested parties shall be given by publication or otherwise as the court directs, the court may order the sale of such realty or interest or any part thereof at private sale for cash or other consideration and upon such terms and conditions as the court approves, if it finds that the best interests of the estate will be conserved thereby. Before confirmation of any private sale, the court shall appoint three disinterested persons to appraise such property or different groups of three appraisers each to appraise properties of different classes or situated in different localities. No private sale shall be confirmed at a price less than two-thirds of the appraised value. Before confirmation of any private sale, the terms thereof shall be published in such newspaper or newspapers of general circulation as the court directs at least ten days before confirmation. The private sale shall not be confirmed if a bona fide offer is made, under conditions prescribed by the court, which guarantees at least a 10 per centum increase over the price offered in the private sale.

28 U.S.C. § 2001(b). The Court cannot waive these requirements, and failure to abide by them can render a sale void. *See, e.g.*, *Huntington Nat'l Bank v. JS & P, L.L.C.*, No. 2:13-cv-13841, 2014 U.S. Dist. LEXIS 123112, at *5 (E.D. Mich. Sep. 4, 2014) ("The Court does not have discretion to waive the requirements of §2001(b)[.]"); *Acadia Land Co. v. Horuff*, 110 F.2d 354, 355 (5th Cir. 1940) (declaring a receiver's private sale of real property void where the sale was not preceded by notice, appraisal, and a hearing).

Turning to 28 U.S.C. § 2004, it governs the sale of personal property. It provides, in relevant part, that "[a]ny personalty sold under any order or decree of any court of the United States shall be sold in accordance with [28 U.S.C. § 2001], unless the court orders otherwise." 28 U.S.C. § 2004. Thus, the default rules for the sale of personal property are the same as those for the sale of real property. But unlike with sales of real property, Section 2004 grants the Court

---

*Bank v. Sheridan Propco LLC*, No. 2:23-CV-11458-TGB-DRG, 2026 LX 96106, at *36 (E.D. Mich. Feb. 18, 2026) (approving a receiver's private sale of receivership property, including real property, after finding that the proposed sale complied with the terms of Section 2001(b)).

3

discretion to deviate from these rules when appropriate. *See US. v. Stonehill*, 83 F.3d 1156, 1160 (9th Cir. 1996) (holding that district courts have discretion under 28 U.S.C. § 2004 to tailor requirements for selling personal property); *SEC v. Wilson*, No. 12-cv-15062, 2013 U.S. Dist. LEXIS 198111, at *4 (E.D. Mich. Mar. 28, 2013) ("[F]or the sale of personal property a court may require that the sale comply with the strictures of § 2001, but a court may also make an exception.").

In this case, the Receiver seeks to sell the Martha's Vineyard Property—which contains both real and personal property—via a private sale. [*See* Doc. 147]. Therefore, the proposed sale is subject to Section 2001(b)'s requirements.[2] This means that before the Court can approve the proposed sale, it must (1) appoint three disinterested persons to appraise the Martha's Vineyard Property, (2) conduct a properly noticed hearing regarding the proposed sale, (3) ensure that the proposed sale price is no less than two-thirds of the appraised value, and (4) see "if a bona fide offer is made, under conditions prescribed by the [C]ourt, which guarantees at least a 10 per centum increase over the price offered in the private sale." 28 U.S.C. §2001(b). As these statutory pre-sale requirements have not been completed, the Court cannot approve the proposed sale at this time. *See, e.g.*, *Huntington Nat'l Bank*, 2014 U.S. Dist. LEXIS 123112, at *5.

Accordingly, the Court hereby **ORDERS** the following.

1. The Receiver's Expedited Motion to Sell Real and Personal Property in Martha's Vineyard [Doc. 147] shall be **HELD IN ABEYANCE** pending completion of the pre-sale requirements listed in 28 U.S.C. § 2001(b);

---

[2] Given the structure of the proposed sale and the custom on Martha's Vineyard for sales of real property to include all related personal property (i.e., home furnishings), [Doc. 147 at ¶ 7], the Court declines to modify Section 2001(b)'s requirements regarding the personal property component of the Martha's Vineyard Property.

4

2. **No later than 14 days from the date of this Order**, the Receiver **SHALL** submit a list of at least five proposed appraisers to the Court. This list shall include the proposed appraisers' qualifications as well as the time they estimate it will take to appraise the Martha's Vineyard Property;

3. **No later than 5 days from the date the Receiver submits the foregoing list**, Plaintiff Farm Credit Mid-America, PCA, Defendant Fawn Weaver, and Defendant Keith Weaver **SHALL** each file either (i) a notice of no objections to the proposed appraisers or (ii) written objections to the qualifications and/or disinterestedness of one or more of the proposed appraisers.

After reviewing these filings, the Court will promptly appoint three appraisers (or order the Receiver to propose additional candidates if appropriate) and enter other orders as necessary to facilitate the completion of 28 U.S.C. § 2001(b)'s pre-sale requirements. This will culminate in a properly noticed hearing regarding whether the Court should approve the proposed sale of the Martha's Vineyard Property.

    SO ORDERED.

    */s/ Charles E. Atchley, Jr.*
    **CHARLES E. ATCHLEY, JR.**
    **UNITED STATES DISTRICT JUDGE**