| | | |
|---|---|---|
| FARM CREDIT MID-AMERICA, PCA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:25-cv-38 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| UNCLE NEAREST, INC., *et al.,* | ) | Magistrate Judge Steger |
| | ) | |
| Defendants. | ) | |

## RECEIVER'S EXPEDITED MOTION FOR SANCTIONS

**COMES NOW** the court-appointed receiver herein, Phillip G. Young, Jr. ("Receiver"), by and through undersigned counsel, and hereby moves this Court for an expedited order issuing sanctions against Defendant Fawn Weaver and/or her counsel for Ms. Weaver's wanton and willful violation of this Court's Order Appointing Receiver (Doc. 39) (the "Receivership Order). In support thereof, the Receiver represents as follows.

1.      Pursuant to the Receivership Order, the Receiver is:

 exclusively vested with: (a) all the powers of officers, directors, members, and/or managers (as applicable) of Uncle Nearest and the Subject Entities to take (or refrain from taking) any and all actions on behalf of Uncle Nearest and the Subject Entities and (b) each of Uncle Nearest's and the Subject Entities' rights and powers to act on behalf of any other entity (including as an officer, director, manager, or equity holder), including, without limitation, each Subject Entity, to direct such other entity to take (or refrain from taking) any action in furtherance of the terms under this Order, in each case, until further Order of the Court.

Receivership Order ¶ 9.[1]  Moreover, the Receivership Order provides that: "The Receiver is authorized to commence a proceeding under title 11 of the United States Code of Uncle Nearest and the Subject Entities."  Receivership Order ¶ 10(q).  The Court also enjoined the receivership

---

[1] The Receivership Order defines "Uncle Nearest" to include Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC.

entities and "each of their officers, directors, employees, agents, assigns, or any other persons" from "[i]interfering with, obstructing, or preventing in any way, the Receiver's actions pursuant to this Order, including, but not limited to, any and all actions that may damage the brand and reputation of the Receivership Assets in any form, whether written, verbal, and disseminated through any medium" and from "[i]nterfering in any other way with the Receiver, directly or indirectly." Receivership Order ¶ 11. Finally, the Court provided that all persons, including employees, officers and directors, "are enjoined and retrained from in any way disturbing, interfering or affecting the Receivership Assets of the administration of the receivership estate." Receivership Order ¶ 12.

2. Defendant Fawn Weaver and her counsel have both constructive and actual knowledge of the Receivership Order and its contents. In fact, the Receiver has specifically discussed with both Defendant Fawn Weaver and her counsel the Receiver's exclusive authority to file for bankruptcy relief on behalf of Uncle Nearest and the Subject Entities.

3. This Court has previously made abundantly clear to Defendants Fawn Weaver, Keith Weaver, Grant Sidney, Inc., and their counsel the impact of the Receivership Order on their ability to take any action on behalf of the receivership entities. In its Order (Doc. 89) dated December 22, 2025, the Court struck both a Response filed by Fawn Weaver and Keith Weaver on behalf of the receivership entities and a notice of appearance filed by Manier & Herod, P.C. on behalf of the receivership entities. In so ordering, the Court found that "only the Receiver may represent the Defendant Companies' interests in this litigation."

4. Despite the clear orders of this Court that the Receiver, and only the Receiver, could act on behalf of the receivership entities, on March 17, 2026, Defendant Fawn Weaver signed and filed bankruptcy petitions on behalf of Uncle Nearest, Inc., Nearest Green Distillery Inc., and

Uncle Nearest Real Estate Holdings, LLC in the United States Bankruptcy Court for the Eastern District of Tennessee, Knoxville Division.  The Bankruptcy Petitions for these three companies are attached hereto as Exhibit 1.  The Receiver forwarded the Receivership Order to these companies' bankruptcy counsel, Kelli Holmes of Tarpy, Cox, Fleishman & Leveille, PLLC, and asked counsel to dismiss the petition.  Counsel responded, saying she was "well aware of the District Court's order appointing a receiver," but refused to withdraw the petitions.  Emails between the Receiver and Ms. Holmes is attached hereto as Exhibit 2.

5.　　Further exacerbating matters, Defendant Fawn Weaver went on a media blitz immediately afterward announcing end of this Court's ordered receivership.  A copy of a press release[2] prepared by Ms. Weaver is attached hereto as Exhibit 3.  Ms. Weaver also released a six-minute Instagram video discussing her filing of the unauthorized petitions.  A copy of this video can be supplied to the Court upon its request.  This follows a troubling pattern about which the Receiver has previously warned this Court, of Ms. Weaver ignoring this Court's orders to refrain from trying this case in the media and/or social media.

6.　　The unauthorized bankruptcy filings and Defendant Fawn Weaver's press releases announcing the same has created substantial confusion among Uncle Nearest's customers, vendors, distributors, employees, and shareholders – not to mention the confusion and trepidation it has caused among potential buyers of its assets.  Indeed, within just a few hours after the unauthorized bankruptcy filings, the Receiver received dozens of emails, telephone calls and texts from various constituents inquiring about how these bankruptcy filings impact the ongoing

---

[2] Note that the press release also references a lawsuit allegedly filed by Fawn Weaver, Keith Weaver, and Grant Sidney, Inc. in New York state court against the Plaintiff in this matter.

business of these receivership entities. This has had an immediate and negative impact upon the operation of these businesses.

7. The Receiver and his counsel, in consultation with the United States Bankruptcy Trustee's office, are taking steps to dismiss the unauthorized bankruptcies of these three companies. However, this Court can *and should* issue sanctions against Defendant Fawn Weaver and/or her legal counsel as part of its powers to enforce its own orders. "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Anderson v. Dunn*, 19 U.S. 204 (1821). "[T]he power to punish for contempts is inherent in all courts." *Ex Parte Robinson*, 86 U.S. 505, 510 (1874). Included in this inherent authority is "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). Included in this inherent authority is the right to assess attorney's fees against both parties and counsel. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980); *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258 (1975).

8. Ms. Weaver has continually and consistently violated this Court's direct orders against trying this case in the court of social media; the Receiver has pointed out these violations previously. These actions, standing alone, are sanctionable. However, today's unauthorized bankruptcy filings on behalf of Uncle Nearest, Inc., Nearest Green Distillery Inc., and Uncle Nearest Real Estate Holdings, LLC in clear violation of the Receivership Order are beyond the pale. These actions require immediate and severe sanctions by this Court – not only because they are intentional and knowing violations of this Court's orders, but because they have caused significant and irreparable damage to the companies that the Receiver has been ordered to protect.

9. Furthermore, this Court should make clear in a forthcoming order that Defendant Fawn Weaver has no authority to sign a bankruptcy petition on behalf of any of the receivership entities, so that a Bankruptcy Court is not left with the task of interpreting this Court's order.

10. For clarity and transparency, the Receiver has considered filing bankruptcy petitions on behalf of these entities. Indeed, bankruptcy petitions are likely in the future. However, the timing of such petitions relative to the Court's determination of what entities to include in the receivership, and relative to the process of seeking bids for the purchase of the companies' assets, is crucial. So too is it critical that the Receiver be empowered to guide the companies through the bankruptcy process. Today's unauthorized bankruptcy filings are premature and ill-conceived.

11. Due to the severity and willfulness of the violations of this Court's Receivership Order, the Receiver would urge the Court to issue severe financial sanctions as a deterrent to ongoing violations of this Court's orders. The Receiver would suggest a penalty of $25,000 per unauthorized filing, for a total sanction of $75,000 payable to Uncle Nearest, Inc. The Receiver leaves it to the Court's discretion regarding whether the sanction should be levied only against Defendant Fawn Weaver or whether it should be jointly and severally payable by counsel in this case and/or bankruptcy counsel who filed the unauthorized petitions with full knowledge of this Court's orders.

WHEREFORE, the Receiver respectfully requests that this Court enter an Order which:

A. Clearly states that Fawn Weaver is not, and was not, authorized to sign bankruptcy petitions on behalf of any of the receivership entities herein;

B. Issues appropriate monetary sanctions against Defendant Fawn Weaver and/or her legal counsel; and

C. Grants such other relief that the Court deems just and proper.

Dated this 17th day of March, 2026.

By:  /s/ Justin T. Campbell
     Justin T. Campbell, Tn. Bar No. 31056
     Thompson Burton PLLC
     1801 West End Avenue, Suite 1550
     Nashville, Tennessee 37203
     Voice: (615) 465-6015
     Fax:   (615) 807-3048
     Justin@thompsonburton.com

     *Counsel for Receiver*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via the Court's ECF system and served via United States Mail and electronic mail on the following parties:

Michael E. Collins
Manier & Herod
1201 Demonbreun Street, Suite 900
Nashville, TN 37203
mcollins@manierherod.com

Lynn Tarpy
Kelli D. Holmes
Tarpy, Cox, Fleishman & Leveille, PLLC
Landmark Center North Tower
1111 N. Northshore Drive, Suite N-290
Knoxville, TN 37919
ltarpy@tclfattorneys.com
kholmes@tcflattorneys.com

This 17th day of March 2026.

     /s/ Justin T. Campbell.
     Justin T. Campbell