

**SO ORDERED.**
**SIGNED this 19th day of March, 2026**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_____
Suzanne H. Bauknight
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

_____

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE

In re

UNCLE NEAREST, INC.

Case No. 3:26-bk-30470-SHB
Chapter 11

Debtor

## **O R D E R**

Debtor, through its Chief Executive Officer, Fawn Weaver ("Ms. Weaver"), filed the

Voluntary Petition commencing this Chapter 11 bankruptcy case on March 17, 2026 [Doc. 1].

Motions to dismiss were filed by Phillip G. Young, Jr., Receiver ("Mr. Young"), and Farm Credit

Mid-America, PCA ("Farm Credit") [Docs. 8, 26] and heard on expedited basis on March 19,

2026.[1]  Together with other grounds, the motions to dismiss collectively raised the issue of cause

for dismissal based on a lack of Ms. Weaver's authority to file the case in light of the Order

Appointing Receiver entered by the United States District Court for the Eastern District of

---

[1] A number of motions filed by Debtor also were set for expedited hearing; however, the Court's dismissal of this case mooted all other matters set for March 19, 2026, except for procedural motions that were adjudicated at the hearing.

Tennessee on August 22, 2025, in *Farm Credit Mid-America, PCA v. Uncle Nearest, Inc., et al.*,[2]

Case No. 4:25-cv-38, though which United States District Judge Charles E. Atchley appointed Mr.

Young as Receiver. [Doc. 8-1.]

Arguments were presented to the Court through the respective motions to dismiss and

Debtor's objection [Doc. 16], and the Court heard oral argument on March 19 from Debtor's

bankruptcy counsel, counsel for Mr. Young, and counsel for Farm Credit.  The parties agreed that

there are no facts in dispute affecting the question of Ms. Weaver's authority to file the petition

and that the Court need only interpret the Order Approving Receiver in light of applicable law.

As stated by the Court in its decision delivered from the bench, the Order Approving

Receiver leaves no doubt concerning who has the authority to act on behalf of Debtor, including

but not limited to the authority to file a bankruptcy case, and who does *not* have any such authority.

Specifically, the Order Approving Receiver includes the following directives:

> 9. **Receiver's Vested Power of Subject Entities**: The Receiver shall be exclusively
> vested with: (1) all the powers of officers, directors, members, and/or managers (as
> applicable) of Uncle Nearest and the Subject Entities to take (or refrain from taking)
> any and all actions on behalf of Uncle Nearest and the Subject Entities . . . .

> 10.  Until further order of this Court, the Receiver is hereby authorized forthwith to
> take any actions he deems reasonably necessary to the proper and lawful discharge
> of his responsibilities under this Order and the conduct of Uncle Nearest, including
> the following:

> . . . .

> > b. **Management of Uncle Nearest Operations:** The Receiver is authorized,
> > empowered, and directed to direct and cause Uncle Nearest and the Subject
> > Entities, and each of their officers, directors, partners, managers, agents,
> > servants, employees, representatives, attorneys, and all persons in active
> > concert or participation with them who receive notice of this Order by personal
> > service or otherwise, to continue to manage *all of the ordinary course
> > operations* of Uncle Nearest and the Subject Entities.  For the avoidance of any

---

[2] As explained in the Order Appointing Receiver, for purposes thereof, "the term 'Uncle Nearest' refers collectively
to Defendants Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC."
[Doc. 8-1 at ¶ 1 n.2.]  The term "Subject Entities" likewise refers to the same entities. [*See id.*]

doubt, this means Fawn and Keith Weaver *may continue to market* Uncle Nearest products *and manage* the Uncle Nearest brand, subject to the Receiver's supervision;

. . . [and]

q. **Bankruptcy**: The Receiver is authorized to commence a proceeding under title 11 of the United States Code on behalf of Uncle Nearest and the Subject Entities;

. . . .

11. **Enjoined Actions**: Until further Order of the Court, other than with respect to the Receiver or persons and entitles operating on behalf of the Receiver, Uncle Nearest, the Subject Entities, and each of their officers, directors, employees, agents, assigns, or any other persons or entities acting on behalf of or in concert with Uncle Nearest or the Subject entities are enjoined from taking any of the following actions:

a. **Sale of Receivership Assets**: Selling, transferring assigning, encumbering, disposing of, or otherwise impairing any Receivership Asset without express written from the Receiver;

. . . .

c. **Obstruction:** Interfering with, obstructing, or preventing in any way, the Receiver's actions pursuant to this Order, including, but not limited to, any and all actions that may damage the brand and reputation of the Receivership Assets in any form, whether written, verbal, and disseminated through any medium; and

d. **Interference:** Interfering in any other way with the Receiver, directly or indirectly.

12. **Non-Disturbance of Receivership Assets and Estate:** All persons or entities, including employees, agents, creditors, banks, investors, shareholders, officers, directors, subsidiaries, affiliates, owners or others, with actual or constructive notice of this Order, are enjoined and restrained from in any way disturbing, interfering or affecting the Receivership Assets or the administration of the receivership estate. This includes, without limitation, prosecuting, initiating or continuing any actions or proceedings, enforcing judgments, perfecting liens; pursuing actions or proceedings against the Receiver and the Receiver Representatives, designed to collect their debts or which in any way involve the Receiver or the Receiver Representatives or which affect the Receivership Assets, to the extent that the same would interfere with or disturb these receivership proceedings, without the permission and approval of this Court; provided, however,

that nothing herein shall preclude any party with standing from seeking relief from this Order on proper application and after notice and a hearing. Any actions in violation of this paragraph shall be null and void as acts in contravention of this Order. This injunction is intended to function in a manner consistent with the protections afforded by the automatic stay under 11 U.S.C. §362.

[Doc. 8-1 at 4-5, 12-13 (emphases added).]

A plain reading of the foregoing terms makes it clear that Mr. Young alone has the decision-making authority on behalf of Debtor, and paragraph 10.q is simply a clarification that such authority includes bankruptcy. That paragraph 10.q does not expressly state that Mr. Young has the exclusive right to file a bankruptcy case is immaterial because paragraph 9 has already made clear that *all* rights under the Order Approving Receiver belong exclusively to Mr. Young, with the carve-out provision in paragraph 10.b that Ms. Weaver and Mr. Weaver "may continue to market Uncle Nearest Products and manage the Uncle Nearest brand," (although even that limited authority is "subject to the Receiver's supervision"). [*Id*. at 5.] Further, the Order Approving Receiver expressly authorizes *only* Mr. Young to act on behalf of Debtor with respect to actions that must be authorized or accomplished by a board of directors for a corporation or its members for a limited liability company, including the authority to file a bankruptcy case for the company.

Because Ms. Weaver had no authority to file the Voluntary Petition on March 17, 2026, and for the reasons and in consideration of the authority stated in detail by the Court at the March 19 hearing, the Court directs the following:

1.  The Receiver's Expedited Motion to Dismiss Bankruptcy Cases or, in the Alternative to Recognize Receiver as Authorized Representative of the Debtors filed by Mr. Young on March 18, 2026 [Doc. 8], is GRANTED in part.

2.  The Motion to Dismiss Bankruptcy Cases or, in the Alternative, Appoint Phillip G. Young, Jr. as Chapter 11 Trustee filed by Farm Credit on March 19, 2026 [Doc. 26], is GRANTED in part.

3.  This Chapter 11 bankruptcy case is DISMISSED.

###



**SO ORDERED.**
**SIGNED this 19th day of March, 2026**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____
Suzanne H. Bauknight
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT FOR THE
### EASTERN DISTRICT OF TENNESSEE

In re

NEAREST GREEN DISTILLERY INC.

Debtor

Case No. 3:26-bk-30471-SHB
Chapter 11

### O R D E R

Debtor, through its Chief Executive Officer, Fawn Weaver ("Ms. Weaver"), filed the Voluntary Petition commencing this Chapter 11 bankruptcy case on March 17, 2026 [Doc. 1]. Motions to dismiss were filed by Phillip G. Young, Jr., Receiver ("Mr. Young"), and Farm Credit Mid-America, PCA ("Farm Credit") [Docs. 8, 25] and heard on expedited basis on March 19, 2026.[1]  Together with other grounds, the motions to dismiss collectively raised the issue of cause for dismissal based on a lack of Ms. Weaver's authority to file the case in light of the Order Appointing Receiver entered by the United States District Court for the Eastern District of

---

[1] A number of motions filed by Debtor also were set for expedited hearing; however, the Court's dismissal of this case mooted all other matters set for March 19, 2026, except for procedural motions that were adjudicated at the hearing.

Tennessee on August 22, 2025, in *Farm Credit Mid-America, PCA v. Uncle Nearest, Inc., et al.*,[2]

Case No. 4:25-cv-38, though which United States District Judge Charles E. Atchley appointed Mr.

Young as Receiver. [Doc. 8-1.]

Arguments were presented to the Court through the respective motions to dismiss and

Debtor's objection [Doc. 12], and the Court heard oral argument on March 19 from Debtor's

bankruptcy counsel, counsel for Mr. Young, and counsel for Farm Credit.  The parties agreed that

there are no facts in dispute affecting the question of Ms. Weaver's authority to file the petition

and that the Court need only interpret the Order Approving Receiver in light of applicable law.

As stated by the Court in its decision delivered from the bench, the Order Approving

Receiver leaves no doubt concerning who has the authority to act on behalf of Debtor, including

but not limited to the authority to file a bankruptcy case, and who does *not* have any such authority.

Specifically, the Order Approving Receiver includes the following directives:

> 9. **<u>Receiver's Vested Power of Subject Entities</u>**: The Receiver shall be exclusively vested with: (1) all the powers of officers, directors, members, and/or managers (as applicable) of Uncle Nearest and the Subject Entities to take (or refrain from taking) any and all actions on behalf of Uncle Nearest and the Subject Entities . . . .

> 10.  Until further order of this Court, the Receiver is hereby authorized forthwith to take any actions he deems reasonably necessary to the proper and lawful discharge of his responsibilities under this Order and the conduct of Uncle Nearest, including the following:

> . . . .

>> b. **<u>Management of Uncle Nearest Operations:</u>** The Receiver is authorized, empowered, and directed to direct and cause Uncle Nearest and the Subject Entities, and each of their officers, directors, partners, managers, agents, servants, employees, representatives, attorneys, and all persons in active concert or participation with them who receive notice of this Order by personal service or otherwise, to continue to manage *all of the ordinary course operations* of Uncle Nearest and the Subject Entities.  For the avoidance of any

---

[2] As explained in the Order Appointing Receiver, for purposes thereof, "the term 'Uncle Nearest' refers collectively to Defendants Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC." [Doc. 8-1 at ¶ 1 n.2.]  The term "Subject Entities" likewise refers to the same entities. [*See id*.]

doubt, this means Fawn and Keith Weaver *may continue to market* Uncle Nearest products *and manage* the Uncle Nearest brand, subject to the Receiver's supervision;

. . . [and]

q. **Bankruptcy**: The Receiver is authorized to commence a proceeding under title 11 of the United States Code on behalf of Uncle Nearest and the Subject Entities;

. . . .

11. **Enjoined Actions**: Until further Order of the Court, other than with respect to the Receiver or persons and entitles operating on behalf of the Receiver, Uncle Nearest, the Subject Entities, and each of their officers, directors, employees, agents, assigns, or any other persons or entities acting on behalf of or in concert with Uncle Nearest or the Subject entities are enjoined from taking any of the following actions:

a. **Sale of Receivership Assets**: Selling, transferring assigning, encumbering, disposing of, or otherwise impairing any Receivership Asset without express written from the Receiver;

. . . .

c. **Obstruction:** Interfering with, obstructing, or preventing in any way, the Receiver's actions pursuant to this Order, including, but not limited to, any and all actions that may damage the brand and reputation of the Receivership Assets in any form, whether written, verbal, and disseminated through any medium; and

d. **Interference:** Interfering in any other way with the Receiver, directly or indirectly.

12. **Non-Disturbance of Receivership Assets and Estate:** All persons or entities, including employees, agents, creditors, banks, investors, shareholders, officers, directors, subsidiaries, affiliates, owners or others, with actual or constructive notice of this Order, are enjoined and restrained from in any way disturbing, interfering or affecting the Receivership Assets or the administration of the receivership estate. This includes, without limitation, prosecuting, initiating or continuing any actions or proceedings, enforcing judgments, perfecting liens; pursuing actions or proceedings against the Receiver and the Receiver Representatives, designed to collect their debts or which in any way involve the Receiver or the Receiver Representatives or which affect the Receivership Assets, to the extent that the same would interfere with or disturb these receivership proceedings, without the permission and approval of this Court; provided, however,

that nothing herein shall preclude any party with standing from seeking relief from this Order on proper application and after notice and a hearing. Any actions in violation of this paragraph shall be null and void as acts in contravention of this Order. This injunction is intended to function in a manner consistent with the protections afforded by the automatic stay under 11 U.S.C. §362.

[Doc. 8-1 at 4-5, 12-13 (emphases added).]

A plain reading of the foregoing terms makes it clear that Mr. Young alone has the decision-making authority on behalf of Debtor, and paragraph 10.q is simply a clarification that such authority includes bankruptcy.  That paragraph 10.q does not expressly state that Mr. Young has the exclusive right to file a bankruptcy case is immaterial because paragraph 9 has already made clear that *all* rights under the Order Approving Receiver belong exclusively to Mr. Young, with the carve-out provision in paragraph 10.b that Ms. Weaver and Mr. Weaver "may continue to market Uncle Nearest Products and manage the Uncle Nearest brand," (although even that limited authority is "subject to the Receiver's supervision"). [*Id*. at 5.]  Further, the Order Approving Receiver expressly authorizes *only* Mr. Young to act on behalf of Debtor with respect to actions that must be authorized or accomplished by a board of directors for a corporation or its members for a limited liability company, including the authority to file a bankruptcy case for the company.

Because Ms. Weaver had no authority to file the Voluntary Petition on March 17, 2026, and for the reasons and in consideration of the authority stated in detail by the Court at the March 19 hearing, the Court directs the following:

1.  The Receiver's Expedited Motion to Dismiss Bankruptcy Cases or, in the Alternative to Recognize Receiver as Authorized Representative of the Debtors filed by Mr. Young on March 18, 2026 [Doc. 8], is GRANTED in part.

2.  The Motion to Dismiss Bankruptcy Cases or, in the Alternative, Appoint Phillip G. Young, Jr. as Chapter 11 Trustee filed by Farm Credit on March 19, 2026 [Doc. 25], is GRANTED in part.

3.  This Chapter 11 bankruptcy case is DISMISSED.

###



**SO ORDERED.**
**SIGNED this 19th day of March, 2026**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____
Suzanne H. Bauknight
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

_____

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
### EASTERN DISTRICT OF TENNESSEE

In re

UNCLE NEAREST REAL ESTATE HOLDINGS, LLC

Debtor

Case No. 3:26-bk-30472-SHB

Chapter 11

## O R D E R

Debtor, through its Chief Executive Officer, Fawn Weaver ("Ms. Weaver"), filed the Voluntary Petition commencing this Chapter 11 bankruptcy case on March 17, 2026 [Doc. 1]. Motions to dismiss were filed by Phillip G. Young, Jr., Receiver ("Mr. Young"), and Farm Credit Mid-America, PCA ("Farm Credit") [Docs. 8, 25] and heard on expedited basis on March 19, 2026.[1]  Together with other grounds, the motions to dismiss collectively raised the issue of cause for dismissal based on a lack of Ms. Weaver's authority to file the case in light of the Order Appointing Receiver entered by the United States District Court for the Eastern District of

---

[1] A number of motions filed by Debtor also were set for expedited hearing; however, the Court's dismissal of this case mooted all other matters set for March 19, 2026, except for procedural motions that were adjudicated at the hearing.

Tennessee on August 22, 2025, in *Farm Credit Mid-America, PCA v. Uncle Nearest, Inc., et al.*,[2]

Case No. 4:25-cv-38, though which United States District Judge Charles E. Atchley appointed Mr.

Young as Receiver. [Doc. 8-1.]

Arguments were presented to the Court through the respective motions to dismiss and

Debtor's objection [Doc. 19], and the Court heard oral argument on March 19 from Debtor's

bankruptcy counsel, counsel for Mr. Young, and counsel for Farm Credit.  The parties agreed that

there are no facts in dispute affecting the question of Ms. Weaver's authority to file the petition

and that the Court need only interpret the Order Approving Receiver in light of applicable law.

As stated by the Court in its decision delivered from the bench, the Order Approving

Receiver leaves no doubt concerning who has the authority to act on behalf of Debtor, including

but not limited to the authority to file a bankruptcy case, and who does *not* have any such authority.

Specifically, the Order Approving Receiver includes the following directives:

> 9. **<u>Receiver's Vested Power of Subject Entities</u>**: The Receiver shall be exclusively
> vested with: (1) all the powers of officers, directors, members, and/or managers (as
> applicable) of Uncle Nearest and the Subject Entities to take (or refrain from taking)
> any and all actions on behalf of Uncle Nearest and the Subject Entities . . . .
>
> 10.  Until further order of this Court, the Receiver is hereby authorized forthwith to
> take any actions he deems reasonably necessary to the proper and lawful discharge
> of his responsibilities under this Order and the conduct of Uncle Nearest, including
> the following:
>
> . . . .
>
>> b. **<u>Management of Uncle Nearest Operations:</u>** The Receiver is authorized,
>> empowered, and directed to direct and cause Uncle Nearest and the Subject
>> Entities, and each of their officers, directors, partners, managers, agents,
>> servants, employees, representatives, attorneys, and all persons in active
>> concert or participation with them who receive notice of this Order by personal
>> service or otherwise, to continue to manage *all of the ordinary course
>> operations* of Uncle Nearest and the Subject Entities.  For the avoidance of any

---

[2] As explained in the Order Appointing Receiver, for purposes thereof, "the term 'Uncle Nearest' refers collectively to Defendants Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC." [Doc. 8-1 at ¶ 1 n.2.]  The term "Subject Entities" likewise refers to the same entities. [*See id.*]

doubt, this means Fawn and Keith Weaver *may continue to market* Uncle Nearest products *and manage* the Uncle Nearest brand, subject to the Receiver's supervision;

. . . [and]

q. **Bankruptcy**: The Receiver is authorized to commence a proceeding under title 11 of the United States Code on behalf of Uncle Nearest and the Subject Entities;

. . . .

11. **Enjoined Actions**: Until further Order of the Court, other than with respect to the Receiver or persons and entitles operating on behalf of the Receiver, Uncle Nearest, the Subject Entities, and each of their officers, directors, employees, agents, assigns, or any other persons or entities acting on behalf of or in concert with Uncle Nearest or the Subject entities are enjoined from taking any of the following actions:

a. **Sale of Receivership Assets**: Selling, transferring assigning, encumbering, disposing of, or otherwise impairing any Receivership Asset without express written from the Receiver;

. . . .

c. **Obstruction:** Interfering with, obstructing, or preventing in any way, the Receiver's actions pursuant to this Order, including, but not limited to, any and all actions that may damage the brand and reputation of the Receivership Assets in any form, whether written, verbal, and disseminated through any medium; and

d. **Interference:** Interfering in any other way with the Receiver, directly or indirectly.

12. **Non-Disturbance of Receivership Assets and Estate:** All persons or entities, including employees, agents, creditors, banks, investors, shareholders, officers, directors, subsidiaries, affiliates, owners or others, with actual or constructive notice of this Order, are enjoined and restrained from in any way disturbing, interfering or affecting the Receivership Assets or the administration of the receivership estate. This includes, without limitation, prosecuting, initiating or continuing any actions or proceedings, enforcing judgments, perfecting liens; pursuing actions or proceedings against the Receiver and the Receiver Representatives, designed to collect their debts or which in any way involve the Receiver or the Receiver Representatives or which affect the Receivership Assets, to the extent that the same would interfere with or disturb these receivership proceedings, without the permission and approval of this Court; provided, however,

that nothing herein shall preclude any party with standing from seeking relief from this Order on proper application and after notice and a hearing. Any actions in violation of this paragraph shall be null and void as acts in contravention of this Order. This injunction is intended to function in a manner consistent with the protections afforded by the automatic stay under 11 U.S.C. §362.

[Doc. 8-1 at 4-5, 12-13 (emphases added).]

A plain reading of the foregoing terms makes it clear that Mr. Young alone has the decision-making authority on behalf of Debtor, and paragraph 10.q is simply a clarification that such authority includes bankruptcy.  That paragraph 10.q does not expressly state that Mr. Young has the exclusive right to file a bankruptcy case is immaterial because paragraph 9 has already made clear that *all* rights under the Order Approving Receiver belong exclusively to Mr. Young, with the carve-out provision in paragraph 10.b that Ms. Weaver and Mr. Weaver "may continue to market Uncle Nearest Products and manage the Uncle Nearest brand," (although even that limited authority is "subject to the Receiver's supervision"). [*Id*. at 5.]   Further, the Order Approving Receiver expressly authorizes *only* Mr. Young to act on behalf of Debtor with respect to actions that must be authorized or accomplished by a board of directors for a corporation or its members for a limited liability company, including the authority to file a bankruptcy case for the company.

Because Ms. Weaver had no authority to file the Voluntary Petition on March 17, 2026, and for the reasons and in consideration of the authority stated in detail by the Court at the March 19 hearing, the Court directs the following:

1.  The Receiver's Expedited Motion to Dismiss Bankruptcy Cases or, in the Alternative to Recognize Receiver as Authorized Representative of the Debtors filed by Mr. Young on March 18, 2026 [Doc. 8], is GRANTED in part.

2.  The Motion to Dismiss Bankruptcy Cases or, in the Alternative, Appoint Phillip G. Young, Jr. as Chapter 11 Trustee filed by Farm Credit on March 19, 2026 [Doc. 25], is GRANTED in part.

3.  This Chapter 11 bankruptcy case is DISMISSED.

###