| | | |
|---|---|---|
| FARM CREDIT MID-AMERICA, PCA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:25-cv-38 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| UNCLE NEAREST, INC., *et al.,* | ) | Magistrate Judge Steger |
| | ) | |
| Defendants. | ) | |

**REPLY TO DEFENDANT FAWN WEAVER'S RESPONSE IN OPPOSITION
TO THE RECEIVER'S EXPEDITED MOTION FOR SANCTIONS**

**COMES NOW** the court-appointed receiver herein, Phillip G. Young, Jr. ("Receiver"), by and through undersigned counsel, and for his reply to Defendant Fawn Weaver's Response in Opposition to the Receiver's Expedited Motion for Sanctions (the "Response") states as follows.

**A.    The Bankruptcy Court conclusively found that Fawn Weaver lacked authority to file bankruptcy petitions on behalf of Uncle Nearest, Inc. and its affiliated entities.**

Much of Defendant Fawn Weaver's Response, filed just hours after the United States Bankruptcy Court for the Eastern District of Tennessee (the "Bankruptcy Court") dismissed her bankruptcy filings as being unauthorized, inexplicably focuses on why she is nonetheless authorized to file the bankruptcy cases. These arguments ignore both the conclusion reached by the Bankruptcy Court, and the language which the Bankruptcy Court used to describe Ms. Weaver's unauthorized filings. For example, the Bankruptcy Court's Order[1] dismissing the bankruptcy cases stated:

- "As stated by the Court in its decision delivered from the bench, the Order Approving Receiver leaves **no doubt** concerning who has the authority to act on behalf of the

---

[1] The Receiver attached the Bankruptcy Court's Orders as exhibits to a Notice he filed at Docket No. 181.

Debtor, including but not limited to authority to file a bankruptcy case, and who does *not* have any such authority." (bold type added; italics in the original).

- "A **plain reading** of the foregoing terms makes it **clear** that Mr. Young alone has the decision-making authority on behalf of the Debtor, and paragraph 10.q is simply a clarification of such authority includes bankruptcy." (emphasis added)

- "That paragraph 10.q does not expressly state that Mr. Young has the exclusive right to file a bankruptcy case is immaterial because paragraph 9 has already made clear that ***all*** rights under the Order Approving Receiver belong exclusively to Mr. Young. . . ." (emphasis in the original)

- "Further, the Order Appointing Receiver expressly authorizes *only* Mr. Young to act on behalf of Debtor with respect to actions that must be authorized or accomplished by a board of directors for a corporation or its members for a limited liability company, including the authority to file a bankruptcy case for the company." (emphasis in the original)

The Bankruptcy Court left no doubt that (a) Fawn Weaver was not authorized to file bankruptcy petitions on behalf of the entities subject to this receivership, and (b) that it was clear from the very face of this Court's Order Approving Receiver that the bankruptcy filings were unauthorized.[2] This Court need go no further in its analysis of whether the bankruptcy filings were lawful or whether there was a good faith basis for believing that they were; the Bankruptcy Court has made clear that there was no basis for Fawn Weaver to believe that she had authority to sign

---

[2] Despite this, Fawn Weaver immediately appealed the Bankruptcy Court's ruling and texted all employees of the receivership entities to notify them that she had appealed the Court's ruling, causing further confusion (as addressed below).

bankruptcy petitions on behalf of any of the receivership entities.  Ms. Weaver is precluded from arguing otherwise to this Court, given the Bankruptcy Court's order.

**B.      This Court has authority to issue sanctions for violation of its own Orders.**

In her Response, Fawn Weaver argues that, in the Sixth Circuit, a court must fund "conduct tantamount to bad faith" in order to issue sanctions for violation of its own orders.  *See Jordan v. City of Detroit*, 595 Fed. Appx. 486, 488 (6th Cir. 2014).  They also assert that bad faith cannot be inferred from conduct that is reasonably debatable.  *See United States v. Llanez-Garcia*, 735 F.3d 483 (6th Cir. 2013).

However, [w]hen a party to litigation is consistently uncooperative, bad faith may be inferred." *Selective Ins. Co. of America v. Garibay (In re Garibay)*, 2017 Bankr. LEXIS 1697, *5 (Bankr. E.D. Tenn. 2017).  In this case, there are abundant facts and findings that allow this Court to infer that Ms. Weaver acted knowingly, and in bad faith, by filing unauthorized bankruptcy petitions and talking about them, at length, on social media and to employees, vendors, distributors, and creditors.  First, the history of these proceedings demonstrates bad faith.  This Court has *repeatedly* warned Ms. Weaver about attempting to use social media in furtherance of this case.  Despite these repeated warnings, she (a) posted on social media, immediately after the February 9, 2026 hearing, that the Receiver and the Plaintiff were conspiring to "steal" her business; (b) reiterated this message and bragged that she was violating a non-disclosure agreement at a presentation in Baltimore, Maryland in the last month; and (c) published a press release and posted a video, both declaring that the receivership "had ended", within hours of filing three unauthorized bankruptcy petitions.  Moreover, this Court has already stricken two pleadings that Fawn and Keith Weaver attempted to file on behalf of Uncle Nearest, Inc., putting them on clear notice that they lacked any authority to take any action on behalf of the receivership entities.

Second, Fawn Weaver's bad faith can be inferred from the findings of the Bankruptcy Court. It found that there was "no doubt" that the Receiver had the exclusive authority to file bankruptcy for the receivership entities. It found that a "plain reading" of this Court's order made "clear" that Ms. Weaver had no authority to sign bankruptcy pleadings. Finally, it found that this Court's order "expressly" authorized "only" the Receiver to act on behalf of the companies. In other words, the Bankruptcy Court found that there was no gray area in this Court's receivership order. The Court can therefore infer that Ms. Weaver filed bankruptcy petitions knowing that she was unauthorized to do so, which constitutes grounds for sanctions.

**C.    In addition to monetary sanctions, the Court should enjoin Fawn Weaver from speaking about this proceeding.**

Since the filing of the Motion for Sanctions with this Court, the Receiver has learned more about the depth and breadth of the damage caused by Fawn Weaver's unauthorized bankruptcy filings and her very public communications regarding the bankruptcies and their effect. As discussed in the Motion for Sanctions, Ms. Weaver (through Grant Sidney, a related entity) released a press release declaring that this receivership case was concluded. She also published a six-minute social media video in which she explained that this matter was over and that she was once again controlling the companies. She also sent a text message to all Uncle Nearest employees sharing the same message – and then sent another text message to all employees announcing that she had appealed the Bankruptcy Court's dismissal of her unauthorized bankruptcy filings.

The result of these communications has been widespread confusion. The Receiver has received dozens of communications from employees, creditors, vendors, shareholders, distributors, and potential asset purchasers as a result of Fawn Weaver's actions and communications. At least two potential asset purchasers emailed the Receiver asking for confirmation that he would be able to deliver title to property, one of whom "put on hold" their

work on this transaction as a direct result of Ms. Weaver's actions. The Receiver received communications from at least five senior Uncle Nearest employees expressing confusion regarding whose directions they were to take. One of these employees resigned, citing the "whiplash" caused by the filings as the primary reason for his departure. A distributor has contacted the Receiver wanting clarification regarding who has authority to bind the company, and payment from distributors has been delayed related to this confusion. Additionally, creditors, vendors, and shareholders by the dozen have been reaching out to the Receiver and his staff seeking guidance on the future of the company as a direct result of Ms. Weaver's unauthorized filings and her public communications regarding the same.

This has to stop. The confusion created around the company since the autumn by Ms. Weaver's filings and her social media communications has cost this receivership countless hours and hundreds of thousands of dollars. More importantly, she has significantly damaged the brand by these actions. The Receiver asked for a monetary sanction in his Motion for Sanctions. Given what the Receiver has now learned about the confusion caused by Fawn Weaver's ongoing, incorrect communications, he would also ask the Court to consider fashioning a "gag order" as part of its sanctions against Ms. Weaver. Specifically, the Receiver requests that the Court enjoin Ms. Weaver, Mr. Weaver, and Grant Sidney from discussing this receivership action and/or anything related to this receivership action (including alleged bankruptcy filings) publicly, on social media, with employees, with vendors, with creditors, with shareholders, with investors, and with distributors.[3] An order of this magnitude is the only thing that will allow the Receiver to complete the tasks that this Court has appointed him to accomplish.

---

[3] The Court has previously placed a prohibition on officers and directors from making any statements to the media, on social media, or otherwise about this case. (Docket No. 29). This prohibition was lifted upon the filing of the Receivership Order (Docket No. 39). The Receiver states that this prohibition should be reinstated as to Fawn Weaver, Keith Weaver, and Grant Sidney and that it is imperative to the operations of this Receivership.

WHEREFORE, the Receiver respectfully requests that this Court enter an Order which:

A.  Issues appropriate monetary sanctions against Defendant Fawn Weaver and/or her legal counsel;

B.  Enjoins Defendant Fawn Weaver, Defendant Keith Weaver, and Grant Sidney from speaking about this receivership matter publicly, on social media, and with any constituents of the receivership entities (employees, vendors, distributors, creditors, investors, and shareholders); and

C.  Grants such other relief that the Court deems just and proper.

Dated this 23rd day of March, 2026.

By:  /s/ Justin T. Campbell
Justin T. Campbell, Tn. Bar No. 31056
Thompson Burton PLLC
1801 West End Avenue, Suite 1550
Nashville, Tennessee 37203
Voice: (615) 465-6015
Fax:    (615) 807-3048
Justin@thompsonburton.com

*Counsel for Receiver*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing document has been served via the Court's ECF system and served via United States Mail and electronic mail on the following parties:

Michael E. Collins
Manier & Herod
1201 Demonbreun Street, Suite 900
Nashville, TN 37203
mcollins@manierherod.com

Lynn Tarpy
Kelli D. Holmes
Tarpy, Cox, Fleishman & Leveille, PLLC
Landmark Center North Tower
1111 N. Northshore Drive, Suite N-290
Knoxville, TN 37919
ltarpy@tclfattorneys.com
kholmes@tcflattorneys.com


This 23rd day of March 2026.

/s/ Justin T. Campbell.
Justin T. Campbell