## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT WINCHESTER

| | | |
|---|---|---|
| FARM CREDIT MID-AMERICA, PCA, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. 4:25-cv-38 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| UNCLE NEAREST, INC., *et al.*, | ) | Magistrate Judge Steger |
| | ) | |
| *Defendants*. | ) | |

## ORDER

On March 16, 2026, the Court ordered the Receiver to submit a list of at least five proposed appraisers for purposes of appraising the real property located at 10 Codman Spring Road, Edgartown, Massachusetts and all personal property located therein (collectively the "Martha's Vineyard Property"). [Doc. 178]. The Receiver timely filed a list of proposed appraisers as ordered. [Doc. 182]. In response, Defendants Fawn Weaver and Keith Weaver objected to one of the Receiver's proposed appraisers, Matthew Bellas of Bellas Appraisal Services, and generally criticized the Receiver.[1] [Doc. 187].

Having considered the proposed candidates, the Court finds it needs more information before it can appoint three appraisers as required by 28 U.S.C. § 2001(b). Of the four unobjected-to candidates, it is unclear whether three—Jeffrey Ciciora, Harlan Gibbs, and Shelly Medeiros—

---

[1] This is but one example of the acrimony that has found its way into these proceedings over the past several months. It will be the last. While the Court encourages and indeed expects all counsel appearing before it to zealously advocate for their clients, it expects them to do so in a professional and collegial manner. Animosity does not bolster a party's position, nor does it aid the Court in the efficient administration of justice. Rather, it merely breeds unnecessary hostility and adds friction to even the most routine matters. The Court will not tolerate this. Going forward, the Court expects all counsel to focus their efforts on resolving the issues in this case, not trading barbs with one another.

would be willing to appraise the Martha's Vineyard Property and if so, how long it would take them to perform an appraisal. Accordingly, the Court hereby **ORDERS** the following:

1. **On or before April 9, 2026**, the Receiver **SHALL** supplement his prior list of proposed appraisers [Doc. 182] to definitively state whether Jeffrey Ciciora, Harlan Gibbs, and Shelly Medeiros would be willing to appraise the Martha's Vineyard Property and if so, how long it would take them to perform an appraisal. The Receiver may also supplement his list of proposed appraisers with additional candidates. For each additional candidate, the Receiver **SHALL** list the proposed appraiser's qualifications as well as the time the candidate estimates it will take to appraise the Martha's Vineyard Property. Any objection to a new appraiser candidate must be filed within **five days** of the Receiver supplementing his prior list of proposed appraisers.

2. In lieu of submitting the information described *supra* paragraph 1, the Receiver may either (i) move to withdraw his motion to sell the Martha's Vineyard Property [Doc. 147] in its entirety or (ii) move to amend his motion to request permission to sell the Martha's Vineyard Property via public auction in accordance with 28 U.S.C. § 2001(a).

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

2