## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT WINCHESTER

| | | |
|---|---|---|
| FARM CREDIT MID-AMERICA, PCA, | § | |
| | § | |
| Plaintiff, | § | Case No. 4:25-cv-38 |
| | § | |
| v. | § | Judge Atchley |
| | § | |
| UNCLE NEAREST, INC., *et al.*, | § | Magistrate Judge Steger |
| | § | |
| Defendants. | § | |

**COUNSEL'S RESPONSE IN OPPOSITION TO MOTION FOR SANCTIONS**

Comes bankruptcy counsel for Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC, and hereby submits this response in opposition to the Receiver's Motion for Sanctions.

**I.      The Motion Fails to Identify a Proper Legal Basis for Sanctions Against Counsel**

The Receiver seeks sanctions against counsel but does not clearly articulate the legal basis or satisfy the governing standards required under any potential source of authority. To the extent the Motion invokes the Court's inherent authority, it fails to apply the controlling Sixth Circuit standard, which requires a specific finding of bad faith supported by the record.

The Motion also alludes to the possibility of sanctions against counsel without clearly stating whether it proceeds under 28 U.S.C. § 1927. While a separate motion is not required under § 1927, the statute nevertheless imposes a distinct and demanding standard: it applies only where an attorney "multiplies the proceedings" in an objectively unreasonable and vexatious manner. The Receiver's Motion does not attempt to satisfy that standard. It does not identify any multiplication of proceedings by counsel, much less conduct that is unreasonable and vexatious. The filing of a single set of bankruptcy petitions, on a colorable legal theory, does not constitute the type of conduct § 1927 is designed to address.

1

Nor does the Motion identify any rule-based basis for sanctions. Instead, it relies on conclusory assertions that the conduct was "willful" or "unauthorized," without tying those assertions to the elements required under any applicable sanctioning framework. That is insufficient. Regardless of whether sanctions are sought under inherent authority or § 1927, the Court must apply the correct legal standard and make the required findings. The Receiver's Motion does neither. For these reasons, the Motion fails at the threshold as it pertains to counsel.

## II.     Inherent-Power Sanctions Require a Specific Finding of Bad Faith, Which Is Absent

To the extent the Receiver seeks sanctions under the Court's inherent authority, Sixth Circuit law imposes a stringent standard. Such sanctions may be awarded only upon a specific finding of bad faith or conduct tantamount to bad faith, and the Court must exercise that power with restraint. It is not enough that a party or counsel advances a legal position that is ultimately rejected or even incorrect. Rather, the Court must find that the position was meritless, that counsel knew or should have known it was meritless, and that it was pursued for an improper purpose. As confirmed by counsel's sworn Affidavit, attached hereto as **Exhibit A**, the conduct at issue was undertaken following legal analysis and in good faith, further precluding any finding of sanctionable conduct under either inherent authority or § 1927.

The Receiver's Motion does not attempt to make these showings. It does not identify evidence of improper purpose, does not establish that counsel acted with knowledge of frivolity, and does not engage the governing standard. Instead, it assumes that because the Receiver views the bankruptcy filings as "unauthorized," sanctions necessarily follow. That is not the law.

Nor can the Motion be sustained under 28 U.S.C. § 1927. While § 1927 does not require a showing of subjective bad faith, it still imposes a demanding standard. Courts in this Circuit have

2

made clear that, "[f]or a court to award sanctions under § 1927, the attorney or party need not have acted with 'subjective bad faith' but must have acted with 'something more than negligence or incompetence.'" *ACT, Inc. v. Worldwide Interactive Network, Inc.*, No. 3:18-CV-186-TRM-HBG, 2020 WL 4016241, at *8 (E.D. Tenn. July 16, 2020) (quoting *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006)). Courts further explain that sanctions are appropriate only where an attorney "abuses the judicial process or knowingly disregards the risks that his or her conduct will needlessly multiply the proceedings." *Id.*

The Receiver's Motion does not come close to satisfying that standard. It does not identify any multiplication of proceedings, much less conduct that is unreasonable and vexatious. The filing of bankruptcy petitions in a separate court of competent jurisdiction, on a colorable legal theory, does not constitute an abuse of the judicial process, nor does it reflect a knowing disregard of the risk of needless multiplication. At most, the Receiver alleges a disagreement over legal authority and control. That is insufficient as a matter of law to support sanctions under § 1927. In short, whether analyzed under the Court's inherent authority or § 1927, the Receiver's Motion fails because it does not establish the level of culpability required to impose sanctions on counsel.

### III. The Bankruptcy Filings Were Supported by a Colorable and Reasonable Legal Basis

The Receiver's Motion also fails because the legal position underlying the bankruptcy filings is, at minimum, colorable and grounded in existing authority. Courts within the Sixth Circuit have long recognized that the appointment of a receiver does not ordinarily divest corporate management of the authority to file a voluntary bankruptcy petition. See *Struthers Furnace Co. v. Grant*, 30 F.2d 576 (6th Cir. 1929); *Muffler v. Petticrew Real Estate Co.*, 132 F.2d 479 (6th Cir. 1942).

3

More recently, *In re 530 Donelson, LLC*, 660 B.R. 887 (Bankr. M.D. Tenn. 2024), reaffirmed that principle and further recognized that attempts to categorically prohibit a bankruptcy filing may be ineffective or preempted by federal law. That authority provides a reasonable and good-faith basis for the position that the Receivership Order does not categorically foreclose the filing of a bankruptcy petition by corporate management.

The bankruptcy court's exercise of jurisdiction over the petitions confirms that the filings were procedurally proper and legally cognizable. The subsequent dismissal of those cases reflects a merits determination and not sanctionable conduct. Sanctions cannot be imposed merely because a court ultimately disagrees with a legal position advanced through proper procedural channels.

Whether this Court ultimately agrees with that interpretation is not the issue on a motion for sanctions. Where a legal position is supported by existing authority and reflects a plausible interpretation of governing law, it cannot form the basis for sanctions. The Receiver's Motion does not engage with this authority and instead substitutes a conclusory label, "unauthorized," for legal analysis. That approach is insufficient as a matter of law, particularly where sanctions against counsel are sought.

## IV.     Counsel's Involvement and Legal Judgment Preclude Any Inference of Bad Faith

The undisputed record reflects that the bankruptcy filings were made through counsel, following legal review and consideration of applicable law. The Receiver acknowledges that bankruptcy counsel was aware of the Receivership Order and declined to withdraw the petitions when asked to do so. That fact underscores that the conduct at issue was the product of legal judgment, not defiance or bad faith. Sanctions cannot be imposed simply because opposing counsel disagrees with the legal position taken. To hold otherwise would improperly transform routine

4

legal disputes into sanctionable conduct and would chill the advocacy that the adversarial system depends upon. Here, counsel evaluated a complex and unsettled legal issue at the intersection of receivership law and bankruptcy law, relied on existing authority, and filed in a court of competent jurisdiction. That conduct is not sanctionable.

## V. The Receiver Seeks Punitive Sanctions Without the Required Findings or Evidentiary Support

The Receiver requests a flat $25,000 penalty per filing, for a total of $75,000, and suggests that such sanctions may be imposed jointly and severally against counsel. This request is punitive in nature, yet the Motion provides no evidentiary basis for the amount requested, no analysis of causation, and no findings tying any alleged misconduct by counsel to compensable harm.

Inherent-power sanctions must be anchored to specific misconduct and supported by findings that the sanctioned party acted with the requisite level of culpability. They cannot be imposed as a punitive measure untethered to the evidentiary record. The Receiver's request does not satisfy these requirements and instead reflects precisely the type of overreach that Sixth Circuit precedent prohibits.

## VI. The Motion Improperly Seeks Expedited Sanctions on an Undeveloped Record

The Receiver's request for expedited sanctions further underscores its legal deficiency. The Motion asks the Court to impose severe monetary penalties without a developed evidentiary record on issues central to any sanctions determination, including the scope of filing authority, the legal advice obtained, the governing law, and the intent underlying the filings.

Sixth Circuit precedent requires that sanctions be supported by specific findings based on an adequate record. At a minimum, due process requires notice, an opportunity to be heard, and a factual record sufficient to support the extraordinary remedy sought. The Receiver's Motion

5

attempts to bypass those requirements by seeking immediate sanctions based on disputed legal conclusions. That is improper.

### VII.  At Most, This Is a Legal Dispute - Not Sanctionable Conduct

Even accepting the Receiver's position for purposes of argument, the dispute presented is a legal one concerning the interpretation of the Receivership Order and the scope of authority to file for bankruptcy. It is not conduct that rises to the level of bad faith or abuse of the judicial process.

The question presented is not whether the bankruptcy court ultimately determined that dismissal was appropriate, but whether the filing of the petitions itself was improper. As the record demonstrates, the petitions invoked federal jurisdiction and were adjudicated on the merits. That is a legal dispute - not sanctionable misconduct.

Notably, the Receiver acknowledges that bankruptcy proceedings may ultimately be appropriate but contends that such filings should occur under the Receiver's control and at a time of the Receiver's choosing. That concession confirms that the dispute is fundamentally about timing and authority, not misconduct. A disagreement over legal interpretation and litigation strategy does not justify sanctions against counsel.

### VIII.  Conclusion

The Receiver has failed to establish any basis for the imposition of sanctions against counsel. The Motion does not identify a proper sanctioning authority, does not demonstrate bad faith, does not engage with controlling precedent, and seeks punitive relief without the findings and evidentiary support required by law. Accordingly, the Motion should be denied in its entirety as it pertains to counsel.

Respectfully submitted this 16th day of April, 2026.

6

*s/Lynn Tarpy*
Lynn Tarpy (006017)
Kelli D. Holmes (042256)
Tarpy, Cox, Fleishman & Leveille, PLLC.
Landmark Center North
1111 N. Northshore Dr., Suite N-290
Knoxville, Tennessee 37919
(865) 588-1096
ltarpy@tcflattorneys.com
kholmes@tcflattorneys.com

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true copy of the foregoing Counsel's Response in Opposition to Motion for Sanctions and Exhibit A were served via this Court's CM/ECF system on all parties consenting to receive electronic service.

*s/Lynn Tarpy*
Lynn Tarpy

7

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT WINCHESTER

| | | |
|---|---|---|
| FARM CREDIT MID-AMERICA, PCA, | § | |
| | § | |
| Plaintiff, | § | Case No. 4:25-cv-38 |
| | § | |
| v. | § | Judge Atchley |
| | § | |
| UNCLE NEAREST, INC., *et al.*, | § | Magistrate Judge Steger |
| | § | |
| Defendants. | § | |

## AFFIDAVIT OF LYNN TARPY

I, Lynn Tarpy, being first duly sworn, depose and state as follows:

1. I am an attorney duly licensed to practice law and was involved as counsel in connection with the bankruptcy filings referenced in the Receiver's Motion for Sanctions.

2. I submit this Affidavit in support of the Response in Opposition to the Receiver's Motion for Sanctions as it pertains to counsel.

3. Prior to the filing of the bankruptcy petitions on behalf of Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC, I reviewed the Receivership Order entered by this Court, as well as applicable federal and bankruptcy law.

4. In connection with that review, I considered legal authority addressing the interaction between receivership proceedings and the ability of corporate entities to seek relief under Chapter 11 of the United States Bankruptcy Code.

5. Based upon that review, it was my professional judgment that a colorable and good-faith legal basis existed for the filing of the bankruptcy petitions, including authority recognizing that receivership orders do not necessarily divest corporate management of the ability to invoke federal bankruptcy jurisdiction.

6.      The decision to proceed with the bankruptcy filings was made following legal analysis and was not undertaken for any improper purpose, including but not limited to harassment, delay, or to needlessly increase litigation costs.

7.      At all relevant times, I did not believe that the bankruptcy filings were frivolous, meritless, or in violation of governing law, and I did not act with knowledge that any position advanced lacked a reasonable legal basis.

8.      The bankruptcy petitions were filed in a court of competent jurisdiction for the purpose of invoking that court's authority to determine issues related to the entities' financial condition and restructuring.

9.      At no time did I act in bad faith or with any intent to abuse the judicial process or to multiply proceedings in an unreasonable or vexatious manner.

10.     All actions taken by me in connection with the bankruptcy filings were undertaken in the exercise of my professional judgment as counsel, based on my understanding of applicable law.

FURTHER AFFIANT SAYETH NOT.

_____
Lynn Tarpy

SWORN TO AND SUBSCRIBED before me, this 16th day of April, 2026.

_____
Notary Public
My commission expires: ___11/28/2027___