# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT WINCHESTER

| | | |
|---|---|---|
| FARM CREDIT MID-AMERICA, PCA, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. 4:25-cv-38 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| UNCLE NEAREST, INC., *et al.*, | ) | Magistrate Judge Steger |
| | ) | |
| *Defendants*. | ) | |

## ORDER

This matter is before the Court regarding the Receiver's Expedited Motion to Sell Real and Personal Property in Martha's Vineyard [Doc. 147], which asks the Court to approve a proposed sale of real property located at 10 Codman Spring Road, Edgartown, Massachusetts and all personal property located therein (collectively the "Martha's Vineyard Property").[1]

This proposed sale is governed by 28 U.S.C. §2001(b) which provides in full:

> After a hearing, of which notice to all interested parties shall be given by publication or otherwise as the court directs, the court may order the sale of such realty or interest or any part thereof at private sale for cash or other consideration and upon such terms and conditions as the court approves, if it finds that the best interests of the estate will be conserved thereby. Before confirmation of any private sale, the court shall appoint three disinterested persons to appraise such property or different groups of three appraisers each to appraise properties of different classes or situated in different localities. No private sale shall be confirmed at a price less than two-thirds of the appraised value. Before confirmation of any private sale, the terms thereof shall be published in such newspaper or newspapers of general circulation as the court directs at least ten days before confirmation. The private sale shall not be confirmed if a bona fide offer is made, under conditions prescribed by the court, which guarantees at least a 10 per centum increase over the price offered in the private sale.

28 U.S.C. § 2001(b).

---

[1] The Court notes that the address of the Martha's Vineyard Property was recently changed from 10 Codman Spring Road to 471 West Tisbury Road. [Doc. 196-1 at 9].

Consistent with Section 2001(b), the Court appointed three disinterested persons to appraise the Martha's Vineyard Property. [Doc. 193]. These appraisals have since been submitted to the Court with each valuing the Martha's Vineyard Property at $2,600,000. [*See generally* Doc. 196-1]. The proposed sale price for the Martha's Vineyard Property is $2,595,000, or 99.8% of its appraised value. [*See* Doc. 147 at ¶ 13]. As the proposed sale price exceeds two-thirds of the Martha's Vineyard Property's appraised value, the Court shall proceed to address Section 2001(b)'s other requirements.

To that end, the Court hereby **ORDERS** the following:

1. The Receiver is **DIRECTED** to publish the following notice (or a substantively identical version thereof) in the Vineyard Gazette:

   The Receiver for UN House MV, LLC, Phillip G. Young, Jr., has entered into a sale contract with respect to the real property located at 471 West Tisbury Road, Edgartown, MA 02539 (f/k/a 10 Codman Spring Road, Edgartown, MA 02539) and all personal property located therein. The proposed sale price for the property is $2,595,000. Any party wishing to submit an overbid for the property should contact the Receiver in writing at [insert preferred contact method]. Any overbid must be accompanied by proof of the bidder's financial ability to purchase the property at the overbid price. The deadline to submit an overbid is June 5, 2026. Overbids received after June 5, 2026, will not be considered.

2. The Receiver shall publish the notice described in paragraph 1 as soon as practicable, but in no event later than **May 22, 2026**. The Receiver shall ensure that the notice is published on the Vineyard Gazette's website (https://vineyardgazette.com/) for **at least ten consecutive days**. The Receiver shall further ensure that the notice is published in the **May 22, 2026**, and **May 29, 2026**, print editions of the Vineyard Gazette.

3. **On or before June 9, 2026**, the Receiver shall submit a report to the Court detailing (i) his compliance with the foregoing publication requirements and (ii) any overbids he receives for the Martha's Vineyard Property.

2

4. The Receiver's Expedited Motion to Sell Real and Personal Property in Martha's Vineyard [Doc. 147] is hereby set for hearing on **June 11, 2026,** at **2:00 P.M. ET** at the U.S. Courthouse, 800 Market Street, Knoxville, Tennessee

5. The Receiver is **DIRECTED** to provide notice of this hearing to every individual and entity who has made an offer to purchase the Martha's Vineyard Property and to every individual and entity that submits a timely overbid. The Receiver may discharge his obligations under this paragraph by providing the relevant individuals and entities with a copy of this Order.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

3