# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT WINCHESTER

FARM CREDIT MID-AMERICA, PCA,       )
                                    )
    *Plaintiff*,                     )       Case No. 4:25-cv-38
                                    )
v.                                  )       Judge Atchley
                                    )
UNCLE NEAREST, INC., *et al.*,        )       Magistrate Judge Steger
                                    )
    *Defendants*.                     )

## ORDER

On December 22, 2025, the Court denied Defendant Fawn Weaver, Defendant Keith Weaver, and Grant Sidney, Inc.'s "Emergency Motion for Limited Relief to File Responsive Pleadings and Proceed to Judgment" [Doc. 80] as moot, noting the anti-litigation injunction found in the Order Appointing Receiver [Doc. 39] does not apply to these proceedings. [Doc. 90]. In this same Order, the Court directed the parties to confer and file a joint status report "set[ting] forth a proposed schedule for the orderly progression of this litigation, one which allows the underlying claims to be litigated without unduly interfering with the Receiver's administration of the receivership estate." [*Id.* at 6].

The parties conferred and submitted a joint status report as ordered, though they were unable to agree on a proposed litigation schedule. [Doc. 120]. Given this and the multiple motions that were pending at the time of the parties' report, setting an appropriate schedule in this case took a backseat to determining (1) whether the receivership should continue, [*see* Doc. 91] and (2) whether the receivership should be expanded, [*see* Doc. 41]. Now, however, these issues have been resolved [*see* Doc. 198], and it is time for this case to progress.

Accordingly, the Court hereby **ORDERS** Defendants Fawn Weaver, Keith Weaver, Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC to file their responses to the Verified Complaint [Doc. 1] **on or before July 7, 2026**.[1]

The Court further **ORDERS** the parties to confer and develop a discovery plan in accordance with Fed. R. Civ. P. 26(f). The parties' discovery plan must comply in all material respects with Fed. R. Civ. P. 26(f)(3). The parties must file a written report outlining the discovery plan **on or before July 28, 2026**.

The parties' written report **SHALL** propose at least three agreed dates for the commencement of trial and state the anticipated length of the trial.[2] The proposed dates must be no less than 14 months and no more than 17 months from the date of this Order. Should the parties agree that more or less time is needed to prepare the case for trial, the written report **MUST** explain the reasons for their requested trial dates. While trials are ultimately set at the Court's discretion, the parties' proposed dates will generally be accommodated absent a conflict.

At the Rule 26(f) conference, the parties shall discuss the possibility of settlement. The parties shall indicate in their report filed with the Court whether they believe settlement to be likely, unlikely, or unknown. The report should state the anticipated length of trial.

The parties are on notice that a United States magistrate judge is available to conduct all proceedings in this case and to order the entry of a final judgment pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. Counsel for all parties are instructed to discuss with their clients the

---

[1] For the avoidance of any doubt, only the Receiver may file the response(s) on behalf of Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC. [*See* Doc. 89 at 3–4].

[2] Trials are set on Tuesdays at 9:00 a.m. ET. A standard case timeline, sample scheduling order, and other judicial preferences are available at https://www.tned.uscourts.gov/content/charles-e-atchley-jr-united-states-district-judge.

possibility of consenting to the exercise of a magistrate judge's authority in this action. Should all parties consent, every effort will be made to schedule the trial promptly before the magistrate judge. The magistrate judges do not have to delay civil cases for felony trials; therefore, firm trial dates are more likely in the event that the parties consent. A notice and consent form is available at http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf. The parties may jointly return this form to effect consent.

After the parties have filed their Rule 26(f) report, the Court will enter a scheduling order pursuant to Fed. R. Civ. P. 16, in which it specifies a trial date and all relevant pretrial deadlines. Absent a subsequent order to the contrary, no scheduling conference will be conducted. However, the Court may convene a scheduling conference upon any party's motion or if the Court believes it necessary.

The parties are **ON NOTICE** that failure to comply with the terms of this Order may result in the imposition of sanctions pursuant to Fed. R. Civ. P. 16(f).

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**