| | |
|---|---|
| **FARM CREDIT MID-AMERICA, PCA,** | Case No. 4:25-cv-38 |
| | Judge Atchley |
| Plaintiff, | Magistrate Judge Steger |
| v. | |
| **UNCLE NEAREST, INC., et al.,** | |
| Defendants. | |

### DEFENDANTS' MOTION TO STAY ORDER GRANTING RECEIVER'S EXPEDITED MOTION TO SELL REAL AND PERSONAL PROPERTY IN MARTHA'S VINEYARD PENDING RECONSIDERATION AND/OR APPEAL

COME NOW THE DEFENDANTS, Fawn Weaver and Keith Weaver, who move this Court for an Order pursuant to Rule 62 and F.R.A.P. 8 to stay the Order Granting Receiver's Expedited Motion to Sell Real and Personal Property in Martha's Vineyard [ECF No. 212], pending resolution of Defendants' anticipated motion for reconsideration and any appeal. In support therefor, these Defendants would state as follows:

> The challenged order authorizes an irreversible sale of property before the underlying claims in this action have been adjudicated. A stay is necessary to preserve the status quo and prevent mootness and irreparable harm.

This motion is made pursuant to Fed. R. Civ. P. 62, Fed. R. App. P. 8(a), and the Court's inherent equitable authority to preserve the status quo pending review.

## I. INTRODUCTION

The Court's June 15, 2026 Order [ECF No. 212] authorizes the Receiver to sell the Martha's Vineyard property and personal property. Although the Order states that proceeds may not be released to Plaintiff Farm Credit Mid-America, PCA while the underlying claims remain

pending, the authorization to sell itself will permanently alter ownership rights, disposition rights, and the status quo before any adjudication on the merits of Farm Credit's alleged debt or entitlement to receivership liquidation.

The Defendants ask that this Court stay the implementation of this order pursuant to its power to do so under F.R.C.P. rule 62, Rule 65 and F.R.A.P. 8 for the following reasons:

1. Defendants are in need of an order staying this sale as they intend to appeal this order, as the rights of shareholders and other non-parties are being affected by this order without due process. Furthermore, this order gives the Receiver authority to sell personal property where there has been no inventory and right of ownership established to that property by the Receiver.

2. Defendants will suffer irreparable harm absent a stay because the sale will be difficult or impossible to unwind;

3. A stay will not materially prejudice Farm Credit or the receivership estate; and

4. The public interest favors preserving contested assets until the Court and, if necessary, the Court of Appeals can review the issue meaningfully.

## II. BACKGROUND

On August 22, 2025, the Court entered the Order Appointing Receiver [Doc. 39]. The receivership was justified as a means to safeguard disputed assets and preserve value, not to effectuate a pre-judgment liquidation of disputed property. However, the actions of the Receiver thus far have moved far beyond safeguarding these assets. He seeks to dissipate the entire estate, and the proposed sale of the Martha's Vineyard property is the first step in this explicit plan to do so.

On June 15, 2026, the Court entered its Order Granting Receiver's Expedited Motion to Sell Real and Personal Property in Martha's Vineyard [Doc. 212]. The Order authorizes the

Receiver to sell the Martha's Vineyard property and personal property under the terms of the Motion, while directing that net proceeds not be released to Farm Credit while the underlying claims remain pending.

Defendants respectfully submit that the Order should be stayed because the sale is not merely administrative. It is a final disposition of a unique asset with brand, strategic, and enterprise value, and the sale would substantially prejudice Defendants before any judgment on liability or debt amount has been entered. Furthermore, the Receiver has admitted that he has not inventoried the personal property in the residence and no information has been presented to the court to identify the owners of said property, although he nonetheless has been granted authority to sell that property pursuant to this Order.

### III. LEGAL STANDARD

The court must balance the traditional factors governing injunctive relief to determine whether such relief is available in this case. Thus, it should consider (1) whether the defendant has a strong or substantial likelihood of success on the merits; (2) whether the defendant will suffer irreparable harm if the district court proceedings are not stayed; (3) whether staying the district court proceedings will substantially injure other interested parties; and (4) where the public interest lies. See *Grutter v. Bollinger*, 247 F.3d 631, 632 (6th Cir.2001) (order); *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir.1991). These factors are to be balanced. The strength of the likelihood of success on the merits that needs to be demonstrated is inversely proportional to the amount of irreparable harm that will be suffered if a stay does not issue. However, in order to justify a stay of the district court's ruling, the Appellant must demonstrate at least serious questions going to the merits and irreparable harm that decidedly

outweighs the harm that will be inflicted on others if a stay is granted. See *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir.1985).

Furthermore, In *Arban v. W. Publ'g Corp.*, 345 F.3d 390 (6th Cir. 2003), the Sixth Circuit held that Rule 62 does not require a bond in every case and that the district court may grant a stay without bond where the movant's ability to pay is clear and the bond would be a waste of money.

Therefore, the Defendants move pursuant to F.R.C.P. 65 for injunctive relief, and pursuant to F.R.C.P. 62, and F.R.A.P. 8 to stay the judgment entered in this case on June 15, 2026 pending an appeal in this case.

## IV. ARGUMENT

**A. Defendants have a substantial likelihood of success on the merits.**

The court heard arguments on June 11, 2026 and thereafter entered an Order Granting the Motion to Sell by the Receiver. (See ECF No.212). No sale date has been disclosed, and no closing date has been disclosed.

This order is an interlocutory order of this court which these Defendants wish to appeal. However, as this is an order which is not ordinarily appealable, the sale in this case can occur before the appeal can be heard, ostensibly at the conclusion of this case. Therefore, the Defendants seek injunctive relief from this court to stay this sale pursuant to F.R.C.P. 65 and 62. They also allege that bond is not necessary in this case and ask that no bond be ordered.

1. The Defendants' Due Process Rights are being violated by the Receivership.

The Court's sale order rests on the proposition that the receivership estate may be liquidated before the underlying claims are adjudicated. However, the issue which is the subject of an appeal in this case is whether the Receiver is pursuing remedies which exceed the original

Page 4

scope of the receivership order, and violate the due process rights of the defendants, given that there has been no adjudication of the underlying claims.

A district court enjoys broad equitable powers to appoint a receiver over assets disputed in litigation before the court. The receiver's role, and the district court's purpose in the appointment, is to safeguard the disputed assets, administer the property as suitable, and to assist the district court in achieving a final, equitable distribution of the assets if necessary. *See* 13 *Moore's Federal Practice* ¶¶ 66.02-.03 (3d ed.1999). As an officer of the court, the receiver's powers are coextensive with his order of appointment. *Id.* However, the receiver has been authorized to sell an asset worth less than one percent of the total debt which appears to be at issue in this case and will do so before there has been a discovery schedule set and before a trial date. Furthermore, the sale order authorizes a sale of personal property in the residence without an inventory and without any disclosure of the value of the personal property in the residence. Finally, the receiver has terminated the Defendants from Uncle Nearest, Inc., without authorization from the court and has indicated he has signed a Letter of Intent to sell all of the assets of the company to an undisclosed third party. None of these goals are related to preservation of the assets; instead, it is a clear message the receiver intends to dissipate each and every asset of the estate before trial and render the shareholders investments moot. Furthermore, such a sale would render the unsecured creditors' claims worthless, as they would be uncollectable. The due process concerns and whether the receiver has exceeded his authority are valid claims with a substantial likelihood of success.

To justify the granting of a stay, however, a movant need not always establish a high probability of success on the merits. *Ohio ex rel. Celebrezze*, 812 F.2d at 290 (citing *Cuomo v. United States Nuclear Regul. Comm'n*, 772 F.2d 972, 974 (D.C.Cir.1985)). The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury

Page 5

plaintiffs will suffer absent the stay. Id. Simply stated, more of one excuses less of the other. For example, even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the defendant if a stay is granted, he is still required to show, at a minimum, "serious questions going to the merits." *In re DeLorean Motor Co., 755 F.2d 1223, 1229 (6th Cir. 1985).* (quoting *Friendship Materials, Inc. v. Michigan Brick, Inc*., 679 F.2d 100, 105 (6th Cir.1982)).

2. <u>Shareholders and Unsecured Creditors are entitled to Notice and an Opportunity to be Heard before any Sale.</u>

The Defendants also have a substantial likelihood of success on the merits of this matter, as the rights of an important group of non-parties are being impacted by the Court's decisions in this case: the unsecured creditors and shareholders of Uncle Nearest, Inc.  The holders of the debt of Uncle Nearest are being impacted by this sale as the dismembering of the assets of the company make it more difficult for them to be paid in the future, as this clearly impacts the revenue the company will receive.  These debt holders are owed over $13 million dollars by conservative estimates. Secondly, the equity security holders are being impacted for the same reasons. Every individual or company that has invested in the company is losing a proportionate share of their equity by the sale of this property.  The court has ordered that the proceeds of the sale be held pending the outcome of the case, however, this case only addresses the money owed to Farm Credit. It does not consider the rights and interests of the equity security holders in any of the collateral at issue. At a minimum, concepts of procedural due process when selling real property through a receiver must be followed. These require the following under 28 U.S.C. § 2001(b):

- **notice to all interested parties** by publication or otherwise as the court directs;

Page 6

- **a hearing**;
- **appointment of three disinterested appraisers** before confirmation;
- sale for **no less than two-thirds of appraised value**;
- **publication of the proposed terms** at least **10 days before confirmation**; and
- rejection of the sale if a bona fide overbid is made under court-prescribed conditions providing at least a **10% increase** over the proposed price.[2]

This order of sale provides no such notice to shareholders or unsecured creditors and therefore fails at a minimum at the notice level. ( "For the claims of nonparties to property claimed by receivers, summary proceedings satisfy due process so long as there is adequate notice and opportunity to be heard."  *SEC v. Wencke*, 783 F.2d 829, 836-38 (9th  Cir.), cert. denied, 479 U.S. 818, 107 S.Ct. 77, 93 L.Ed.2d 33 (1986); see also *SEC v. Universal Fin*., 760 F.2d 1034, 1037 (9th Cir.1985) (where investors had been afforded virtually all procedural protections which would have been available in plenary proceedings, and had notice of the nature of the proceedings, it was not improper for the district court summarily to adjudicate investors' claims to notes).  Quoted with approval, *SEC v. Am. Capital Invs., Inc*., 98 F.3d 1133 (9th Cir. 1996).

As long as there is no notice and opportunity to be heard by investors and those with interests in any of the property of Uncle Nearest, Inc., there has been no valid sale which complies with procedural due process. Substantial likelihood of success on the merits can be established at this juncture, not because there is an absolute certainty that the Defendants are right on this point – but because there are serious questions going to the merits of this matter. *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 105 (6th Cir.1982)

**B. Defendants will suffer irreparable harm absent a stay.**

A showing of irreparable harm is the "principal prerequisite" for the issuance of a stay pending appeal. *In re Sabine Oil & Gas Corp*., 548 B.R. 674, 681 (Bankr. S.D.N.Y. 2016). The harm "must be neither remote nor speculative, but actual and imminent." *ACC Bondholder Grp. v. Adelphia Communs. Corp. (In re Adelphia Communs. Corp.)*, 361 B.R. 337, 347 (S.D.N.Y.2007)

(internal citations and quotations omitted). In other cases, it has been found that if the litigants would lose control over the property even before consummation of any foreclosure proceeding—an outcome that demonstrates actual, imminent, and irreparable harm. See *Varsames v. Palazzolo*, 96 F.Supp.2d 361, 367 (S.D.N.Y. 2000) (citing *Southland Corp. v. Forelich*, 41 F.Supp.2d 227, 242 (E.D.N.Y. 1999) (finding that irreparable harm flows from an inability to make productive use of and exercise control over property)). See *In re Endi Plaza LLC*, 25-20002 (SHL) (Bankr. S.D.N.Y. Jan 23, 2026). Therefore, as this order immediately triggers a transfer of the property to a receiver pursuant to a statutory receivership order and ultimately to a third party, this constitutes irreparable harm which cannot be undone at a later date. Id. Therefore, this factor supports a stay.

**C. A stay will not substantially injure Farm Credit or the receivership estate.**

The third factor requires the movant seeking a stay pending appeal to establish that the "issuance of the stay will [not] substantially injure the other parties interested in the proceeding." <u>Nken</u>, 556 U.S. at 434. "In other words, the moving party must show that the balance of harms tips in favor of granting the stay." <u>Adelphia</u>, 361 B.R. at 349.

Here, Farm Credit will not be materially harmed by a stay because the Court has already ordered even if a sale occurs, that the sale proceeds not be released to Farm Credit while claims remain pending. Secondly, any proceeds after satisfaction of the first lien are to be held for the receivership estate. Third, if the court stays this sale, the property remains preserved and available for sale if the Court later determines a sale is appropriate. As the court noted at the hearing, the property is not at risk of loss or diminution, therefore, there is no monetary loss by staying any action on this sale. Simply put, the only thing a stay would do is to maintain the status quo pending reconsideration or appellate review. In contrast, allowing the sale to proceed now risks irreversible

prejudice to Defendants and may ultimately require unwinding transactions if the sale order is later reversed. Therefore, this factor favors granting a stay.

**D. The public interest favors a stay.**

The public interest favors orderly judicial review, preservation of contested property, and avoidance of mootness. Courts generally prefer to preserve the status quo where an interlocutory order will cause irreversible consequences before appellate or reconsideration review can occur. Here, the public interest is also served by ensuring that a receivership does not become an instrument for premature liquidation before liability is determined. The fair administration of equity favors caution where the underlying merits remain unresolved. "The public interest lies in a correct application" of the federal constitutional and statutory provisions upon which the claimants have brought this claim. See *Coalition to Defend Affirmative Action v. Granholm*, 473 F.3d 237 (6th Cir. 2006). There is certainly a public interest therefore in ensuring that the federal receivership statute is correctly applied, especially when the loss of property is at stake. *Id*.

## V. REQUEST FOR EXPEDITED RELIEF

Because the challenged sale order authorizes action that may proceed quickly and irreversibly, Defendants request that the Court enter a temporary stay immediately pending briefing and decision on this motion, or in the alternative set an expedited response schedule and hearing. WHEREFORE, the Defendants pray for the following relief:

1.      That this Court enter a stay of the Order Granting Receiver's Expedited Motion to Sell Real and Personal Property in Martha's Vineyard [ECF No. 212] pending resolution of Defendants' motion for reconsideration and any appeal;

Page 9

2. Temporarily staying any sale-related activity, including marketing, execution of sale documents, closing, transfer, or conveyance of title, pending the Court's ruling on this motion;

3. setting this matter for an expedited briefing schedule and hearing; and

4. granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

**JOHNSON & JOHNSON, P.C.**

*/s/ Curtis Johnson*
Curtis Johnson (TN BPR No. 015518)
Florence Johnson (TN BPR No. 015499)
1407 Union Avenue, Suite 1002
Memphis, TN 38104
T: (901) 725-7520
cjohnson@johnsonandjohnsonattys.com
fjohnson@johnsonandjohnsonattys.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served through the ECF system on all parties registered to receive electronic notices on July 1, 2026:

/s/ Curtis D. Johnson Jr.

Curtis D. Johnson Jr.