**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT WINCHESTER**

| | | |
|---|---|---|
| FARM CREDIT MID-AMERICA, PCA, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. 4:25-cv-38 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| UNCLE NEAREST, INC., *et al.*, | ) | Magistrate Judge Steger |
| | ) | |
| *Defendants.* | ) | |

**SCHEDULING ORDER**

1. ***Jurisdiction***: In this case, the subject matter jurisdiction of the Court has been invoked pursuant to 28 U.S.C. § 1332 and **is not in dispute**.

2. ***Consent to a Magistrate Judge***: The parties do not consent that all proceedings in this case may be conducted by a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c).

3. ***Settlement / Alternative Dispute Resolution****:* The parties shall discuss the possibility of utilizing the Federal Court Mediation Program in this case. If the parties believe the Federal Court Mediation Program can aid in resolving the case, information is available on the Court's website and can be requested in writing from the Division Manager, U.S. District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402.

4. ***Disclosure and Discovery***:

    (a) ***Discovery Plan***: The parties **have** held a discovery planning meeting and submitted a discovery plan as required by Rule 26(f).

    (b) ***Initial Disclosures***: The parties will make all disclosures required by Rule 26(a)(1) on or before **September 1, 2026**.

    (c) ***Expert Testimony***: Plaintiff shall disclose any expert testimony in accordance with Rule 26(a)(2) on or before **February 9, 2027**. Defendant shall disclose any expert testimony in accordance with Rule 26(a)(2) on or before **March 9, 2027**. The parties shall disclose rebuttal testimony within thirty days after the other party's disclosure.

    See Section 6(c), below, regarding expert-related motions.

    (d) ***Final Witness List***: On or before **March 23, 2027**, the parties shall provide to all other parties and file with the court a final witness list in accordance with

Rule 26(a)(3)(A)(i). Within five days after service, the final witness list may be supplemented. After that time the list may be supplemented with leave of the Court and for good cause.

(e) _**All Discovery**_: All discovery—including the taking of depositions, requests for admissions, and all discovery-related motion practice—shall be completed by **April 20, 2027**. After that date, the parties may conduct discovery by agreement, but the Court will not involve itself in any disputes that may arise.

(f) _**Pretrial Disclosures**_: On or before **September 7, 2027**, the parties shall make the pretrial disclosures specified in Federal Rule of Civil Procedure 26(a)(3)(A)(ii) and (iii). All deposition testimony to be offered into evidence must be disclosed to all other parties on or before this date.

5. _**Other Scheduling Matters**_:

(a) _**Amendment of Pleadings**_: If any party wishes to join one or more additional parties or amend its pleadings, a motion for joinder or for leave to amend shall be filed on or before **February 9, 2027**.

(b) _**Dispositive Motions**_: All dispositive motions under Rule 12(c) shall be filed on or before **September 15, 2026**. All other dispositive motions, including motions for summary judgment pursuant to Rule 56, shall be filed as soon as possible, but no later than **May 18, 2027**. The failure to timely file such motions will be grounds to summarily deny them. _Absent extraordinary circumstances, the dispositive motion deadline will not be extended._

The Court prefers not to receive statements of undisputed material facts and will disregard any such statement unless it is (i) jointly filed, (ii) contains no argument, and (iii) sets forth facts rather than the parties' positions. If a "response" is filed, the Court will construe the statement as not jointly filed and disregard it.

(c) **Daubert** _**Motions**_: All motions to exclude expert testimony pursuant to Federal Rule of Evidence 702 should be filed as soon as possible but no later than **May 18, 2027**.

(d) _**Motions in Limine**_: Any motions in limine must be filed no later than **September 14, 2027**. The Court will not entertain a motion to exclude expert testimony styled as a motion in limine. Any motions to exclude expert testimony pursuant to Federal Rule of Evidence 702 must be filed on or before the _Daubert_ motion deadline set forth above.

Plaintiff(s) and Defendant(s) may each file no more than **three** motions in limine without leave of the Court. Any party seeking an expansion of this limit must file a motion setting forth good cause no later than the motion in limine deadline. Prior to filing any motion in limine, the parties must meet and confer regarding anticipated motions in limine and attempt to resolve any disputes that may arise.

2

All motions in limine must include a certification that the parties have conferred in accordance with this Order.

(e) ***Proposed Findings of Fact and Conclusions of Law for Nonjury Trial:*** In lieu of submitting the proposed findings of fact and conclusions of law as specified in E.D. Tenn. LR. 52.1, on or before **October 5, 2027**, the parties shall submit to the Court pretrial briefs of no more than ten (10) pages in length in which they shall provide the general outline of their case, what they believe the applicable law to be, and what they expect the evidence will show.

After the trial, the Court will take the case under advisement and will order the parties to submit more detailed proposed findings of fact and conclusions of law. Proposed findings of facts shall contain a jurisdictional statement, identify the parties, and set out the facts in the order in which they were proved at trial, with supporting citations to the transcript or exhibits. Conclusions of law should be concise, shall not be argumentative, and should cite authority appropriately as specified in E.D. Tenn. LR. 7.4.

6. ***Final Pretrial Conference***: A final pretrial conference will be held in Courtroom 1A on **October 11, 2027**, at **3:00 p.m. ET** at the U.S. Courthouse, 900 Georgia Avenue, Chattanooga, Tennessee. All lawyers who plan to participate in the trial must be present in person at the final pretrial conference.

(a) ***Final Pretrial Order***: The parties shall submit a final pretrial order to the Court at least **five business days** prior to the final pretrial conference by sending it to **atchley_chambers@tned.uscourts.gov**. A sample copy of the final pretrial order is located on the Court's website at **http://www.tned.uscourts.gov**.

(b) ***Trial Briefs***: Any trial briefs regarding anticipated evidentiary and legal issues must be filed at least **three business days** before the final pretrial conference.

(c) ***Exhibits***: Prior to the final pretrial conference, the parties shall meet and confer regarding the authenticity and admissibility of all exhibits they intend to use at trial. At least **five business days** prior to the final pretrial conference, the parties must file an exhibit list with exhibits pre-marked for identification purposes.

Counsel should be prepared to discuss any objections to a party's exhibit list at the final pretrial conference.
To the extent disputed exhibits are not otherwise in the record, the parties should be prepared to provide hard copies of the exhibit (or a relevant excerpt) to the Court at the final pretrial conference.

(d) ***Courtroom Technology***: On or before **October 11, 2027**, the parties shall disclose to one another and to the Court the technology they intend to use in the courtroom during trial and how they intend to use it (*e.g.* display equipment, data storage, retrieval, or presentation devices). This disclosure shall list (1) equipment they

3

intend to bring into the courtroom and (2) Court-supplied equipment they intend to use. The parties shall confirm the compatibility and viability of their planned use of technology with the Court's equipment. General information regarding equipment supplied by the Court is available on the Court's website; specific questions should be directed to courtroom deputy Allison Laster at **allison_laster@tned.uscourts.gov**.

7. *__Trial__*: The trial of this case will be held in Chattanooga, Tennessee, before the United States District Judge beginning on **October 26, 2027**, at **9:00 a.m. ET** and is expected to last **five to seven days**. If this case is not heard immediately, it will be held in line until the following day or anytime during the week of the scheduled trial date.

**SHOULD THE SCHEDULED TRIAL DATE CHANGE FOR ANY REASON, THE OTHER DATES CONTAINED IN THIS ORDER SHALL REMAIN AS SCHEDULED. ANY FURTHER MODIFICATION OF THE DATES HEREIN MUST BE SOUGHT BY A MOTION TO MODIFY THOSE DATES/ DEADLINES.**[1]

SO ORDERED.

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[1] Due to the demands of the Court's docket, all civil trials and pretrial hearings are conducted in Chattanooga, Tennessee. The Court will entertain a motion to conduct trial in another division of this Court upon a showing of good cause by the parties. Any such motions must be filed **after the dispositive motions deadline but no later than four weeks before the final pretrial conference**, and the grant or denial of the same rests in the Court's discretion.