UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **FARM CREDIT MID-AMERICA, PCA,** | ) | |
| **Plaintiff,** | ) | **Case No. 4:25-cv-38** |
| **v.** | ) | **Judge Atchley** |
| **UNCLE NEAREST, INC., et al.,** | ) | **Magistrate Judge Steger** |
| **Defendants.** | ) | |

**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND PURSUANT TO 12(F) AS AN IMPROPERLY JOINED PARTY**

Fawn Weaver ("Movant"), by and through undersigned counsel, hereby moves to dismiss the claims asserted against her pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(f).

## INTRODUCTION

On July 28, 2025, Farm Credit Mid-America, PCA ("Farm Credit") filed this action against multiple parties, including Fawn Weaver. As reflected on the face of the Complaint's caption (Doc. 1, "Complaint"), Ms. Weaver was publicly named as a defendant in this federal lawsuit. See ECF No. 1, Page ID #1.

The difficulty is not that Farm Credit sued Ms. Weaver. The difficulty is that Farm Credit did so without asserting a single cause of action against her. The Complaint contains only two counts. Neither count names Ms. Weaver as a defendant. Neither count alleges that she breached any contract. Neither count alleges that she was a guarantor. Neither count alleges fraud, alter ego liability, conspiracy, tortious conduct, or any other independent basis for personal liability. Indeed, the pleading – on its face – does not attempt to connect Ms. Weaver to any actionable theory whatsoever that could possibly create individual liability.

The omission is not accidental. Fawn Weaver was not a signatory to the loan documents at issue, a fact Farm Credit admits. She was not a guarantor. She had no contractual privity with Farm Credit in her individual capacity. And Uncle Nearest, Inc.—a company with substantial assets, as acknowledged by the court-appointed receiver—was the borrowing entity. Yet, despite the absence of any pleaded claim, Farm Credit placed Fawn Weaver in the caption of a federal lawsuit, knowing full well that the mere public filing of such a pleading carries reputational and commercial consequences, particularly for the well-known founder of a nationally recognized and rapidly growing spirits company. While the Court has cautioned the parties about "public relations concerns" or "using the justice system as a vehicle to promote a specific narrative" (Doc. 116-9), it is black-letter law in every jurisdiction—state and federal—that a lawsuit cannot remain pending against an individual where no cause of action is alleged against her.

Federal pleading standards are not ornamental. They are mandatory. Under Rule 8, a complaint must contain a short and plain statement showing that the pleader is entitled to relief against the party being sued. Naming an individual in the caption without pleading a cause of action against that individual is not notice pleading. It is no pleading at all.

This is not a matter of technical deficiency that can be cured with artful drafting. As presently constituted, there is no claim against Fawn Weaver to dismiss on the merits—because no claim was ever asserted.

No individual should be required to endure the burdens, reputational damage, and coercive pressure of federal litigation where the complaint does not and cannot articulate a legally cognizable theory of liability. The Federal Rules do not permit a person to be named first and charged later. Accordingly, Fawn Weaver must be dismissed immediately. Should Farm Credit attempt at this stage to amend in order to fabricate a lender-based claim against an individual like

Fawn Weaver—who lacks privity, guaranty, or any independent basis for liability—such an effort would raise serious concerns under Federal Rule of Civil Procedure 11. Litigation is not a leverage device. It is a forum for adjudicating actual claims grounded in law and fact.

The present state of the pleadings is unsustainable. The Court's intervention is required now—before the continued public listing of individuals against whom no claim exists becomes normalized—to restore the case to its proper legal footing.

## **BACKGROUND**

Farm Credit's Verified Complaint spans more than thirty pages and recounts, in granular detail, an alleged history of defaults under a series of loan agreements executed between Farm Credit and certain corporate entities associated with the Uncle Nearest enterprise.

The pleading centers on three categories of loans—a revolving credit facility, term loans, and a real estate line of credit—extended to Uncle Nearest, Inc. and its affiliated entities. The Complaint meticulously describes amendments to the Credit Agreement, borrowing base calculations, financial reporting covenants, collateral inspections, alleged overadvances, missed payments, and purported violations of the Loan Documents. The gravamen of the action is contractual default.

Critically, every operative loan document described in the Complaint identifies corporate borrowers. The Credit Agreement was executed by Uncle Nearest, Inc. and related entities. The Security Agreement grants liens in corporate collateral. The alleged Events of Default arise from failures of the borrower entities to maintain financial covenants, make scheduled payments, provide reporting, or comply with forbearance milestones.

The First Claim for Relief confirms the nature of the case. It is expressly styled as a claim for "Breach of Contract against Uncle Nearest – the Loan Documents." The allegations

incorporated into that claim assert that "Uncle Nearest" defaulted under the Loan Documents and that the borrower entities breached their contractual obligations. No separate breach is alleged against Fawn Weaver in her individual capacity.

The Second Claim for Relief seeks appointment of a receiver over the borrower entities and their collateral. Again, no independent theory of liability is asserted against Fawn Weaver. The Complaint does not allege that Fawn Weaver personally guaranteed the loans at issue. It does not allege that she was a signatory to the Credit Agreement in her individual capacity. It does not allege alter ego liability. It does not allege fraud. It does not allege conspiracy. It does not allege tortious interference. It does not allege misrepresentation. It does not allege veil-piercing. It does not allege any independent statutory violation. It does not allege that Ms. Weaver received loan proceeds personally or undertook any contractual obligation to Farm Credit.

Instead, Ms. Weaver's actual name is mentioned only once in the body of the Complaint, where Farm Credit alleges that Ms. Weaver is "an individual … residing in Shelbyville, Tennessee and serving as the Chief Executive Officer" of the borrower. (Compl. ¶9.)

Since filing the Complaint, Farm Credit has not sought leave to amend to assert any claim against Fawn Weaver individually. Nor has it represented—in any motion, memorandum, or filing—that it intends to pursue a personal liability theory against her. The litigation has proceeded entirely on the premise that the alleged defaults arise from obligations of the borrower entities under the Loan Documents.

Thus, stripped of narrative detail, the case is straightforward: a lender sues its corporate borrowers for alleged contractual defaults and seeks enforcement of loan remedies. Yet, despite the absence of any pleaded theory of personal liability, Fawn Weaver remains named as an

individual defendant in the caption on page one of the Complaint. That posture frames the legal issue presented by this Motion.

## ARGUMENT

### I. APPLICABLE STANDARDS AND RULES OF PLEADING

#### *A. Rule 8 Pleading Standards Under Twombly, Iqbal and Their Progeny*

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim only has "facial plausibility" when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (quoting *Twombly*, 550 U.S. at 556).

Assessing whether a complaint satisfies Rule 8(a)(2) requires a two-step inquiry. First, the court must identify allegations not entitled to the assumption of truth, including "legal conclusions;" "threadbare recitals of the elements of a cause of action," and "mere conclusory statements" do not meet the requirements of Rule 8(a)(2). *Iqbal*, 556 U.S. at 678–79. Second, the court must determine whether the remaining factual allegations plausibly give rise to an entitlement to relief. *Id.* at 679.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Id.* at 678. There must be more than a sheer possibility that a defendant has acted unlawfully. *Id.* Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79.

The Sixth Circuit applies *Twombly* and *Iqbal* strictly. In *Rondigo, LLC v. Township of Richmond*, 641 F.3d 673 (6th Cir. 2011), the court explained that factual allegations must raise the right to relief above the speculative level and permit a reasonable inference that the defendant is

liable for the misconduct alleged. *Id.* at 680. Where a complaint pleads facts merely consistent with liability, it stops short of plausibility. *Id.*

A pleading that does nothing more than identify an individual's existence—without alleging particularized, non-conclusory facts linking that individual to actionable misconduct—is facially defective and emblematic of the speculative pleading *Twombly* and *Iqbal* were designed to eliminate.

## II. THE FARM CREDIT COMPLAINT AGAINST FAWN WEAVER MUST BE DISMISSED WITH PREJUDICE

### *A. Dismissal Is Mandatory*

Farm Credit named Fawn Weaver as an individual defendant in the caption and in the introductory paragraphs of the Verified Complaint. (Doc. 1; Compl. ¶¶ 9–10.) Yet the pleading never asserts a cause of action against Ms. Weaver—indeed, neither of the Complaint's two counts names Fawn Weaver as a defendant or alleges any defendant-specific misconduct by her that could plausibly support personal liability. (Compl. ¶¶ 71–76 (Count I); ¶¶ 77–87 (Count II).) Under controlling Supreme Court and Sixth Circuit pleading law, that omission is dispositive: a defendant cannot be kept in federal court where the complaint fails to state a claim showing an entitlement to relief against that defendant. *Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007).

#### **1. Rule 8 Requires More Than Naming an Individual's Corporate Role—Facts Must Be Alleged Showing Entitlement to Relief**

Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That is a defendant-specific obligation: the pleading must supply factual content supporting a reasonable inference that each named defendant is liable for a recognized claim.

Here, Farm Credit asserts—without more—that it brings this "Verified Complaint against Defendant[] … Fawn … Weaver (in [her] official and individual capacity)" and then defines all defendants collectively as "Uncle Nearest." (Compl., Introductory Paragraph; see also Compl. ¶9 (identifying Ms. Weaver's existence).) But the Supreme Court has squarely rejected pleading by collective label as a substitute for allegations establishing individual liability. Under *Twombly,* a complaint must plead more than labels and conclusions; it must include enough factual matter to state a plausible claim. 550 U.S. at 556 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do") (internal citations omitted). Under *Iqbal,* the plausibility inquiry asks whether the factual allegations permit a reasonable inference that "the defendant" is liable; courts disregard conclusory allegations and require facts showing each defendant's personal liability rather than generalized assertions. 556 U.S. at 669, 678–79 (disallowing "threadbare recitals of a cause of action's elements, supported by mere conclusory statements") (emphasis added).

The Sixth Circuit applies the same rule: courts must assess plausibility as to each individual defendant and may not ascribe alleged acts of some defendants to others. *Heyne v. Metro. Nashville Pub. Schs.,* 655 F.3d 556, 563 (6th Cir. 2011) ("we cannot ascribe the acts of all [defendants] to each individual defendant") (emphasis added). And when a plaintiff fails to allege facts demonstrating the unlawfulness of a particular defendant's individual actions, dismissal as to that defendant is required.. *Sampson v. Garrett,* 917 F.3d 880, 882 (6th Cir. 2019) (*citing Hill v. Lappin,* 630 F.3d 468 (6th Cir. 2010); *Lanman v. Hinson,* 529 F.3d 673 (6th Cir. 2008)).

Farm Credit's Complaint does not come close to meeting these standards with respect to Fawn Weaver.

### 2. The Complaint's Only Two Counts Confirm There Is No Pleaded Claim

*i. Count I pleads only a breach of contract claim against "Uncle Nearest" based on the Loan Documents and defaults by the borrower enterprise, not a claim against Ms. Weaver*

Count I is expressly pleaded as "Breach of Contract against Uncle Nearest – the Loan Documents." (Compl. ¶71.) It alleges that "Uncle Nearest has defaulted under the Loan Documents." (Compl. ¶72.) It further alleges that the Credit Agreement is a binding contract "whereby Uncle Nearest … agreed to repay" the loans, and that Farm Credit performed by "funding the … loans to Uncle Nearest." (Compl. ¶¶ 73–74.) It then alleges that "[t]he Defaults constitute a breach of Uncle Nearest's obligations under the Loan Documents." (Compl. ¶ 75.)

Notably absent is any allegation that Fawn Weaver, in an individual capacity, was a contracting party, undertook a personal contractual obligation, breached a personal obligation, engaged in a conspiracy, committed fraud, or owes damages on a contract theory. (*See* Compl. ¶¶ 71–76.) Under *Twombly* and *Iqbal*, a complaint that does not plead facts supporting a plausible theory of liability for a particular defendant fails to state a claim as to that defendant.

The Sixth Circuit's decisions underscore that courts do not permit plaintiffs to proceed against an individual defendant absent allegations tying that individual to the elements of a claim. Conclusory pleading does not suffice, and where allegations do not support a legally cognizable claim against a defendant, dismissal is proper. *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625 (6th Cir. 2009) (affirming dismissal under *Twombly* and *Iqbal* and denying leave to amend based on futility); *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 433 (6th Cir. 2008) (affirming dismissal where the complaint was "devoid" of any theory against the particular defendant). Here, Count I not only fails to plead sufficient facts against Ms. Weaver—it pleads no breach or liability theory of any kind against her.

*ii. Count II seeks a receiver and managerial displacement, but it does not plead an underlying cause of action for personal liability against Fawn Weaver*

Count II seeks appointment of a receiver under Rule 66 and the Court's equitable powers to protect Farm Credit's security interests in collateral. (Compl. ¶¶ 78–80.) It pleads asserted grounds for a receiver based on alleged financial distress and risk to collateral and requests appointment of a receiver over specified entities and properties. (Compl. ¶¶ 79–87.) It also asks that the receiver "remove Ms. Weaver … from [her] management role." (Compl. Prayer for Relief ¶ (c)(ii).)

But even taking these allegations as true, Count II is not a pleaded cause of action imposing personal monetary liability on Ms. Weaver, nor does it supply a legal theory explaining why she is properly named as a defendant in her individual capacity. At most, it references Ms. Weaver as an officer or representative and seeks governance-related relief as part of the requested receivership framework. (See Compl. ¶¶ 9–10, 13–14; Prayer for Relief, (c)(ii).)

That distinction matters under *Iqbal*: pleading must show how each defendant is liable for the "misconduct alleged," not merely that they are associated with a broader dispute. The Sixth Circuit likewise requires factual allegations that permit a reasonable inference that the defendant is liable for the wrongdoing alleged; conclusory or collective assertions are insufficient. *Rondigo, LLC v. Township of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011).

Because Count II does not plead a claim establishing a cognizable basis for personal liability against Ms. Weaver, it cannot justify keeping her in the case as an individual defendant.

*iii. The factual narrative does not cure the failure to plead a claim against Ms. Weaver*

Farm Credit's factual section contains references to Ms. Weaver's role as a founder and executive. (Compl. ¶¶ 9–10, 13–14.) It includes allegations about a Martha's Vineyard property

purchased through an entity that is "not (and never has been) a Borrower or other Loan Party." (Compl. ¶26.) It alleges that RE Holdings and Keith Weaver executed certain deeds of trust (Compl. ¶35) and notes that "Mr. Weaver, as applicable"—***specifically not Fawn Weaver***—executed a deed of trust associated with the Eady Road Property. (Compl. ¶35(c).)

None of the Farm Credit narrative is organized into, or incorporated as, a pleaded cause of action against Fawn Weaver individually. Rule 8 is not satisfied by insinuation, background narrative, or a suggestion that discovery might later reveal a theory. A complaint must plead facts that, if true, plausibly establish a basis for relief against the particular defendant now.

*iv. Dismissal is mandatory as to Ms. Weaver because the Complaint states no claim upon which relief can be granted against her*

Once the Court strips away the collective label "Uncle Nearest" and examines what claims are actually pleaded, there are exactly two counts: breach of contract based on the Loan Documents (Compl. ¶¶ 71–76) and appointment of a receiver and related equitable relief (Compl. ¶¶ 77–87). Neither count pleads a legal theory or supporting factual content establishing that Fawn Weaver, in an individual capacity, is liable to Farm Credit for damages or other defendant-specific relief.

Under the Supreme Court's plausibility framework, a complaint that does not plead sufficient factual matter to state a plausible claim for relief against a particular defendant must be dismissed as to that defendant. The Sixth Circuit applies the same rule and requires dismissal where allegations are conclusory or fail to support a cognizable claim as to the individual defendant.

Accordingly, the Court should dismiss Fawn Weaver as a defendant because Farm Credit has not pleaded any cause of action against her and has not alleged facts that plausibly establish an entitlement to relief against her.

## III. THE COURT SHOULD STRIKE FAWN WEAVER AS IMPROPERLY NAMED

### *A. Rule 12(f) Authorizes Striking Improperly Named Parties*

Even apart from dismissal under Rule 12(b)(6), the Court possesses independent authority—and indeed an obligation—to strike or drop a party who has been improperly named in a federal pleading. Farm Credit did not merely fail to state a claim against Fawn Weaver. It named her in the caption of a federal lawsuit without pleading a claim against her. That procedural posture warrants corrective action under multiple Federal Rules of Civil Procedure.

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Courts within this Circuit recognize that Rule 12(f) is an appropriate mechanism to remove improper parties from a complaint. *Kennedy v. Kentucky Dep't of Juvenile Justice*, No. 1:24-cv-00016-GNS, 2025 WL 283227, at *2 (W.D. Ky. Jan. 23, 2025) (striking parties due to improper capacity); *Light v. Guidant Corp.*, No. 3:07-cv-35-H, 2007 WL 2325940, at *2 (W.D. Ky. Aug. 13, 2007) (a motion to strike is an "appropriate method to challenge … improper parties").

Here, Fawn Weaver is an improperly named party in the most fundamental sense: the body of the Complaint does not assert a claim against her. The Sixth Circuit has made clear that whether a party is properly sued in an individual capacity is determined not by the caption, but by the substance of the allegations in the body of the complaint. *Gongolewski v. Lexington–Fayette Urban Cnty. Gov't*, 920 F.2d 932, 1990 WL 200378, at *2 (6th Cir. 1990). Where the body of the complaint does not plead an individual-capacity claim, no such claim exists.

That is precisely the case here.

Because no cause of action is pleaded against Ms. Weaver, her presence in the caption is immaterial to the adjudication of the only two claims asserted—breach of contract against the borrower entities and appointment of a receiver over those entities and collateral. Under Rule 12(f), the Court should strike Fawn Weaver from the Complaint.

*B. Rule 21 Authorizes Dropping Improperly Named Parties at Any Time*

Rule 21 provides an independent and flexible vehicle for relief: "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

Where a party has been named without a cognizable claim asserted against her, Rule 21 is the proper procedural mechanism to drop that party from the action. *United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462, 463 (E.D. Ky. 2018).

There is no prejudice to Farm Credit in dropping Fawn Weaver as a party because:

1. No claim has been asserted against her;
2. No theory of personal liability has been articulated;
3. Farm Credit has not sought leave to amend; and
4. The litigation has proceeded entirely as a dispute between lender and borrower entities.

Rule 21 exists precisely to correct this type of pleading defect without distorting the remaining litigation.

*C. Federal Courts Strike or Enjoin Claims Brought for Improper Purposes*

The Federal Rules do not permit a party to be named in litigation for purposes other than adjudicating a legally cognizable claim.

Courts have stricken complaints or enjoined further filings where defendants were named for improper purposes, including harassment or publicity. *In re New York Area Emp. Ret. Income Sec. Act & Emp. Pracs. Litig.*, 555 F. Supp. 3d 1367, 1368 n.4 (J.P.M.L. 2021) (citing *Percy v. Oriska Gen. Contracting*, 2021 WL 2184895 (E.D.N.Y. May 27, 2021)).

Rule 11(b) prohibits filings presented "for any improper purpose, such as to harass." Courts have enforced that rule by dismissing or enjoining claims brought for such purposes. *Viola v. Yost*,

No. 2:21-cv-3088, 2022 WL 656569, at *10 (S.D. Ohio Mar. 4, 2022), aff'd, 2023 WL 6222366 (6th Cir. June 12, 2023).

This Court has expressly cautioned the parties against exploiting the public visibility of this litigation or attempting to convert these proceedings into a tool of leverage. (Doc. 116-9.) The only clear violation of that admonition is Farm Credit's decision to name Fawn Weaver individually—without articulating any cognizable theory of liability—in a manner that can only be understood as an effort to stain the public record. If a legitimate basis exists for haling Ms. Weaver into federal court as a named defendant, Farm Credit must be compelled to state, with precision and particularity, the exact legal theory and supporting facts that justify her presence as a party.

*D. The Body of the Complaint Controls—and It Pleads No Claim Against Ms. Weaver*

It is black-letter law that the substance of the complaint determines whether a party has been sued in an individual capacity. *Gongolewski*, supra.

Here:

- Count I pleads breach of contract against "Uncle Nearest."
- Count II seeks appointment of a receiver over borrower entities and collateral.
- The body of the Complaint contains no count, no elements, and no prayer for damages directed at Fawn Weaver individually.

Ms. Weaver was placed in the caption, but no cause of action was ever asserted against her. Under Sixth Circuit precedent, that ends the inquiry.

*E. The Proper Remedy Is to Strike or Drop Fawn Weaver Immediately*

The Court need not—and should not—allow an improperly named individual to remain in federal litigation while awaiting hypothetical amendment.

The Federal Rules provide immediate remedies:

- Rule 12(f) — strike improper matter;
- Rule 21 — drop improperly named parties;
- Rule 11 — address filings lacking a proper legal foundation.

This Court should exercise its authority now and strike Fawn Weaver from the Complaint, or alternatively drop her as a party under Rule 21, restoring this case to what it actually is: a lender–borrower dispute between Farm Credit and corporate entities. No federal rule permits naming individuals first and alleging a claim later.

IV. LEAVE TO AMEND SHOULD NOT BE PERMITTED

Despite one of the more massive early-stage receivership investigations on record before this Court, including thousands of pages of pleadings and evidence, the Receiver – a highly regarded, independent and experienced officer of this Court – has concluded that he continues to find no basis to add Fawn Weaver as a defendant in connection with this dispute between Uncle Nearest and Farm Credit. The Receiver's latest admission was made in a February 2, 2026 court filing where he says it outright and under penalty of perjury in a comprehensive affidavit bearing on every issue material to the case at bar. The Receiver's conclusions are stark and specifically underscore the wisdom of extricating Ms. Weaver from this federal lawsuit now and prior to additional reputational and financial damage:

> "More specifically I am aware that the Weaver parties have attempted to use statements from prior pleadings to exonerate themselves from liability. For clarity, based upon my investigations to date I am not prepared to bring any causes of actions against the Weaver parties; neither am I prepared to represent to this court that they did not personally benefit from the company parentheses either directly or indirectly, through a company whose financial records I cannot directly access) or otherwise cause redressable injury to the company. As indicated above, my investigations are ongoing so any such statement would be premature."

See ECF No. 126, Page ID #3251.

To be sure, the Receiver neither controls the rights of Farm Credit nor do his findings provide conclusive evidence from which the Court may properly conclude leave to amend should be denied. Still, the Receiver's conclusions – particularly considering the length and scope of his investigation – clearly implicate Fed. R. Civ. P. 11 should Farm Credit attempt to concoct a new theory to include naming Fawn Weaver in a federal complaint regarding its unguaranteed loan to Uncle Nearest. *See generally, Mann v. G & G Mfg., Inc.,* 900 F.2d 953, 959 (6th Cir. 1990) (discussing scope of Fed. R. Civ. P. 11). To the extent Farm Credit wishes to sue Ms. Weaver for allegedly violating a forbearance agreement or a deed of trust she purportedly executed (*see, e.g.,* Doc. 130, ¶¶22 and 23) the law in this jurisdiction requires the alleged violations to be set forth in a pleaded lawsuit so that Ms. Weaver has the right to test them under the due process clause, as enunciated in *Iqbal, Twombly* and their progeny. Lawsuits are not made sufficient by affidavits submitted more than six months later, but instead are required to set forth enough facts within their four corners to provide notification of precisely the factual and legal theories of liability being relied upon. *See, e.g., In re Omnicare, Inc. Securities Litigation,* 769 F.3d 455, 466 (6th Cir. 2014) ("at the motion-to-dismiss stage, a federal court may consider ***only*** the plaintiff's complaint") (emphasis added).

Highlighting this condition, the Receiver's recent declaration makes clear that he is unable to "clear" Farm Credit from lender liability notwithstanding his substantial investigation, as set forth at paragraph 65 of his affidavit. See ECF No. 126, PageID 3251.

Ms. Weaver avers that it is this fact – and this fact alone – that best explains why Farm Credit has been unwilling to place in a federal court complaint its factual and legal bases for suing Fawn Weaver individually. Each of Farm Credit's purported breaches are in fact laced with evidence of fraud and malfeasance with respect to its and its loan officers' dealings with Fawn

Weaver. With respect to currently scheduled evidentiary hearings regarding whether the Court wishes to continue the receivership estate in this matter, it is more than just noteworthy that the Receiver is not even willing to conclude that Farm Credit is free from lender liability considering the underlying facts and circumstances.

In these circumstances, leave to amend would be unwarranted. *See, e.g., Parry v. Mohawk Motors of Michigan, Inc.,* 236 F.3d 299, 306 (6th Cir. 2000) (leave to amend should be denied, because a plaintiff should "act with due diligence if it wants to take advantage of the Rule's liberality").

**CONCLUSION**

For the foregoing reasons, the claims asserted against Fawn Weaver should be dismissed in their entirety. The Complaint fails to articulate any cognizable, non-speculative theory of liability against her, fails to plead particularized facts linking her to actionable misconduct, and fails to identify any legally sufficient basis for hauling her individually into federal court.

If Farm Credit's objective was merely to ensure that injunctive or receivership-related orders would bind Ms. Weaver in her capacity as an officer, agent, or person acting on behalf of an entity or secured party, existing authority already provides that mechanism. Federal Rule of Civil Procedure 65(d) expressly extends the reach of injunctive relief to officers, agents, servants, employees, and those acting in active concert or participation with a party, provided they receive actual notice. Suing Ms. Weaver personally was neither required nor justified for that purpose.

The Court has already cautioned the parties against leveraging the public nature of these proceedings or using the judicial process to advance a narrative. Against that backdrop, and in light of the absence of any pleaded and plausible theory of personal liability, Ms. Weaver's continued presence as a named defendant would only perpetuate the very concerns the Court has

warned against. Because the Complaint supplies no lawful basis for her inclusion, and because federal pleading standards do not permit naming individuals first and alleging claims later, Ms. Weaver should be dismissed from this action with prejudice.

WHEREFORE, premises considered, Defendant Fawn Weaver respectfully requests that the Court dismiss her with prejudice from the Complaint in the case at bar, and grant such other and further relief as it deems just and proper.

Respectfully Submitted,

**JOHNSON & JOHNSON, P.C.**

*/s/ Curtis D. Johnson, Jr.*
Curtis Johnson (TN BPR No. 015518)
Florence Johnson (TN BPR No. 015499)
1407 Union Avenue, Suite 1002
Memphis, TN 38104
Telephone: (901) 725-7520
cjohnson@johnsonandjohnsonattys.com
fjohnson@johnsonandjohnsonattys.com

*Counsel for Defendants, Fawn Weaver and Keith Weaver*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2026, a copy of the foregoing was served via this Court's CM/ECF system on all parties consenting to receive electronic service.

*/s/ Michael E. Collins*
Michael E. Collins