**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| FARM CREDIT MID-AMERICA, PCA,<br><br>Plaintiff,<br><br>v.<br><br>UNCLE NEAREST, INC., et al.,<br><br>Defendant. | ) | Case No. 4:25-cv-38<br>**Judge Atchley**<br>**Magistrate Judge Steger** |

**DEFENDANT KEITH WEAVER'S MOTION FOR**
**JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12( C)**

COMES NOW, the Defendant, Keith Weaver with his initial motion for judgment on the pleadings under Federal Rule Civil Pro. 12 (c ). Keith Weaver should be dismissed because the Verified Complaint pleads, at most, that he is a corporate officer who signed one deed of trust in a representative transaction; it does not plead any facts showing a plausible basis for personal liability against him in his individual capacity. Under Fed. R. Civ. P. 8(a)(2) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Complaint must contain factual allegations that allow the Court to draw a reasonable inference that this defendant is personally liable for the misconduct alleged. Plaintiff, Farm Credit does not do so with the Verified Complaint.

**I.**

**<u>STANDARD OF REVIEW – JUDGMENT ON THE PLEADINGS</u>**

The standard of review applicable to a motion for judgment on the pleadings under Fed.R.Civ.Pro. 12(c) is the same *de novo* standard applicable to a motion to dismiss under Rule 12(b)(6). *See Mixon v. Ohio,* 193 F.3d 389, 399-400 (6th Cir.1999). In reviewing the

motion, this Court should construe the Complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief. *See id.* at 400.

This Court should interpret and apply state law in *de novo* fashion. *See, Salve Regina College v. Russell,* 499 U.S. 225, 231, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991); *Ferro Corp. v. Garrison Indust., Inc.,* 142 F.3d 926, 931 (6th Cir.1998). The Defendant, Keith Weaver herein files the instant timely Motion to Dismiss seeking his immediate dismissal from this action based on the standard of review.

II.

**ARGUMENT**

***a. The Complaint's Allegations Against Weaver Directly Are Spartan and Lack Any Specificity***

The Verified Complaint filed in this cause alleges that Keith Weaver is an "individual and representative of Uncle Nearest residing in Shelbyville, Tennessee and serving as the Chief Executive Officer of the Distillery." See, Dkt. Ent. 1, ¶10, PG ID 3. Said Complaint also alleges that on June 6, 2023, "Mr. Weaver executed that certain Deed of Trust" recorded in Bedford County. See, Dkt. Ent. 1, ¶ 35, PG ID 14. These are the only "Keith Weaver" specific allegations identified in the Verified pleading. The Complaint otherwise describes alleged defaults by "Uncle Nearest" collectively, including missed payments, alleged collateral reporting issues, and alleged asset transfers throughout the Complaint without any specific mention of Keith Weaver by name. But the Complaint does not connect those allegations to Keith Weaver by any defendant-specific facts showing that he personally breached a contract, personally guaranteed the debt, personally received loan proceeds, or personally committed fraud or another tort.

The Sixth Circuit has held that this Court must assess the sufficiency of the allegations as to each defendant, not by assuming that allegations about the enterprise automatically establish liability for an officer. See, *Heyne v. Metro. Nashville Pub. Schs*., 655 F.3d 556, 564 (6th Cir. 2011). Likewise, conclusory or collective allegations are insufficient where the complaint does not allege facts plausibly showing the individual defendant's personal wrongdoing. *See, Sampson v. Garrett,* 917 F.3d 880, 882 (6th Cir. 2019).

***b. A Corporate Title and a Representative Signature Do Not Establish Keith Weaver's Individual Liability***

The Complaint's allegation that Keith Weaver is the CEO of the Distillery does not, by itself, state a claim against him personally. Tennessee law generally respects the distinction between a corporation and its officers, and an officer is not personally liable for corporate obligations merely because of his position. See, *Cambio Health Solutions, LLC v. Reardon*, 213 S.W.3d 785, 788-89 (Tenn. 2006); *Fed. Ins. Co. v. Winters,* 354 S.W.3d 287, 300-01 (Tenn. 2011). To impose individual liability, the pleading must allege specific facts supporting a recognized theory such as a personal guaranty, alter ego, fraud, or direct participation in an independently actionable wrong.

To be clear the Complaint at bar does not contain specific facts that allege this as to Keith Weaver. The Complaint does not allege that Keith Weaver personally guaranteed the loans. Farm Credit's Complaint does not plead veil piercing or alter ego nor does not allege that he signed the Credit Agreement in an individual capacity. The Complaint does not allege that he made a false statement to Farm Credit, diverted funds for his own use, or otherwise undertook a personal contractual obligation.

The lone allegation is that Weaver executed the Eady Road Deed of Trust which does not survive the scrutiny of Fed. R. Civ. Pro. 12 (c ). The Complaint itself shows that the deed of trust was **part** of the collateral package, not a personal guaranty or a standalone promise by Keith

Weaver to repay the debt. See, Dkt. Ent. 1, at pgs.13-14, PG ID 13-14. A signature on a security instrument, without more, does not convert a corporate officer into the principal obligor or create personal liability for the borrower's defaults.

***c. Count I of The Complaint Fails To State Claim Against Keith Weaver, Individually***

Count I is captioned as a breach-of-contract claim against the borrower entities based on the loan documents. See, Dkt, Ent. 1, PG ID 28. The Verified Complaint alleges that "Uncle Nearest" defaulted under the loan documents and that "[t]he Defaults constitute a breach of Uncle Nearest's obligations under the Loan Documents." See, Dkt. Ent. 1, ¶¶75, 76, PG ID 27-28. The Count again does not identify any contractual duty owed by Keith Weaver individually, and it does not allege that he personally breached any promise to Farm Credit. Under Tennessee law, a breach-of-contract claim requires, among other things, a valid and enforceable contract, nonperformance amounting to a breach, and damages caused by that breach. *See, ARC LifeMed, Inc. v. AMC-Tenn., Inc.*, 183 S.W.3d 1, 26-27 (Tenn. Ct. App. 2005). The Complaint fails under Fed. R. Civ. Pro. 12 (c ) to plead the required elements as to Keith Weaver.

***d. Count II of The Complaint Does Not Supply Any Independent Basis for Personal Liability for Defendant Keith Weaver***

Count II was filed seeking the appointment of a receiver and related equitable relief to protect collateral and preserve the lender's rights. See, Dkt. Ent.1, PG ID 29. Said remedy may be available against the borrower entities or the collateral, but it is not itself a substantive claim imposing personal liability ***on Keith Weaver.*** The Complaint's references to Weaver's role as "an officer" do not convert a receivership request into a claim for damages or other personal relief against him. To the extent Plaintiff intends to pursue Keith Weaver personally, Fed. R. Civ. Pro.

8 requires Plaintiff to say so in the Complaint and plead supporting facts to show that the they are entitled to relief.[1]

The Plaintiff cannot simply rely on collective references to "Uncle Nearest" or on Keith Weaver's corporate position to impose individual liability by implication.

## III.

## CONCLUSION

The Complaint in this cause provides, at most, a limited factual basis to treat Keith Weaver as an officer who participated in a collateral transaction. The Complaint does not, as required, plead facts supporting a plausible inference that he is personally liable for the borrower entities' alleged defaults. Under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009), and Sixth Circuit authority requiring defendant-specific plausibility, the complaint fails to state a claim against Keith Weaver in his individual capacity and should be dismissed under Fed. R. Civ. P. 12 (c). If the Court concludes that Plaintiff's allegations are intended only to bind Keith Weaver in his corporate capacity for purposes of any future equitable relief, that can be accomplished without maintaining him as an individual defendant on a substantive claim for relief.

Defendant Keith Weaver argues that if the Plaintiff had any theory of personal liability against him it should have been pleaded with particularity and grounded in a recognized legal

---

[1] Fed. R. Civ. Pro. Provides in pertinent part:
Rule 8. General Rules of Pleading
(a) Claim for Relief. A pleading that states a claim for relief must contain:
(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

theory; as the Complaint stands, it has not. Therefore, Defendant Keith Weaver is entitled to a dismissal of the entire Complaint as to him individually.

Respectfully Submitted,

**JOHNSON & JOHNSON, P.C.**

*/s/ Curtis D. Johnson, Jr.*
Curtis Johnson (TN BPR No. 015518)
Florence Johnson (TN BPR No. 015499)
1407 Union Avenue, Suite 1002
Memphis, TN 38104
Telephone: (901) 725-7520
cjohnson@johnsonandjohnsonattys.com
fjohnson@johnsonandjohnsonattys.com

*Counsel for Defendants, Fawn Weaver and Keith Weaver*

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 15th day of September 2026, a copy of the foregoing was served via this Court's CM/ECF system on all counsel and parties consenting to receive electronic service.

*/s/ Curtis D. Johnson, Jr.*
Curtis D. Johnson, Jr.