UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | | |
|---|---|---|
| **FARM CREDIT MID-AMERICA, PCA**<br><br>***Plaintiff*,**<br><br>**v.**<br><br>**UNCLE NEAREST, INC., *et al*.,**<br><br>***Defendants*.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 4:25-cv-38**<br><br>**Hon. Charles E. Atchley, Jr.** |

**FARM CREDIT MID-AMERICA, PCA'S RESPONSE IN OPPOSITION TO DEFENDANT KEITH WEAVER'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(c)**

Plaintiff Farm Credit Mid-America, PCA ("Farm Credit") hereby files this response in opposition to "Defendant Keith Weaver's Motion for Judgment on the Pleadings Pursuant to Rule 12(c)" (the "Motion") (Dkt. No. 246).

## INTRODUCTION

The Complaint[1] in this action (this "Receivership Action") alleges numerous defaults under the Credit Agreement that Farm Credit entered into with Uncle Nearest, Inc., such that Farm Credit is owed more than $100 million and is entitled to foreclose on the properties that Keith and Fawn Weaver (the "Weavers") pledged to Farm Credit. Farm Credit is enforcing its rights under the Credit Agreement pursuant to the Weavers' pledge of certain properties to secure that money for Uncle Nearest. The Weavers and Uncle Nearest (through the Receiver) have both admitted in multiple pleadings and through testimony the factual bases for the defaults. Additionally, the

[1] Each capitalized term used but not defined herein shall have the same meaning ascribed thereto in the Complaint. Dkt. No. 1.

record shows that Farm Credit was the victim of fraud by Uncle Nearest's former Chief Financial Officer ("CFO") and close associate of the Weavers, Michael Senzaki ("Senzaki"). Moreover, the record shows that Mr. Weaver was aware of certain inaccuracies in the information submitted to Farm Credit by Mr. Senzaki and yet retained his services for approximately eight months because of his relationships with investors. *See* Dkt. No. 30 at 66-67. Despite these facts, Mr. Weaver asks for an early exit from this Receivership Action. His Motion contends that the Complaint fails to state a plausible claim for personal liability against him and that his execution of certain Deeds of Trust was merely in a representative capacity.

Mr. Weaver's Motion lacks merit for several reasons. To start, Mr. Weaver knows or should know why he was named in this Receivership Action. To avoid all doubt, he was named because Mr. Weaver is a record title holder of properties that are part of the collateral for the $100+ million that Farm Credit loaned to Uncle Nearest. He personally executed Deeds of Trust that pledged those properties to secure Farm Credit's loan to Uncle Nearest. And in doing so, he agreed to this Receivership, which he has otherwise participated in, albeit reluctantly. *See* Dkt. No. 1-13 at 12; Dkt. No. 1-14 at 11-12. This Court cannot grant full relief or enforce its own Orders (which apply to Mr. Weaver individually) without Mr. Weaver being a party to this lawsuit.

The Complaint and its Exhibits reveal that Mr. Weaver executed the Deeds of Trust in his personal capacity and consented personally to the Receivership. Because he still holds title to the Eady Road property and jointly holds title to the Dan Call Farm property with Ms. Weaver, his property interests are at stake in this litigation, and he is a necessary party who must be joined for the Court to effectuate full and fair relief. So, Farm Credit not only needed to name Mr. Weaver in this suit, lest he be able to collaterally attack any relief this Court grants with respect to the properties he pledged, but doing so was prudent.

The Weavers' repeated attempts to escape the Receivership through meritless filings underscore the need for Mr. Weaver to remain a party to this lawsuit and subject to this Court's jurisdiction. Moreover, the Court's prior Receivership Order addresses Mr. Weaver individually and specifically enjoins him from interfering with the Receivership, thus confirming that Mr. Weaver is not a tertiary figure in this case, but is at the heart of the relief sought.[2]

Mr. Weaver's contention that he must be dismissed because no count of the Complaint is directed at him personally misapprehends the very basis for his joinder in this Receivership Action. Mr. Weaver must remain part of this Receivership, and Farm Credit's investigation is continuing and will assess the personal culpability and exposure of any and all actors who aided and abetted the fraud that it is undisputed to have occurred here. However, for purposes of this response to Mr. Weaver's Motion, Farm Credit focuses solely on properly naming Mr. Weaver as a Defendant in this Receivership Action.

## FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of a Credit Agreement dated July 22, 2022 (the "Credit Agreement") between Farm Credit and Uncle Nearest, Nearest Green Distillery, Inc. (the "Distillery"), and Uncle Nearest Real Estate Holdings, LLC ("RE Holdings") (collectively, "Uncle Nearest"), which established a series of credit facilities through which Farm Credit extended over $100 million in loans to Uncle Nearest. Dkt. No. 1 ("Compl.") ¶¶ 18-35. As security for the loans, Farm Credit alleges—and the Weavers' Joint Answer (Dkt. No. 218) admits—that "RE Holdings and the Weavers have executed certain deeds of trust . . . granting liens in certain real property." Compl. ¶ 35; Joint Answer ¶ 35. Specifically, both of the Weavers executed the "Dan Call Farm Deed of

[2] Farm Credit also notes that Fawn Weaver filed a motion to dismiss but later withdrew it. *See* Dkt. Nos. 245; 249.

Trust" (Dkt. No. 1-13) dated July 22, 2022, granting Farm Credit a lien on the Dan Call Farm property in Moore County, Tennessee. Compl. ¶ 35(b). The Dan Call Farm Deed of Trust acknowledges that the Weavers hold record title to the Dan Call Farm property individually. Similarly, Mr. Weaver separately executed the "Eady Road Deed of Trust" (Dkt. No. 1-14) dated June 5, 2023, granting Farm Credit a first priority lien on the Eady Road property adjacent to the Distillery. *Id.* ¶ 35(c); Dkt. No. 30 at 9:15-23. Again, the Eady Road Deed of Trust acknowledges that Mr. Weaver holds title to the property that is adjacent to the Distillery. Notably, the Deeds of Trust that the Weavers signed personally provide that upon default, Farm Credit may apply for the appointment of a receiver to "take possession of and to operate the Subject Property and to collect and apply the rents, issues, profits and revenues thereof" as a matter of "strict right." *See* Dkt. No. 1-13 at 12; Dkt. No. 1-14 at 11-12.

As detailed in the Complaint, Uncle Nearest defaulted on the loans several times over and otherwise fell into disarray. These defaults entitled Farm Credit to seek the appointment of a receiver to take possession of its collateral, including the Dan Call Farm and Eady Road properties, while the Weavers still remain record title holders of these properties.

These and other acts prompted Farm Credit to seek a Receivership over Uncle Nearest and its affiliates, which this Court granted in August 2025, appointing Phillip G. Young, Jr. (the "Receiver") to oversee Uncle Nearest. *See* Dkt. No. 39 (the "Receivership Order"). From the outset, the Weavers have fought the receivership at every turn and trumpeted their efforts on social media. In March of this year, Ms. Weaver attempted to commence Chapter 11 bankruptcy cases on behalf of Uncle Nearest and its affiliates in direct violation of the Receivership Order. *See In re Uncle Nearest, Inc.*, Case No. 26-bk-30470-SHB (Bankr. E.D. Tenn. 2026). The bankruptcy court quickly dismissed the efforts, holding that Ms. Weaver lacked authority to file them as the

Receiver was exclusively vested with the power to place Uncle Nearest in bankruptcy. This Court affirmed the bankruptcy court's ruling. *See id*. at Dkt. No. 48; *In re Uncle Nearest, et al*., Case No. 26-cv-00135, Dkt. No. 39 ("Accordingly, Fawn Weaver lacked authority to file the Chapter 11 petitions at issue in these appeals, and the Bankruptcy Court properly dismissed those petitions.").

The Weavers also sought reconsideration of the Receivership Order, which was denied after full briefing as well as an evidentiary hearing. Dkt. No. 198. In the Order denying the Reconsideration Motion, the Court found that Uncle Nearest was insolvent by a considerable margin, carrying total liabilities of approximately $208 million against an estimated enterprise value of $50-$125 million, and that "under Fawn Weaver's leadership, [Uncle Nearest] engaged in additional fraudulent conduct." *Id*. at 20, 27. Not only was Ms. Weaver implicated, but the Court also identified transactions bearing "badges of fraud" involving Mr. Weaver's wholly owned entity, Shelbyville Grand, LLC. *Id*. at 59. Additionally, the Court noted that Mr. Weaver had conceded that Uncle Nearest was in default under the Credit Agreement. *Id.* at 2.

Following the Weavers' failed attempts to evade the Receivership through a rogue bankruptcy filing and reconsideration of the Court's Receivership Order, the Court directed Uncle Nearest and the Weavers to file responses to the Complaint. Dkt. No. 214. The Weavers filed a Joint Answer, wherein they admitted, *inter alia*, that they founded Uncle Nearest, that they built the Distillery, that they executed the Deeds of Trust, that Uncle Nearest is in default, and that the Credit Agreement is a binding contract. *See* Dkt. No. 218 ¶¶ 3, 13-14, 35, 72-73.

Now, over two months after filing a Joint Answer replete with these admissions, Mr. Weaver seeks to dismiss himself from this action entirely. He contends that he has no connection to the loan documents or the Deeds of Trust he personally executed, and that the Complaint

improperly names him as a Defendant. But Mr. Weaver cannot admit to executing the Deeds of Trust consenting to the underlying receivership in this breach of contract action, admit to the defaults, and admit that the Credit Agreement is binding, only to claim he has nothing to do with this lawsuit. As discussed below, Mr. Weaver is a proper party to this litigation and must remain until relief is granted by this Court.

## LEGAL STANDARD

A complaint must allege facts that are sufficient "to raise a right to *relief* above the speculative level" and "state a claim to *relief* that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (emphasis added); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). While the Court does not need to accept as true legal conclusions framed as factual allegations, "the pleading standard Rule 8 announces does not require 'detailed factual allegations'"; it only requires a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555); Fed. R. Civ. P. 8(a)(2).

"A motion for judgment on the pleadings filed pursuant to Fed. R. Civ. P. 12(c) is evaluated under the same standard as a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6)." *Hasler Aviation, L.L.C. v. Aircenter, Inc.*, No. 1:06-CV-180, 2007 WL 2263171, at *1 (E.D. Tenn. Aug. 3, 2007). Thus, "in reviewing a motion under either Rule, the Court construes the complaint in favor of the plaintiff and accepts the complaint's factual allegations as true." *Id*. Consequently, "the legal standards for adjudicating Rule 12(b)(6) and Rule 12(c) motions are the same," and courts "may rely on caselaw discussing Rule 12(b)(6) motions in analyzing [a] Rule 12(c) motion." *Briggs v. Hogan*, No. 21-5581, 2022 WL 985825, at *4 (6th Cir. Apr. 1, 2022).

# ARGUMENT

## I. Mr. Weaver's Motion for Judgment on the Pleadings Must Be Denied.

Mr. Weaver's Motion must fail. First, the Weavers' presence is proper and required in this action, as they have both executed the Deeds of Trust consenting to the appointment of a receiver therein affecting their property interests. Second, the history of this case—including the Receivership Order, the Order Denying the Motion to Reconsider, and the Weavers' own conduct throughout this litigation—independently confirms that the Weavers are properly named and that their continued presence is essential to the Court's ability to administer the receivership and enforce its various orders.

### A. Mr. Weaver Executed the Deeds of Trust and Is a Necessary Party to This Action.

Mr. Weaver's principal argument is that he did not sign the Deeds of Trust in a personal capacity and thus is not a proper party. Dkt. No. 246 at 3-4. Mr. Weaver is wrong. The collateral for the millions in funds that Farm Credit loaned to Uncle Nearest includes the Dan Call Farm and the Eady Road properties. But Uncle Nearest is not the record title holder of those properties—Ms. Weaver and Mr. Weaver hold record title individually. *See* Dkt. No. 1-13; Dkt. No. 1-14. In the Complaint, Farm Credit notes that Mr. Weaver executed certain Deeds of Trust granting liens in certain real property and attached those Deeds of Trust to the Complaint. Compl. ¶ 35. Because those instruments were executed by Mr. Weaver as an individual, encumber property he personally has an interest in, and expressly entitle Farm Credit to a receivership upon default, Mr. Weaver is a necessary party to any action seeking to enforce the instruments. *See* Dkt. Nos. 1-13; 1-14.

The Dan Call Farm Deed of Trust is dispositive. It identifies "Fawn Weaver, an individual resident of Tennessee, and Keith Weaver, an individual resident of Tennessee," each as a "Trustor." Dkt. No. 1-13 at 2. Both signed the Dan Call Farm Deed of Trust as "Trustor" with no

qualification that they were signing in their corporate capacities or as representatives for Uncle Nearest. *Id.* at 30. The lack of qualification makes sense, as the Weavers, not Uncle Nearest, personally hold record title to the property at issue. *Id.* The Eady Road Deed of Trust has been executed to the same effect, as it was signed by "Keith Weaver, an individual resident of Tennessee," again as a "Trustor," with no indication that he had signed in any representative fashion, as his Motion now claims.[3] Dkt. No. 1-14 at 2. The fact that other Deeds of Trust were signed on behalf of entities[4] further demonstrates that the Deeds of Trust discussed herein were signed individually. *See also Campora v. Ford*, 124 S.W.3d 624, 628-29 (Tenn. Ct. App. 2003) (holding corporate president personally liable on promissory note where there was nothing in the document to indicate that the maker's signature was made in a representative capacity and the signature line contained no indication that the maker was signing on behalf of his company).

Critically, Section 5.05(d) of both the Dan Call Farm Deed of Trust and the Eady Road Deed of Trust provides that, upon the occurrence of any Event of Default, Farm Credit "upon application to a court of competent jurisdiction, shall be entitled as a matter of strict right, without notice and without regard to the occupancy or value of any security for the Secured Obligations or the solvency of any party bound for its payment, to the appointment of a receiver to take possession of and to operate the Subject Property and to collect and apply the rents, issues, profits and revenues thereof." Dkt. No. 1-13 at 12; Dkt. No. 1-14 at 12. "Subject Property," as defined in the Deeds of Trust, includes the Dan Call Farm property titled in the Weavers jointly and the Eady

---

[3] For the avoidance of any doubt, the recitals confirm that "Trustor is the owner of a fee simple interest in the land described on Exhibit A." Dkt. No. 1-13 at 2; Dkt. No. 1-14 at 2.

[4] *See* Dkt. No. 1-12 at 4 (Fawn Weaver signing Bedford Deed of Trust on behalf of "Uncle Nearest Real Estate Holdings, LLC").

Road property titled in Mr. Weaver individually. Mr. Weaver thus personally consented (in his individual capacity) to the very Receivership he now seeks to escape by dismissal.

Because the Deeds of Trust involve real property titled personally by Mr. Weaver, the Receivership directly impacts *his* personal property interests, and he is therefore appropriately named as a Defendant (as is Ms. Weaver). Indeed, to afford relief pertaining to these property interests, the Weavers were and are *required* parties to this litigation. *See* Fed. R. Civ. P. 19(a)(1) (explaining that a party "must be joined" if in that person's absence "the court cannot accord complete relief among existing parties" or if the action may "impair or impede the person's ability to protect [their] interest."). This Court cannot adjudicate the status of the Weavers' properties, enforce the Deeds of Trust containing receiver-consent provisions the Weavers signed, or grant the relief that Farm Credit seeks without the Weavers before it. *See Sch. Dist. of City of Pontiac v. Sec'y of U.S. Dep't of Educ.*, 584 F.3d 253, 301 (6th Cir. 2009) (McKeague, J., concurring) ("A required party . . . is a party whose absence prevents the court from according 'complete relief among existing parties.'"). If Mr. Weaver were dismissed, any order concerning these properties would be legally infirm because the Court would be disposing of real property interests held by a non-party.

Moreover, the Uniform Commercial Real Estate Receivership Act, Tenn. Code Ann. § 29-40-106(b), provides that a mortgagee (Farm Credit) is "entitled" to appointment of a receiver when "the mortgagor [the Weavers individually] agreed in a signed record to appointment of a receiver on default." *Id.* The Weavers are the mortgagors—not corporate borrowers—and signed the Deeds of Trust concerning property titled personally, in which they consented to appointment of a receiver if and when Uncle Nearest defaulted on its loan obligations. No corporate defendant holds

record title to the Dan Call Farm or the Eady Road property, and therefore enforcing Farm Credit's rights under the Credit Agreement runs through the Weavers for purposes of the receivership.[5]

Mr. Weaver says he is not a guarantor. *See* Dkt. No. 246 at 1-3. On this point, he is both right and wrong. While he did not sign a personal guarantee (which would put all of his interests as collateral), he *did* agree to pledge his interests in Dan Call Farm and Eady Road as collateral.[6] As such, he remains properly named.

**B. The Court's Orders and the History of This Litigation Confirm the Weavers Are Properly Named.**

Even beyond the Deeds of Trust, the history of this case independently confirms that the Weavers are proper (in fact, essential) parties.

The Order Denying the Reconsideration Motion further illustrates the Weavers' personal connection to Farm Credit's enforcement rights. *See* Dkt. No. 198. As the Court explained, "Uncle Nearest—under [Ms.] Weaver's leadership—moved $20 million of Farm Credit's collateral in part so that Farm Credit would be unable to reach it." *Id*. at 31. The Court also explained that "nothing in the record indicates Fawn Weaver would not attempt to move Uncle Nearest's assets beyond

---

[5] Additionally, Mr. Weaver frames his Motion as if the only question is whether the Complaint states a stand-alone liability claim against him. Mr. Weaver makes much of the generally accepted rule that the Court "must assess the sufficiency of the allegations as to each defendant," relying on *Heyne v. Metro. Nashville Pub. Schs*., 655 F.3d 556, 564 (6th Cir. 2011), to support the proposition that a plaintiff may not "assum[e] that allegations about the enterprise automatically establish liability for an officer." Dkt. No. 246 at 3. First, Farm Credit has not "assumed" anything about Mr. Weaver but instead included allegations that he personally executed certain documents which are key to this action and the receivership more generally. *See, e.g*., Compl. ¶ 35. Second, *Heyne* is inapposite. That case involved individual liability theories in the § 1983 context. *See Heyne*, 655 F.3d at 563-64. Here, the case concerns contractual breaches and a Receivership covering properties to which Mr. Weaver personally, or jointly with Fawn Weaver, holds record title. As such, Mr. Weaver is properly named.

[6] *See* Dkt. No. 1-13, Recital B (securing obligations under the Credit Agreement); Recital D (defining "Secured Obligations" as all sums owing under the Credit Agreement); Dkt. No. 1-14 (same).

Farm Credit's reach again," and that Ms. Weaver "has been guided by the story she believes best serves her personal interests, irrespective of its relation to the truth." *Id.* at 24, 32. And it further identified transactions bearing "badges of fraud" involving Mr. Weaver's wholly owned entity, Shelbyville Grand, LLC, and its purported receipt of payments from Uncle Nearest for outstanding rental fees. *Id*. at 58-59. These findings provide relevant background concerning the Receivership and the Weavers' connection to this case; they also underscore why Mr. Weaver's status cannot be resolved by treating him as a stranger to proceedings involving property he personally pledged.

Finally, Farm Credit also notes that its investigation of potential claims remains ongoing and is being informed by the Receiver's continuing work and this Court's own findings. Since the Complaint was filed, new facts have come to light that may affect the Weavers' individual liability. *See, e.g.*, Dkt. No. 198 at 20-36. Mr. Weaver was an integral part of Uncle Nearest's management team at all times during the lending relationship and leading up to the Receivership. The record shows that Mr. Weaver's entities and properties were beneficiaries of Uncle Nearest's diversion of revenues to pay expenses and that the Receivership continues to fund the expenses of the Eady Road and Dan Call properties. *See id*. at 55-59 (discussing financial benefits to several entities of which Keith Weaver is the sole member/beneficiary). Mr. Weaver and his interests are directly and unquestionably linked to this Receivership, and therefore, he is a necessary party to these proceedings. Dismissing Mr. Weaver now, while the record is still developing and the Receiver's investigation is ongoing, would be premature and risks prejudice to Farm Credit.

## **CONCLUSION**

For the foregoing reasons, Farm Credit respectfully requests that this Court deny Defendant Keith Weaver's Motion for Judgment on the Pleadings Pursuant to Rule 12(c).

Dated: October 7, 2026

Respectfully submitted,

*/s/ Erika R. Barnes*
Erika R. Barnes
Stites & Harbison, PLLC (Nashville)
SunTrust Plaza
401 Commerce Street, Suite 800
Nashville, TN 37219-2449
615-782-2252
Fax: 615-742-0734
Email: ebarnes@stites.com

- and -

Jeffrey J. Chapman, *admitted pro hac vice*
Douglas J. Horn, *admitted pro hac vice*
MCGUIREWOODS LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020-1104
Phone: (212) 548-2100
Fax: (212) 715-6284
jchapman@mcguirewoods.com
dhorn@mcguirewoods.com

Demetra Liggins, *admitted pro hac vice*
Dairanetta S. Spain, *admitted pro hac vice*
MCGUIREWOODS LLP
Texas Tower
845 Texas Avenue, Suite 2400
Houston, TX 77002
Phone: 713-353-6661
dliggins@mcguirewoods.com
dspain@mcguirewoods.com

*Counsel for Farm Credit Mid-America, PCA*

**CERTIFICATE OF SERVICE**

I hereby certify that on the date noted below, a true and correct copy of the foregoing was filed and served via the Court's CM/ECF system upon all parties requesting service in the above-listed case.

*/s/ Erika R. Barnes*____________________
Erika R. Barnes

Date: October 7, 2026