UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| FARM CREDIT MID-AMERICA, PCA,<br><br>Plaintiff,<br><br>v.<br><br>UNCLE NEAREST, INC., et al.,<br><br>Defendants. | ) | Case No. 4:25-cv-38<br>**Judge Atchley**<br>**Magistrate Judge Steger** |

**DEFENDANT KEITH WEAVER'S REPLY TO THE RESPONSE IN OPPOSITION TO DEFENDANT KEITH WEAVER'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(c)**

COMES NOW THE DEFENDANT, Keith Weaver, by and through counsel of record, who for reply to the Response to the Motion for Judgment on the Pleadings (see ECF No. 251), respectfully states as follows:

**PRELIMINARY RESPONSE**

The reply filed by Farm Credit in this matter to the Motion for Judgment on the Pleadings confirms without a doubt the central defect in this lawsuit: that there is no cause of action against Mr. Keith Weaver personally. In the response they admit that 1) Mr. Weaver has been made a party because he signed two property deeds as a "Trustor", and 2) more than fourteen (14) months after filing this case, Farm Credit claims that its investigation remains ongoing, that new facts "may" affect individual liability, and that the record is "still developing." (See ECF No. 251 at 3, 11). Neither of these reasons are a specific cause of action that can be plead for relief, and neither answer creates individual liability in this case under Count I or II of the Complaint.

Fourteen (14) months of investigation without a pleaded personal claim cannot justify keeping Defendant, Keith Weaver in this case. Beyond its property-specific joinder argument, Farm Credit's Opposition repeatedly relies on the relationship between Defendant, Keith Weaver and his wife, Defendant, Fawn Weaver, the largest shareholder of Uncle Nearest, Inc. through Grant Sidney, Inc., of which she is the sole shareholder. Dkt. 218 ¶ 9. That relationship is not a substitute for a pleaded claim against Defendant, Keith Weaver personally.

1. Nor is this an early procedural escape. The Court controlled the schedule on which the underlying claims would proceed. In December 2025, the Court explained that although this action was not stayed, the Receivership "does affect the schedule on which it must be litigated," and directed development of an appropriate litigation schedule. Dkt. 90 at 6. Farm Credit itself did not otherwise oppose this action proceeding toward judgment, provided every defendant proceeded on the same litigation schedule. *Id.* at 3. Once the receivership-related scheduling issues were resolved, the Court stated that "it is time for this case to progress" and ordered Defendant, Keith Weaver to respond to the Complaint by July 7, 2026. Dkt. 214 at 1–2. Once the pleadings closed, Defendant, Keith Weaver promptly exercised his right under Rule 12(c). He seeks one thing now: dismissal from a case in which Farm Credit has had more than fourteen (14) months to plead a claim against him and has not done so; even its Opposition to the motion seeking his dismissal identifies no existing personal cause of action.

## I. AFTER MORE THAN FOURTEEN (14) MONTHS, FARM CREDIT STILL IDENTIFIES NO PRESENT PERSONAL CLAIM AGAINST DEFENDANT, KEITH WEAVER

2. Rule 12 (c) Motion for Judgment on the Pleadings states that "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Here, the pleadings have been filed as an Answer has been filed. Therefore this motion is ripe.

The Complaint contains two claims for relief. Count I is a breach-of-contract claim arising from the corporate Borrowers' obligations under the Credit Agreement and Loan Documents. Compl. ¶¶ 71–76. Count II seeks appointment of a receiver and related equitable relief. Compl. ¶¶ 77–87. Neither Count pleads that Defendant, Keith Weaver personally guaranteed the corporate debt, breached an individual repayment obligation, or committed any other independent actionable misconduct.

3. Farm Credit's Opposition to the Rule 12(c ) motion does not identify any such claim. It instead says its investigation "is continuing," will assess possible "personal culpability and exposure," and that later-developed facts "may affect" individual liability. Dkt. 251 at 3, 11. That language is not a defense of an existing claim. It is an admission that Farm Credit is still looking for one.

4. The Federal Rules require the opposite sequence. A plaintiff must plead a plausible claim **before** using discovery to prove it. The Sixth Circuit has rejected the premise that a deficient pleading may remain alive while discovery supplies the missing factual basis. *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011). *Twombly* and *Iqbal* likewise require sufficient factual matter against the particular defendant before the burdens of litigation are imposed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).[1]

[1] In New Albany, this Court noted that "…[u]nder the new Twombly standard set forth by the Supreme Court in an antitrust case, even though a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." 550 U.S. at 555, 127 S.Ct. 1955. In this case that means, as the district court held, that plaintiff must allege specific facts of price discrimination even if those facts are only within the head or hands of the defendants. The plaintiff may not use the discovery process to obtain these facts after filing suit. The language of Iqbal, "not entitled to discovery," is binding on the lower federal courts…*New Albany Tractor Inc. v. Louisville Tractor Inc.*, 650 F.3d 1046, 2011 Trade Cases P 77498, 79 Fed.R.Serv.3d 1362 (6th Cir. 2011), 1051

5. Farm Credit has had more than fourteen (14) months, extensive Company records, discovery, an evidentiary hearing, and the benefit of the record developed during the Receivership. If that process has not produced facts allowing Farm Credit to plead an actual personal claim against Defendant, Keith Weaver, speculation about what "may" emerge later cannot keep him in this action. If competent evidence supporting a new claim is later discovered, Farm Credit may seek whatever relief the Federal Rules permit then. It cannot use marriage, association, or proximity as a placeholder for a claim that does not exist now.

6. Farm Credit expressly concedes that Defendant, Keith Weaver did not sign a personal guaranty. Dkt. 251 at 10. Defendant, Keith Weaver is not now, and has never been, a shareholder or equity owner of the corporate Borrowers. Dkt. 153-1 ¶ 2. The record further reflects that former CFO Michael Senzaki exercised "nearly exclusive control" over financial reporting, loan compliance, and credit-facility interactions and submitted all twenty-eight (28) draw requests, totaling nearly $67 million, between July 22, 2022 and August 2, 2023. Dkt. 217 ¶¶ 9, 14. These facts frame the issue presented by this Motion: after more than fourteen (14) months, Farm Credit still identifies no pleaded basis for imposing personal liability on Defendant, Keith Weaver.

Secondly, the argument in the Response to the Motion for Judgment on the Pleadings seems to be that because Mr. Weaver signed the Deeds of Trust for the Ealy Rd and the Dan Call properties that he is properly named as a party. They claim he signed these transactions as an individual, and therefore is properly named as a party. See ECF No. 251, Pg. ID. 8441. However, they contradict this same assertion in their Reply in the next paragraph. They admit as follows:

> "The Dan Call Farm Deed of Trust is dispositive. It identifies "Fawn Weaver, an individual resident of Tennessee, and Keith Weaver, an individual resident of Tennessee," each as a "Trustor." Dkt. No. 1-13 at 2. Both signed the Dan Call Farm Deed of Trust as "Trustor" with no qualification that they were signing in their corporate capacities or as representatives for Uncle Nearest. Id. at 30. The lack of qualification makes sense, as the Weavers, not Uncle Nearest, personally hold

> record title to the property at issue. Id. The Eady Road Deed of Trust has been executed to the same effect, as it was signed by "Keith Weaver, an individual resident of Tennessee," again as a "Trustor," with no indication that he had signed in any representative fashion, as his Motion now claims."

The problem here is glaringly simple. First, they admit in one sentence that the deeds were signed as "Trustor" as if that word has no meaning[2], while also never alleging that these signatures constitute a cause of action, or somehow create liability under Count I or Count II. Therefore, whether the signatures were individual or not the distinction makes no difference: without tying this signature to a cause of action in the complaint, the Motion for Judgment on the Pleadings must be granted.

## II. FARM CREDIT'S COLLECTIVE REFERENCES TO "THE WEAVERS" CONTRADICT THE RECORD

7. Farm Credit repeatedly uses the litigation choices and alleged actions of Defendant, Fawn Weaver to justify the continued presence of Defendant, Keith Weaver. The two are separate defendants with separate legal rights. Farm Credit itself notes that Defendant, Fawn Weaver filed a separate motion to dismiss and later withdrew it. Dkt. 251 at 3 n.2 (citing Dkts. 245, 249). She has chosen to remain and continue challenging the bank, protecting her creditor and shareholder interests, and pursuing the rights available to her. Her decision to stay in the fight is not evidence against her husband.[3]

---

[2] Black's Law Dictionary defines "TRUSTOR" as. "One who creates a trust. Also called settlor. Ulmer v. Fulton, 129 Ohio St. 323, 195 N.E. 557, 564, 97 A.L.R. 1170.

[3] 1. Defendant, Keith Weaver is not Defendant, Fawn Weaver. For more than twenty years, including throughout the period in which Defendant, Fawn Weaver was building Uncle Nearest, Defendant, Keith Weaver built and maintained a separate, highly respected career on the corporate side of Hollywood, ultimately serving as Executive Vice President of Global Public Policy and External Affairs for a major global entertainment company and establishing his own professional identity and reputation long before this dispute began. His annual compensation was approximately $1 million, and he had been building a multimillion-dollar real estate portfolio since the 1990s, giving him substantial financial capacity and credit independent of Uncle Nearest. He remained in that demanding career until October 2023. His marriage to Defendant, Fawn Weaver does not merge their legal identities, ownership interests, business activities, professional roles, or responsibilities. While this is not the issue for this motion, the continued efforts by the Defendants to merge the two parties cannot be ignored as legally insufficient without a cause of action named against Keith Weaver.

8. The Sixth Circuit has now rejected the jurisdictional challenge to Appellants' appeal from the refusal to wind up the existing Receivership and has placed that appeal on a merits briefing schedule. In doing so, the Court held that Appellants seek "winding up, not vacatur" and that the appeal concerns "the ongoing need for a receiver based on post-appointment facts." *Farm Credit Mid-America, PCA v. Uncle Nearest, Inc.*, No. 26-5492, Dkt. 37-1 at 3–4 (6th Cir. Oct. 2, 2026). The Sixth Circuit has therefore accepted jurisdiction over the appeal and ordered merits briefing on whether changed circumstances warrant winding up the Receivership. Farm Credit must defend the continued necessity of the Receivership there. That pending appellate review cannot be repurposed here as a substitute for a personal claim against Defendant, Keith Weaver.

9. Farm Credit's conflation also extends to the separate entities of Defendant, Keith Weaver. The Court's own descriptions identify Defendant, Keith Weaver as the sole beneficiary, sole member, sole shareholder, or minority member associated with the Keith-linked entities it analyzed; they do not identify Defendant, Fawn Weaver as an owner of those entities. Dkt. 198 at 55, 57–60. The entities each opposed their own inclusion in the Receivership. *Id.* at 48. The Court's June 16 Order treated the parties separately: it ordered Defendant, Fawn Weaver, Defendant, Keith Weaver, and the corporate defendants to respond. Dkt. 214 at 2 & n.1. The separate litigation choices of Defendant, Fawn Weaver cannot be imputed to Defendant, Keith Weaver or his separate entities.

10. Most importantly, the Court already decided whether those entities would be placed into the Receivership. After an individualized review, the Court denied expansion of the Receivership as to all six Keith Weaver-linked entities, expressly holding that "the evidence currently in the record is insufficient to justify the drastic remedy" of bringing them into the Receivership. Dkt. 198 at 61. That ruling was entered more than four months ago, and none of the

entities associated with Defendant, Keith Weaver were ever added to the Receivership. Farm Credit now relies on the Court's "badges of fraud" discussion concerning a single Shelbyville Grand transaction, while omitting that the Court expressly stated it was "not prepared to definitively state the transaction was improper" and declined to bring Shelbyville Grand into the Receivership. *Id.* at 59. Farm Credit cannot transform a concern the Court expressly declined to resolve into a finding the Court never made.

11. The subsequent course of dealing further underscores the point. Following the Court's ruling, Uncle Nearest made a $6,500 monthly payment to Shelbyville Grand under the continuing storage arrangement, its first and only such monthly payment in nearly a year. The storage obligation has continued to accrue.

12. Grant Sidney, Inc., the largest shareholder of Uncle Nearest and wholly owned by Defendant, Fawn Weaver, was treated differently and subjected to additional investigation. The Court directed an investigation into whether Grant Sidney held assets belonging to the Receivership Entities and whether Grant Sidney should remain in receivership or whether less drastic measures would suffice. *Id.* at 61–62. After the initial sixty (60)-day investigative period, an additional sixty (60) days was requested and granted to continue that investigation. After additional review, the resulting report stated that it was "unlikely that significant or substantial assets exist" that would benefit the Receivership estate and that the Receiver did "not believe that a permanent receivership for Grant Sidney is necessary." Dkt. 248 at 1–2. The point here is narrow: investigative concern, possibility, and "may" are not substitutes for a pleaded claim.

## III. INNUENDO AND PUBLIC RHETORIC DO NOT CURE THE PLEADING DEFECT

13. Farm Credit's Opposition repeatedly relies on accusation-laden phrases rather than a defendant-specific cause of action. It refers to "the Weavers," "personal culpability and

exposure," alleged "beneficiaries" of diversions, and facts that "may affect" future individual liability. Dkt. 251 at 2–3, 11. It even reaches back more than six months to a March bankruptcy effort by Defendant, Fawn Weaver and invokes social-media activity as supposed background for why "the Weavers" remain connected to the case. *Id.* at 4. None of that pleads a claim against Defendant, Keith Weaver.

14. These are public proceedings, and rhetoric placed in public filings can carry consequences outside the courtroom. Farm Credit's own filings repeatedly associate Defendant, Keith Weaver with allegations and alleged misconduct attributed to former finance leadership while Farm Credit still has not pleaded an actual personal cause of action against him. Whatever public impression those statements create, the Rule 12(c) question is what Farm Credit has actually alleged against Defendant, Keith Weaver. A filing cannot accomplish through implication what the Complaint does not accomplish through pleading.

15. Defendant, Keith Weaver separately reserves all affirmative claims and remedies arising from being named without a substantive personal claim and repeatedly associated publicly with alleged misconduct of others, including any injury to his separate reputation, business, and property interests. Those matters are not before the Court on this Motion. The present question is narrower: has Farm Credit stated a claim against him? It has not.

16. **At some point, implication must give way to a claim, and suspicion must give way to evidence.** After more than fourteen (14) months, that point has arrived.

## IV. THE TWO DEEDS OF TRUST DO NOT CREATE A PERSONAL CLAIM AGAINST DEFENDANT, KEITH WEAVER

17. There is no dispute that Defendant, Keith Weaver signed the Dan Call Farm and Eady Road Deeds of Trust as an individual Trustor. Nor is there any dispute that Farm Credit knew the ownership structure in advance and nevertheless accepted that structure in documenting the

loans and collateral. Compl. ¶ 35(b)–(c); Dkts. 1-13, 1-14. Defendant, Keith Weaver had independent financial capacity and credit, which explain why those properties were financed in his name. That structure was transparent to Farm Credit and reflected in Farm Credit's own loan and lien instruments.

18. That transparency matters because the Opposition treats title and separate ownership as though they imply personal wrongdoing. The record concerning the Martha's Vineyard property shows why that inference is unreliable. Although Farm Credit advanced allegations concerning the use of loan proceeds for that property, the record confirms that Farm Credit received a purchase contract identifying Defendant, Keith Weaver as the buyer before the purchase closed. Dkt. 198 at 39–40. Farm Credit personnel later hosted at least one meeting at the property and attended three inaugural events there, when it was known as Uncle Nearest House on the Vineyard. *Id.* The Court concluded that the evidence did not resolve what Farm Credit knew about the final ownership structure and expressly left those factual disputes unresolved. *Id.* at 40–41. Most importantly here, the Court made no adverse finding against Defendant, Keith Weaver arising from the property's ownership or purchase structure.

19. The same legal distinction controls here. A deed of trust may subject identified property to a lien and property-directed remedies without making the Trustor personally liable for the corporate borrower's debt. Farm Credit expressly concedes that Defendant, Keith Weaver "did not sign a personal guarantee." Dkt. 251 at 10. The Complaint does not identify a personal promise by Defendant, Keith Weaver to repay the PCA debt, a Keith-specific contractual breach, or an independent tort claim.

20. Farm Credit's Rule 19 argument does not cure that defect. Rule 19 governs joinder; it does not create a substantive cause of action. Whatever lien rights Farm Credit may possess

under the deeds remain governed by those instruments and applicable law. They do not justify keeping Defendant, Keith Weaver as an individual defendant to claims Farm Credit has not pleaded against him.

**CONCLUSION**

21. Defendant, Keith Weaver respectfully requests that the Court grant judgment on the pleadings under Rule 12(c), dismiss Farm Credit's claims against him, and terminate him as a defendant in this action.

Respectfully submitted,

**JOHNSON & JOHNSON, P.C.**

/s/ Curtis D. Johnson, Jr.
Curtis D. Johnson, Jr. (TN BPR No. 015518)
Florence Johnson (TN BPR No. 015499)
1407 Union Avenue, Suite 1002
Memphis, TN 38104
Telephone: (901) 725-7520
cjohnson@johnsonandjohnsonattys.com
fjohnson@johnsonandjohnsonattys.com

*Counsel for Defendant, Keith Weaver*

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 7th day of October 2026, a copy of the foregoing was filed and served via this Court's CM/ECF system on all counsel and parties consenting to receive electronic service.

/s/ Curtis D. Johnson, Jr.
Curtis D. Johnson, Jr.