UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| FARM CREDIT MID-AMERICA, PCA,<br><br>Plaintiff,<br><br>v.<br><br>UNCLE NEAREST, INC., et al.,<br><br>Defendants. | ) | Case No. 4:25-cv-38<br>**Judge Atchley**<br>**Magistrate Judge Steger** |

# DEFENDANT FAWN WEAVER'S MOTION FOR PRELIMINARY INJUNCTION PENDING APPEAL

1. Defendant, Fawn Weaver, respectfully moves pursuant to Federal Rule of Appellate Procedure 8(a)(1)(C), Federal Rule of Civil Procedure 65, and this Court's equitable authority over its Receiver and receivership estate, as reflected in Federal Rule of Civil Procedure 66, for a narrowly tailored injunction pending disposition of Appeal No. 26-5492 before the United States Court of Appeals for the Sixth Circuit. A separate Memorandum in Support is filed contemporaneously.

2. Defendant is an appellant in Appeal No. 26-5492, which arises from this Court's May 26, 2026 Order refusing to wind up the receivership based on changed circumstances. On October 2, 2026, the Sixth Circuit denied the Receiver's motion to dismiss and held that the appeal presents a forward-looking inquiry into the present need for the receivership. Sixth Cir. Dkt. 37-1 at 3-4.

3. The need for preservation is now immediate. On October 9, 2026, the Receiver reported that three (3) potential purchasers remain in ongoing discussions, that he believes he is close to executing an asset purchase agreement, and that once an agreement is signed he intends to file a Chapter 11 case for most of the Receivership Entities to consummate a sale under 11 U.S.C. § 363. He further reports that bankruptcy counsel is already preparing the pleadings needed to initiate that process. Dkt. 253 ¶¶ 1-2, 10.

4. Pending disposition of Appeal No. 26-5492 or further order, Defendant requests an injunction directed to Receiver Phillip Gary Young, Jr., Farm Credit Mid-America, PCA, and the persons identified in Federal Rule of Civil Procedure 65(d)(2), prohibiting them from causing, consenting to, consummating, or implementing (a) a sale, transfer, or other disposition of substantially all assets of Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC, or (b) another material nonordinary-course disposition that would materially impair the Sixth Circuit's ability to afford effective relief, whether pursued in this receivership, through a proceeding under title 11, or otherwise.

5. The requested injunction is party-directed, not forum-directed. It would not enjoin, direct, or review any bankruptcy court or other tribunal, and it would not prohibit the filing of a bankruptcy petition, negotiations, diligence, nonbinding marketing, seeking judicial approval of a proposed transaction, ordinary-course transactions that do not materially impair appellate relief, collection of receivables, preservation or maintenance of assets, maintenance of insurance, licenses, intellectual property, records, or inventory, reasonable reductions or cessation of operations, or appropriate employee or contract reductions. It would prohibit only consummation or implementation of an irreversible material disposition while appellate review remains pending.

6. The requested relief would not deprive the Receiver of his existing funding structure. The Order Appointing Receiver provides that the Receiver and Receiver Representatives are compensated from the Receivership Assets and, if those assets are insufficient, by the Lender. Dkt. 39, PageID 2511. The Fifth Quarterly Report confirms that the Receiver continues to work with Farm Credit to fund operational shortfalls and that the Receivership Estate received $450,000 from Farm Credit during the most recent reporting period. Dkt. 253 ¶¶ 12, 15.

7. The requested relief is also necessary before consummation. This Court previously denied a requested stay concerning the Martha's Vineyard property as moot after the property had already been sold. Dkt. 235, PageID 8366. The Receiver now proposes a substantially broader § 363 sale, and 11 U.S.C. § 363(m) creates an additional risk that effective appellate relief could be materially impaired once a sale to a good-faith purchaser is consummated.

8. This Motion presents the requested preservation relief to this Court in the first instance as required by Federal Rule of Appellate Procedure 8(a)(1)(C). E.D. Tenn. L.R. 7.2 permits disposition before expiration of the ordinary response period where exceptional circumstances warrant it. Defendant respectfully requests a ruling by 12:00 p.m. Eastern on October 16, 2026 so that, if relief is denied or not afforded in time, the Rule 8 process may operate before the threatened harm becomes irreversible. See *Tennessee Conference of the NAACP v. Lee*, 105 F.4th 888, 907 (6th Cir. 2024) (per curiam).

**CONCLUSION**

For the reasons stated above and in the accompanying Memorandum, Defendant, Fawn Weaver, respectfully requests that the Court:

First, pending disposition of Appeal No. 26-5492 or further order, enjoin Receiver Phillip Gary Young, Jr., Farm Credit Mid-America, PCA, and all persons bound under Federal Rule of Civil Procedure 65(d)(2) from causing, consenting to, consummating, or implementing (i) a sale,

transfer, or other disposition of substantially all assets of Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC, or (ii) another material nonordinary-course disposition that would materially impair effective appellate relief, whether pursued in this receivership, through a proceeding under title 11, or otherwise;

Second, clarify that the injunction does not prohibit the filing of a bankruptcy petition, negotiations, diligence, nonbinding marketing, seeking judicial approval, ordinary-course transactions that do not materially impair appellate relief, collection of receivables, preservation and maintenance of assets, maintenance of insurance, licenses, intellectual property, records, or inventory, reasonable reductions or cessation of operations, or appropriate employee or contract reductions;

Further, rule on this Motion by 12:00 p.m. Eastern on October 16, 2026;

Further, set security under Federal Rule of Civil Procedure 65(c) at zero dollars ($0) or, alternatively, at a nominal amount the Court deems proper because the requested injunction preserves assets already under Court control and does not require any transfer or payment of receivership property; and

Finally, grant such other and further relief as the Court deems just and appropriate.

RESPECTFULLY SUBMITTED,

**JOHNSON & JOHNSON, P.C.**

/s/ Curtis D. Johnson, Jr.
Curtis D. Johnson, Jr. (TN BPR No. 015518)
Florence M. Johnson (TN BPR No. 015499)
1407 Union Avenue, Suite 1002
Memphis, TN 38104
Telephone: (901) 725-7520
cjohnson@johnsonandjohnsonattys.com
fjohnson@johnsonandjohnsonattys.com

*Counsel for Defendant Fawn Weaver*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2026, a true and correct copy of the foregoing was filed electronically through the Court's CM/ECF system and served upon all counsel of record.

/s/ Curtis D. Johnson, Jr.
Curtis D. Johnson, Jr.