UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| FARM CREDIT MID-AMERICA, PCA,<br><br>Plaintiff,<br><br>v.<br><br>UNCLE NEAREST, INC., et al.,<br><br>Defendants. | ) | Case No. 4:25-cv-38<br>**Judge Atchley**<br>**Magistrate Judge Steger** |

**MEMORANDUM IN SUPPORT OF DEFENDANT FAWN WEAVER'S MOTION FOR INJUNCTION PENDING APPEAL**

1. Defendant, Fawn Weaver, seeks narrow preservation relief while Appeal No. 26-5492 is pending. The Motion does not ask this Court to resolve the merits of the appeal, reclaim assets from third parties, prohibit a bankruptcy filing, or direct any future bankruptcy court. It asks only that the Receiver, Farm Credit, and persons within Federal Rule of Civil Procedure 65(d)(2) not consummate or implement an irreversible material disposition that could defeat the practical value of appellate review before the Sixth Circuit can decide whether continued receivership control remains necessary.

2. The need for that relief is no longer contingent. On October 9, 2026, the Receiver reported that three (3) potential purchasers remain in ongoing discussions, that he believes he is close to executing an asset purchase agreement, and that once an agreement is signed he intends to file a Chapter 11 case for most of the Receivership Entities to consummate a sale under 11

U.S.C. § 363. Bankruptcy counsel is already preparing the pleadings needed to initiate that process. Dkt. 253 ¶¶ 1-2, 10.

## I. THE RECEIVER NOW REPORTS THAT HE IS CLOSE TO A SUBSTANTIALLY-ALL-ASSETS SALE AND INTENDS TO USE CHAPTER 11 TO CONSUMMATE IT.

3. On June 1, 2026, the Receiver advised the Court that he had entered into a nonbinding letter of intent to sell substantially all assets of the principal Uncle Nearest receivership entities and expected execution of an asset purchase agreement within approximately forty-five (45) days. Dkt. 201, PageID 7882.

4. On October 9, 2026, the Receiver reported that the purchaser associated with the May 29 letter of intent did not consummate a transaction before exclusivity expired. He further reported that he thereafter opened discussions with three (3) other parties, all of whom expressed serious interest in purchasing substantially all assets related to the Uncle Nearest whiskey operations; all three (3) remain in ongoing discussions, and the Receiver believes he is close to executing an asset purchase agreement. Dkt. 253 ¶ 2.

5. The Receiver further reports that once an asset purchase agreement is signed, he intends to file a Chapter 11 bankruptcy for most of the Receivership Entities to consummate a sale under 11 U.S.C. § 363, and that bankruptcy counsel is already working on the pleadings needed to initiate that process. Dkt. 253 ¶¶ 1, 10.

## II. THE PENDING APPEAL CONCERNS THE PRESENT NEED FOR THE RECEIVERSHIP, AND AN IRREVERSIBLE DISPOSITION COULD DEFEAT EFFECTIVE APPELLATE RELIEF.

6. On October 2, 2026, the Sixth Circuit held that Appellants' challenge is a forward-looking request to wind up the receivership based on post-appointment circumstances. The Court explained that winding up turns on the present need for a receiver, not the legitimacy of the initial

appointment. Sixth Cir. Dkt. 37-1 at 3-4 (citing *Grand Beach Co. v. Gardner*, 34 F.2d 836, 838 (6th Cir. 1929)).

7. The appeal therefore concerns whether receivership control should continue now. A disposition of substantially all enterprise assets before appellate review is completed could materially impair the practical relief available if Appellants prevail. If core operating assets, intellectual property, real property, inventory, licenses, or other enterprise assets are transferred to third parties, a later decision that the receivership should have been wound up may not restore the enterprise that existed before the transaction.

8. That concern is especially acute because the Receiver now states that once an asset purchase agreement is signed, he intends to file Chapter 11 to consummate a sale under 11 U.S.C. § 363. Dkt. 253 ¶¶ 1, 10. Section 363(m) generally protects the validity of a sale to a good-faith purchaser from reversal or modification on appeal unless the sale authorization and sale were stayed pending appeal. The practical ability to preserve appellate relief therefore may depend on relief being obtained before consummation.

**III. THIS COURT RETAINS AUTHORITY TO PRESERVE EFFECTIVE APPELLATE RELIEF WHILE THE INTERLOCUTORY APPEAL IS PENDING.**

9. The filing of an interlocutory appeal does not totally divest the district court of jurisdiction. The Sixth Circuit has stated:

> This transfer of power, however, does not effect a total divestiture of jurisdiction from the district court: it retains jurisdiction . . . to proceed with matters that will aid the appellate process. *Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 626 (6th Cir. 2013).

10. *Williamson* is particularly instructive. While an interlocutory appeal was pending, the district court entertained a preservation injunction restricting transfers of assets. The Sixth Circuit affirmed the district court's jurisdiction because the plaintiffs' efforts "to ensure that a

remedy may still be had if they prevail on appeal" did not affect the merits of the pending appeal. *Id.* at 627.

11. This Court also retains broad equitable authority over the receivership estate and its court-appointed Receiver. See Fed. R. Civ. P. 66; *Liberte Capital Grp., LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006). The requested injunction does not ask the Court to resolve the merits of Appeal No. 26-5492. It asks the Court to preserve the receivership assets so that the Sixth Circuit's eventual decision can remain practically effective.

12. This request is therefore distinct from a prejudgment asset freeze designed merely to secure a future money judgment. The assets at issue are already under this Court's receivership control, and the requested relief would preserve, rather than expand, the Court's custody of those assets while the appellate court reviews whether the receivership should continue.

## IV. RULE 8 REQUIRES THIS PARTY-DIRECTED PRESERVATION REQUEST TO BE PRESENTED TO THIS COURT FIRST.

13. Federal Rule of Appellate Procedure 8(a)(1)(C) provides that a party ordinarily must move first in the district court for an order suspending, modifying, restoring, or granting an injunction while an appeal is pending. The Motion presents the requested preservation injunction in this Court before seeking that relief from the Sixth Circuit.

14. This request is distinct from the July 2026 motion concerning the already-authorized Martha's Vineyard sale. It addresses the later-disclosed plan to sell the bulk or substantially all of the receivership estate and is tied to the Sixth Circuit's now-confirmed jurisdiction over the forward-looking winding-up appeal.

15. The relief sought is also deliberately framed against the Receiver and Farm Credit rather than against any future forum. The conduct restrained is the same whether the proposed disposition is pursued in this receivership, through a proceeding under title 11, or otherwise. This

Court need not determine in advance how any future bankruptcy court would address the injunction or the Bankruptcy Code; it need only decide whether the parties presently before it should be permitted to consummate an irreversible disposition before the pending appeal can be decided.

**V. THE GROUNDS IDENTIFIED IN THE PRIOR STAY RULINGS ARE ADDRESSED HERE.**

16. The prior stay rulings identified procedural and merits concerns that are not present in the same posture here. In its July 2, 2026 Order, the Sixth Circuit denied relief as to the Martha's Vineyard sale-preparation order because that separate order was not specified in the notice of appeal and therefore appeared outside its appellate jurisdiction. Sixth Cir. Dkt. 22-1 at 4-5. The present Motion does not seek review of a separate, unappealed sale order. It seeks party-directed preservation relief ancillary to Appeal No. 26-5492, whose jurisdiction the Sixth Circuit has since confirmed as a forward-looking challenge to the continued necessity of the receivership. Sixth Cir. Dkt. 37-1 at 3-4.

17. The July 2 Order also declined to stay the Grant Sidney, Inc. ("GSI") expansion because Appellants had not first sought that same stay from this Court and because the Sixth Circuit then questioned whether a mid-stream expansion order fell within 28 U.S.C. § 1292(a)(2). Sixth Cir. Dkt. 22-1 at 5-7. The present Motion is being presented first to this Court under Federal Rule of Appellate Procedure 8(a)(1)(C), and the Sixth Circuit's October 2 ruling later confirmed jurisdiction over the pending refusal-to-wind-up appeal. Thus, the procedural obstacles identified in July are addressed here.

18. The July 2 Order's merits analysis concerned whether Appellants were likely to show that this Court abused its discretion in expanding the receivership to GSI, including deference to this Court's factual and credibility findings. Sixth Cir. Dkt. 22-1 at 7-9. The present Motion does

not seek to stay the GSI expansion and does not ask this Court to revisit those findings. It seeks only to preserve the principal Uncle Nearest enterprise assets while the Sixth Circuit decides the distinct forward-looking question now before it: whether continued receivership control remains necessary under post-appointment circumstances. Sixth Cir. Dkt. 37-1 at 3-4.

19. The District Court's later ruling on the Martha's Vineyard stay illustrates the separate need for relief before consummation. The Court denied that stay as moot because:

> "As the Martha's Vineyard Property . . . has already been sold, . . . the Weavers' Motion is moot." Dkt. 235, PageID 8366.

That sequence demonstrates why preservation relief must be decided before the transaction it seeks to preserve against is completed. A post-consummation ruling may arrive too late to preserve appellate relief.

## VI. THE FOUR INJUNCTION/STAY FACTORS FAVOR NARROW PRESERVATION RELIEF.

20. The governing considerations are likelihood of success on the merits, irreparable harm absent relief, harm to others, and the public interest. See *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153-54 (6th Cir. 1991); *Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 627 (6th Cir. 2013). *Griepentrog* explains that these factors are interrelated rather than independent prerequisites and must be balanced together:

> The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay. Simply stated, more of one excuses less of the other. *Griepentrog*, 945 F.2d at 153.

**a) Likelihood of success.** The July 2 Order emphasized that likelihood of success is critical under *Nken v. Holder*, 556 U.S. 418, 434 (2009), and found that factor determinative in the posture then presented. Sixth Cir. Dkt. 22-1 at 4, 7-9. *Griepentrog* recognizes that a movant need not always establish a high probability of success where irreparable injury is substantial,

so long as the appeal presents more than a mere possibility and at least "serious questions going to the merits." *Griepentrog*, 945 F.2d at 153-54. Since July 2, the Sixth Circuit has rejected the Receiver's threshold argument that Appeal No. 26-5492 is an untimely attack on the original appointment and has held that the appeal properly presents the present necessity of the receivership based on post-appointment facts. Sixth Cir. Dkt. 37-1 at 3-4. That later ruling does not decide the merits, but it removes the jurisdictional uncertainty that materially affected the earlier stay analysis and confirms serious questions whose practical resolution should not be defeated by an irreversible disposition.

**b) Irreparable harm.** A substantially-all-assets or equivalent material nonordinary-course disposition may be difficult or impossible to unwind. Once core assets are transferred to third parties, a later decision winding up the receivership may be unable to restore the enterprise or the practical position that existed before the transaction. Section 363(m) creates an additional risk if a sale is consummated in bankruptcy without a stay. The Receiver now reports that he is close to executing an asset purchase agreement and intends to commence the Chapter 11 and § 363 sale process once it is signed. Dkt. 253 ¶¶ 1-2, 10.

**c) Harm to others.** The requested injunction is not an operating mandate and does not return assets or control to Defendant. The Receiver may continue to operate or reasonably reduce operations, preserve assets, collect receivables, maintain insurance and licenses, protect intellectual property, records, and inventory, negotiate and market a transaction, seek judicial approval, and conduct ordinary-course transactions that do not materially impair appellate relief. Nor would the injunction disturb the funding structure established by this Court. The Order Appointing Receiver provides that the Receiver and Receiver Representatives are compensated from the Receivership Assets and, if those assets are insufficient, by the Lender.

Dkt. 39, PageID 2511. The Fifth Quarterly Report confirms that this funding mechanism remains active: the Receiver states that he continues to work with Farm Credit to fund operational shortfalls and that the Receivership Estate received $450,000 from Farm Credit during the most recent reporting period. Dkt. 253 ¶¶ 12, 15. Farm Credit's collateral remains under existing receivership protection. The injunction delays only consummation or implementation of an irreversible material disposition while appellate review remains pending.

**d) Public interest.** The public interest favors orderly appellate review and preservation of the Sixth Circuit's ability to afford effective relief. It also favors avoiding a result in which the subject of an appeal is materially and irreversibly altered before the appellate court can decide an issue already within its jurisdiction.

## VII. THE REQUESTED INJUNCTION IS PARTY-DIRECTED, NOT AN INJUNCTION AGAINST ANY BANKRUPTCY COURT OR OTHER TRIBUNAL.

21. Federal Rule of Civil Procedure 65(d)(2) identifies the persons who may be bound by an injunction upon actual notice. The requested order would operate only against Receiver Phillip Gary Young, Jr., Farm Credit Mid-America, PCA, and persons within Rule 65(d)(2).

22. The requested order would not purport to direct, restrain, or review any bankruptcy court. The Order Appointing Receiver expressly authorizes the Receiver to "commence a proceeding under title 11 of the United States Code on behalf of Uncle Nearest and the Subject Entities." Dkt. 39, PageID 2506. This Court later held in the related bankruptcy appeal that the Receivership Order "effectuated such a transfer of authority" as to the principal Uncle Nearest entities and affirmed dismissal of the Chapter 11 petitions filed without the Receiver's authorization. *In re Uncle Nearest, Inc.*, No. 3:26-cv-135, Dkt. 39, PageID 963 (E.D. Tenn. Aug. 17, 2026). The Receiver's presently disclosed plan is Chapter 11, but the requested injunction would not prohibit him from commencing any case under title 11 if otherwise authorized, whether

under Chapter 7 or Chapter 11. If such a case is commenced, the Bankruptcy Code will independently govern matters properly before that court. The Motion asks only that the enjoined parties not consummate or implement an irreversible disposition that could defeat the practical value of Appeal No. 26-5492 while that appeal remains pending.

**VIII. EXPEDITED DISPOSITION IS WARRANTED.**

23. On October 9, 2026, the Receiver reported that three (3) potential purchasers remain in ongoing discussions, that he believes he is close to executing an asset purchase agreement, and that once the agreement is signed he intends to file a Chapter 11 case for most of the Receivership Entities to consummate a sale under 11 U.S.C. § 363. He further reported that bankruptcy counsel is already working on the pleadings needed to initiate that process. Dkt. 253 ¶¶ 1-2, 10. The contemplated transaction therefore could advance before ordinary motion briefing is completed.

24. The Sixth Circuit has established a briefing schedule under which Appellants' principal brief is due November 12, 2026 and Appellees' principal brief is due December 11, 2026. Sixth Cir. Dkt. 38. The asset-preservation question therefore cannot practically await resolution of the merits appeal.

25. E.D. Tenn. L.R. 7.2 permits the Court, under exceptional circumstances, to act before expiration of the ordinary response period. Defendant respectfully requests a ruling on the Motion by 12:00 p.m. Eastern on October 16, 2026 because the relief sought concerns preservation of the assets necessary for effective appellate review, not adjudication of the appeal itself.

26. Federal Rule of Appellate Procedure 8(a)(2)(A)(ii) permits a party to seek relief from the Court of Appeals after the district court has denied the requested relief or "failed to afford the relief requested." See *Tennessee Conference of the NAACP v. Lee*, 105 F.4th 888, 907 (6th Cir. 2024) (per curiam) (treating the district court's failure to issue a timely decision, where immediate

action was needed, as a failure to afford the requested relief). A timely ruling will allow the Rule 8 process to operate before the threatened harm becomes irreversible.

## CONCLUSION

For the foregoing reasons, Defendant, Fawn Weaver, respectfully requests that the Court grant the accompanying Motion, enter the proposed party-directed injunction pending disposition of Appeal No. 26-5492 or further order, rule by 12:00 p.m. Eastern on October 16, 2026, and set security under Federal Rule of Civil Procedure 65(c) at zero dollars ($0) or a nominal amount.

RESPECTFULLY SUBMITTED,

**JOHNSON & JOHNSON, P.C.**

/s/ Curtis D. Johnson, Jr.
Curtis D. Johnson, Jr. (TN BPR No. 015518)
Florence M. Johnson (TN BPR No. 015499)
1407 Union Avenue, Suite 1002
Memphis, TN 38104
Telephone: (901) 725-7520
cjohnson@johnsonandjohnsonattys.com
fjohnson@johnsonandjohnsonattys.com

*Counsel for Defendant Fawn Weaver*

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2026, a true and correct copy of the foregoing was filed electronically through the Court's CM/ECF system and served upon all counsel of record.

/s/ Curtis D. Johnson, Jr.
Curtis D. Johnson, Jr.