**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT WINCHESTER**

| | | |
|---|---|---|
| FARM CREDIT MID-AMERICA, PCA, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 4:25-cv-38 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| UNCLE NEAREST, INC., *et al.*, | ) | Magistrate Judge Steger |
| | ) | |
| *Defendants*. | ) | |

**ORDER**

Before the Court is Defendant Fawn Weaver's Motion for Preliminary Injunction Pending Appeal [Doc. 255]. Defendant Weaver asks the Court for a narrowly-tailored injunction pending disposition of the appeal currently pending before the Sixth Circuit. [*Id.*]. Specifically, she asks the Court to enjoin the Receiver, Farm Credit Mid-America PCA, and others from (i) "causing, consenting to, consummating, or implementing" a sale, transfer, or other disposition of substantially all assets of the Defendant entities, and (ii) from making any other "material nonordinary-course disposition that would materially impair the Sixth Circuit's ability to afford effective relief." [*Id.* at 2].

As to the urgency of the requested relief, Defendant Weaver shows that on October 9, 2026, "the Receiver reported that three (3) potential purchasers remain in ongoing discussions, that he believes he is close to executing an asset purchase agreement, and that once an agreement is signed he intends to file a Chapter 11 case for most of the Receivership Entities to consummate a sale under 11 U.S.C. § 363." [*Id.* at 2]. Defendant Weaver argues that "[t]he need for preservation is now immediate." [*Id.*]. Though the instant Motion [Doc. 255] was filed just before 11:00 a.m. ET today, she seeks a ruling by tomorrow, October 16, 2026, at 12:00 p.m. [*Id.* at 3].

Federal Rule of Civil Procedure 65(a) authorizes the Court to issue a preliminary injunction "only on notice to the adverse party." Fed. R. Civ. P. 65(a). Courts consider four factors when determining whether to issue a preliminary injunction: (1) whether plaintiff "has shown a strong likelihood of success on the merits"; (2) whether plaintiff will suffer irreparable injury in the absence of an injunction; (3) whether the injunction will cause substantial harm to others; and (4) whether the injunction would serve the public interest. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citations omitted). A preliminary injunction order is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Id.*; *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000) (same).

The information that allegedly creates urgency was apparently provided by the Receiver on October 9, 2026. Defendant Weaver's Motion [Doc. 255] was not filed until six days later, yet she seeks a ruling within 25 hours of filing. The Motion does not provide any other details that would suggest such an extraordinarily expedited ruling is necessary or appropriate. Moreover, a preliminary injunction may not be issued without notice, and notice of hearing (and any affidavits to support the request for relief) must ordinarily be provided 7-14 days before any hearing. *See* Fed. R. Civ. P. 65(a)(1); Fed. R. Civ. P. 6(c)(1). While the Court has not yet had time to research the issue, the Court questions whether a 25-hour window between filing and entry of a preliminary injunction would constitute "notice" to Plaintiff as required by Rule 65(a)(1). Accordingly, the Court finds it appropriate to receive expedited briefing from Plaintiff and the Receiver.

Plaintiff and the Receiver are therefore **ORDERED** to file any response to Defendant Fawn Weaver's Motion for Preliminary Injunction Pending Appeal [Doc. 255] on or before **October 19,**

**2026**, at **12:00 p.m. ET**, and Defendant Weaver must file any reply on or before **October 21, 2026**, at **5:00 p.m. ET**.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**