UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | | |
|---|---|---|
| FARM CREDIT MID-AMERICA, PCA,<br><br>Plaintiff,<br><br>v.<br><br>UNCLE NEAREST, INC., *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:25-cv-38<br><br>Judge Atchley<br><br>Magistrate Judge Steger |

**RECEIVER'S RESPONSE TO DEFENDANT FAWN WEAVER'S MOTION FOR INJUCTION PENDING APPEAL**

**COMES NOW** the court-appointed receiver herein, Phillip G. Young, Jr. ("Receiver"), by and through undersigned counsel, and hereby responds to the Motion for Injunction Pending Appeal (Doc. 255) (the "Motion") filed by Defendant Fawn Weaver (the "Movant"). In response to the Motion, the Receiver states as follows:

## BACKGROUND

This is at least the third time that the Movant has asked this Court, or an appellate court, for essentially the same relief; that is, a reconsideration of the receivership order and the powers granted to the Receiver thereby. On December 23, 2025, the Movant filed a Motion to Reconsider the Memorandum Opinion and Order Appointing Receiver and to Stay Access to Proprietary Information (Doc. 91). That Motion specifically attempted to halt the Receiver's efforts to sell assets of this estate: "This Motion further seeks a temporary stay of sale-related activities that are likely to be prejudicial to the Company and its shareholders." Doc. 91, p. 5. This Court considered and rejected that request. *See* Doc. 198. The Movant then appealed that decision to the United States Court of Appeals for the Sixth Circuit, and on June 2, 2026, asked it to stay the sale of any assets. More specifically, in an Emergency Motion to Stay Portions of the District Court's May 12,

2026 Order and May 26, 2026 Order Pending Appeal (Case No. 26-5492, Doc. 5), the Movant asked the Sixth Circuit to "[p]rohibit the Receiver, pending further order of this Court, from taking further steps toward marketing, overbid solicitation, sale approval, transfer, or other asset sale activities involving the MV property *[sic]* substantially all assets of Uncle Nearest and related entities, or other receivership assets. . . ." (Case No. 26-5492, Doc. 5, p. 37). The Sixth Circuit denied that request, albeit on primarily procedural grounds. *See* (Case No. 26-5492, Doc. 22).

Now, the Movant again asks this Court to prevent the Receiver from carrying out the duties assigned to him by this Court, this time on an extremely and prejudicial expedited timeline.[1] However, she has once again failed to, or completely ignored her burdern of proof to, prove the elements necessary for the extraordinary relief she seeks. The Movant has made *absolutely no showing* of likelihood of success; indeed, she blatantly asks the Court to ignore that factor. She has given lip service to irreparable harm and harm to others, but fails to balance the harm that she alleges she would suffer if the Court's order were not stayed against the harm that creditors would suffer if an injunction were granted. And she makes only passing mention of public interest; because all of this is about what the Movant wants, not what is best for the creditors or the public at large.

## ARGUMENT

As the Court has noted, issuance of a preliminary injunction depends upon a four-factor test: (1) whether the Movant has made a "strong showing" of likelihood of success; (2) whether the Movant has demonstrated certain and immediate irreparable harm; (3) whether an injunction would cause substantial harm to others; and (4) whether an injunction would serve the public

[1] Note that nothing has changed since June 2, 2026, bringing into question why the Movant requested unusually expedited consideration.

interest. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). The Court has also correctly noted that an injunction such as the one sought by the Movant is an "extraordinary remedy" that should be granted "only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Id.*; *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). It is the Movant's burden to prove that an injunction is warranted by these four factors; it is not the Receiver's burden to disprove it. *Id.* For the reasons detailed below, the Movant has failed to carry that burden.

**A. Movant Has Not Made a Strong Showing of Likelihood of Success.**

The Sixth Circuit applies a "stricter standard" to this factor, requiring "a strong or substantial likelihood or probability of success on the merits." *Mason Cnty. Med. Ass'n v. Knebel*, 563 F.2d 256, 264 (6th Cir. 1977); *In re Thomas*, 565 B.R. 856, 865 (Bankr. W.D. Tenn. 2017) (Sixth Circuit applies a "stricter standard" on this factor). However, the Movant virtually ignores this factor, arguing that *Mich. Coal. Of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150 (6th Cir. 1991), all but waives this requirement "where irreparable injury is substantial". Doc. 256, p. 6-7. However, that is not what *Griepentrog* held at all. The *Griepentrog* court specifically noted that "the movant is always required to demonstrate more than the mere 'possibility' of success on the merits." *Id.* at 153 (citing *Mason County Medical Ass'n v. Knebel*, 563 F.2d 256, 261 n. 4). *Griepentrog* elaborates: "For example, even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the defendant if a stay is granted, he is still required to show, at a minimum, 'serious questions going to the merits.'" *Id.* at 153-54 (quoting *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)) (further citations omitted).

In the present case, the Movant has not made even a passing attempt to demonstrate a strong likelihood of success. She effectively ignores this critical prong, choosing instead to skip

straight to how the denial of an injunction might theoretically impact her. The reason for this legal strategy is simple, of course: the Movant knows that she cannot demonstrate any likelihood of success, much less a strong likelihood of success, so she must revert to attempting to convince this Court to ignore this prong of the test.

Movant is hoping that, in the rush of an expedited motion for an injunction, this Court will ignore all of the elements necessary to support an injunction pending appeal. The Movant has made no showing that she is likely to succeed on an appeal, much less has she made a strong showing. This failure is fatal to the Motion.

**B. Movant Faces No Certain or Immediate Irreparable Harm.**

Any alleged harm must be "both certain and immediate, rather than speculative or theoretical." *Griepentrog*, at 154. An asserted legal or procedural error, standing alone, does not establish immediate, irreparable injury; the movant must tie the claimed error to a concrete, imminent harm that cannot be remedied.

As support for her irreparable harm argument, the Movant cites to the Receiver's Fifth Quarterly Report, filed with this Court on October 9, 2026, Doc. 253, in which the Receiver stated that he had discussions with several parties to sell the assets of this receivership estate, and that he hopes he is close to signing an asset purchase agreement with a buyer. That progress report creates no more threat of immediate and irreparable injury than did his report in July advising the Court that he had signed a non-binding letter of intent to sell the assets.

Indeed, before he could consummate the sale of any significant assets of this receivership estate, the Receiver would have to gain the approval of a court – either this Court or a United States Bankruptcy Court. By definition, the Movant would have another opportunity to object to any sale of assets at that time, and could raise the pending appeal as justification for her objection to a

motion to sell.[2] It would be inappropriate to grant an injunction prohibiting a sale that has not yet been proposed. This Motion is premature, as the Movant currently faces no imminent harm.

**C. An Injunction Would Substantially Injure the Receiver, the Estate, and Creditors.**

A receiver's role is to "safeguard the disputed assets, administer the property as suitable, and to assist the District Court in achieving a final, equitable distribution of the assets." *Liberte Cap. Grp., LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006). The Motion asks this Court to halt that administration at a critical juncture. As demonstrated by the Fifth Quarterly Report, the maintenance of these businesses cost Farm Credit Mid-America, PCA, the secured creditor and plaintiff herein, $450,000 last quarter. Based upon the status of the case and the performance of the business, the Receiver expects that maintaining the "status quo" for another quarter would be substantially more expensive. The Receiver has determined in his business judgment, and has reported to the Court on multiple occasions, that a sale of the assets of the receivership estate is in the best interest of creditors due to the ongoing cost of maintaining the business versus the profitability of continued operations. This is precisely the type of circumstance in which courts approve receivership sales to conserve the estate's best interests. *See Huntington Nat'l Bank v. Sheridan Propco LLC*, No. 2:23-cv-11458, 2026 WL 458605, at *13 (E.D. Mich. Feb. 18, 2026) (continued carrying costs weigh in favor of approving a receivership sale to conserve the estate).[3]

The requested injunction would harm the Receiver and this estate as it would substantially impair his ability to exercise the fiduciary duties that have been assigned to him by this Court. An injunction would also harm third parties, including most significantly Farm Credit Mid-America,

---

[2] Based on the Movant's conduct to date, she would likely avail herself of multiple opportunities to halt a sale: an objection to a sale motion, an appeal of any granting of a sale motion, and a motion to stay that sale.

[3] It bears repeating that the Receiver has not yet sought permission to liquidate substantially all assets of the receivership estate; he has merely reported that he is pursuing such a sale. The Movant will have an opportunity to be heard on this issue at a later date.

PCA, who is funding the losses of this receivership. Indeed, the relief Movant seeks runs directly counter to the Receivership Order's non-disturbance injunction, which restrains all persons with notice from interfering with the Receivership Assets or the administration of the estate. See Receivership Order ¶ 12 (enjoining all persons with notice "from in any way disturbing, interfering or affecting the Receivership Assets or the administration of the receivership estate"). The Motion fails to even consider the harm that might befall other parties, myopically focusing on the Movant's wishes.

**D. The Public Interest Favors Orderly Receivership Administration.**

The public interest lies in respect for the District Court's orders and in the orderly, efficient, court-supervised administration of the estate. Public interest runs counter to freezing that administration while a meritless appeal proceeds. This dispute is between private parties, and the Movant identifies no genuine public interest that an injunction would serve. The balance of the equities and the public interest therefore weigh against an injunction.

**E. If the Court is Inclined to Issue an Injunction, a Bond Should be Required.**

Should the Court be inclined to grant any injunction, the Movant should be required to post a bond sufficient to secure the estate against the carrying costs, lost-sale risk, and administrative harm a stay would cause. *Tri Cnty. Wholesale Distribs., Inc. v. Labatt USA Operating Co.*, 311 F.R.D. 166, 174, 177 (S.D. Ohio 2015) (bond appropriate upon imposition of a stay pending appeal). In this case, the bond should be set at a minimum of $60 million to account for potential lost sales.

<u>CONCLUSION</u>

This is Movant's third bite at the apple, and it presents no more reason for success than did the first two. The Movant has failed to carry her burden of proving the four factors necessary for the imposition of an injunction pending appeal. Accordingly, the Motion should be denied.

Dated this 19th day of October, 2026.

By: /s/ Justin T. Campbell

Justin T. Campbell, Tn. Bar No. 31056
Thompson Burton PLLC
1801 West End Avenue, Suite 1550
Nashville, Tennessee 37203
Voice: (615) 465-6015
Fax: (615) 807-3048
Justin@thompsonburton.com

*Counsel for Receiver*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served via the Court's ECF system.

This 19th day of October, 2026.

/s/ Justin T. Campbell
Justin T. Campbell