**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE WINCHESTER DIVISION**

| | | |
|---|---|---|
| **FARM CREDIT MID-AMERICA, PCA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UNCLE NEAREST, INC., NEAREST GREEN DISTILLERY, INC., UNCLE NEAREST REAL ESTATE HOLDINGS, LLC, FAWN WEAVER and KEITH WEAVER,** | ) | **Case No. 4:25-cv-38** |
| | ) | **Judge Atchley** |
| | ) | **Magistrate Judge Steger** |
| | ) | |
| **Defendants.** | ) | |

**STIPULATION AND AGREED ORDER RESOLVING DEFENDANT UNCLE NEAREST'S COUNTERCLAIM AGAINST FARM CREDIT MID-AMERICA, PCA**
[Relates to Dkt. Nos. 217 & 229]

This stipulation and agreed order (the "Stipulation and Agreed Order") is made and entered into by and among Farm Credit Mid-America, PCA ("Farm Credit") and Defendants Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC (collectively "Uncle Nearest" or the "Company"). Farm Credit and Uncle Nearest are each a "Party" and collectively are referred to as the "Parties". The Parties hereby stipulate and agree as follows:

**RECITALS**

A. On July 22, 2022, Uncle Nearest, Inc. entered into that certain Credit Agreement, which established three credit facilities: a Revolving Loan, a Term Loan, and a Real Estate Line of Credit (collectively, the "Loans").

B. On July 28, 2025, Farm Credit filed its *Verified Complaint and Request for Appointment of Receiver*,[1] asserting a breach of contract claim against Uncle Nearest for defaults under the Loans, and further requesting appointment of a receiver over Uncle Nearest.

C. On August 22, 2025, the Court entered its *Order Appointing Receiver* (the "Receivership Order"),[2] appointing Phillip G. Young, Jr. as receiver (the "Receiver") in this action.

D. Pursuant to the Receivership Order, "[t]he Receiver is authorized to prosecute, settle, compromise, collect, and otherwise enforce any claims or Causes of Action by Uncle Nearest or any Subject Entity against any other party without need for further approval or consent of any person[.]"[3]

E. On July 7, 2026, the Receiver filed the *Receiver Phillip G. Young Jr.'s Answer to Complaint and Counterclaim on Behalf of Defendants Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC*,[4] asserting a count of negligence and gross negligence against Farm Credit relating to Farm Credit's administration of the credit facility (the "Counterclaim").

F. On July 17, 2026, Farm Credit filed the *Farm Credit Mid-America, PCA's Motion to Dismiss the Counterclaim* (the "Dismissal Motion")[5], arguing, among other things, that Uncle Nearest released its purported Counterclaim, and the Counterclaim fails under applicable state law.

G. Rather than proceed with further litigation, Farm Credit and Uncle Nearest have negotiated a compromise of the Counterclaim as set forth below:

---

[1] Dkt. No. 1.
[2] Dkt. No. 39
[3] *Id.* at ¶ 10(g).
[4] Dkt. No. 217
[5] Dkt. No. 229

**NOW, THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE, AND UPON APPROVAL AND ENTRY OF THIS STIPULATION BY THE COURT, IT IS HEREBY ORDERED AS FOLLOWS:**

1. In full settlement and satisfaction of the Counterclaim, Farm Credit agrees to reduce the amount of its outstanding obligations (the "Debt Reduction"). In consideration of the Debt Reduction, Uncle Nearest agrees to dismiss the Counterclaim with prejudice.

2. The Parties agree that Uncle Nearest is liable to Farm Credit in the aggregate amount of at least $128,986,499.89[6] as of October 20, 2026, plus any and all interest, fees, costs, prepayment premiums, monthly payments, expenses, charges, and other claims, debts, or obligations of Uncle Nearest to Farm Credit under the Loan Documents[7] and applicable law arising after October 20, 2026, plus all post-petition interest, fees, costs, repayment premiums, monthly payments, and charges allowed to Farm Credit on such claim.

3. The Counterclaim is **DISMISSED, WITH PREJUDICE**.

4. The Dismissal Motion is **DENIED** as **MOOT**.

5. Uncle Nearest hereby releases, waives, acquits, and forever discharges Farm Credit and its parents, subsidiaries, affiliates, partners, attorneys, and any other related entities from any and all fees, revenues, claims, losses, indemnities, damages, and rights of action, including attorneys' fees and costs, arising out of or relating to the Counterclaim, the Loan Documents, and the Loans or the administration thereof.

6. Nothing herein shall be construed as an admission of liability by any Party regarding any claim or cause of action arising from or in relation to the Counterclaim.

---

[6] This total includes Farm Credit's attorneys' fees through September 30, 2026, and Farm Credit reserves all rights to increase the amount of its claim for attorneys' fees incurred by Farm Credit after September 30, 2026.

[7] Each capitalized term used but not defined herein shall have the meaning ascribed in the *Verified Complaint and Request for Appointment of Receiver* [Dkt. No. 1] (the "Complaint").

7. Each Party shall bear its own fees and costs in preparing this Stipulation and Agreed Order.

8. This Stipulation and Agreed Order is binding upon the Parties, their successors, agents, assigns, including bankruptcy trustees and estate representatives, and any parent, subsidiary, or affiliated entity of the Parties.

9. The undersigned who executes this Stipulation and Agreed Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation and Agreed Order on behalf of such Party and that the respective Parties have full knowledge of, and have consented to, this Stipulation and Agreed Order. This Stipulation and Agreed Order may be executed in counterparts and by electronic signature, and each such counterpart together with the others shall constitute one and the same instrument.

10. The Parties agree that each of them has had a full opportunity to participate in the drafting of this Stipulation and Agreed Order and any claimed ambiguity shall be construed neither for nor against either of the Parties.

11. This Stipulation and Agreed Order constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior discussions, agreements and understandings, both written and oral, among the Parties with respect hereto.

12. This Stipulation and Agreed Order shall not be modified, altered, amended, or supplemented except by a writing executed by the Parties or their authorized representatives.

13. The Parties are authorized and empowered to take all actions necessary to implement the relief requested in this Stipulation and Agreed Order.

14. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and Agreed Order, and the Parties consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Agreed Order.

**IT IS SO ORDERED** on this _____ day of _________________, 2026.

______________________________________
United States District Court Judge

IN WITNESS WHEREOF, this Stipulation and Agreed Order has been executed and delivered as of the day and year written below.

Dated: October 23, 2026

*/s/ Justin T. Campbell*
Justin T. Campbell, Tn Bar No. 031056
John P. Nefflen, Tn Bar No. 020226
Thompson Burton PLLC
1801 West End Avenue, Suite 1550
Voice: (615) 465-6015
Fax: (615) 807-3048
Email: justin@thompsonburton.com
Email: john.nefflen@thompsonburton.com

*Counsel for Receiver*

*/s/ Erika R. Barnes*
Erika R. Barnes
Stites & Harbison, PLLC (Nashville)
SunTrust Plaza
401 Commerce Street, Suite 800
Nashville, TN 37219-2449
Phone: 615-782-2252
Fax: 615-742-0734
Email: ebarnes@stites.com

-and-

Jeffrey J. Chapman, *admitted pro hac vice*
Douglas J. Horn, *admitted pro hac vice*
McGuireWoods LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020-1104
Phone: (212) 548-2100
Fax: (212) 715-6284
jchapman@mcguirewoods.com
dhorn@mcguirewoods.com

Demetra Liggins, *admitted pro hac vice*
McGuireWoods LLP
Texas Tower
845 Texas Ave., Suite 2400
Houston, Texas 77002
Phone: 713-353-6661
Email: dliggins@mcguirewoods.com

*Counsel for Farm Credit Mid-America, PCA*

**CERTIFICATE OF SERVICE**

I hereby certify that on the date noted below, a true and correct copy of the foregoing was filed and served via the Court's CM/ECF system upon all parties requesting service in the above listed case.

Date: October 23, 2026

/s/ Erika R. Barnes
Erika R. Barnes